DANIEL E. ALBERTI (68620)
dalberti@mwe.com
McDERMOTT WILL & EMERY LLP
3150 Porter Drive
Palo Alto, CA 94304-1212
Telephone: 650.813.5000
Facsimile: 650.813.5100

PAUL E. CHRONIS
pchronis@mwe.com
McDERMOTT WILL & EMERY LLP
ARON J. FRAKES
ajfrakes@mwe.com
227 West Monroe Street
Chicago, Illinois 60606
Telephone: 312.372.2000
Facsimile: 312.984.7700

Attorneys for Plaintiff
VESTA STRATEGIES, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VESTA STRATEGIES, LLC,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>ROBERT E. ESTUPINIAN, GINNY ESTUPINIAN, MUTUAL VISION, LLC, MILLENNIUM REALTY GROUP, VESTA REVERSE 100, LLC, VESTA CAPITAL ADVISORS, LLC, and CAROL-ANN TOGNAZZINI,<br><br>　　　　　Defendants. | CASE NO. C 07-06216 JW RS<br><br>**DECLARATION OF PAUL E. CHRONIS IN SUPPORT OF PLAINTIFF VESTA STRATEGIES, LLC'S EX PARTE MOTION FOR TEMPORARY RESTRAINING ORDER AND MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT** |

I, Paul E. Chronis, an attorney, certify under penalty of perjury that the following statements are true and correct, are based on my personal knowledge, and that I would be competent to testify thereto if called as a witness.

1. I am a resident of the State of Illinois and am duly licensed to practice law in the State of Illinois.

2. I am submitting this declaration in support of Vesta Strategies, LLC's Ex Parte Motion for a Temporary Restraining Order, Motion for Other Relief, and Motion for Leave to File a Second Amended Complaint.

3. I am one of the attorneys representing Vesta Strategies, LLC ("Vesta") in this lawsuit.

4. On December 3, 2007, I personally met with Robert and Ginny Estupinian at Vesta's office at 150 Almaden Boulevard, Suite 1375, San Jose, California. Present at the meeting were me, Robert Estupinian, Ginny Estupinian (who promptly left the meeting), Peter Ye (a Vesta employee), and Vesta's manager and majority member. At the meeting, on behalf of Vesta, I:

- informed the Estupinians that Vesta had recently learned about the Estupinians' wrongdoing;
- handed the Estupinians a letter from Vesta informing them that their employment with Vesta was immediately terminated; and
- advised the Estupinians that Vesta planned to file this lawsuit.

5. On December 10, 2007, I spoke with the Estupinians' lawyer, Kevin Martin, for the first time. During our first conversation, I told Mr. Martin about the fact that the Estupinians had removed two hard drives before returning Vesta's computers. Later that same day, I sent a letter to Mr. Martin demanding that the Estupinians immediately return Vesta's hard drives and not further tamper with or alter Vesta's computers. A true and correct copy of my December 10, 2007 letter to Mr. Martin is attached to this Declaration as Exhibit A.

6. I followed up two days later, on the morning of December 12, 2007, when I had not heard anything from Mr. Martin about the computer hard drives. My follow up on this issue

McDermott Will & Emery LLP
Attorneys At Law
Palo Alto

DECL OF P. CHRONIS ISO PLTF.'S EX PARTE MTN FOR TRO & LEAVE TO FILE 2ND AMENDED COMPLAINT — - 1 - — CASE NO. C 07-06216 JW RS

1  led to a chain of e-mails between me and Mr. Martin about the hard drives. A true and correct

2  copy of the e-mail chain between me and Mr. Martin is attached to this Declaration as Exhibit A.

3      7.    The Estupinians, through Mr. Martin, have admitted that they removed two

4  computer hard drives from Vesta's computers before returning them. The Estupinians have had

5  possession of the hard drives since at least December 4, 2007. The Estupinians admit that they

6  still have possession of the hard drives.

7      8.    After learning that the Estupinians wrongfully removed Vesta's hard drives, Vesta

8  promptly and diligently sought to recover those hard drives from the Estupinians. Vesta's prompt

9  and diligent efforts have included (i) a telephone call between me and Mr. Martin on December

10  10, 2007 during which I raised the hard drives issue, (ii) a letter from me to Mr. Martin on

11  December 10, 2007 demanding that the hard drives be immediately returned, (iii) a follow up e-

12  mail from me to Mr. Martin on December 12, 2007 inquiring about the status of the hard drives,

13  and (iv) a series of e-mails between me and Mr. Martin on December 12 and 13, 2007 through

14  which I sought to recover the hard drives without the need to seek the Court's intervention.

15      9.    Despite Vesta's prompt and diligent efforts to recover its hard drives, the

16  Estupinians threaten to delete and destroy (or further delete and destroy) potential evidence from

17  the hard drives. Specifically, the Estupinians and their attorney have stated that they intend to

18  unilaterally "redact" (*i.e.*, delete) certain information from Vesta's computer hard drives and

19  make copies of Vesta's hard drives. Despite my repeated demands that they not do so, they have

20  threatened to take these actions on Friday, December 14, 2007, thus creating the threat of

21  imminent and irreparable harm. Accordingly, Vesta has been forced to bring this *ex parte* motion

22  for a temporary restraining order to prevent the Estupinians and their attorney from further

23  tampering with, altering, modifying, or deleting any data on Vesta's computer hard drives.

24      10.    In addition, Vesta seeks leave to file a Second Amended Complaint. The proposed

25  Second Amended Complaint, which is attached as Exhibit A to this filing, makes only two

26  changes to the prior complaint. Specifically, the Second Amended Complaint: (1) adds

27  allegations about the Estupinians' conversion of Vesta's computer hard drives and data, and

28

**DECL OF P. CHRONIS ISO PLTF.'S EX PARTE MTN FOR TRO & LEAVE TO FILE 2ND AMENDED COMPLAINT**   - 2 -   **CASE NO. C 07-06216 JW RS**

(2) joins Robert Estupinian's parents, Edmundo and Haydee Estupinian, as defendants on the grounds that they received and accepted monies that were misappropriated from Vesta.

11. At the time of the filing of Vesta's motion, I have attempted to reach counsel for the Estupinians, Mr. Martin, by email to notify him that Vesta would be filing this *ex parte* application today and to ask him whether the Estupinians objected to Vesta filing a Second Amended Complaint. However, given the exigencies of the case and the potential for spoliation of evidence, as described above, actual notice should not be required prior to entry of the temporary restraining order requested.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 14th day of December, 2007.

        /s/ Paul E. Chronis
        Paul E. Chronis

MPK 136374-3.029407.0020

McDermott Will & Emery LLP
Attorneys At Law
Palo Alto

DECL OF P. CHRONIS ISO PLTF.'S EX PARTE MTN FOR TRO & LEAVE TO FILE 2ND AMENDED COMPLAINT   - 3 -   CASE NO. C 07-06216 JW RS