# Exhibit A

# McDermott
# Will & Emery

Boston Brussels Chicago Düsseldorf London Los Angeles Miami Munich
New York Orange County Rome San Diego Silicon Valley Washington, D.C.

Strategic alliance with MWE China Law Offices (Shanghai)

Paul E. Chronis
Attorney at Law
pchronis@mwe.com
312.984.6473

December 10, 2007

**VIA FEDERAL EXPRESS**

Kevin R. Martin
Randick O'Dea & Tooliatos, LLP
5000 Hopyard Road, Suite 400
Pleasanton, California 94588

Re:   *Vesta Strategies, LLC v. Robert Estupinian, et al.*,
      Return of Property and Preservation of Data

Dear Mr. Martin:

As you know, we are the trial attorneys for Vesta Strategies, LLC. I am writing to demand that your client, Mr. Estupinian, immediately return all of Vesta Strategies' property and that Mr. Estupinian not destroy, conceal, or alter any paper or electronic data that in any way relates to the pending dispute between Vesta Strategies and Mr. Estupinian, his wife, his parents, Carol-Ann Tognazzini, and others.

## DEMAND FOR IMMEDIATE RETURN OF PROPERTY

I understand that, since I met with Mr. Estupinian on Monday of last week, Mr. Estupinian returned two desktop computers to Vesta Strategies. However before returning those computers, it appears that Mr. Estupinian replaced the computers' hard drives and operating systems. By this letter, Vesta Strategies again demands that Mr. Estupinian immediately return **all** of Vesta Strategies' property to Vesta Strategies. This demand includes, but is not limited to, the return of the hard drives that Mr. Estupinian apparently removed from the computers and all of the money that Mr. Estupinian misappropriated from Vesta Strategies.

## DEMAND FOR PRESERVATION OF ALL DATA

We also give Mr. Estupinian further notice not to destroy, conceal, or in any way alter any paper, electronic files, or other electronic data (including, but not limited to, hard drives, computer disks, CDs, voice mails, instant messages, etc.) in Mr. Estupinian's possession, custody, or control. This includes preserving and not in any way concealing, altering, or tampering with the hard drives that Mr. Estupinian apparently removed from the computers that he returned to Vesta Strategies. This also includes preserving and not in any way concealing, altering, or tampering with any data on any personal computer or other device (*e.g.*, personal blackberry, PDA, answering machine, etc.) that Mr. Estupinian may have in his possession, custody, or control.

Mr. Kevin R. Martin
December 10, 2007
Page 2

Please note that my clients believe electronically stored information to be an important and irreplaceable source of discovery and/or evidence in this dispute. Electronically stored information contains relevant, discoverable information beyond that which may be found in printed documents. Therefore, even where a paper copy exists, we will seek all documents in their electronic form along with information about those documents contained on the media. We also will seek paper printouts of any documents that contain unique information after they were printed out (such as paper documents containing handwriting, signatures, notes, highlighting) along with any paper documents for which no corresponding electronic files exist.

Mr. Estupinian's failure to comply – or continued failure to comply to the extent that he already destroyed data, including the computer hard drives – with his preservation obligations may result in severe sanctions or other liability for the spoliation of evidence or potential evidence. My client intends to pursue all available sanctions or other remedies for any destruction of or tampering with any potential evidence in this matter.

Sincerely,

Paul E. Chronis

cc:   Vesta Strategies, LLC

CHI99 4914185-3.029407.0010