DANIEL E. ALBERTI (68620)
dalberti@mwe.com
McDERMOTT WILL & EMERY LLP
3150 Porter Drive
Palo Alto, CA 94304-1212
Telephone:    650.813.5000
Facsimile:    650.813.5100

PAUL E. CHRONIS
pchronis@mwe.com
McDERMOTT WILL & EMERY LLP
ARON J. FRAKES
ajfrakes@mwe.com
227 West Monroe Street
Chicago, Illinois   60606
Telephone:  312.372.2000
Facsimile:  312.984.7700

Attorneys for Plaintiff
VESTA STRATEGIES, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VESTA STRATEGIES, LLC,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>ROBERT E. ESTUPINIAN, GINNY ESTUPINIAN, MUTUAL VISION, LLC, MILLENNIUM REALTY GROUP, VESTA REVERSE 100, LLC, VESTA CAPITAL ADVISORS, LLC, and CAROL-ANN TOGNAZZINI,<br><br>　　　　　Defendants. | CASE NO.  C 07-06216 JW RS<br><br>**[PROPOSED] ORDER GRANTING PLAINTIFF LEAVE TO FILE SECOND AMENDED COMPLAINT**<br><br>**[PROPOSED] TEMPORARY RESTRAINING ORDER AND ORDER GRANTING PLAINTIFF OTHER RELIEF** |

On December 14, 2007, Plaintiff Vesta Strategies, LLC ("Vesta") submitted an Ex Parte Motion for a Temporary Restraining Order, Motion for Other Relief, and Motion for Leave to File a Second Amended Complaint, along with a Memorandum of Points and Authorities, declarations, a copy of the proposed Second Amended Complaint, and other papers in support thereof. Vesta seeks to restrain Defendants Robert E. Estupinian and Ginny Estupinian (the "Estupinians") and their agents, including their counsel, Kevin Martin of Randick O'Dea & Tooliatos LLP, from transferring, copying, imaging, altering, modifying, deleting or destroying two computer desktop hard drives that Vesta owns and were converted by the Estupinians ("Computer Property"). Vesta further seeks an order compelling the Estupinians to immediately deliver the Computer Property to Vesta and for other relief. Having read and duly considered Vesta's memorandum and supporting papers and all pleadings and evidence in connection therewith, and good cause appearing therefore, the Court hereby finds as follows:

1. By reason of the Estupinians' removal and retention of Vesta's Computer Property after Vesta terminated their employment and after Vesta advised them of this action, Vesta has suffered irreparable harm, and will continue to suffer irreparable harm, in the following ways:

   a. The Computer Property is evidence in this action, and the record demonstrates that the Estupinians have already tampered with it. The Estupinians' counsel has further announced the Estupinians' intention to delete data stored on the Computer Property, constituting further spoliation of evidence.

   b. The Computer Property belongs to Vesta, and contains confidential and/or proprietary business information. Counsel for the Estupinians has announced his intention to make a wholesale copy of the data on the Computer Property without Vesta's consent and with no legal right to do so.

2. The misappropriation of Vesta's equipment and data stored thereon, as well as the potential destruction of evidence in this case, far outweigh any damage that a temporary restraining order may have on the Estupinians. The Estupinians have no protectable interest in converted property or circumventing the discovery rules set forth in the Federal Rules of Civil Procedure.

3. There is a substantial likelihood that Vesta will prevail on the merits of their claim, as explained by Vesta's supporting memorandum and the evidence in this matter. Vesta has alleged facts that establish each required element of its claim.

4. Vesta's proposed Second Amended Compliant is not untimely, submitted in bad faith, futile, or prejudicial to defendants.

For all the foregoing reasons, as well as the argument set forth in Vesta's supporting memorandum and proposed Second Amended Complaint, the Court hereby ORDERS that:

1. Plaintiff Motion for Leave to File the Second Amended Complaint is GRANTED.

2. The Estupinians, and their agents, servants, employees and attorneys and all those in active concert or participation with them, ARE HEREBY RESTRAINED AND ENJOINED from transferring, copying, imaging, altering, modifying, deleting or destroying the Computer Property.

3. The Estupinians and their agents, servants, employees and attorneys and all those in active concert or participation with them, ARE HEREBY ORDERED to deliver the Computer Property to Vesta within twenty-four (24) hours of entry of this Order.

4. The Estupinians ARE EACH HEREBY ORDERED to appear, within 5 days, for a deposition to testify about what they did to Vesta's computers.

5. The Estupinians ARE HEREBY ORDERED to reimburse Vesta all of its attorneys' fees and costs in connection with obtaining the return of Vesta's property and in connection with conducting depositions to determine what they did to Vesta's computers.

6. The Estupinians ARE HEREBY ORDERED TO SHOW CAUSE at _____ on December _____, 2007, or as soon thereafter as counsel may be heard in the courtroom of the Honorable James Ware, located at 280 South 1st Street, San Jose, California, why they and their agents, servants, employees and attorneys and those in active concert or participation with them, should not be restrained and enjoined pending trial of this action from transferring, copying, imaging, altering, modifying, deleting or destroying the Computer Property, and why they should not have been required to turn over the Computer Property to Vesta. At this hearing, the Estupinians must also show cause why they and anyone acting in concert with them (including

anyone who purports to authorize them to delete information from the Vesta hard drives) should not be further sanctioned for their roles in tampering with and converting Vesta's computers.

7. The above Temporary Restraining Order is effective on Vesta's filing an undertaking in the sum of $_____.

8. This Order to Show Cause and supporting papers must be served on defendants no later than five (5) days before the date set for hearing, and proof of service shall be filed no later than two (2) court days before the hearing.

9. This Order shall expire on _____2007

Dated: December \_\_, 2007

                                      The Honorable James Ware
                                      Unites Sates District Court Judge

MPK 136367-2.029407.0020