Kevin R. Martin, SBN 176853
**RANDICK O'DEA & TOOLIATOS, LLP**
5000 Hopyard Road, Suite 400
Pleasanton, California  94588
Telephone:    (925) 460-3700
Facsimile:    (925) 460-0969

Attorneys for Defendants ROBERT E. ESTUPINIAN,
GINNY ESTUPINIAN, and MUTUAL VISION, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| VESTA STRATEGIES, LLC,<br><br>                    Plaintiff,<br><br>vs.<br><br>ROBERT E. ESTUPINIAN, GINNY ESTUPINIAN, MUTUAL VISION, LLC, MILLENNIUM REALTY GROUP, VESTA REVERSE 100, LLC, VESTA CAPITAL ADVISORS, LLC, and CAROL-ANN TOGNAZZINI,<br><br>                    Defendants. | Case No.: C 07-06216 JW RS<br><br>**DECLARATION OF KEVIN R. MARTIN IN SUPPORT OF OPPOSITION TO EX PARTE MOTION FOR A TEMPORARY RESTRAINING ORDER**<br><br>Date:         December 18, 2007<br>Time:         10:00 a.m.<br>Courtroom:  8 |

I, Kevin R. Martin, declare:

1.      I am an attorney of law, duly licensed to practice before this Court with the law firm of Randick O'Dea & Tooliatos, LLP, and have recently been retained to represent Robert E. Estupinian, Ginny Estupinian, and Mutual Vision, LLC (collectively "Estupinian Defendants") in connection with this matter. I accepted service of the instant lawsuit on behalf of my clients on Wednesday, February 12, 2007. The response to the Amended Complaint and anticipated Cross-complaint has not yet been filed.

1

DECLARATION OF KEVIN R. MARTIN IN SUPPORT OF OPPOSITION TO EX PARTE MOTION FOR A
TEMPORARY RESTRAINING ORDER
CASE NO.: C 07-06216 JW RS
161096

2. I submit this declaration in Opposition to Plaintiff Vesta's Ex Parte Motion for Temporary Restraining Order. I am readily familiar with the facts as stated herein and could and would competently testify thereto if called to do so.

3. My clients Robert and Ginny Estupinian (husband and wife) are 100% owners of co-defendant Mutual Vision, LLC. Mutual Vision, LLC is a 49% percent owner of Plaintiff Vesta Strategies, LLC. Prior to the blowup, Ginny was acting President for Vesta, and Robert was Chief Executive Officer. Robert and Ginny Estupinian each had a desktop computer in their home from which they did work of Vesta Strategies.

4. I was formally retained to represent the Estupinian Defendants on Monday, December 10, 2007, following receipt of my firm's standard retainer agreement and retainer. At that time, neither myself nor my clients were aware that a lawsuit had been filed. That same day, I contacted Paul Chronis, whom I understood was counsel for Vesta, to discuss the matter. Mr. Chronis had previously met with Robert and Ginny Estupinian falsely accusing them of embezzlement and other outrageous claims. Shortly thereafter, the two were terminated from their employment positions. Through Mutual Vision, LLC, however, the Estupinians remain 49% owners of Vesta.

5. In my conversation with Mr. Chronis, he indicated that a complaint had in fact been filed against my clients. Mr. Chonis also indicated that he intended to file an amended complaint to add Robert Estupinian's parents as defendants. I asked that Mr. Chornis forward to me copies of the complaint and any other pleadings. During our telephone conversation, Mr. Chronis indicated that two computers that Robert and Ginny had been using in their home office had been returned following their termination but that the hard drives had been replaced. Mr. Chronis asked that I contact my clients to secure return of the old hard drives.

6. In late afternoon on Monday, I received copies of plaintiff Vesta's amended complaint and spoliation letter by email from Aron Frakes, who is apparently an associate with Mr. Chronis. I did not review either document until Tuesday morning. Following my review of the complaint on Tuesday, I contacted Mr. Frakes asking whether or not this was the latest

2

DECLARATION OF KEVIN R. MARTIN IN SUPPORT OF OPPOSITION TO EX PARTE MOTION FOR A
TEMPORARY RESTRAINING ORDER
CASE NO.: C 07-06216 JW RS
161096

complaint, because I understood that Vesta intended to add Mr. Estupinian's parents, and that had not been done in the version I received. Mr. Chronis had not mentioned during our teleconference that plaintiff had previously filed an amendment to the original and in fact his proposed amendment was now a second.

