Kevin R. Martin, SBN 176853
kmartin@randicklaw.com
**Brian M. O'Dea, SBN 45704**
**bodea@randicklaw.com**
Patrick E. Guevara SBN 202727
pguevara@randicklaw.com
**RANDICK O'DEA & TOOLIATOS, LLP**
5000 Hopyard Road, Suite 400
Pleasanton, California  94588
Telephone:    (925) 460-3700
Facsimile:    (925) 460-0969

Attorneys for Defendants ROBERT E. ESTUPINIAN,
GINNY ESTUPINIAN, MUTUAL VISION, LLC,
EDMUNDO ESTUPINIAN, and HAYDEE ESTUPINIAN

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN JOSE DIVISION

| | |
|---|---|
| VESTA STRATEGIES, LLC,<br><br>Plaintiff,<br><br>vs.<br><br>ROBERT E. ESTUPINIAN, GINNY ESTUPINIAN, MUTUAL VISION, LLC, MILLENNIUM REALTY GROUP, VESTA REVERSE 100, LLC, VESTA CAPITAL ADVISORS, LLC, CAROL-ANN TOGNAZZINI, EDMUNDO ESTUPINIAN, and HAYDEE ESTUPINIAN,<br><br>Defendants. | Case No.: C 07-06216 JW RS<br><br>**ANSWER OF DEFENDANTS ROBERT E. ESTUPINIAN, GINNY ESTUPINIAN, MUTUAL VISION, LLC, EDMUNDO ESTUPINIAN, AND HAYDEE ESTUPINIAN TO SECOND AMENDED COMPLAINT** |

Defendants ROBERT E. ESTUPINIAN, GINNY ESTUPINIAN, MUTUAL VISION, LLC, EDMUNDO ESTUPINIAN and HAYDEE ESTUPINIAN ("answering Defendants") answers the Second Amended Complaint ("Complaint") as follows:

1.    Answering paragraph 1, answering Defendants admit that Robert Estupinian was the CEO of Vesta Strategies. Answering Defendants deny each and every other allegation in said paragraph.

2.    Answering Defendants deny the allegations of paragraph 2 and 3.

1

ANSWER OF DEFENDANTS ROBERT E. ESTUPINIAN, GINNY ESTUPINIAN, MUTUAL VISION, LLC, EDMUNDO ESTUPINIAN, AND HAYDEE ESTUPINIAN TO SECOND AMENDED COMPLAINT
CASE NO.:  C 07-06216 JW RS

\\Fsprolaw\ProLawDocs\E0302.001\162027.doc

3. Answering Defendants admit the allegations of paragraphs 7, 8, 9, 10 (except they deny that Ginny Estupinian only performed little work for Vesta Strategies) and 11.

4. Answering paragraph 12, these answering Defendants deny that Vesta Reverse was used to funnel money out of Vesta Strategies for the personal benefit of Robert and Ginny Estupinian.

5. Answering paragraph 13, these answering Defendants deny that Vesta Capital was used to funnel money out of Vesta Strategies to make investments to benefit Robert and Ginny Estupinian.

6. Answering paragraph 14, these answering Defendants admit that Defendant Tognazzini was a friend of Ginny Estupinian, and deny each and every other allegation of said paragraph.

7. Answering paragraph 15, these answering Defendants deny that Robert Estupinian's parents wrongfully received monies misappropriated from Vesta Strategies.

8. Answering Defendants admit the allegations contained in paragraphs 16 and 17.

9. Answering paragraph 18, answering Defendants deny that Robert Estupinian abused his position as CEO of Vesta Strategies and deny that Robert and Ginny Estupinian treated Vesta Strategies as their own personal bank account.

10. Answering paragraph 19, 20 and 21, answering Defendants lack sufficient information or belief to affirm or deny said allegations and thereupon deny the allegations.

11. These answering Defendants deny the allegations of paragraphs 22, 23 and 24.

12. These answering Defendants lack sufficient information or belief to affirm or deny the allegations of paragraph 25 and thereupon deny the allegations.

13. These answering Defendants deny the allegations of paragraphs 26, 27, 28 and 29.

14. In answering paragraph 30, these answering Defendants admit that Robert Estupinian has attended Walden University. Except as so admitted, they deny the rest of the allegations of said paragraph.

