1  **Kevin R. Martin, SBN 176853**
   kmartin@randicklaw.com
2  **Brian M. O'Dea, SBN 45704**
   bodea@randicklaw.com
3  **Patrick E. Guevara SBN 202727**
   pguevara@randicklaw.com
4  **RANDICK O'DEA & TOOLIATOS, LLP**
   5000 Hopyard Road, Suite 400
5  Pleasanton, California   94588
   Telephone      (925) 460-3700
6  Facsimile       (925) 460-0969

7  Attorneys for Defendants EDMUNDO ESTUPINIAN
   and HAYDEE ESTUPINIAN, Defendants and Third Party
8  Claimants, ROBERT E. ESTUPINIAN, GINNY ESTUPINIAN,
   and Defendant, Counter Claimant and Third Party Claimant MUTUAL VISION, LLC
9

10                       UNITED STATES DISTRICT COURT

11                       NORTHERN DISTRICT OF CALIFORNIA

12                              SAN JOSE DIVISION

| | |
|---|---|
| VESTA STRATEGIES, LLC,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>ROBERT E. ESTUPINIAN, GINNY ESTUPINIAN, MUTUAL VISION, LLC, MILLENNIUM REALTY GROUP, VESTA REVERSE 100, LLC, VESTA CAPITAL ADVISORS, LLC, CAROL-ANN TOGNAZZINI, EDMUNDO ESTUPINIAN, and HAYDEE ESTUPINIAN,<br><br>　　　　　　Defendants. | Case No.: C 07-06216 JW RS<br><br>**COUNTERCLAIM AGAINST VESTA STRATEGIES, LLC**<br>**AND**<br>**THIRD PARTY CLAIM AGAINST JOHN TERZAKIS, SINGLE SITE SOLUTIONS, B&B SPARCO, AND PETER YE**<br><br>**DEMAND FOR JURY** |
| MUTUAL VISION, LLC,<br><br>　　　　　　Counter Claimant,<br><br>vs.<br><br>VESTA STRATEGIES, LLC,<br><br>　　　　　　Counter Defendant. | |
| MUTUAL VISION, LLC, ROBERT ESTUPINIAN AND GINNY ESTUPINIAN,<br><br>　　　　　　Third Party Claimants, | |

                                                                                              1
---
COUNTERCLAIM AGAINST VESTA STRATEGIES, LLC AND THIRD PARTY CLAIM AGAINST JOHN
TERZAKIS, SINGLE SITE SOLUTIONS, B&B SPARCO, AND PETER YE     DEMAND FOR JURY
CASE NO.: C 07-06216 JW RS          \\FSPROLAW\PROLAWDOCS\E0302.001\161724.DOC

vs.

JOHN TERZAKIS, SINGLE SITE SOLUTIONS CORPORATION, B&B SPARCO PROPERTIES, INC., AND PETER YE,

Third Party Defendants.

Counter Claimant Mutual Vision, LLC and Third Party Claimants Mutual Vision, LLC, Robert Estupinian, and Ginny Estupinian (collectively "Mutual Vision") allege the following:

## NATURE OF ACTION

1. This case arises out of the soured relationship between John D. Terzakis ("Terzakis") and Robert Estupinian ("Estupinian") in connection with Terzakis' continued mismanagement of and embezzlement from their joint business operation Vesta Strategies, LLC ("Vesta Strategies"). Vesta Strategies is a qualified intermediary for Section 1031 tax-deferred real estate exchanges and has at any one time control of ten to thirty million dollars in client deposits. Vesta Strategies is the latest incarnation of the business model first put together by Terzakis and Estupinian back in 2000 under the name Investment Advantage Group, LLC. At various times since then, Robert Estupinian has had to reinvent the business to overcome negative publicity and lawsuits spawned by Terzakis' mismanagement, manipulation and conversion of client assets and embezzlement of client funds. John Terzakis' wrongful and unlawful conduct includes, but is not limited to:

- Converting Vesta Strategies' client funds for private use and investments for himself, his family, and his businesses Single Site Solutions and B&B Sparco Properties, Inc.;
- Converting Vesta Strategies' client funds without their knowledge or consent and failing to return them on demand causing Vesta Strategies, LLC millions in interest and penalties;

2

COUNTERCLAIM AGAINST VESTA STRATEGIES, LLC AND THIRD PARTY CLAIM AGAINST JOHN TERZAKIS, SINGLE SITE SOLUTIONS, B&B SPARCO, AND PETER YE    DEMAND FOR JURY
CASE NO.: C 07-06216 JW RS    \\FSPROLAW\PROLAWDOCS\E0302.001\161724.DOC

