DAVID L. OLSON, ESQ. (Bar No. 49107)
dlo@hjmmlaw.com
LAW OFFICES OF DAVID L. OLSON
180 Grand Avenue, Suite 700
Oakland, California 94612
Telephone:    (510) 835-0500
Fax:            (510) 835-2833

Attorney for Defendant Carol-Ann Tognazzini

ORIGINAL
FILED

08 MAR -4  PM 2: 13

RICHARD W. WIEKING
CLERK
U.S. DIST CT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

VESTA STRATEGIES, LLC,

Plaintiff,

v.

ROBERT E. ESTUPINIAN, GINNEY
ESTUPINIAN, MUTUAL VISION, LLC,
MILLENNIUM REALTY GROUP,
VESTA REVERSE 100, LLC, VESTA
CAPITAL ADVISORS, LLC, CAROL-
ANN TOGNAZZINI, EDMUNDO
ESTUPINIAN, and HAYDEE
ESTUPINIAN;

Defendants.

Case No. C 07-06216 JW RS

ANSWER OF DEFENDANT CAROL-ANN
TOGNAZZINI TO SECOND AMENDED
COMPLAINT

Defendant Carol-Ann Tognazzini, ("answering Defendant") answers the Second Amended Complaint ("Complaint") as follows:

1.    Answering Paragraph 1, this answering Defendant admits that Robert Estupinian was the CEO of Vesta Strategies. This answering Defendant lacks sufficient information and belief to admit or deny the other allegations of Paragraph 1, and therefore, denies each and every other allegation in

1 said paragraph.

2 2. In answering paragraphs 2 and 3, this answering Defendant lacks sufficient information and
3 belief to admit or deny said allegations and therefore denies each and every allegation in said
4 paragraphs..

5 3. This answering Defendant, based on information and belief, admits the allegations of
6 paragraphs 7, 8, 9, 10 ( except she denies that Ginny Estupinian only performed little work for Vesta
7 Strategies) 11 and 15 (except she denies that Edmundo and Haydee Estupinian wrongfully received
8 and accepted money misappropriated from Vesta Strategies).

9 4. Answering paragraphs 12, and 13, this answering Defendant does not have sufficient
10 information and belief to admit or deny the allegations of said paragraphs and therefore denies each
11 and every allegation in said paragraphs.

12 5. Answering paragraph 14, this answering Defendant admits that she is a personal friend of
13 Ginny Estupinian, resides in Rio Linda, California and was hired by Vesta Strategies LLC in
14 December 2006, by it's then CEO Robert Estupinian. Save and accept as herein admitted, this
15 answering Defendant denies all the remaining allegations of said paragraph.

16 6. Answering paragraphs 16, 17 and 18, other than admitting that Robert Estupinian was CEO of
17 Vesta Strategies and it was a qualified intermediary for Section 1031 exchanges, this answering
18 Defendant does not have sufficient information and belief to admit or deny said allegations and
19 therefore denies each and every remaining allegation in said paragraphs.

20 7. Answering paragraphs 19 through 29 this answering Defendant does not have sufficient
21 information and belief to admit or deny said allegations and therefore denies each and every
22 allegation in said paragraphs.

23 8. Answering paragraphs 30 through 34, other than admitting that Robert Estupinian attended
24 Walden University, this answering Defendant does not have sufficient information and belief to
25 admit or deny said allegations and therefore denies each and every other allegation in said
26 paragraphs.

27 9. Answering paragraphs 35 through 41, other than admitting that Robert Estupinian hired this
28 answering Defendant in December 2006 for an annual salary of $ 36,400.00, Defendant denies each
and every other allegation contained therein.

1   10.   Answering paragraphs 42 through 47, other than admitting that Vesta Strategies is a company

2   that acts as qualified intermediary  for Section 1031 real estate exchanges this answering Defendant

3   does not have sufficient information and belief to admit or deny said allegations and therefore

4   denies each and every other allegation in said paragraphs.

5   11.   Answering paragraphs 48 through 56, this answering Defendant does not have sufficient

6   information and belief to admit or deny said allegations and therefore denies each and every

7   allegation in said paragraphs.

8   12.   Answering paragraphs 57 through 61, this answering Defendant does not have sufficient

9   information and belief to admit or deny said allegations and therefore denies each and every

10   allegation in said paragraphs.

11   13.   Answering paragraphs 62 through 67, this answering Defendant does not have sufficient

12   information and belief to admit or deny said allegations and therefore denies each and every

13   allegation in said paragraphs.

14   14.   Answering paragraphs 68 through 74, this answering Defendant does not have sufficient

15   information and belief to admit or deny said allegations and therefore denies each and every

16   allegation in said paragraphs.

17   15.   Answering paragraphs 75 through 78, this answering Defendant does not have sufficient

18   information and belief to admit or deny said allegations and therefore denies each and every

19   allegation in said paragraphs.

20   16.   Answering paragraph 79, this answering Defendant incorporates herein by reference her

21   answers to paragraphs 1 through 78 above, as if set forth in full herein.

22   17.   Answering paragraphs 81 through 85 and 87, this answering Defendant does not have

23   sufficient information and belief to admit or deny said allegations and therefore, denies each and

24   every allegation contained therein.

25   18.   Answering paragraph 86, this answering Defendant denies each and every allegation contained

26   therein.

27        WHEREFORE, this answering Defendant respectfully requests that this Court enter judgment

28   as hereinafter set forth;

1    19.   Answering paragraph 88, this answering Defendant incorporates herein by reference her

2    answers to paragraphs 1 through 87, as if set forth in full herein.

3    20.   Answering paragraphs 89 through 92, this answering Defendant denies each and every

4    allegation contained therein.

5    WHEREFORE, this answering Defendant respectfully requests that this Court enter judgment

6    as hereinafter set forth;

7    21.   Answering paragraph 93, this answering Defendant incorporates herein by reference her

8    answers to paragraphs 1 through 92, as if set forth in full herein.

9

10   22.   Answering paragraphs 94 through 98, this answering Defendant denies each and every

11   allegation contained therein.

12   WHEREFORE, this answering Defendant respectfully requests that this Court enter judgment

13   as hereinafter set forth.

14   23.      Answering paragraph 99, this answering Defendant incorporates herein by reference her

15   answers to paragraphs 1 through 98 above, as if set forth herein.

16   24.      Answering paragraphs 100 through 108, this answering Defendant does not have sufficient

17   information and belief to admit or deny said allegations and therefore, denies each and every

18   allegation contained therein.

19   WHEREFORE, this answering Defendant respectfully requests that this Court enter

20   judgment as hereinafter set forth.

21   25.      Answering paragraph 109, this answering Defendant incorporates herein by reference her

22   answers to paragraphs 1 through 108 above as if set forth herein.

23   26.      Answering paragraphs 110 through 117, this answering Defendant does not have sufficient

24   information or belief to admit or deny said allegations and therefore, denies each and every

25   allegation contained therein.

26   WHEREFORE, this answering Defendant respectfully requests that this Court enter

27   judgment as hereinafter set forth.

28   27.      Answering paragraph 118, this answering Defendant incorporates herein by reference her

1  answers to paragraphs 1 through 117 above, as if set forth herein.

2  28.    Answering paragraphs 119 through 122, this answering Defendant does not have sufficient

3  information or belief to admit or deny said allegations and therefore, denies each and every

4  allegation contained therein.

5  WHEREFORE, this answering Defendant respectfully requests that this Court enter

6  judgment as hereinafter set forth.