7. In response to my email inquiry to Mr. Frakes, Mr. Chronis wrote back indicating that he still intended to file another amended complaint. He also asked what had been done to secure the hard drives. By this time, I had contacted my clients and made arrangements for them to bring the old hard drives to my office on Friday, December 14, 2007, in connection with a meeting we had scheduled. Mr. Estupinian informed me at that time that he had replaced the hard drives because they had previously been failing. I wrote back to Mr. Chronis and informed him of these arrangements. I also asked that I be given a copy of the hard drive material from the desktop computers that Robert and/or Ginny used at the Vesta offices.

8. In response to my email informing Mr. Chronis that I had arranged for the return of the drives to my office on Friday, I received another email from him in what can only be described as sarcastic and unprofessional prose, challenging the contention that the drives had failed, and informing me that he would have a messenger pick up the drives on Friday.

9. Later that afternoon, I informed Mr. Chronis that it was my intention to have the hard drives copied before turning them over to Vesta in order to preserve any evidence on them. I also told him that my clients had informed me that there may be personal private information on the drives which would need to be redacted.

10. In response to that email, Mr. Chronis wrote me falsely accusing my clients of "wiping" two Vesta computers clean. His characterization of these actions, and impliedly mine, as "intentional obstruction" and "removal" of evidence was completely unfounded and insulting. As I explained in my email response to him on Thursday morning, I felt I had a right, and an obligation, to preserve the evidence on the hard drives by mirroring them. My clients had represented to me that no data whatsoever was removed from the hard drives, and I have no reason to doubt that representation. Given the plaintiff's actions thus far in this case, and their

3

1. allegations against my clients, I was not about to turn over the hard drives without at least making a copy of the contents.

11.  In effort to resolve the standoff, I again emailed Mr. Chronis suggesting that he designate a computer forensic expert in order to have the drives copied. That way he and I would both be able to protect the evidence Mr. Chronis refused my offer at compromise, instead choosing to file this instant motion. Attached as **Exhibit A** is at true and correct copy of the email exchange between myself and Plaintiff's legal representatives leading up to the filing of this motion.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on December 17, 2007 at Pleasanton, California.

_____
Kevin R. Martin

DECLARATION OF KEVIN R. MARTIN IN SUPPORT OF OPPOSITION TO EX PARTE MOTION FOR A TEMPORARY RESTRAINING ORDER
CASE NO.: C 07-06216 JW RS
161096

4



# Kevin Martin

**From:** Kevin Martin
**Sent:** Friday, December 14, 2007 3:15 PM
**To:** 'Chronis, Paul'
**Subject:** RE: Estupinians' Improper Conversion of Vesta Property

I assume then from that email that your client is not interested in designating a forensic expert to mirror the hard drives.

**Kevin Martin**
**Randick O'Dea & Tooliatos, LLP**
Achieving Results Through Innovation®
www.RandickLaw.com
5000 Hopyard Road, Suite 400
Pleasanton, CA 94588-3348
Telephone 925-460-3700 | Fax 925-460-0969

**Confidential Communication:** This e-mail message and any attachments are intended only for the use of the addressee(s) named above and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If you are not an intended recipient, or the employee or agent responsible for delivering this e-mail to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you received this e-mail message in error, please immediately notify the sender by replying to this message or by telephone. Thank you.
**IRS Circular 230 Disclosure**: To ensure compliance with requirements imposed by the IRS, Randick O'Dea & Tooliatos LLP informs you that, if any advice concerning one or more U.S. Federal tax issues is contained in this communication (including any attachments), such advice is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

---

**From:** Chronis, Paul [mailto:pchronis@mwe.com]
**Sent:** Friday, December 14, 2007 3:05 PM
**To:** Kevin Martin
**Subject:** RE: Estupinians' Improper Conversion of Vesta Property

Mr. Martin

It is not a true statement that I did not respond to your proposal. Please see my below email which very clearly establishes Vesta's position.

Thank you.

Paul E. Chronis
McDermott Will & Emery LLP
227 West Monroe Street
Chicago, IL 60606
phone: 312-984-6473
fax: 312-984-7700
cell: 773-294-1559
Assistant (Cheryl) 312-984-2704
e-mail: pchronis@mwe.com

---

**From:** Kevin Martin [mailto:KMartin@randicklaw.com]
**Sent:** Friday, December 14, 2007 3:12 PM
**To:** Chronis, Paul

12/17/2007

**Subject:** RE: Estupinians' Improper Conversion of Vesta Property

Paul-

I did not see in your email any response to my proposal that your office designate the computer forensic expert to conduct the mirroring of the hard drive. I will make the offer one last time before I move for a protective order.