///

2

15. These answering Defendants admit that the tuition moneys referred to in paragraph 31 were not paid back and affirmatively aver that it was not necessary to do so.

16. These answering Defendants deny the allegations of paragraphs 32, 33, 34, 35 and 36.

17. These answering Defendants lack sufficient information or belief to affirm or deny the allegations of paragraph 37 and thereupon deny the allegations.

18. These answering Defendants deny the allegations of paragraphs 38, 39, 40, 41, 42 and 43.

19. These answering Defendants admit the allegations of paragraph 44.

20. These answering Defendants deny the allegations of paragraphs 45, 46, 47 and 48.

21. These answering Defendants admit the allegations of paragraph 49 and affirmatively aver that said charitable contribution was previously discussed with and approved by members of Excalibur 1031 Group and John Terzakis.

22. These answering Defendants deny the allegations of paragraphs 50 and 51.

23. These answering Defendants admit the allegations of paragraph 52.

24. These answering Defendants lack sufficient information or belief to affirm or deny the allegations of paragraphs 53 and 54, and thereupon deny said allegations.

25. These answering Defendants deny the allegations of paragraphs 55, 56, 57, 58, 59, 60, 61, 62 and 63.

26. These answering Defendants lack sufficient information or belief to affirm or deny the allegations of paragraph 64 and thereupon deny said allegations. Defendants affirmatively aver that the entire transaction was supervised and orchestrated by Peter Ye.

27. These answering Defendants deny the allegations of paragraphs 65, 66, 67, 68, 69, 70, 71, 72 and 73.

28. These answering Defendants admit that Robert Estupinian used his wife's maiden name on expense reports, and said practice was known to plaintiff's accounting department and was not hidden.

3

ANSWER OF DEFENDANTS ROBERT E. ESTUPINIAN, GINNY ESTUPINIAN, MUTUAL VISION, LLC, EDMUNDO ESTUPINIAN, AND HAYDEE ESTUPINIAN TO SECOND AMENDED COMPLAINT
CASE NO.: C 07-06216 JW RS

\\Fsprolaw\ProLawDocs\E0302.001\162027.doc

29. In answering paragraph 76, these answering Defendants admit that the computer hard drives were replaced and, in all other respects, deny the allegations of said paragraph.

30. These answering Defendants deny the allegations of paragraphs 77, 78, 81, 83, 84, 85, 86, 87, 89, 90, 91, 92, 94-98, 100-108 and 110-111.

31. In answer to paragraph 112, these answering Defendants admit that Ginny Estupinian was president of the Company.

32. These answering Defendants deny the allegations of paragraphs 113 and 114.

33. In answer to paragraph 115, these answering Defendants admit that Mutual Vision was a minority member of Vesta and affirmatively allege that the duties of each member were defined by the Operating Agreement.

34. These answering Defendants deny the allegations of paragraphs 116, 117, 119-122, 124-128, 130-132, 134, 135 and 137.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

**(Failure to State a Claim)**

1. The Second Amended Complaint ("Complaint") and each count within said Complaint fails to state a cause of action against these answering defendants.

### SECOND AFFIRMATIVE DEFENSE

**(No RICO Violation)**

2. Plaintiff's Complaint fails to state a violation of RICO (18 U.S.C. § 1962 (c)) because no enterprise existed as is required by said statute.

### THRID AFFIRMATIVE DEFENSE

**(No RICO Violation)**

3. Plaintiff's Complaint fails to state a violation of RICO (18 U.S.C. § 1962 (c)) because these answering defendants committed no predicate acts were committed as is required by said statute.

///

4

ANSWER OF DEFENDANTS ROBERT E. ESTUPINIAN, GINNY ESTUPINIAN, MUTUAL VISION, LLC, EDMUNDO ESTUPINIAN, AND HAYDEE ESTUPINIAN TO SECOND AMENDED COMPLAINT
CASE NO.: C 07-06216 JW RS

\\Fsprolaw\ProLawDocs\E0302.001\162027.doc

**FOURTH AFFIRMATIVE DEFENSE**

**(No RICO Violation)**

4. Plaintiff Complaint fails to state a violation of RICO (18 U.S.C. § 1962 (c)) because no pattern of racketeering activity exists as is required by the statute.