- Stealing Vesta Strategies' money for his own personal use;
- Deliberately and continuously refusing to provide Mutual Visions, LLC (a 49% owner and partner in the business) any accounting or tax returns for Vesta Strategies', IAG 1031 LLC, or Investment Advantage Group, LLC, in order to secret the profits of the company for his private use and investment, and that of his family, and his businesses Single Site Solutions, and B&B Sparco Properties, Inc.;
- Converting Vesta Strategies' monies to pay for obligations of his other companies and personal liabilities; and
- Deliberately and with fraudulent intent approving Vesta Strategies' expenses from third party vendors but then refusing to pay for them.

2. Mutual Vision brings this action against Terzakis, his company Single Site Solutions, B& B Sparco Properties, Inc., and his principal co-conspirator in these activities, Peter Ye, seeking recovery of the converted Vesta Strategies monies, damages, and a full accounting from Vesta Strategies and those other defendants in receipt of unlawful monies.

**PARTIES**

3. Counterclaimant and Third-Party Plaintiff Mutual Vision, LLC is a California limited liability company and 49% owner/member of Plaintiff Vesta Strategies, LLC.

4. Third Party Plaintiff Robert Estupinian is an owner/member of Mutual Vision, LLC and former CEO of Vesta Strategies.

5. Third Party Plaintiff Ginny Estupinian is an owner/member of Mutual Vision, LLC and former President of Vesta Strategies.

6. Counter defendant Vesta Strategies, LLC is a California limited liability company. Its offices are located at 150 Almaden Boulevard, Suite 135, San Jose, California.

7. Third-Party defendant John Terzakis is a 51% owner/member and manager of Vesta Strategies. Upon information and belief, Terzakis is also CEO and principal owner of Third-Party defendant Single Site Solutions Corporation and resides in Illinois.

8. Upon information and belief, Third-Party defendant Single Site Solutions

3

1  Corporation is an Illinois corporation in good standing, with its principal place of business at
2  7450 Quincy Street, Willowbrook, Illinois. According to its website at www.singlesitecorp.com,
3  Single Site Solutions is a real estate development and investment firm. Upon information and
4  belief Single Site Solutions handles all the formal accounting for Terzakis' business interests,
5  including Vesta Strategies, LLC
6         9.      Upon information and belief, Third-Party defendant B&B Sparco Properties, Inc.,
7  ("B&B Sparco") is an Illinois corporation in good standing, with its principal place of business at
8  7450 Quincy Street, Willowbrook, Illinois.
9         9.      Third-Party defendant Peter Ye is the Vice-president of Operations with Vesta
10 Strategies and upon information and belief resides in San Jose, California.
11       10.     Mutual Vision alleges throughout this complaint that various members of John
12 Terzakis' family have participated in or are in receipt of Vesta Strategies' client funds and Vesta
13 Strategies' profits. Mutual Vision does not know the true names or capacities, whether
14 individual, corporate, associate or otherwise, of these defendants and therefore will seek leave to
15 amend this pleading to show the true names or capacities when the same has finally been
16 determined. Mutual Vision is informed and believes, and on such information and belief alleges,
17 that each of the defendants, is responsible in contract, or tort, or equity, or by statute for the
18 events and happenings herein referred to and proximately caused injuries or damages thereby,
19 and each of them as is hereinafter alleged.

## JURISDICTION AND VENUE

21       11.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and
22 Federal Rules of Civil Procedure 13(a), 13(b), 14 and 23.1. The Court has supplemental
23 jurisdiction over this matter pursuant to 28 U.S.C. § 1367 in that said counterclaims are
24 transactionally related to the main claims and therefore are permissive under the joinder
25 provisions of Federal Rule of Civil Procedure 13(h).
26       12.     Venue is proper pursuant to 28 U.S.C. § 1391(a) in that a substantial portion of
27 the events giving rise to this action occurred in San Jose, Santa Clara County, California.
28

COUNTERCLAIM AGAINST VESTA STRATEGIES, LLC AND THIRD PARTY CLAIM AGAINST JOHN TERZAKIS, SINGLE SITE SOLUTIONS, B&B SPARCO, AND PETER YE   DEMAND FOR JURY
CASE NO.: C 07-06216 JW RS    \\FSPROLAW\PROLAWDOCS\E0302.001\161724.DOC