7  29.    Answering Paragraph 123, this answering Defendant incorporates herein by reference her

8  answers to paragraphs 1 through 122 above, as if set forth herein.

9  30.    Answering paragraphs 124 through 128, this answering Defendant denies each and every

10  allegation contained therein.

11  WHEREFORE, this answering Defendant respectfully requests that this Court enter

12  judgment as hereinafter set forth.

13  31.    Answering paragraph 129, this answering Defendant incorporates herein by reference her

14  answers to paragraphs 1 through 128 above, as if set forth herein.

15  32.    Answering paragraphs 130 through 132, this answering Defendant denies each and every

16  allegation contained therein.

17  WHEREFORE, this answering Defendant respectfully requests that this Court enter judgment

18  as hereinafter set forth.

19  33.    Answering paragraph 133, this answering Defendant incorporates herein by reference her

20  answers to paragraphs 1 through 132 above, as if set forth herein.

21  34.    Answering paragraphs 134 and 135, this answering Defendant denies each and every

22  allegation contained therein.

23  WHEREFORE, this answering Defendant respectfully requests that this Court enter

24  judgment as hereinafter set forth.

25  35.    Answering paragraph 136, this answering Defendant incorporates herein by reference her

26  answers to paragraphs 1 through 135 above, as if set forth herein.

27  36.    Answering paragraph 137, this answering Defendant denies each and every allegation

28  contained therein.

1

AFFIRMATIVE DEFENSES

2

FIRST AFFIRMATIVE DEFENSE

3

(Failure to State a Claim)

4

1.   The Second Amended Complaint ("Complaint") and each count within said Complaint fails

5

to state a cause of action against this answering Defendant.

6

SECOND AFFIRMATIVE DEFENSE

7

(No RICO Violation)

8

9

2.   Plaintiff's Complaint fails to state a violation of RICO (18 U.S.C. §1962 (c)) because no

10

enterprise existed as is required by said statute.

11

THIRD AFFIRMATIVE DEFENSE

12

(No RICO Violation)

13

3.   Plaintiff's Complaint fails to state a violation of RICO (18 U.S.C. § 1962 (c)) because this

14

answering defendant committed no predicate acts as is required by said statute.

15

FOURTH AFFIRMATIVE DEFENSE

16

(No RICO Violation)

17

4.   Plaintiff's Complaint fails to state a violation of RICO (18 U.S.C. § 1962 (c)) because no

18

pattern of racketeering activity exists as is required by the statute.

19

FIFTH AFFIRMATIVE DEFENSE

20

(Unclean Hands)

21

22

5.   Plaintiff, through John Terzakis its majority member and manager acted with unclean hands

23

and inequitable conduct for the reasons explained in the Counter-Claim filed herewith.

24

SIXTH AFFIRMATIVE DEFENSE

25

(Waiver)

26

6.   This answering Defendant is informed and therefore alleges that Plaintiff, by reason of the

27

knowledge, statements and conduct of its agents and employees, has waived any rights which it may

have for any acts of this answering Defendant.

28

### SEVENTH AFFIRMATIVE DEFENSE

(Estoppel)

7.   This answering Defendant is informed and therefore alleges that Plaintiff, by reason of the knowledge, statements and conduct of it, it's agents and employees is estopped to complain of any act or omission of the part of this answering Defendant.

### EIGHT AFFIRMATIVE DEFENSE

(Lack of Particularity in Complaint)

8.   This answering Defendant is informed and therefore alleges that Plaintiff does not describe the claims made against this answering Defendant with sufficient particularity to enable Defendant to determine each and every defense she may have against her. This answering Defendant therefore, reserves the right to assert all defenses including affirmative defenses, which may be discovered or become relevant to Plaintiff's claims once the precise nature of those claims is ascertained.

### NINTH AFFIRMATIVE DEFENSE

(Consent)

9.   This answering Defendant is informed and therefore alleges that by reason of the knowledge, statements and conduct of Plaintiff and its agents and employees, Plaintiff has heretofore consented to all of the acts or omissions alleged on the part of this and other answering Defendants.

### TENTH AFFIRMATIVE DEFENSE

(Contributory Conduct)

10. This answering Defendant is informed and therefore alleges that Plaintiff is at least in part liable through its own conduct for causing or exacerbating some or all of the harm and damages of which it complains. Accordingly, any recovery against this answering Defendant, or any of them, should be barred or reduced proportionately by such contributory negligence or fault.

### ELEVENTH AFFIRMATIVE DEFENSE

(Other Affirmative Defenses)

11. This answering Defendant is informed and therefore alleges that it is entitled to any and all affirmative defenses raised by any party against Plaintiff and by reference said affirmative defenses that have been, or may in the future be raised by pleadings filed herein, are by reference incorporated as if set forth in full herein.

### TWELFTH AFFIRMATIVE DEFENSE

#### (Additional Discovery)

12. This answering Defendant may rely upon any and all further defenses which may be available or which later appear after further factual development in this action and hereby specifically reserves her right to amend this Answer, as a right or with leave of Court, for the purpose of asserting any such additional defenses.

WHEREFORE, this answering Defendant prays for judgment as follows:

1.  That the relief sought in the Complaint against this answering Defendant be denied;

2.  That Plaintiff take nothing from these answering Defendants by reason of the Complaint;

3.  That the Complaint be dismissed in it's entirety with prejudice;

4.  That this answering Defendant be awarded her attorneys' fees and costs incurred in defending this action;

5.  That this answering Defendant be granted her costs of suit; and

6.  For such other and further relief as the Court may deem just and proper.

LAW OFFICES OF DAVID L. OLSON

Dated: March 4, 2008        By

David L. Olson, Esq.

Attorney for Defendant Carol-Ann Tognazzini



1  DAVID L. OLSON, ESQ. (Bar No. 49107)
   dlo@hjmmlaw.com
2  LAW OFFICES OF DAVID L. OLSON
   180 Grand Avenue, Suite 700
3  Oakland, California 94612
   Telephone:    (510) 835-0500
4  Fax:          (510) 835-2833
   Attorney for Defendant Carol-Ann Tognazzini
5

6

7                  UNITED STATES DISTRICT COURT

8              NORTHERN DISTRICT OF CALIFORNIA

9                      SAN JOSE DIVISION

10

11  VESTA STRATEGIES, LLC,                 Case No. C07-06216 JW RS

12              Plaintiff,

13  VS.

14                                         COUNTER-CLAIM AGAINST VESTA
15  ROBERT E. ESTUPINIAN, GINNEY           STRATEGIES, LLC AND THIRD PARTY
    ESTUPINIAN, MUTUAL VISION, LLC,        CLAIM AGAINST JOHN TERZAKIS
16  MILLENNIUM REALTY GROUP,
    VESTA REVERSE 100, LLC, VESTA
17  CAPITAL ADVISORS, LLC, CAROL-          DEMAND FOR JURY
    ANN TOGNAZZINI, EDMUNDO
18  ESTUPINIAN, AND HAYDEE
    ESTUPINIAN;
19
20              Defendants.