Please advise.

**Kevin Martin**
**Randick O'Dea & Tooliatos, LLP**
Achieving Results Through Innovation®
**www.RandickLaw.com**
5000 Hopyard Road, Suite 400
Pleasanton, CA 94588-3348
Telephone 925-460-3700 | Fax 925-460-0969

**Confidential Communication:** This e-mail message and any attachments are intended only for the use of the addressee(s) named above and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If you are not an intended recipient, or the employee or agent responsible for delivering this e-mail to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you received this e-mail message in error, please immediately notify the sender by replying to this message or by telephone. Thank you.
**IRS Circular 230 Disclosure**: To ensure compliance with requirements imposed by the IRS, Randick O'Dea & Tooliatos LLP informs you that, if any advice concerning one or more U.S. Federal tax issues is contained in this communication (including any attachments), such advice is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

**From:** Chronis, Paul [mailto:pchronis@mwe.com]
**Sent:** Thursday, December 13, 2007 12:55 PM
**To:** Kevin Martin
**Subject:** RE: Estupinians' Improper Conversion of Vesta Property

Kevin

I am deeply troubled by the way you are failing to address these important issues.

First, it is untrue to assert that there has been no obstruction, removal or tampering. Your clients removed the hard drives from not one, but two computers. That is obstruction, removal and tampering. Those two computers as returned to Vesta have nothing on them, when you know they certainly had more than a little something on them before your clients tampered with them (as your own client has confirmed to you). That is obstruction, removal and tampering. They did so after they were advised of the litigation. You know these facts to be undisputed, and true. Their story about why, as former employees who learned of the discovery of their embezzlement, they chose as their first acts to tamper with two separate hard drives that were coincidentally "failing" at the same time is one that I look forward to them making to the Court. As officers of the Court, I don't think that we lawyers can put our heads in the sand on issues of obstruction, removal and tampering with evidence. Further, given the facts that you know to be true, I do not think that it is reasonable for you to rely on your clients' representations about whether they deleted any information from the hard drives, nor is it appropriate for you to allow them to remain in possession of those hard drives. Indeed, as an officer of the Court, you should have taken possession of the hard drives immediately, and not unilaterally have given your clients days and days to continue to do whatever they are doing with Vesta's property.

Second, the fact that the computers were "based at your clients' home" is irrelevant. You do not contest that the computers were, and are, Vesta property (nor did your clients contest that the various items they already turned over are Vesta property). Where your clients used Vesta property is therefore of no

12/17/2007

relevance and you don't assert any basis for any contrary conclusion. Similarly, that your clients chose to allegedly put what your clients have unilaterally determined to be their personal information on Vesta's computers is, as you know, no excuse whatsoever for in any way "redacting" (i.e., deleting data from a hard drive known to be evidence in a case), tampering with or otherwise manipulating evidence. It is up to the Court to decide what ultimately happens with respect to any such alleged personal information, this is not an occasion for still more self help by your clients.

Third, your clients are still in possession of property which they, and you, know does not belong to them. It belongs to Vesta. I am not aware of any authority, nor have you referenced any, that supports the proposition that your clients, or you, can retain those converted materials because there is a case pending. If you want to seek the information on the hard drives, then, as part of the litigation, you are welcome to serve requests for production in accordance with the discovery rules. Similarly, you have asserted that you have the "right" to manipulate by copying the converted hard drives. We strongly disagree as we cannot allow the opportunity for further manipulation of the hard drives that your clients converted. Again, you cite no authority to support you position. Also, I would note that you derive your alleged "right" to manipulate converted materials from the fact the computer is "his" meaning your client. Again, you know that the computers are the property of Vesta, not your clients, so your statement is not well founded.

Fourth, I do not understand your comments about your clients' alleged standing to "inspect company property." As you know, your clients were terminated last week. They are not Vesta employees. As you also know, your clients are not "owners" of Vesta. Your clients are therefore not entitled to "inspect." More importantly, your clients are not allowed to remove two hard drives, unilaterally and without court supervision delete information from those hard drives, keep those hard drives for a protracted time from their lawyer, and keep them for any amount of time from their rightful owner, Vesta.