**FIFTH AFFIRMATIVE DEFENSE**

**(Unclean Hands)**

5. Plaintiff, through John Terzakis its majority member and manager acted with unclean hands and inequitable conduct for the reasons explained in the Cross-Complaint filed herewith.

**SIXTH AFFIRMATIVE DEFENSE**

**(Waiver)**

6. These answering Defendants allege that Plaintiff, by reason of the knowledge, statements and conduct of its agents and employees, has waived any rights which it may have for any acts of these answering defendants.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Estoppel)**

7. These answering Defendants allege that Plaintiff, by reason of the knowledge, statements and conduct of it, its agents and employees are estopped to complain of any act or omission on the part of these answering Defendants.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Lack of Particularity in Complaint)**

8. These answering Defendants are informed and believes and, upon that basis, allege that Plaintiff does not describe the claims made against these answering Defendants with sufficient particularity to enable Defendants to determine each and every defense they may have against it. These answering Defendants therefore, reserves the right to assert all defenses including affirmative defenses, which may be discovered or become relevant to Plaintiff's claims once the precise nature of those claims is ascertained.

ANSWER OF DEFENDANTS ROBERT E. ESTUPINIAN, GINNY ESTUPINIAN, MUTUAL VISION, LLC, EDMUNDO ESTUPINIAN, AND HAYDEE ESTUPINIAN TO SECOND AMENDED COMPLAINT
CASE NO.: C 07-06216 JW RS

\\Fsprolaw\ProLawDocs\E0302.001\162027.doc

## NINTH AFFIRMATIVE DEFENSE

### (Consent)

9. These answering Defendants allege that by reason of the knowledge, statements and conduct of Plaintiff and its agents and employees, Plaintiff has heretofore consented to all of the acts or omissions on the part of these answering Defendants.

## TENTH AFFIRMATIVE DEFENSE

### (Contributory Conduct)

10. These answering Defendants allege that Plaintiff is a least in part liable through its own conduct for causing or exacerbating some of the harm and damages of which is complains. Accordingly, any recovery against Defendants should be barred or reduced proportionately by such contributory negligence or fault.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Other Affirmative Defenses)

11. These answering Defendants allege that they are entitled to any and all affirmative defenses raised by any party against Plaintiff and by reference said affirmative defenses that have been, or may in the future be raised by pleadings filed herein, are by reference incorporated as if fully set forth herein.

## TWELFTH AFFIRMATIVE DEFENSE

### (Additional Discovery)

12. These answering Defendants may rely upon any and all further defenses which may be available or which later appear after further factual development in this action and hereby specifically reserves his right to amend this Answer, as a right or with leave of Court, for the purpose of asserting any such additional defenses.

///

///

///

6

ANSWER OF DEFENDANTS ROBERT E. ESTUPINIAN, GINNY ESTUPINIAN, MUTUAL VISION, LLC, EDMUNDO ESTUPINIAN, AND HAYDEE ESTUPINIAN TO SECOND AMENDED COMPLAINT
CASE NO.: C 07-06216 JW RS

\\Fsprolaw\ProLawDocs\E0302.001\162027.doc

1    WHEREFORE, these answering Defendants pray for judgment as follows:

2    1.    That the relief sought in the Complaint against these answering Defendants be denied;

3    2.    That Plaintiff take nothing from these answering Defendants by reason of the Complaint;

4    3.    That the Complaint by dismissed in its entirety with prejudice;

5    4.    That these answering Defendants be awarded their attorneys' fees and costs incurred defending this action;

6    5.    That these answering Defendants be granted their costs of suit; and

7    6.    For such other and further relief as the Court may deem just and proper.

Date: January 7, 2008

RANDICK O'DEA & TOOLIATOS, LLP

By: /s/ Kevin R. Martin
Kevin R. Martin
Attorneys for Defendants ROBERT E. ESTUPINIAN, GINNY ESTUPINIAN, MUTUAL VISION, LLC, EDMUNDO ESTUPINIAN, and HAYDEE ESTUPINIAN

7

ANSWER OF DEFENDANTS ROBERT E. ESTUPINIAN, GINNY ESTUPINIAN, MUTUAL VISION, LLC, EDMUNDO ESTUPINIAN, AND HAYDEE ESTUPINIAN TO SECOND AMENDED COMPLAINT
CASE NO.: C 07-06216 JW RS

\\Fsprolaw\ProLawDocs\E0302.001\162027.doc