4

**JURY DEMAND**

13. Mutual Vision demands a trial by jury.

**GENERAL ALLEGATIONS**

14. John Terzakis and Robert Estupinian first began working together in March 2000 in a company called Investment Advantage Group LLC. After the demise of Investment Advantage Group as a result of Terzakis' actions, the two subsequently formed IAG 1031, and most recently Vesta Strategies, LLC. All three businesses operated as qualified intermediaries for Section 1031 tax-deferred real estate exchanges. As qualified intermediaries, these companies collect deposits from clients who have sold property and are looking for subsequent investment property in order to avoid realizing capital gains on the sale and in order to recapture depreciation values. The qualified intermediary holds the deposit, and at the appropriate time, has an obligation to pay those funds out to the customer.

15. The funds held by the exchange company are not trust funds and there is no fiduciary duty owed to the taxpayer. The major reason is that the qualified intermediary has to be a disinterested third party and the taxpayer can not have constructive receipt of the funds or the exchange will fail. The person or company that is operating in the capacity of a qualified intermediary can not be an agent of the taxpayer.

16. Beginning as far back as 2000, John Terzakis has been treating the client funds as his own personal piggy bank in order to fund his many personal business and development projects. In addition to using IAG, IAG 1031 LLC, and now Vesta Strategies client funds for his own purposes, Terzakis would fund his family and Single Site Solutions real estate development deals, and B&B Sparco with client monies as well. Terzakis preferred the exchange company client funds rather than borrowing money through normal banking avenues because of the ease of access, lack of security, and the fact that he controlled the company in part and could avoid paying fees or interests. The first funds were memorialized by notes between Terzakis and Investment Advantage Group LLC and were ostensibly lent at an interest rate of 12% for one year term when the funds were supposed to be returned. The first funds were backed by second

5

mortgage positions in the development projects that Terzakis and his various companies were involved in. As a major condition for the loans, Terzakis was required to obtain a credit line for the singular use of the exchange company in the amount of 80% outstanding in order to avoid any premature call on the funds by the clients. Shortly after taking the funds, however, Terzakis unilaterally lowered the interest rate and removed the security to avoid paying what was legally owed to the business. The only credit line that Terzakis did obtain was completely inadequate, and in further self dealing, he proceeded to run up the line for his own purposes, while charging interest back to the company. Since then, Terzakis has engaged in a systematic pattern and practice of "borrowing" client funds without fees, interest or security, failing or refusing to return the funds or secure an appropriate credit line, and leaving Vesta Strategies to answer to its clients.

17. Cross-defendant Peter Ye is the Vice President of Operations for Vesta Strategies and manages all money wire transfers for the company. Working together, Terzakis and Ye facilitated all the wire transfer of client funds from Vesta Strategies to Terzakis' private interests.

18. Since 2004, Terzakis has converted approximately $25,000,000 in funds from Vesta Strategies, LLC to his personal account, his family accounts, or that of his Illinois business Single Site Solutions and B&B Sparco. Due principally to the repeated efforts of former CEO Robert Estupinian, Vesta Strategies has managed to recover some portion of these funds, but there remains outstanding approximately $19 Million that Mr. Terzakis has control over. Terzakis, his family, Single Site Solutions, nor B&B Sparco have never paid those funds back or any interest or earnings from any of the monies taken. As a result of Terzakis' refusal to provide any accounting for the funds or their location, Vesta Strategies' 49% owner and counterclaimant in this action Mutual Vision, LLC has no information as to the whereabouts or status of the outstanding funds.

19. Terzakis has never paid interest on the funds taken from the business. He has never provided any notes for the monies he has taken and never accounted for the funds, nor any profit or loss made on the investments with the funds. In addition, Terzakis and Single Site

6

COUNTERCLAIM AGAINST VESTA STRATEGIES, LLC AND THIRD PARTY CLAIM AGAINST JOHN TERZAKIS, SINGLE SITE SOLUTIONS, B&B SPARCO, AND PETER YE   DEMAND FOR JURY
CASE NO.: C 07-06216 JW RS   \\FSPROLAW\PROLAWDOCS\E0302.001\161724.DOC

Solutions have systematically refused to provide any tax returns, profit or loss statement or other means of accounting for the businesses. Upon information and belief, it is estimated that Terzakis, his family, and his Illinois business Single Site Solutions and B&B Sparco have benefited from use and investment of the Vesta Strategies client funds and profits in amounts exceeding $20 Million dollars over the last seven years.

20. Upon information and belief, Terzakis used the profits and losses of Investment Advantage Group, IAG 1031 LLC, and now Vesta Strategies to offset other business income and losses.