21

22  CAROL-ANN TOGNAZZINI,

23              Counter-Claimant

24  VS.

25  VESTA STRATEGIES, LLC,

26              Counter Defendant,

27

28

─────────────────────────────────────────────
                COUNTER-CLAIM AND THIRD PARTY COMPLAINT
                                -1-

1  CAROL-ANN TOGNAZZINI,

2                    Third Party Plaintiff

3  VS.

4  JOHN TERZAKIS,

5                    Third Party Defendant,

6

7         Counter Claimant and Third Party Plaintiff Carol Ann Tognazzini ("Tognazzini") alleges the

8  following:

9

10                          NATURE OF ACTION

11        1.      This action arises out of a business dispute between John Terzakis ("Terzakis") and

12  Robert Estupinian ("Estupinian"), to which Tognazzini is an innocent bye stander amid allegations

13  of mismanagement of, embezzlement from their joint business operation Vesta Strategies, LLC

14  ("Vesta Strategies") and bank fraud and RICO violations.

15

16        2.      Vesta Strategies is a qualified intermediary for Section 1031 tax-deferred real estate

17  exchanges and has at any one time control of millions of dollars in client deposits.

18

19        3.      In December 2006, Tognazzini , a long time friend of Estupinian's wife and a

20  resident of and home owner in Rio Linda, California a suburb of Sacramento, California, was

21  approached by Estupinian, then CEO of Vesta Strategies, and asked to consider joining Vesta

22  Strategies in it's efforts to expand it's real estate exchange business in the Sacramento area.

23

24        4.      Tognazzini is a 2001 graduate of California Polytechnic State University, San Luis

25  Obispo with a Bachelor of Science Degree in Agricultural Business with a concentration in

26  management with completed courses in Accounting, Credit and Finance, Business Law, Economic

27  Analysis, Records and Management.

28

          5.      In 2002, Tognazzini had been admitted as a member of the National Notary

---
COUNTER CLAIM AND THIRD PARTY COMPLAINT

Association ("NNA") and in 2005 was qualified by it as a Certified Loan Signing Agent. From April 2002 she and her husband Ryon, a 2000 graduate of California Polytechnic State University, with dual Bachelor of Science Degrees in Microbiology and Biochemistry and an employee of Genetech Corporation, purchased and operated a franchise of PostNet in North Highland, California (a suburb of Sacramento) at the time the fastest growing, largest privately-held company in both the postal/business services and copy/print shop industries.

6.    Tognazzini was co-owner, manager, Notary, bookkeeper, sales associate and marketing strategist for the franchise. From 2003 through 2005, she also served as Treasurer of PNSAC Co-Op, an organization made up of PostNet franchisees in Northern California that pooled a designated amount of their gross sales for the purpose of advertising. Her responsibilities included the collection of all funds, monthly reports to the franchisees and disbursement of funds. This also entailed monthly meetings of the franchisees where discussions and decisions on what advertising would be purchased with the collected funds.

7.    In early 2005, Tognazzini and her husband, still an employee of Genetech Corporation, were approached by a third party interested in purchasing their PostNet franchise. After considerable thought, they decided to sell the franchise, which closed in March 2005. While spending time at home with their two children, ages 5 and 1, Tognazzini continued to offer her Notary services throughout the Sacramento area under the dba Traveling Mobile and the national notary organization 24/7 Notary.

8.    In addition to her notary services, Tognazzini also offered her services as a public accountant by providing bookkeeping services to small businesses and businessmen. This included organizations such as Coverall Protective Covers from October 2005 to the present.

9.    This constant exposure to the Sacramento business community, particularly the real estate and title companies, resulted in Estupinian approaching her in December 2006 about going to

1   work with Vesta Strategies, on at least a part time basis, but for an indefinite duration.

2

3       10.     After considering the offer and with her knowledge of Estupinian's background as

4   CEO of the company and the assurances that she would: i.) get the support of Vesta Strategies' other

5   owners, officers, employees and consultants, ii.) would be part time and only required to work 20-30

6   hours a week, iii.) would be paid $ 1,540.00 on a bi monthly basis, iv.) would be entitled to 10 days

7   paid vacation per year and v.) would only be discharged for good cause proven and in accordance

8   with company policy, she accepted the offer. Furthermore, in reliance thereon, Tognazzini, with the

9   exception of Coverall Protective Covers, did not seek any new part time employment opportunities

10  as a public accountant until September 2007.

11

12      11.     Thereafter, despite the fall out from a declining real estate market throughout 2007,

13  Tognazzini worked closely with other Vesta Strategies employees and consultants in trying to

14  expand it's business presence in the Sacramento area. She interacted regularly with CEO Estupinian,

15  his secretary Chanel and consultants, such as Brad Hensley, on company business and efforts to

16  familiarize the real estate and title companies in Sacramento with Vesta Strategies and it's 1031

17  exchange business.

18

19      She was instructed to work from home and out of the company branch-office located at 2377

20  Gold Meadow Way, Suite 100 Gold River, CA 95670. Vesta Strategies listed her personal cell

21  phone number as a contact number for the Gold Rush branch-office on it's Web-site.

22

23      12.     In February/March 2007 she attended a four day Vesta Strategies company

24  conference/seminar at the Fairmont Hotel in San Jose, California to meet with other Vesta Strategies

25  employees from around the country and attend seminars arranged by the company to educate it's

26  employees on activities and the business workings of the company.

27

28      13.     Tognazzini performed all appropriate terms and conditions of her employment

COUNTER CLAIM AND THIRD PARTY COMPLAINT

agreement on her part to be performed. She was, and is consistently ready, willing and able, on her part, to continue in such services on behalf of the company.

14.    On or about December _6_, 2007, she was advised that there would be a companywide conference call to discuss company activities and affairs. As requested, she logged on to the conference call and was advised, along with other participants, that the CEO Estupinian and his wife Ginny were no longer employees or officers of the company. No explanation was offered for their termination, but employees were told there would be not additional terminations.

15.    On December _11_, 2007, Tognazzini received a Federal Express package from the attorney for Vesta Strategies and Terzakis that contained a letter advising her that her employment was terminated effective immediately, that she could no longer perform any services on behalf of Vesta Strategies. On December 17, 2007 she received another Fed Ex package which contained a copy of the lawsuit in this action, containing the false and groundless allegations directed at her. This was the first knowledge of any dissatisfaction with her services and was without good cause and she believes contrary to the terms of her employment agreement and company policy.

PARTIES

16.    Counter-Claimant and Third-Party Plaintiff Tognazzini is an individual and former employee of Plaintiff and Counter Defendant Vesta Strategies.

17.    Counter-Defendant Vesta Strategies is a California limited liability company. It's main offices are located at 150 Almaden Boulevard, Suite 135 San Jose, California.

18.    Third-Party Plaintiff is informed and alleges that Third Party Defendant John Terzakis is a 51% owner/manager of Vesta Strategies.

## JURISDICTION AND VENUE

19.    This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and Federal Rules of Civil Procedure 13(a), 13(b), 14 and 23.1. The Court has supplemental jurisdiction over this matter pursuant to 28 U.S.C. § 1367 in that said counterclaims are transactionally related to the main claims and therefore are permissive under the joinder provisions of Federal Rule of Civil Procedure 13(h).

20.    Venue is proper pursuant to 28 U.S.C. § 1391(a) in that a substantial portion of the events giving rise to this action occurred in San Jose, Santa Clara County, California.

## JURY DEMAND

21.    Tognazzini demands a trial by jury.

### FIRST CLAIM FOR RELIEF-BREACH OF CONTRACT

#### Against Vesta Strategies and John Terzakis

22.    Tognazzini re-alleges and incorporates herein by reference her allegations contain in paragraphs 1 through 21, above, as though set forth in full herein.