Respectfully, the positions that you are taking are not only unsupported, but they are very troubling given the actions your clients are taking. I ask that you seriously reconsider your unfounded positions, preclude any further manipulation of the hard drives, and that you make them available for pickup by Vesta today. We also ask that you immediately inform us of every individual who was involved with the removal of the hard drives, or any acts taken with respect to the hard drives, or Vesta's computers, from the instant that your clients were terminated.

Please advise by the close of business. Thank you.

Paul E. Chronis
227 W. Monroe
Chicago, IL 60606
(312) 984-6473 Office
(773) 294-1559 Cell
Assistant: Cheryl Thomas
(312) 984-2704

**From:** Kevin Martin [KMartin@randicklaw.com]
**Sent:** Thursday, December 13, 2007 12:16 PM
**To:** Chronis, Paul
**Cc:** Frakes, Aron
**Subject:** RE: Estupinians' Improper Conversion of Vesta Property

Paul-

It appears we are having a disconnect. I have no evidence that my clients "wiped" anything clean or that there has been any "obstruction" "removal" or "tampering" of evidence. What I understand is that the computers were based at my clients' home, that the hard drives were failing, and that they were replaced. My client has represented to me that no data whatsoever was removed from the original hard drives, and that he will be providing them to me tomorrow. I have a right to and intend to get a copy of whatever is on those drives given that this matter is now in litigation and your client is making very serious allegations against my client based in part on alleged communications and activity through his computer. In addition,

there may be personal private information of my clients that, regardless of who actually owns the computer, they have a right to protect. As an officer of the court, I will take possession of the hard drives on Friday. I would then propose you designate any forensic computer expert of your liking to mirror the hard drives at that time. I think it is important to remember that my clients are also owners of Vesta, as well as employees, and consequently they do have the right to inspection of the company property.

If we cannot work this out, then I will be seeking an appropriate protective order with the Court.

Kevin R. Martin
RANDICK O'DEA & TOOLIATOS, LLP

---

**From:** Chronis, Paul [mailto:pchronis@mwe.com]
**Sent:** Wednesday, December 12, 2007 8:11 PM
**To:** Kevin Martin
**Cc:** Frakes, Aron
**Subject:** Estupinians' Improper Conversion of Vesta Property

Kevin

Unfortunately, I think we are having a serious disconnect on this important issue. Your clients improperly wiped two Vesta computers clean after they were terminated. The two hard drives that your clients chose to convert are not, and have never been, your clients' property. They are the property of Vesta; property which your clients improperly and unlawfully converted and have tampered with. Neither you, your clients, nor anyone acting at your or their direction are to do anything with Vesta's hard drives except preserve them, exactly as they are, and make them available immediately for Vesta to recover. Your clients' decision to allegedly put their personal information on Vesta's hard drives is irrelevant to this issue.

Please confirm by noon California time tomorrow, December 13, that you and your clients will comply with this email. If you do not, I will file an emergency motion with the Court, and seek appropriate sanctions against all parties and others involved in the tampering with, or delay of the return of, Vesta's property. I intend to take the sworn testimony of those involved with this serious issue.

Candidly, I have never had a situation where the intentional obstruction and removal of critical evidence has been treated in this type of manner. As for our side, we are in compliance.

Paul E. Chronis
227 W. Monroe
Chicago, IL 60606
(312) 984-6473 Office
(773) 294-1559 Cell
Assistant: Cheryl Thomas
(312) 984-2704

---

**From:** Kevin Martin [KMartin@randicklaw.com]
**Sent:** Wednesday, December 12, 2007 1:57 PM
**To:** Chronis, Paul
**Subject:** RE: Estupinian

I intend to have the drives copied before turning them over to Vesta. In addition, since these were computers kept primarily at home by my clients, I understand there may be some personal information etc. that needs to be redacted. I intend to have a computer forensic make copy the hard drive as soon as possible and then we can talk about getting the info to

Can I have your commitment to alert your client not to alter or modify the desktop at the office?