21. By repeatedly converting Vesta Strategies client funds and failing or refusing to return them as required for proper disbursement to Vesta Strategies clients, Terzakis has subjected Vesta Strategies, Mutual Vision, LLC and Robert and Ginny Estupinian personally to continuing legal liability and exposure for damages. As a direct result of Terzakis' unlawful conduct, Vesta Strategies has been forced to pay substantial penalties and other monies in order to placate disgruntled clients. Among the various instances where Terzakis has failed and refused to return client funds to Vesta Strategies include:

- In October 2007, Terzakis failed to return over $5.3 Million dollars to Vesta Strategies joint venture partner Excalibur 1031 Group for payment to its client Hoist Realty, Inc. in order for the client to complete its purchase of exchange property. Terzakis had been warned three weeks in advance that the funds needed to be returned and had assured Estupinian and Excalibur 1031 that they would be available. At the last minute, Terzakis used the funds for his own purposes, and as a direct result of these actions, Vesta Strategies was forced to pay a $2,000,000 penalty to Hoist Realty, and an additional $100,000 penalty to the seller of the replacement property Hoist was prepared to purchase;
- In October 2007, Terzakis caused another $1,200,000 redemption issue with Mr. Phillips which has left Vesta Strategies and Excalibur 1031 Group exposed to liability;
- In November 2007, Terzakis failed to return over $1.1 Million dollars to several

7

COUNTERCLAIM AGAINST VESTA STRATEGIES, LLC AND THIRD PARTY CLAIM AGAINST JOHN TERZAKIS, SINGLE SITE SOLUTIONS, B&B SPARCO, AND PETER YE   DEMAND FOR JURY
CASE NO.: C 07-06216 JW RS   \\FSPROLAW\PROLAWDOCS\E0302.001\161724.DOC

Vesta Strategies' clients located in Southern California. As a direct result of these actions, Vesta Strategies lost several key relationships in that market that had taken years to develop and the profitable business they had provided;

- In June 2006, Terzakis borrowed $3 Million dollars from Vesta Strategies with a promise to pay it back within 14 days. Terzakis had apparently made a gamble on a large real estate project and relied on additional partners to complete the deal. When those partners pulled out, Terzakis stood to lose his investment and converted Vesta client funds to complete the deal. Terzakis did not pay the funds back for over six months, and then only when the company was suffering redemptions which ultimately cost the company more penalties and the loss of a top producing salesperson in Austin, Texas as well as that business referral; and

- In January 2005, C&R Realty of Richmond Inc. sued Vesta Strategies LLC in Santa Clara County after Terzakis refused to return $3 Million in client funds. This suit occurred as Vesta Strategies was beginning an aggressive public relations campaign. The suit forced the cancellation of the campaign, the loss of another top producer, and additional damages in penalties, interest payments, and legal fees.

22.  In addition to converting Vesta Strategies client funds for his own uses, Terzakis used Vesta Strategies funds to pay third party debt in the amount of $349,000 in settlement of a prior redemption claim against IAG from Portola Investments where again the initial funds were not returned. Terzakis promised Vesta Strategies' CEO Robert Estupinian that the funds would be paid back into Vesta Strategies but they never were and remain owing. Terzakis would make a habit of taking luxurious vacations to Mexico and Europe during the times that clients were demanding their funds back, leaving Vesta Strategies' CEO Robert Estupinian and his staff to deal with the problem.

23.  As a result of Terzakis' continued abuse and conversion of Vesta Strategies client monies, Vesta Strategies has suffered loss of business and reputation in the 1031 Exchange marketplace. In April 2004, the Federation of Exchange Accommodators would not allow Vesta

8

Strategies LLC to become a member due to the fact that John Terzakis was an owner. Mr. Ralph Bunje, board member of the Federation of Exchange Accommodators, stated that Terzakis is of questionable character and there are rumors of redemption problems. Vesta Strategies lost its membership in the Federation of Exchange and the bond they sponsored. The only bond that Vesta Strategies was able to obtain thereafter cost five times more than that available through the Federal Exchange of Accommodators. This conduct has driven down the value of the business and consequently negatively impacted Mutual Vision, LLC's stake.

24. As acting manager of Vesta Strategies, Terzakis would routinely authorize the company to engage third party vendors and take receipt of products and services necessary to run the business, only to later refuse payment of the vendor invoices.