23.    As alleged above, Vesta Strategies and Terzakis working in concert breached Tognazzini's employment contract by wrongfully terminating her employment and willfully failing to pay her final two weeks wages, accumulated vacation pay and other benefits in violation of California Labor Code § 201 (a). California Labor Code § 203 provides that in the event of a willful failure to pay final wages and benefits within 72 hours of ceasing employment, the employee is entitled to penàlties equal to a maximum of 30 days wages.

24.    By virtue of Defendant's action, Tognazzini is entitled to her final two weeks wages of $ 1,520.00, 10 days of accumulated vacation pay at a daily rate of $ 152.00 and 30 days penalty

1    wages at the rate of $ 152.00 for a total claim of $ 7,600.00 pursuant to the California Labor Code.

2    25.    Tognazzini is furthermore entitled to interest there on at the legal rate and the

3    recovery of her attorneys fees and costs incurred in bringing this action.

4

5    WHEREFORE, Tognazzini prays for relief as hereinafter alleged:

6    SECOND CLAIM FOR RELIEF-WRONGFUL TERMINATION

7    Against Vesta Strategies and John Terzakis

8    26.    Tognazzini realleges and incorporates herein by reference her allegations contained

9    in paragraphs 1 through 25 above, as if set forth in full herein.

10    27.    Unless otherwise alleged in this Counter Claim and Third Party Claim, Defendants

11    were the agents and employees of their co-defendants and in doing the things alleged herein, were

12    acting within the course and scope of said agency and employment.

13    28.    As a further, direct and proximate result of Counter and Third Party Defendants

14    unlawful conduct, Tognazzini has suffered extreme and severe anguish, humiliation, emotional

15    distress, tension, anxiety and depression, the extent of which is not fully known at this time, and the

16    amount of damages caused by said defendants' conduct is not yet known and will be proven at time

17    of trial. Tognazzini is entitled to punitive damages in an as yet undetermined amount, but not less

18

19    than $1, 000,000.00.

20    Wherefore, Tognazzini prays for relief as hereinafter alleged.

21

22    THIRD CLAIM FOR RELIEF- BREACH OF

23    COVENANT OF GOOD FAITH AND FAIR DEALING

24

25    Against Vesta Strategies and John Terzakis

26    29.    Tognazzini re-alleges and incorporates herein by reference her allegations contained

27    in paragraphs 1 through 28 above, as though set forth in full herein.

28    30.    As a result of the employment relationship which existed as herein alleged, the

COUNTER CLAIM AND THIRD PARTY COMPLAINT

7

expressed and implied promises made in connection with that relationship, and the acts, conduct, and communications resulting in these implied promises, Counter and Third Party Defendants promised to act in good faith towards and deal fairly with Tognazzini. This requires, among other things, that: a.) each party in the relationship must act with good faith toward the other concerning all matters related to the employment; b.) each party in the relationship must act with fairness toward the other concerning all matters related to the employment; c.) neither party would take any action to unfairly prevent the other from obtaining the benefits of the employment relationship; d.) Vesta Strategies would similarly treat employees who are similarly situated; e.) Vesta Strategies would comply with its own representations, rules, policies and procedures in dealing with Tognazzini; f.) Vesta Strategies would not terminate Tognazzini without a fair and honest cause, regulated by good faith on Vesta Strategies' part; g.) Vesta Strategies would not terminate Tognazzini in an unfair manner; and h.) Vesta Strategies would give Tognazzini's interests as much consideration as it gave its own interest.

31.    Vesta Strategies termination of Tognazzini was wrongful, in bad faith and unfair, and therefore a violation of it's legal duties and the covenant of good faith and fair dealing.

32.    Vesta Strategies breach of the covenant of good faith and fair dealing was a substantial factor in causing damage and injury to Tognazzini. As a direct and proximate result of Vesta Strategies unlawful conduct alleged herein, Tognazzini has lost substantial employment benefits with Vesta Strategies, including loss of reputation, lost wages and other employee fringe benefits, the precise amount of which will be proven at trial.

33.    As a further direct and proximate result of Vesta Strategies wrongful conduct, Tognazzini has suffered extreme anguish, humiliation and emotional distress, the extent of which is not fully know at this time, but the amount of said damages will be proven at trial. Tognazzini is entitled to punitive damages in an as yet undetermined amount, but not less than $ 1,000,000.00

Wherefore, Tognazzini prays judgment against as herein after set forth.

COUNTER CLAIM AND THIRD PARTY COMPLAINT

# FOURTH CLAIM FOR RELIEF-LIBEL AND SLANDER

## Against Vesta Strategies and John Terzakis

34.    Tognazzini re-alleges and incorporates herein by reference her allegations contained in paragraphs 1 through 33 above, as if set forth in full herein.

35.    Tognazzini, at all relevant times herein, has been engaged in the lawful business and occupation of public accounting, business ownership and teaching and  has resided in the Sacramento area for over seven years and at all time has enjoyed a good reputation both generally and in her occupations.

36.    On or about December 3, 2007 and continuing forward, Counter and Third Party Defendants, and their agents,  published copies of the complaint in this matter, which alleges untruths and defamatory statements directed at Tognazzini, claiming that she has been engaged in among other things, bank fraud and violation of the RICO statutes. In further efforts to malign and slander Tognazzini, said Defendant's proceeded to pass the complaint from the instant matter among employees of Vesta Strategies and published it's untruths in  letters written on their behalf to the Department of Labor Standards, State of California.

37.    This complaint and letters are untrue and contain false statements. They clearly expose Tognazzini to hatred, contempt, ridicule, and obloquy because they impugn the integrity of Tognazzini.

38.    This complaint and letters have been seen and read by past and present employees at Vesta Strategies, the Department of Labor Standards, State of California and potentially other business associates of Tognazzini.

39.    As a proximate result of the above-described publication, Tognazzini has suffered loss of reputation, shame, mortification and hurt feelings all to her general damage.

40.    The above-described publications were published by Terzakis and Vesta Strategies, and their agents and employees with malice, oppression, and fraudulent malice in that they knew the

DAVID L. OLSON, ESQ. (Bar No. 49107)
dlo@hjmmlaw.com
LAW OFFICES OF DAVID L. OLSON
180 Grand Avenue, Suite 700
Oakland, California 94612
Telephone:   (510) 835-0500
Fax:              (510) 835-2833

Attorney for Defendant Carol-Ann Tognazzini

ORIGINAL
FILED

08 MAR -4  PH 2: 13

RICHARD W. WIEKING
CLERK
U.S. DIST RCT COURT
NO. DIST. OF CAL.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| VESTA STRATEGIES, LLC,<br><br>                    Plaintiff,<br><br>        v.<br><br>ROBERT E. ESTUPINIAN, GINNEY ESTUPINIAN, MUTUAL VISION, LLC, MILLENNIUM REALTY GROUP, VESTA REVERSE 100, LLC, VESTA CAPITAL ADVISORS, LLC, CAROL-ANN TOGNAZZINI, EDMUNDO ESTUPINIAN, and HAYDEE ESTUPINIAN;<br><br>                    Defendants. | Case No. C 07-06216 JW RS<br><br><br>ANSWER OF DEFENDANT CAROL-ANN TOGNAZZINI TO SECOND AMENDED COMPLAINT |

Defendant Carol-Ann Tognazzini, ("answering Defendant") answers the Second Amended Complaint ("Complaint") as follows:

1.    Answering Paragraph 1, this answering Defendant admits that Robert Estupinian was the CEO of Vesta Strategies. This answering Defendant lacks sufficient information and belief to admit or deny the other allegations of Paragraph 1, and therefore, denies each and every other allegation in

said paragraph.