12/17/2007

Kevin Martin
Randick O'Dea & Tooliatos, LLP
Achieving Results Through Innovation®
www.RandickLaw.com
5000 Hopyard Road, Suite 400
Pleasanton, CA 94588-3348
Telephone 925-460-3700 | Fax 925-460-0969

**Confidential Communication:** This e-mail message and any attachments are intended only for the use of the addressee(s) named above and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If you are not an intended recipient, or the employee or agent responsible for delivering this e-mail to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you received this e-mail message in error, please immediately notify the sender by replying to this message or by telephone. Thank you.
**IRS Circular 230 Disclosure:** To ensure compliance with requirements imposed by the IRS, Randick O'Dea & Tooliatos LLP informs you that, if any advice concerning one or more U.S. Federal tax issues is contained in this communication (including any attachments), such advice is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

**From:** Chronis, Paul [mailto:pchronis@mwe.com]
**Sent:** Wednesday, December 12, 2007 11:44 AM
**To:** Kevin Martin
**Cc:** Frakes, Aron
**Subject:** RE: Estupinian

Kevin

Thanks for your email.

So your clients' story is that they chose to replace two Vesta computer hard drives that had previously "been failing." Although they had "been failing," your clients waited until after they were terminated to tinker with Vesta property which they were not authorized to touch. Moreover, as former Vesta employees, they chose to fix the failing Vesta hard drives immediately after they learned that their Vesta embezzlement was found out and that Vesta was suing them. Doesn't really pass the laugh test does it? It does give me a good sense of what we and the Court are going to have to deal with here.

In any event, you represent in your below email that nothing has been deleted from the hard drives. Please also confirm that nothing has been altered or modified in any way on those drives, and that your clients did nothing to damage them or cause them to be "failing." I will arrange for a messenger to pick up the drives (which are Vesta property that your clients improperly took) on Friday. What time shall I have them come by?

Paul E. Chronis
McDermott Will & Emery LLP
227 West Monroe Street
Chicago, IL 60606
phone: 312-984-6473
fax: 312-984-7700
cell: 773-294-1559
Assistant (Cheryl) 312-984-2704
e-mail: pchronis@mwe.com

**From:** Kevin Martin [mailto:KMartin@randicklaw.com]
**Sent:** Wednesday, December 12, 2007 1:12 PM
**To:** Chronis, Paul
**Subject:** RE: Estupinian

12/17/2007

Paul-

Thanks for the response. My question was an effort to avoid responding to the complaint if you are going to be amending it with different allegations as to Robert and Ginny Estupinian or their business. If the amendment is only to add the parents, then we will deem the complaint served as of date of receipt of the summons.

As for the hard drives, I have Robert bringing those to my office on Friday. He indicated that he replaced the drives because they had been failing. No material has been deleted.

Similarly, I would like to get as soon as possible a copy of the hard drive of the desktop at the Vesta office that Robert used. At a minimum, I will ask that your client not delete anything from those computers or otherwise change the data thereon. I will be sending you a spoilation warning shortly. I think we should consider having a discovery referee appointed in this matter- based on the apparent contentiousness between the parties it will probably help things run more smoothly. Thoughts?

Thanks.

**Kevin Martin**
**Randick O'Dea & Tooliatos, LLP**
Achieving Results Through Innovation®
www.RandickLaw.com
5000 Hopyard Road, Suite 400
Pleasanton, CA 94588-3348
Telephone 925-460-3700 | Fax 925-460-0969

**Confidential Communication:** This e-mail message and any attachments are intended only for the use of the addressee(s) named above and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If you are not an intended recipient, or the employee or agent responsible for delivering this e-mail to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you received this e-mail message in error, please immediately notify the sender by replying to this message or by telephone. Thank you.
**IRS Circular 230 Disclosure**: To ensure compliance with requirements imposed by the IRS, Randick O'Dea & Tooliatos LLP informs you that, if any advice concerning one or more U.S. Federal tax issues is contained in this communication (including any attachments), such advice is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

---

**From:** Chronis, Paul [mailto:pchronis@mwe.com]
**Sent:** Wednesday, December 12, 2007 11:04 AM
**To:** Kevin Martin
**Cc:** Frakes, Aron
**Subject:** Estupinian

Hi

Aron forwarded me your email. What we discussed was the amended complaint that we will file including Estupinian's parents.

What have you done to secure the hard drives your clients took from Vesta's computers? Please advise today.


Paul E. Chronis
McDermott Will & Emery LLP
227 West Monroe Street
Chicago, IL 60606
phone: 312-984-6473

fax: 312-984-7700
cell: 773-294-1559
Assistant (Cheryl) 312-984-2704
e-mail: pchronis@mwe.com

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

IRS Circular 230 Disclosure: To comply with requirements imposed by the IRS, we inform you that any U.S. federal tax advice contained herein (including any attachments), unless specifically stated otherwise, is not intended or written to be used, and cannot be used, for the purposes of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter herein.