25. In November 2007, in effort to stop Terzakis from further raiding the company and converting client funds, then CEO Robert Estupinian instructed Vice President of Operations Peter Ye not to facilitate any further wire transfer of funds from Vesta Strategies to Terzakis as requested. Peter Ye ignored theses instructions, and proceeded to and continues to wire significant funds to Terzakis to the detriment of Vesta Strategies and its clients.

26. In response to Estupinian's effort to reign in Terzakis, Terzakis concocted untrue allegations against Estupinian and his wife Ginny claiming they have been embezzling money through their business Vesta Capital Advisors. In further effort to malign and slander Robert and Ginny Estupinian, Terzakis proceeded to pass the complaint from the instant matter among employees at Vesta Strategies. Peter Ye proceeded to slander Robert Estupinian in the business community by telling associates of Robert Estupinian that "without a doubt Robert stole $6 million and is going to prison" knowing full well that these claims are untrue.

27. To the extent necessary, Mutual Vision brings this action as a derivative suit on behalf of Vesta Strategies, LLC. Making demand for suit against Terzakis and other cross-defendants by Vesta Strategies, LLC would be futile since Terzakis is the majority member and a manager holding 51% interest of the company and has participated in and approved the wrongdoing alleged herein, and is financially interested in the challenged transactions.

## FIRST CLAIM FOR RELIEF-CONVERSION

### Against All Third Party Defendants

28. Mutual Vision re-alleges and incorporates by reference as through fully set forth herein, paragraphs 1 through 27, inclusive, of this pleading.

29. As alleged above, Terzakis, working in concert with members of his family, Peter Ye, and his business Single Site Solutions and B&B Sparco, have misappropriated substantial monies from Vesta Strategies, and, by virtue of its 49% ownership interest thereof, Mutual Vision.

30. Vesta Strategies, and, by virtue of its 49% ownership interest thereof, Mutual Vision, was the rightful owner and had right to immediate possession of these funds.

31. Terzakis, his family members, Ye, Single Site Solutions, and B&B Sparco were not authorized to misappropriate and steal Vesta Strategies, and, by virtue of its 49% ownership interest thereof, Mutual Vision, funds. In doing the acts as alleged above, Terzakis, his family members, Ye, Single Site Solutions, and B&B Sparco wrongfully exercised dominion and control over these funds.

32. Mutual Vision has demanded that these funds be returned, and that an accounting be provided, but defendants have refused to return the converted property.

WHEREFORE, Mutual Vision prays for relief as follows:

(a) Money damages in the amount converted by Terzakis, Ye, and Single Site Solutions, B&B Sparco and any other defendant;

(b) Punitive damages;

(c) Reasonable attorney's fees and costs; and

(d) Any further relief as this Court deems appropriate.

## SECOND CLAIM FOR RELIEF-
## BREACH OF FIDUCIARY DUTY AND DUTY OF LOYALTY

### Against Terzakis and Ye

33. Mutual Vision re-alleges and incorporates by reference as through fully set forth herein, paragraphs 1 through 32, inclusive, of this pleading.

34. As the managing member of Vesta Strategies, John Terzakis owed a fiduciary duty and duty of loyalty to Vesta Strategies, and its other member owner Mutual Vision, LLC. Terzakis' duties included, but were not limited to: the duty not to exploit his position with Vesta Strategies for his own personal benefit; the duty to protect Vesta Strategies' and its clients' funds; the duty to make full and truthful accounting to Vesta Strategies and Mutual Vision, LLC as to the profit and loss of the company; the duty not to recklessly expose Vesta Strategies, its officers, or by virtue of its 49% ownership interest Mutual Vision, LLC to lawsuits and redemptions; the duty to otherwise deal fairly with Vesta Strategies and by virtue of its 49% ownership interest Mutual Vision, LLC, and to act in their best interest.

35. As Vice President of Operations of Vesta Strategies, Peter Ye owed a fiduciary duty and duty of loyalty to Vesta Strategies, and its other member owner Mutual Vision, LLC. Ye's duties included, but were not limited to: the duty not to exploit his position with Vesta Strategies for his own personal benefit; the duty to protect Vesta Strategies' and its clients' funds; and the duty to otherwise deal fairly with his employer Vesta Strategies, and by virtue of its 49% ownership interest Mutual Vision, LLC, and to act in their best interest.

36. As alleged above Terzakis and Ye breached their respective duties to Vesta Strategies, its officers, and, by virtue of its 49% ownership interest, Mutual Vision, LLC.