2.    In answering paragraphs 2 and 3, this answering Defendant lacks sufficient information and belief to admit or deny said allegations and therefore denies each and every allegation in said paragraphs..

3.    This answering Defendant, based on information and belief, admits the allegations of paragraphs 7, 8, 9, 10 ( except she denies that Ginny Estupinian only performed little work for Vesta Strategies) 11 and 15 (except she denies that Edmundo and Haydee Estupinian wrongfully received and accepted money misappropriated from Vesta Strategies).

4.    Answering paragraphs 12, and 13, this answering Defendant does not have sufficient information and belief to admit or deny the allegations of said paragraphs and therefore denies each and every allegation in said paragraphs.

5.    Answering paragraph 14, this answering Defendant admits that she is a personal friend of Ginny Estupinian, resides in Rio Linda, California and was hired by Vesta Strategies LLC in December 2006, by it's then CEO Robert Estupinian. Save and accept as herein admitted, this answering Defendant denies all the remaining allegations of said paragraph.

6.    Answering paragraphs 16, 17 and 18, other than admitting that Robert Estupinian was CEO of Vesta Strategies and it was a qualified intermediary for Section 1031 exchanges, this answering Defendant does not have sufficient information and belief to admit or deny said allegations and therefore denies each and every remaining allegation in said paragraphs.

7.    Answering paragraphs 19 through 29 this answering Defendant does not have sufficient information and belief to admit or deny said allegations and therefore denies each and every allegation in said paragraphs.

8.    Answering paragraphs 30 through 34, other than admitting that Robert Estupinian attended Walden University, this answering Defendant does not have sufficient information and belief to admit or deny said allegations and therefore denies each and every other allegation in said paragraphs.

9.    Answering paragraphs 35 through 41, other than admitting that Robert Estupinian hired this answering Defendant in December 2006 for an annual salary of $ 36,400.00, Defendant denies each and every other allegation contained therein.

1    10.  Answering paragraphs 42 through 47, other than admitting that Vesta Strategies is a company

2    that acts as qualified intermediary for Section 1031 real estate exchanges this answering Defendant

3    does not have sufficient information and belief to admit or deny said allegations and therefore

4    denies each and every other allegation in said paragraphs.

5    11. Answering paragraphs 48 through 56, this answering Defendant does not have sufficient

6    information and belief to admit or deny said allegations and therefore denies each and every

7    allegation in said paragraphs.

8    12.  Answering paragraphs 57 through 61, this answering Defendant does not have sufficient

9    information and belief to admit or deny said allegations and therefore denies each and every

10   allegation in said paragraphs.

11   13.  Answering paragraphs 62 through 67, this answering Defendant does not have sufficient

12   information and belief to admit or deny said allegations and therefore denies each and every

13   allegation in said paragraphs.

14   14.  Answering paragraphs 68 through 74, this answering Defendant does not have sufficient

15   information and belief to admit or deny said allegations and therefore denies each and every

16   allegation in said paragraphs.

17   15.  Answering paragraphs 75 through 78, this answering Defendant does not have sufficient

18   information and belief to admit or deny said allegations and therefore denies each and every

19   allegation in said paragraphs.

20   16.  Answering paragraph 79, this answering Defendant incorporates herein by reference her

21   answers to paragraphs 1 through 78 above, as if set forth in full herein.

22   17.  Answering paragraphs 81 through 85 and 87, this answering Defendant does not have

23   sufficient information and belief to admit or deny said allegations and therefore, denies each and

24   every allegation contained therein.

25   18.  Answering paragraph 86, this answering Defendant denies each and every allegation contained

26   therein.

27       WHEREFORE, this answering Defendant respectfully requests that this Court enter judgment

28   as hereinafter set forth;

19.  Answering paragraph 88, this answering Defendant incorporates herein by reference her answers to paragraphs 1 through 87, as if set forth in full herein.

20.  Answering paragraphs 89 through 92, this answering Defendant denies each and every allegation contained therein.

WHEREFORE, this answering Defendant respectfully requests that this Court enter judgment as hereinafter set forth;

21.  Answering paragraph 93, this answering Defendant incorporates herein by reference her answers to paragraphs 1 through 92, as if set forth in full herein.

22.  Answering paragraphs 94 through 98, this answering Defendant denies each and every allegation contained therein.

WHEREFORE, this answering Defendant respectfully requests that this Court enter judgment as hereinafter set forth.

23.     Answering paragraph 99, this answering Defendant incorporates herein by reference her answers to paragraphs 1 through 98 above, as if set forth herein.

24.     Answering paragraphs 100 through 108, this answering Defendant does not have sufficient information and belief to admit or deny said allegations and therefore, denies each and every allegation contained therein.

WHEREFORE, this answering Defendant respectfully requests that this Court enter judgment as hereinafter set forth.

25.     Answering paragraph 109, this answering Defendant incorporates herein by reference her answers to paragraphs 1 through 108 above as if set forth herein.

26.     Answering paragraphs 110 through 117, this answering Defendant does not have sufficient information or belief to admit or deny said allegations and therefore, denies each and every allegation contained therein.

WHEREFORE, this answering Defendant respectfully requests that this Court enter judgment as hereinafter set forth.

27.     Answering paragraph 118, this answering Defendant incorporates herein by reference her

1  answers to paragraphs 1 through 117 above, as if set forth herein.

2  28.    Answering paragraphs 119 through 122, this answering Defendant does not have sufficient

3  information or belief to admit or deny said allegations and therefore, denies each and every

4  allegation contained therein.

5  WHEREFORE, this answering Defendant respectfully requests that this Court enter

6  judgment as hereinafter set forth.

7  29.    Answering Paragraph 123, this answering Defendant incorporates herein by reference her

8  answers to paragraphs 1 through 122 above, as if set forth herein.

9  30.    Answering paragraphs 124 through 128, this answering Defendant denies each and every

10  allegation contained therein.

11  WHEREFORE, this answering Defendant respectfully requests that this Court enter

12  judgment as hereinafter set forth.

13  31.    Answering paragraph 129, this answering Defendant incorporates herein by reference her

14  answers to paragraphs 1 through 128 above, as if set forth herein.

15  32.    Answering paragraphs 130 through 132, this answering Defendant denies each and every

16  allegation contained therein.

17  WHEREFORE, this answering Defendant respectfully requests that this Court enter judgment

18  as hereinafter set forth.

19  33.    Answering paragraph 133, this answering Defendant incorporates herein by reference her

20  answers to paragraphs 1 through 132 above, as if set forth herein.

21  34.    Answering paragraphs 134 and 135, this answering Defendant denies each and every

22  allegation contained therein.

23  WHEREFORE, this answering Defendant respectfully requests that this Court enter

24  judgment as hereinafter set forth.

25  35.    Answering paragraph 136, this answering Defendant incorporates herein by reference her

26  answers to paragraphs 1 through 135 above, as if set forth herein.

27  36.    Answering paragraph 137, this answering Defendant denies each and every allegation

28  contained therein.

AFFIRMATIVE DEFENSES

FIRST AFFIRMATIVE DEFENSE

(Failure to State a Claim)

1.  The Second Amended Complaint ("Complaint") and each count within said Complaint fails to state a cause of action against this answering Defendant.

SECOND AFFIRMATIVE DEFENSE

(No RICO Violation)

2.  Plaintiff's Complaint fails to state a violation of RICO (18 U.S.C. §1962 (c)) because no enterprise existed as is required by said statute.