---

This message is a PRIVILEGED AND CONFIDENTIAL communication. This message and all attachments are a private communication sent by a law firm and may be confidential or protected by privilege. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of the information contained in or attached to this message is strictly prohibited. Please notify the sender of the delivery error by replying to this message, and then delete it from your system. Thank you.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Please visit http://www.mwe.com/ for more information about our Firm.

# Kevin Martin

| | |
|---|---|
| **From:** | Chronis, Paul [pchronis@mwe.com] |
| **Sent:** | Wednesday, December 12, 2007 11:04 AM |
| **To:** | Kevin Martin |
| **Cc:** | Frakes, Aron |
| **Subject:** | Estupinian |

Hi

Aron forwarded me your email. What we discussed was the amended complaint that we will file including Estupinian's parents.

What have you done to secure the hard drives your clients took from Vesta's computers? Please advise today.


Paul E. Chronis
McDermott Will & Emery LLP
227 West Monroe Street
Chicago, IL 60606
phone: 312-984-6473
fax: 312-984-7700
cell: 773-294-1559
Assistant (Cheryl) 312-984-2704
e-mail: pchronis@mwe.com


***********************************************************************************************
IRS Circular 230 Disclosure: To comply with requirements imposed by the IRS, we inform you that any U.S. federal tax advice contained herein (including any attachments), unless specifically stated otherwise, is not intended or written to be used, and cannot be used, for the purposes of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter herein.

---

This message is a PRIVILEGED AND CONFIDENTIAL communication. This message and all attachments are a private communication sent by a law firm and may be confidential or protected by privilege. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of the information contained in or attached to this message is strictly prohibited. Please notify the sender of the delivery error by replying to this message, and then delete it from your system. Thank you.
***********************************************************************************************

Please visit http://www.mwe.com/ for more information about our Firm.


12/17/2007

## Kevin Martin

**From:** Kevin Martin
**Sent:** Wednesday, December 12, 2007 9:18 AM
**To:** 'Frakes, Aron'
**Subject:** RE: Vesta Strategies, LLC v. Robert Estupinian, et al., Case No. 07-06216

Mr. Frakes-

I am in receipt of the summons from you and the amended complaint from Paul Chronis. Can you confirm for me that this is the intended complaint, because I understood there may be another amendment.

Thanks


**Kevin Martin**
Randick O'Dea & Tooliatos, LLP
Achieving Results Through Innovation®
www.RandickLaw.com
5000 Hopyard Road, Suite 400
Pleasanton, CA 94588-3348
Telephone 925-460-3700 | Fax 925-460-0969

**Confidential Communication:** This e-mail message and any attachments are intended only for the use of the addressee(s) named above and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If you are not an intended recipient, or the employee or agent responsible for delivering this e-mail to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you received this e-mail message in error, please immediately notify the sender by replying to this message or by telephone. Thank you.

**IRS Circular 230 Disclosure:** To ensure compliance with requirements imposed by the IRS, Randick O'Dea & Tooliatos LLP informs you that, if any advice concerning one or more U.S. Federal tax issues is contained in this communication (including any attachments), such advice is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

**From:** Frakes, Aron [mailto:ajfrakes@mwe.com]
**Sent:** Wednesday, December 12, 2007 7:17 AM
**To:** Kevin Martin
**Cc:** Chronis, Paul
**Subject:** Vesta Strategies, LLC v. Robert Estupinian, et al., Case No. 07-06216

Dear Mr. Martin,

Please find attached a Summons to Robert Estupinian in the above-referenced case.

Sincerely,


**Aron J. Frakes**
**McDermott Will & Emery LLP** | 227 West Monroe Street | Chicago, Illinois 60606-5096
Tel: 312.984.7598 | Fax: 312.984.7700 | ajfrakes@mwe.com | www.mwe.com

12/17/2007

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

IRS Circular 230 Disclosure: To comply with requirements imposed by the IRS, we inform you that any U.S. federal tax advice contained herein (including any attachments), unless specifically stated otherwise, is not intended or written to be used, and cannot be used, for the purposes of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter herein.

---

This message is a PRIVILEGED AND CONFIDENTIAL communication. This message and all attachments are a private communication sent by a law firm and may be confidential or protected by privilege. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of the information contained in or attached to this message is strictly prohibited. Please notify the sender of the delivery error by replying to this message, and then delete it from your system. Thank you.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Please visit http://www.mwe.com/ for more information about our Firm.

12/17/2007