37. Terzakis and Ye's breaches of their respective duties have directly and proximately caused millions of dollars of damages to Vesta Strategies, and, by virtue of its 49% ownership interest, Mutual Vision, LLC, and further damages to Vesta Strategies' former officers Robert and Ginny Estupinian.

WHEREFORE, Mutual Vision prays for relief as follows:

(a) Money damages in the amount proximately caused by Terzakis and Ye;

(b) Punitive damages;

(c) Reasonable attorney's fees and costs; and

COUNTERCLAIM AGAINST VESTA STRATEGIES, LLC AND THIRD PARTY CLAIM AGAINST JOHN TERZAKIS, SINGLE SITE SOLUTIONS, B&B SPARCO, AND PETER YE    DEMAND FOR JURY
CASE NO.: C 07-06216 JW RS    \\FSPROLAW\PROLAWDOCS\E0302.001\161724.DOC

11

(d)     Any further relief as this Court deems appropriate.

### THIRD CLAIM FOR RELIEF-FRAUD

#### Against Terzakis

38. Mutual Vision re-alleges and incorporates by reference as through fully set forth herein, paragraphs 1 through 37, inclusive, of this pleading.

39. As part of his effort to convert funds and profit of Vesta Strategies, and, by virtue of its 49% ownership interest, Mutual Vision, LLC, John Terzakis knowingly made, participated in the making of, or ratified false and fraudulent statements of material fact and/or misleadingly failed to disclose material facts to Vesta Strategies and its management including its CEO Robert Estupinian.

40. Terzakis intended for Vesta Strategies, and, by virtue of its 49% ownership interest Mutual Vision, LLC, and its management to repeatedly rely on his misrepresentations and misleading omissions in order to facilitate continuing transfer of Vesta Strategies client funds for his personal use and investment, and that of his family, and businesses Single Site Solutions and B&B Sparco. Mutual Vision would not have allowed these continued transfers and acted the way it did in allowing Terzakis' continued actions, had it known the true facts and consequently Terzakis' misrepresentations and omissions were material.

41. Vesta Strategies, and, by virtue of its 49% ownership interest, Mutual Vision, LLC, suffered substantial damages as a direct and proximate result of its reliance on the false statements and fraudulent omissions of Terzakis, including, but not limited to, the loss of substantial profits, interest, as well as monies lost in settlement of redemptions caused directly as a result of Terzakis' actions.

42. Terzakis' conduct constitutes intentional misrepresentations, deceit, and concealment of material facts known to him with the intention to deprive Vesta Strategies, and, by virtue of its 49% ownership interest, Mutual Vision, LLC, of property or legal rights or otherwise cause it injury, and was despicable conduct that subjected Vesta Strategies and Mutual

12

COUNTERCLAIM AGAINST VESTA STRATEGIES, LLC AND THIRD PARTY CLAIM AGAINST JOHN TERZAKIS, SINGLE SITE SOLUTIONS, B&B SPARCO, AND PETER YE   DEMAND FOR JURY
CASE NO.: C 07-06216 JW RS    \\FSPROLAW\PROLAWDOCS\E0302.001\161724.DOC

1  Vision to cruel and unjust hardships in conscious disregard of their rights, so as to justify an
2  award of exemplary and punitive damages.
3        WHEREFORE, Mutual Vision prays for relief as follows:
4      (a)    Money damages in the amount proximately caused by Terzakis;
5      (b)    Punitive damages;
6      (c)    Reasonable attorney's fees and costs; and
7      (d)    Any further relief as this Court deems appropriate.

### FOURTH CLAIM FOR RELIEF-CONSTRUCTIVE TRUST

**Against All Third Party Defendants**

11      43.    Mutual Vision re-alleges and incorporates by reference as through fully set forth herein, paragraphs 1 through 42, inclusive, of this pleading.

13      44.    As alleged above, Terzakis, Ye, Single Site Solutions, B&B Sparco and others wrongfully acquired money from Vesta Strategies under circumstances in which, in equity and good conscience, they should not be allowed to keep.

16      45.    Vesta Strategies, and, by virtue of its 49% ownership interest Mutual Vision, LLC, has a right to its money, including profits from its business and interest in any property or other investment purchased therewith. These rights are superior to those of Terzakis, Ye, Single Site Solutions, B&B Sparco or others who have benefited unfairly by this conduct.

20      46.    A constructive trust should be entered to convey the value of the money that each defendant wrongfully received because it rightly and justly belongs to Vesta Strategies, and, by virtue of its 49% ownership interest Mutual Vision, LLC., and each of the defendants only gained use of the funds through theft, conversion, and abuse of fiduciary duty and fraud.