THIRD AFFIRMATIVE DEFENSE

(No RICO Violation)

3.  Plaintiff's Complaint fails to state a violation of RICO (18 U.S.C. § 1962 (c)) because this answering defendant committed no predicate acts as is required by said statute.

FOURTH AFFIRMATIVE DEFENSE

(No RICO Violation)

4.  Plaintiff's Complaint fails to state a violation of RICO (18 U.S.C. § 1962 (c)) because no pattern of racketeering activity exists as is required by the statute.

FIFTH AFFIRMATIVE DEFENSE

(Unclean Hands)

5.  Plaintiff, through John Terzakis its majority member and manager acted with unclean hands and inequitable conduct for the reasons explained in the Counter-Claim filed herewith.

SIXTH AFFIRMATIVE DEFENSE

(Waiver)

6.  This answering Defendant is informed and therefore alleges that Plaintiff, by reason of the knowledge, statements and conduct of its agents and employees, has waived any rights which it may have for any acts of this answering Defendant.

SEVENTH AFFIRMATIVE DEFENSE

(Estoppel)

7.   This answering Defendant is informed and therefore alleges that Plaintiff, by reason of the knowledge, statements and conduct of it, it's agents and employees is estopped to complain of any act or omission of the part of this answering Defendant.

EIGHT AFFIRMATIVE DEFENSE

(Lack of Particularity in Complaint)

8.   This answering Defendant is informed and therefore alleges that Plaintiff does not describe the claims made against this answering Defendant with sufficient particularity to enable Defendant to determine each and every defense she may have against her. This answering Defendant therefore, reserves the right to assert all defenses including affirmative defenses, which may be discovered or become relevant to Plaintiff's claims once the precise nature of those claims is ascertained.

NINTH AFFIRMATIVE DEFENSE

(Consent)

9.   This answering Defendant is informed and therefore alleges that by reason of the knowledge, statements and conduct of Plaintiff and its agents and employees, Plaintiff has heretofore consented to all of the acts or omissions alleged on the part of this and other answering Defendants.

TENTH AFFIRMATIVE DEFENSE

(Contributory Conduct)

10. This answering Defendant is informed and therefore alleges that Plaintiff is at least in part liable through its own conduct for causing or exacerbating some or all of the harm and damages of which it complains. Accordingly, any recovery against this answering Defendant, or any of them, should be barred or reduced proportionately by such contributory negligence or fault.

ELEVENTH AFFIRMATIVE DEFENSE

(Other Affirmative Defenses)

11. This answering Defendant is informed and therefore alleges that it is entitled to any and all affirmative defenses raised by any party against Plaintiff and by reference said affirmative defenses that have been, or may in the future be raised by pleadings filed herein, are by reference incorporated as if set forth in full herein.

1

2

### TWELFTH AFFIRMATIVE DEFENSE

(Additional Discovery)

3

4

12. This answering Defendant may rely upon any and all further defenses which may be available or which later appear after further factual development in this action and hereby specifically reserves her right to amend this Answer, as a right or with leave of Court, for the purpose of asserting any such additional defenses.

5

6

7

WHEREFORE, this answering Defendant prays for judgment as follows:

8

1. That the relief sought in the Complaint against this answering Defendant be denied;

9

10

2. That Plaintiff take nothing from these answering Defendants by reason of the Complaint;

11

3. That the Complaint be dismissed in it's entirety with prejudice;

12

13

4. That this answering Defendant be awarded her attorneys' fees and costs incurred in defending this action;

14

15

5. That this answering Defendant be granted her costs of suit; and

16

6. For such other and further relief as the Court may deem just and proper.

17

LAW OFFICES OF DAVID L. OLSON

18

Dated: March 4, 2008        By

19

David L. Olson, Esq.

20

Attorney for Defendant Carol-Ann Tognazzini

21

22

23

24

25

26

27

28

1   DAVID L. OLSON, ESQ. (Bar No. 49107)
    dlo@hjmmlaw.com
2   LAW OFFICES OF DAVID L. OLSON
    180 Grand Avenue, Suite 700
3   Oakland, California 94612
    Telephone:    (510) 835-0500
4   Fax:          (510) 835-2833
    Attorney for Defendant Carol-Ann Tognazzini
5

6

7                    UNITED STATES DISTRICT COURT

8                  NORTHERN DISTRICT OF CALIFORNIA

9                          SAN JOSE DIVISION

10

11  VESTA STRATEGIES, LLC,                    Case No. C07-06216 JW RS

12              Plaintiff,

13  VS.

14                                            COUNTER-CLAIM AGAINST VESTA
    ROBERT E. ESTUPINIAN, GINNEY              STRATEGIES, LLC AND THIRD PARTY
15  ESTUPINIAN, MUTUAL VISION, LLC,           CLAIM AGAINST JOHN TERZAKIS
    MILLENNIUM REALTY GROUP,
16  VESTA REVERSE 100, LLC, VESTA
    CAPITAL ADVISORS, LLC, CAROL-
17  ANN TOGNAZZINI, EDMUNDO                    DEMAND FOR JURY
    ESTUPINIAN, AND HAYDEE
18  ESTUPINIAN;

19
                Defendants.
20

21

22  CAROL-ANN TOGNAZZINI,

23              Counter-Claimant

24  VS.

25  VESTA STRATEGIES, LLC,

26              Counter Defendant,

27

28
    ─────────────────────────────────────
            COUNTER-CLAIM AND THIRD PARTY COMPLAINT
                          -1-

1  CAROL-ANN TOGNAZZINI,

2                    Third Party Plaintiff

3  VS.

4  JOHN TERZAKIS,

5                    Third Party Defendant,

6

7

8        Counter Claimant and Third Party Plaintiff Carol Ann Tognazzini ("Tognazzini") alleges the

9  following:

10                              NATURE OF ACTION

11       1.       This action arises out of a business dispute between John Terzakis ("Terzakis") and

12  Robert Estupinian ("Estupinian"), to which Tognazzini is an innocent bye stander amid allegations

13  of mismanagement of,  embezzlement from their joint business operation Vesta Strategies, LLC

14  ("Vesta Strategies") and bank fraud and RICO violations.

15

16       2.       Vesta Strategies is a qualified intermediary for Section 1031 tax-deferred real estate

17  exchanges and has at any one time control of millions of dollars in client deposits.

18

19       3.       In December 2006, Tognazzini , a long time friend of Estupinian's wife and a

20  resident of and home owner in Rio Linda, California a suburb of Sacramento, California, was

21  approached by Estupinian, then CEO of Vesta Strategies, and asked to consider joining Vesta

22  Strategies in it's efforts to expand it's real estate exchange business in the Sacramento area.

23

24       4.       Tognazzini is a 2001 graduate of California Polytechnic State University, San Luis

25  Obispo with a Bachelor of Science Degree in Agricultural Business with a concentration in

26  management with completed courses in Accounting, Credit and Finance, Business Law, Economic

27  Analysis, Records and Management.

28

         5.       In 2002, Tognazzini had been admitted as a member of the National Notary

Association ("NNA") and in 2005 was qualified by it as a Certified Loan Signing Agent. From April 2002 she and her husband Ryon, a 2000 graduate of California Polytechnic State University, with dual Bachelor of Science Degrees in Microbiology and Biochemistry and an employee of Genetech Corporation, purchased and operated a franchise of PostNet in North Highland, California (a suburb of Sacramento) at the time the fastest growing, largest privately-held company in both the postal/business services and copy/print shop industries.