24        WHEREFORE, Mutual Vision prays for relief as follows:
25      (a)    Impose a Constructive Trust on all monies held by each defendant that rightfully belongs to Vesta Strategies;
27      (b)    Reasonable attorney's fees and costs; and

13

COUNTERCLAIM AGAINST VESTA STRATEGIES, LLC AND THIRD PARTY CLAIM AGAINST JOHN TERZAKIS, SINGLE SITE SOLUTIONS, B&B SPARCO, AND PETER YE   DEMAND FOR JURY
CASE NO.: C 07-06216 JW RS   \\FSPROLAW\PROLAWDOCS\E0302.001\161724.DOC

1   (c)   Any further relief as this Court deems appropriate.

## FIFTH CLAIM FOR RELIEF- INTERFERENCE WITH CONTRACT

### Against Terzakis

47.   Mutual Vision re-alleges and incorporates by reference as through fully set forth herein, paragraphs 1 through 46, inclusive, of this pleading.

48.   As part of its business operations, Vesta Strategies entered into contractual agreements with its clients wherein they entrusted monies to Vesta Strategies. The contractual agreements were valid and enforceable contracts.

49.   Terzakis and Ye knew that said agreements existed between Vesta Strategies and each of its clients.

50.   In acting as alleged above, including converting client funds and failing and refusing to return them upon demand, Mutual Vision is informed and believes and thereon alleges that Terzakis and Ye committed intentional acts designed to induce a breach or disrupt the contractual agreements and intended to blemish Vesta Strategies, Mutual Vision and its principal Robert Estupinian and Ginny Estupinian's professional and personal reputation and to induce a breach or disrupt the contractual agreements, all of these acts causing financial duress.

51.   The acts committed by Terzakis and Ye caused the actual disruption of the contractual agreements. As a result of this disruption, Vesta Strategies, and, by virtue of its 49% ownership interest Mutual Vision, LLC., has suffered economic harm, proximately caused by the acts of Terzakis and Ye.

WHEREFORE, Mutual Vision prays for relief as follows:

(a)   Money damages in the amount proximately caused by Terzakis and Ye

(b)   Punitive damages

(c)   Reasonable attorney's fees and costs

(d)   Any further relief as this Court deems appropriate.

COUNTERCLAIM AGAINST VESTA STRATEGIES, LLC AND THIRD PARTY CLAIM AGAINST JOHN TERZAKIS, SINGLE SITE SOLUTIONS, B&B SPARCO, AND PETER YE   DEMAND FOR JURY
CASE NO.: C 07-06216 JW RS     \\FSPROLAW\PROLAWDOCS\E0302.001\161724.DOC

14

## SIXTH CLAIM FOR RELIEF – LIBEL AND SLANDER

### Against Terzakis and Ye

52. Mutual Vision re-alleges and incorporates by reference as through fully set forth herein, paragraphs 1 through 51, inclusive, of this pleading.

53. Robert Estupinian and Ginny Estupinian, at all relevant times herein have been engaged in the lawful business and occupation of facilitating 1031 exchanges. The Estupinians have resided in the San Francisco Bay Area, in the State of California, for over 20 years and at all times have enjoyed a good reputation both generally and in their occupation.

54. On or about November 3, 2007 and continuing forward, Third party defendant Terzakis published copies of the original complaint in this matter which alleges untruths and defamatory statements directed at Estupinian and his wife Ginny claiming they have been embezzling money through their businesses Mutual Vision, Millenium Realty Group and Vesta Capital Advisors. In further effort to malign and slander Robert and Ginny Estupinian, Terzakis proceeded to pass the complaint from the instant matter among employees at Vesta Strategies.

55. This complaint is untrue and contains false statements. It clearly exposes the Estupinians to hatred, contempt, ridicule, and obloquy because it impugns the integrity of Robert and Ginny Estupinian.

56. This complaint was seen and read by past and present employees at Vesta Strategies in San Jose, California and other business associates of the Estupinians.

57. Sometime in November and December 2007, Peter Ye published defamatory statements about Robert Estupinian in the business community by telling associates of Robert Estupinian that "without a doubt Robert stole $6 million and is going to prison" knowing full well that these claims are not true.

58. As a proximate result of the above-described publication, Robert and Ginny Estupinian have suffered loss of their reputation, shame, mortification, and hurt feelings all to their general damage.