6.    Tognazzini was co-owner, manager, Notary, bookkeeper, sales associate and marketing strategist for the franchise. From 2003 through 2005, she also served as Treasurer of PNSAC Co-Op, an organization made up of PostNet franchisees in Northern California that pooled a designated amount of their gross sales for the purpose of advertising. Her responsibilities included the collection of all funds, monthly reports to the franchisees and disbursement of funds. This also entailed monthly meetings of the franchisees where discussions and decisions on what advertising would be purchased with the collected funds.

7.    In early 2005, Tognazzini and her husband, still an employee of Genetech Corporation, were approached by a third party interested in purchasing their PostNet franchise. After considerable thought, they decided to sell the franchise, which closed in March 2005. While spending time at home with their two children, ages 5 and 1, Tognazzini continued to offer her Notary services throughout the Sacramento area under the dba Traveling Mobile and the national notary organization 24/7 Notary.

8.    In addition to her notary services, Tognazzini also offered her services as a public accountant by providing bookkeeping services to small businesses and businessmen. This included organizations such as Coverall Protective Covers from October 2005 to the present.

9.    This constant exposure to the Sacramento business community, particularly the real estate and title companies, resulted in Estupinian approaching her in December 2006 about going to

1    work with Vesta Strategies, on at least a part time basis, but for an indefinite duration.

2

3    10.    After considering the offer and with her knowledge of Estupinian's background as

4    CEO of the company and the assurances that she would: i.) get the support of Vesta Strategies' other

5    owners, officers, employees and consultants, ii.) would be part time and only required to work 20-30

6    hours a week, iii.) would be paid $ 1,540.00 on a bi monthly basis, iv.) would be entitled to 10 days

7    paid vacation per year and v.) would only be discharged for good cause proven and in accordance

8    with company policy, she accepted the offer. Furthermore, in reliance thereon, Tognazzini, with the

9    exception of Coverall Protective Covers, did not seek any new part time employment opportunities

10   as a public accountant until September 2007.

11

12   11.    Thereafter, despite the fall out from a declining real estate market throughout 2007,

13   Tognazzini worked closely with other Vesta Strategies employees and consultants in trying to

14   expand it's business presence in the Sacramento area. She interacted regularly with CEO Estupinian,

15   his secretary Chanel and consultants, such as Brad Hensley, on company business and efforts to

16   familiarize the real estate and title companies in Sacramento with Vesta Strategies and it's 1031

17   exchange business.

18

19   She was instructed to work from home and out of the company branch-office located at 2377

20   Gold Meadow Way, Suite 100 Gold River, CA 95670. Vesta Strategies listed her personal cell

21   phone number as a contact number for the Gold Rush branch-office on it's Web-site.

22

23   12.    In February/March 2007 she attended a four day Vesta Strategies company

24   conference/seminar at the Fairmont Hotel in San Jose, California to meet with other Vesta Strategies

25   employees from around the country and attend seminars arranged by the company to educate it's

26   employees on activities and the business workings of the company.

27

28   13.    Tognazzini performed all appropriate terms and conditions of her employment

COUNTER CLAIM AND THIRD PARTY COMPLAINT

1   agreement on her part to be performed. She was, and is consistently ready, willing and able, on her

2   part, to continue in such services on behalf of the company.

4       14.     On or about December __6__, 2007, she was advised that there would be a

5   companywide conference call to discuss company activities and affairs. As requested, she logged on

6   to the conference call and was advised, along with other participants, that the CEO Estupinian and

7   his wife Ginny were no longer employees or officers of the company. No explanation was offered

8   for their termination, but employees were told there would be not additional terminations.

10      15.     On December __11__, 2007, Tognazzini received a Federal Express package from the

11  attorney for Vesta Strategies and Terzakis that contained a letter advising her that her employment

12  was terminated effective immediately, that she could no longer perform any services on behalf of

13  Vesta Strategies. On December 17, 2007 she received another Fed Ex package which contained a

14  copy of the lawsuit in this action, containing the false and groundless allegations directed at her.

15  This was the first knowledge of any dissatisfaction with her services and was without good cause

16  and she believes contrary to the terms of her employment agreement and company policy.

18                                  PARTIES

19      16.     Counter-Claimant and Third-Party Plaintiff Tognazzini is an individual and former

20  employee of Plaintiff and Counter Defendant Vesta Strategies.

22      17.     Counter-Defendant Vesta Strategies is a California limited liability company. It's

23  main offices are located at 150 Almaden Boulevard, Suite 135 San Jose, California.

25      18.     Third-Party Plaintiff is informed and alleges that Third Party Defendant John

26  Terzakis is a 51% owner/manager of Vesta Strategies.

27

28

<u>JURISDICTION AND VENUE</u>

19.    This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and Federal Rules of Civil Procedure 13(a), 13(b), 14 and 23.1. The Court has supplemental jurisdiction over this matter pursuant to 28 U.S.C. § 1367 in that said counterclaims are transactionally related to the main claims and therefore are permissive under the joinder provisions of Federal Rule of Civil Procedure 13(h).

20.    Venue is proper pursuant to 28 U.S.C. § 1391(a) in that a substantial portion of the events giving rise to this action occurred in San Jose, Santa Clara County, California.

<u>JURY DEMAND</u>

21.    Tognazzini demands a trial by jury.

FIRST CLAIM FOR RELIEF-BREACH OF CONTRACT

Against Vesta Strategies and John Terzakis

22.    Tognazzini re-alleges and incorporates herein by reference her allegations contain in paragraphs 1 through 21, above, as though set forth in full herein.

23.    As alleged above, Vesta Strategies and Terzakis working in concert breached Tognazzini's employment contract by wrongfully terminating her employment and willfully failing to pay her final two weeks wages, accumulated vacation pay and other benefits in violation of California Labor Code § 201 (a). California Labor Code § 203 provides that in the event of a willful failure to pay final wages and benefits within 72 hours of ceasing employment, the employee is entitled to penalties equal to a maximum of 30 days wages.

24.    By virtue of Defendant's action, Tognazzini is entitled to her final two weeks wages of $ 1,520.00, 10 days of accumulated vacation pay at a daily rate of $ 152.00 and 30 days penalty

1    wages at the rate of $ 152.00 for a total claim of $ 7,600.00 pursuant to the California Labor Code.

2        25.    Tognazzini is furthermore entitled to interest there on at the legal rate and the

3    recovery of her attorneys fees and costs incurred in bringing this action.

4

5        WHEREFORE, Tognazzini prays for relief as hereinafter alleged:

6            SECOND CLAIM FOR RELIEF-WRONGFUL TERMINATION

7              Against Vesta Strategies and John Terzakis

8        26.    Tognazzini realleges and incorporates herein by reference her allegations contained

9    in paragraphs 1 through 25 above, as if set forth in full herein.

10        27.    Unless otherwise alleged in this Counter Claim and Third Party Claim, Defendants

11    were the agents and employees of their co-defendants and in doing the things alleged herein, were

12    acting within the course and scope of said agency and employment.

13        28.    As a further, direct and proximate result of Counter and Third Party Defendants

14    unlawful conduct, Tognazzini has suffered extreme and severe anguish, humiliation, emotional

15    distress, tension, anxiety and depression, the extent of which is not fully known at this time, and the

16    amount of damages caused by said defendants' conduct is not yet known and will be proven at time

17    of trial. Tognazzini is entitled to punitive damages in an as yet undetermined amount, but not less

18

19    than $1, 000,000.00.