59. The above-described publications were published by the Terzakis and Ye with

COUNTERCLAIM AGAINST VESTA STRATEGIES, LLC AND THIRD PARTY CLAIM AGAINST JOHN TERZAKIS, SINGLE SITE SOLUTIONS, B&B SPARCO, AND PETER YE    DEMAND FOR JURY
CASE NO.: C 07-06216 JW RS    \\FSPROLAW\PROLAWDOCS\E0302.001\161724.DOC

15

malice, oppression, and fraud malice in that they knew the and thus plaintiff seeks an award of punitive damages.

WHEREFORE, Mutual Vision prays for relief as follows:

(a) Money damages in the amount proximately caused by Terzakis and Ye;

(b) Punitive damages;

(c) Reasonable attorney's fees and costs; and

(d) Any further relief as this Court deems appropriate.

## SEVENTH CLAIM FOR RELIEF – NEGLIGENCE

### Against Single Site Solutions

60. Mutual Vision re-alleges and incorporates by reference as through fully set forth herein, paragraphs 1 through 59, inclusive, of this pleading.

61. Single Site Solutions, and its agents, owed a duty of care to Vesta Strategies, in its actions and activities as accountant and bookkeeper for Vesta Strategies, to properly record and maintain profits and loss statements, income and expenses and other items of record as to Vesta Strategies' business.

62. Said defendants breached these duties, by failing to properly record and maintain profits and loss statements, income and expenses and other items of record as to Vesta Strategies business, and by failing to provide such to Mutual Vision despite repeated requests.

63. As a proximate result of the foregoing conduct by defendants, Vesta Strategies and, by virtue of its 49% ownership interest Mutual Vision, LLC., has been damaged in an amount according to proof at trial.

WHEREFORE, Mutual Vision prays for relief as follows:

(a) Money damages in the amount proximately caused by said negligence;

(b) Reasonable attorney's fees and costs; and

(c) Any further relief as this Court deems appropriate.

COUNTERCLAIM AGAINST VESTA STRATEGIES, LLC AND THIRD PARTY CLAIM AGAINST JOHN TERZAKIS, SINGLE SITE SOLUTIONS, B&B SPARCO, AND PETER YE    DEMAND FOR JURY
CASE NO.: C 07-06216 JW RS    \\FSPROLAW\PROLAWDOCS\E0302.001\161724.DOC

**EIGHTH CLAIM FOR RELIEF- UNJUST ENRICHMENT**

**Against All Third Party Defendants**

64. Mutual Vision re-alleges and incorporates by reference as through fully set forth herein, paragraphs 1 through 63, inclusive, of this pleading.

65. As alleged above, each of the defendants received a benefit from the monies taken from Vesta Strategies. Each defendant has retained that benefit and therefore was unjustly enriched at the direct expense of Vesta Strategies, and, by virtue of its 49% ownership interest, Mutual Vision, LLC.

66. It would be unjust for each of the defendants to retain that benefit at the expense of Vesta Strategies, and, by virtue of its 49% ownership interest, Mutual Vision, LLC.

WHEREFORE, Mutual Vision prays for relief as follows:

(a) Money damages in the amount each defendant was unjustly enriched;

(b) Punitive damages;

(c) Reasonable attorney's fees and costs; and

(d) Any further relief as this Court deems appropriate.

**NINTH CLAIM FOR RELIEF- ACCOUNTING**

**Against Vesta Strategies, and All Third Party Defendants**

67. Mutual Vision re-alleges and incorporates by reference as through fully set forth herein, paragraphs 1 through 66, inclusive, of this pleading.

68. As alleged above, as a result of defendants actions, including conversion of funds, breach of fiduciary duty and duty of loyalty, Terzakis, Ye, Single Site Solutions, B&B Sparco, and others unknown to Mutual Vision at this time, have been unfairly enriched at the expense of Vesta Strategies, and, by virtue of its 49% ownership interest Mutual Vision, LLC. As a result, Mutual Vision is entitled to a full and complete accounting at the expense of defendants hereto to

17

1  calculate, find, and recover these monies.

2          WHEREFORE, Mutual Vision prays for relief as follows:

3      (a)    Money damages in the amount to make Vesta Strategies whole;

4      (b)    A full and complete accounting at the expense of Terzakis, Ye, Single Site

5              Solutions, B&B Sparco and others who have been unfairly enriched;

6      (c)    Reasonable attorney's fees and costs; and

7      (d)    Any further relief as this Court deems appropriate.

9  Date: January 7, 2008                      RANDICK O'DEA & TOOLIATOS, LLP

11                                              By: _____
12                                                      Kevin R. Martin