20        Wherefore, Tognazzini prays for relief as hereinafter alleged.

21

22            THIRD CLAIM FOR RELIEF- BREACH OF

23          COVENANT OF GOOD FAITH AND FAIR DEALING

24

25            Against Vesta Strategies and John Terzakis

26        29.    Tognazzini re-alleges and incorporates herein by reference her allegations contained

27    in paragraphs 1 through 28 above, as though set forth in full herein.

28        30.    As a result of the employment relationship which existed as herein alleged, the

1    expressed and implied promises made in connection with that relationship, and the acts, conduct,

2    and communications resulting in these implied promises, Counter and Third Party Defendants

3    promised to act in good faith towards and deal fairly with Tognazzini. This requires, among other

4    things, that: a.) each party in the relationship must act with good faith toward the other concerning

5    all matters related to the employment; b.) each party in the relationship must act with fairness

6    toward the other concerning all matters related to the employment; c.) neither party would take any

7    action to unfairly prevent the other from obtaining the benefits of the employment relationship; d.)

8    Vesta Strategies would similarly treat employees who are similarly situated; e.) Vesta Strategies

9

10   would comply with its own representations, rules, policies and procedures in dealing with

11   Tognazzini; f.) Vesta Strategies would not terminate Tognazzini without a fair and honest cause,

12   regulated by good faith on Vesta Strategies' part; g.) Vesta Strategies would not terminate

13   Tognazzini in an unfair manner; and h.) Vesta Strategies would give Tognazzini's interests as much

14   consideration as it gave its own interest.

15        31.    Vesta Strategies termination of Tognazzini was wrongful, in bad faith and unfair, and

16   therefore a violation of it's legal duties and the covenant of good faith and fair dealing.

17

18        32.    Vesta Strategies breach of the covenant of good faith and fair dealing was a

19   substantial factor in causing damage and injury to Tognazzini. As a direct and proximate result of

20   Vesta Strategies unlawful conduct alleged herein, Tognazzini has lost substantial employment

21   benefits with Vesta Strategies, including loss of reputation, lost wages and other employee fringe

22   benefits, the precise amount of which will be proven at trial.

23        33.    As a further direct and proximate result of Vesta Strategies wrongful conduct,

24   Tognazzini has suffered extreme anguish, humiliation and emotional distress, the extent of which is

25   not fully know at this time, but the amount of said damages will be proven at trial. Tognazzini is

26   entitled to punitive damages in an as yet undetermined amount, but not less than $ 1,000,000.00

27

28        Wherefore, Tognazzini prays judgment against as herein after set forth.

COUNTER CLAIM AND THIRD PARTY COMPLAINT

# FOURTH CLAIM FOR RELIEF-LIBEL AND SLANDER

## Against Vesta Strategies and John Terzakis

34.     Tognazzini re-alleges and incorporates herein by reference her allegations contained in paragraphs 1 through 33 above, as if set forth in full herein.

35.     Tognazzini, at all relevant times herein, has been engaged in the lawful business and occupation of public accounting, business ownership and teaching and  has resided in the Sacramento area for over seven years and at all time has enjoyed a good reputation both generally and in her occupations.

36.     On or about December 3, 2007 and continuing forward, Counter and Third Party Defendants, and their agents,  published copies of the complaint in this matter, which alleges untruths and defamatory statements directed at Tognazzini, claiming that she has been engaged in among other things, bank fraud and violation of the RICO statutes. In further efforts to malign and slander Tognazzini, said Defendant's proceeded to pass the complaint from the instant matter among employees of Vesta Strategies and published it's untruths in  letters written on their behalf to the Department of Labor Standards, State of California.

37.     This complaint and letters are untrue and contain false statements. They clearly expose Tognazzini to hatred, contempt, ridicule, and obloquy because they impugn the integrity of Tognazzini.

38.     This complaint and letters have been seen and read by past and present employees at Vesta Strategies, the Department of Labor Standards, State of California and potentially other business associates of Tognazzini.

39.     As a proximate result of the above-described publication, Tognazzini has suffered loss of reputation, shame, mortification and hurt feelings all to her general damage.

40.     The above-described publications were published by Terzakis and Vesta Strategies, and their agents and employees with malice, oppression, and fraudulent malice in that they knew the

1   untruthfulness of the allegations and thus Tognazzini seeks an award of punitive damages in an

2   amount to be proven at trial, but in no event less than $ 1,000,000.00.

3                       FIFTH CLAIM FOR RELIEF- INTERFERENCE WITH

4                            EMPLOYMENT RELATIONSHIP

5                  AGAINST THIRD PARTY DEFENDANT JOHN TERZAKIS

6   41.     Tognazzini re-alleges and incorporates herein by reference her allegations contained

7   in paragraphs 1 through  40  above, as if set forth in full herein.

8   42.     Tognazzini is informed and believes that Third Party Defendant Terzakis knew of the

9   relationship between Tognzaaini and Estupinian and Vesta Strategies and without good cause,

10  intentionally sought to deprive Tognazzini from the benefits of her employment and opportunities

11  with Vesta Strategies by falsely and maliciously accusing Tognazzini of bank fraud and violation of

12  the RICO statutes.

13  43.     Third Party Defendant's interference with Tognazzini's employment relationship

14  and livelihood has resulted in damages to Tognazzini in the amount of not less than $ 7,600.00 and

15  such other damages as shall be proven at time of trial.

16  44.     Third Party Defendant Terzakis actions described above were without any

17  justification based upon a legitimate interest of Vesta Strategies and were performed maliciously

18  and with the sole purpose of retaliating against Tognazzini for her friendship with Estupinian and/or

19  to create a false basis for alleging bank fraud and/or RICO violations in the instant action.

20      Wherefore, Tognazzini respectfully prays for judgment against Counter and Third Party

21  Defendants as follows:

22      1.     Compensatory damages for wages and benefits lost by her in an amount to be proven

23  at trial, but not less than $ 7,600.00;

24      2.     Punitive damages in an amount to be proven at trial, but not less $ 1,000,000.00;

25      3.     For costs of suit, including reasonable attorneys fees as provided by law;

COUNTER CLAIM AND THIRD PARTY COMPLAINT
-10-

1    4.    For such other and further relief as the Court deems proper.

2                                   LAW OFFICES OF DAVID L. OLSON

3

4    Dated: March __4__, 2008        By_____

5                                        David L. Olson, Esq.

                                     Attorney for Defendant Carol-Ann Tognazzini
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PROOF OF SERVICE**

I, Erin M. Martin, declare:

I am a resident of the State of California and over the age of eighteen years, and not a party to the within action; my business address is 180 Grand Avenue, Suite 700, Oakland, California 94612. On March 4, 2008, I served the within documents:

**Answer of Defendant Carol-Ann Tognazzini to Second Amended Complaint; Counter-Claim Against VESTA STRATEGIES, LLC and Third Party Claim Against John Terzakis**

☐     by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

☒     by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Oakland, California addressed as set forth below.

Kevin Martin, Esq.
*Randick, O'dea & Tooliatos, LLP*
5000 Hopyard Road, Suite 400
Pleasanton, CA 94588

Daniel E. Alberti, Esq.
*McDermott Will & Emery LLP*
3150 Porter Drive
Palo Alto, CA 94304

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on March 4, 2008, at Oakland, California.

_____
Erin M. Martin