1  DANIEL E. ALBERTI (68620)
   dalberti@mwe.com
2  McDERMOTT WILL & EMERY LLP
   3150 Porter Drive
3  Palo Alto, CA  94304-1212
   Telephone:    650.813.5000
4  Facsimile:    650.813.5100

5  PAUL E. CHRONIS (*pro hac vice*)
   pchronis@mwe.com
6  ARON J. FRAKES (*pro hac vice*)
   ajfrakes@mwe.com
7  McDERMOTT WILL & EMERY LLP
   227 West Monroe Street
8  Chicago, Illinois  60606
   Telephone: 312.372.2000
9  Facsimile: 312.984.7700

10  Attorneys for Plaintiff and Counter Defendant
    VESTA STRATEGIES, LLC; Third Party
11  Defendant SINGLE SITE SOLUTIONS
    CORPORATION; Third Party Defendant
12  JOHN TERZAKIS; Third Party Defendant
    B&B SPARCO PROPERTIES, INC.

13
                    UNITED STATES DISTRICT COURT
14
                    NORTHERN DISTRICT OF CALIFORNIA
15
                         SAN JOSE DIVISION
16

17  VESTA STRATEGIES, LLC,                    CASE NO.  C 07-06216 JW RS

18          Plaintiff,                        **PLAINTIFF/COUNTER DEFENDANT
                                              VESTA STRATEGIES, LLC'S MOTION
19      v.                                    TO DISMISS; THIRD PARTY
                                              DEFENDANT JOHN TERZAKIS'
20  ROBERT E. ESTUPINIAN, GINNY               SPECIAL MOTION TO STRIKE
    ESTUPINIAN, MUTUAL VISION, LLC,           PURSUANT TO THE CALIFORNIA ANTI-
21  MILLENNIUM REALTY GROUP,                  SLAPP STATUTE AND FOR
    VESTA REVERSE 100, LLC, VESTA             ATTORNEYS' FEES AND COSTS;
22  CAPITAL ADVISORS, LLC, and                THIRD-PARTY DEFENDANTS JOHN
    CAROL-ANN TOGNAZZINI,                     TERZAKIS', SINGLE SITE SOLUTIONS
                                              CORPORATION'S, AND B&B SPARCO
23          Defendants.                       PROPERTIES, INC.'S MOTION TO
                                              DISMISS OR STRIKE; NOTICE OF
24  _____          MOTIONS; AND MEMORANDUM OF
                                              POINTS AND AUTHORITIES IN
25  MUTUAL VISION, LLC,                       SUPPORT OF MOTIONS**

26          Counter Claimant,

27      v.

28  VESTA STRATEGIES, LLC,

---

1

2    Counter Defendant.                    **Date:        May 5, 2008**
                                           **Time:        9:00 a.m.**
3    _____           **Department:  Room 8, 4th Floor, SJ**
                                           **Judge:       James Ware**
     MUTUAL VISION, LLC, ROBERT
4    ESTUPINIAN, GINNY ESTUPINIAN,

5            Third Party Claimants,

6        v.

7    JOHN TERZAKIS, SINGLE SITE
     SOLUTIONS CORPORATION, B&B
8    SPARCO PROPERTIES, INC., AND
     PETER YE,
9
             Third Party Defendants.
10

11                        <u>NOTICE OF MOTIONS</u>

12        PLEASE TAKE NOTICE THAT on May 5, 2008, at 9:00 a.m, in Courtroom 8 of this

13   Court, Plaintiff/Counter Defendant Vesta Strategies, LLC ("Vesta Strategies"), Third Party

14   Defendant John Terzakis ("Terzakis"), Third Party Defendant Single Site Solutions Corporation

15   ("Single Site Solutions"), and Third Party Defendant B&B Sparco Properties, Inc. ("B&B

16   Sparco" and, collectively with Terzakis and Single Site Solutions, the "Third Party Defendants")

17   will, and hereby do, move this Court for the relief described immediately below.

18                              <u>MOTIONS</u>

19        Vesta Strategies moves this Court, pursuant to Federal Rule of Civil Procedure 12(b)(6),

20   for an order dismissing Defendant/Counter Plaintiff/Third Party Claimant Mutual Vision, LLC's

21   ("Mutual Vision") counterclaim against Vesta Strategies with prejudice; Terzakis moves this

22   Court, pursuant to Federal Rules of Civil Procedure 12(b)(6) or 12(f), for an order dismissing or

23   striking Mutual Vision's, Third Party Claimant Robert Estupinian's, and Third Party Claimant

24   Ginny Estupinian's (collectively, the "Estupinians") claim for Libel and Slander against Terzakis

25   with prejudice and award Terzakis his attorneys' fees and costs pursuant to the California Anti-

26   SLAPP Statute, CAL. CIV. P. CODE § 425.16 *et seq.*; and the Third Party Defendants move this

27   Court, pursuant to Federal Rules of Civil Procedure 12(b)(6) or 12(h), for an order dismissing or

28   striking the Estupinians' claims against the Third Party Defendants.

1

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTIONS**

2

**TABLE OF CONTENTS**

3

**Page**

4

I.    INTRODUCTION ................................................................................. 1

5

II.   SUMMARY OF ARGUMENT ............................................................. 2

6

III.  LEGAL STANDARDS ......................................................................... 3

7

      A.    Rule 14 Motion to Strike Standards ........................................ 3

8

      B.    California Anti-SLAPP Motion to Strike Standards ............... 4

9

      C.    Rule 12(b)(6) Motion to Dismiss Standards ........................... 4

10

IV.   ARGUMENT.......................................................................................... 5

11

      A.    The Court Should Dismiss or Strike the Estupinians' Independent Claims
            Against the Third Party Defendants as They Are Procedurally Improper.............. 5

12

            1.    The Estupinians' Independent Claims Against Third Parties are
                  Improper Under Rule 13(h) Because None of the Independent
                  Claims is a Counterclaim ............................................... 5

13

14

            2.    The Estupinians' Independent Claims Against Third Parties are
                  Improper Under Rule 14(a)(1) Because They Do Not Allege
                  Derivative Liability ........................................................ 7

15

16

17

      B.    The Court Should Also Dismiss or Strike the Accounting Claim Against
            the Third Party Defendants on Procedural Grounds Because the
            Accounting Counterclaim Against Vesta Strategies Fails as a Matter of
            Law ............................................................................................. 8

18

19

20

      C.    The Court Should Dismiss or Strike the Estupinians' Libel and Slander
            Claim Against Terzakis and Award Terzakis His Attorneys' Fees and Costs
            Based on California's Anti-SLAPP Statute ............................ 9

21

22

            1.    A Prima Facie Case Is Established Because Terzakis' Actions Were
                  Taken to Further His Right of Free Speech or Petition in
                  Connection with a Public Issue................................. 10

23

24

            2.    The Estupinians Cannot Meet Their Burden To Show that They
                  Will Prevail On Their Libel Claim ........................... 11

25

26

      D.    The Court Should Dismiss All of the Estupinians' Claims Against Vesta
            Strategies and the Third Party Defendants For Failure to State a Claim.............. 12

27

28

1.  The Court Should Dismiss the Estupinians' Fraud Claim (Count III) Against Terzakis ...................................................................................... 13

2.  The Court Should Dismiss the Estupinians' Interference with Contract Claim (Count V) Against Terzakis .......................................... 14

3.  The Court Should Dismiss Robert and Ginny Estupinians' Breach of Fiduciary Duty Claim (Count II) Against Terzakis ............................. 15

4.  The Court Should Dismiss the Estupinians' Libel and Slander Claim (Count VI) Against Terzakis ........................................................ 16

5.  The Court Should Dismiss the Estupinians' Negligence Claim (Count VII) Against Single Site Solutions ............................................... 16

6.  The Court Should Dismiss the Estupinians' Unjust Enrichment Claim (Count VIII) Against the Third Party Defendants ......................... 19

7.  The Court Should Dismiss the Estupinians' Conversion Claim (Count I) and Constructive Trust Claim (Count IV) Against the Third Party Defendants ............................................................................ 19

8.  The Court Should Dismiss the Estupinians' Accounting Claim (Count IX) Against Vesta Strategies and the Third Party Defendants ..... 20

    a.  The Accounting Claim Against Vesta Strategies Fails ................. 20

    b.  The Accounting Claim Against the Third Party Defendants Fails ........................................................................................... 22

V.  CONCLUSION ........................................................................................ 22

1

## TABLE OF AUTHORITIES

2

**Page(s)**

3

**CASES**

4

*Adelman v. Associated Internat. Ins. Co.,*
    90 Cal. App. 4th 352 (Cal. Ct. App. 2001) ........................................................................17

5

*Amtower v. Photon Dynamics, Inc.,*
    158 Cal. App. 4th 1582 (Cal. Ct. App. 2008)...................................................................15

6

*Annette F. v. Sharon S.,*
    119 Cal. App. 4th 1146 (Cal. Ct. App. 2004)...................................................................10

7

*Applied Equip. Corp. v. Litton Saudi Arabia,*
    7 Cal. 4th 503 (Cal. 1994) ........................................................................................14, 15

8

*Architectural Coatings Assoc. Ltd. P'ship v. Applied Coatings Intern., Inc.,*
    103 F.R.D. 442 (E.D. Pa. 1984) .....................................................................................6

9

*Barron v. Reich,*
    13 F.3d 1370 (9th Cir. 1994) ..........................................................................................4

10

*Bily v. Arthur Young & Co.,*
    3 Cal. 4th 370 (Cal. 1992) ......................................................................................16, 17

11

*Briggs v. Eden Council for Hope & Opportunity,*
    19 Cal.4th 1106 (1999) ...................................................................................10 n. 2, 11

12

*Clegg v. Cult Awareness Network,*
    18 F.3d 752 (9th Cir. 1994) .............................................................................................4

13

*Dinosaur Dev., Inc. v. White,*
    216 Cal. App. 3d 1310 (Cal. Ct. App. 1989).................................................................19

14

*Faunce v. Bird,*
    52 Fed. Appx. 401 (9th Cir. 2002)...................................................................................6

15

*Fremont Indemnity Co. v. Fremont Gen. Corp.,*
    148 Cal. App. 4th 97 (Cal. Ct. App. 2007) ...............................................................20, 21

16

*Gen. American Life Ins. Co. v. Rana,*
    769 F. Supp. 1121 (N.D. Cal. 1991) .............................................................................5, 7

17

*Ingels v. Westwood One Broad. Servs., Inc.,*
    129 Cal. App. 4th 1050 (2005) ........................................................................................4

18

*Jacks v. JBJ Elec. Co.,* No. 042110PHXMHM,
    2006 U.S. Dist. LEXIS 83327 (D. Ariz. Nov. 13, 2006) ..................................................6

19

*Kelly v. Gen. Telephone Co.,*
    136 Cal. App. 3d 278 (Cal. Ct. App. 1982)...............................................................14, 15

20

*Mantic Ashanti's Cause v. Cumming Family Trust,* No. 06CV0105H(RBB),
    2007 U.S. Dist. LEXIS 38283 (S.D. Cal. May 15, 2007) ..............................................8, 9

21

*Melchior v. New Line Prod., Inc.,*
    106 Cal. App. 4th 779 (Cal. Ct. App. 2003)...................................................................19

22

*Moore v. Kayport Package Express,*
    885 F.2d 531 (9th Cir. 1989) ........................................................................................13

23

24

25

26

27

28

1

*Neubronner v. Milken*,
  6 F.3d 666 (9th Cir. 1993) .......................................................................... 13, 14

2

*PCO, Inc. v. Christensen, Miller, Fink, Jacobs, Glaser, Weil & Shapiro, LLP*,
  150 Cal. App. 4th 384 (Cal. Ct. App. 2007) ................................................ 19, 20

3

*Penguin Industries, Inc. v. Kuc*,
  1984 U.S. Dist. LEXIS 15419 (E.D. Pa. June 29, 1984) ...................................... 6

4

*Pollock v. Univ. of Southern Cal.*,
  112 Cal. App. 4th 1416 (Cal. Ct. App. 2003) ............................................... 11, 12

5

*Quelimane Co. v. Stewart Title Guar. Co.*,
  19 Cal. 4th 26 (Cal. 1998) ......................................................................... 14, 15

6

*Sanchez v. Lindsey Morden Claims Servs.*,
  72 Cal. App. 4th 249 (Cal. Ct. App. 1999) ....................................................... 18

7

8

*Semegen v. Weidner*,
  780 F.2d 727 (9th Cir. 1985) .......................................................................... 14

9

*Smith v. Allstate Ins. Co.*,
  160 F. Supp. 2d 1150 (S.D. Cal. 2001) .............................................................. 13

10

*Speer v. JBJ Elec. Co.*, No. 042110PHXMHM,
  2006 U.S. Dist. LEXIS 16350 (D. Ariz. Mar. 25 2006) .............................. 6, 8, 9

11

*Stewart v. American Int'l Oil & Gas Co.*,
  845 F.2d 196 (9th Cir. 1988) ............................................................................. 7

12

13

*Summit Media LLC v. City of Los Angeles*, No. CV072649RSWL (AJWx),
  2008 U.S. Dist. LEXIS 3834 (C.D. Cal. Jan. 2, 2008) ..................................... 4, 9

14

*Union Bank v. Superior Court*,
  31 Cal. App. 4th 573 (Cal. Ct. App. 1995) .................................................. 21, 22

15

*United States ex rel. Newsham v. Lockheed Missiles & Space Co.*,
  190 F.3d 963 (9th Cir. 1999) ............................................................................. 4

16

17

*United States v. One 1977 Mercedes Benz*,
  708 F.2d 444 (9th Cir. 1983) ............................................................................. 7

18

*United States v. Techno Fund, Inc.*,
  270 F. Supp. 83 (S.D. Ohio 1967) ..................................................................... 6

19

*Vess v. Ciba-Geigy Corp. USA*,
  317 F.3d 1097 (9th Cir. 2003) ................................................................. 13, 14 n.5

20

*Vincent Consol. Commodities, Inc. v. Am. Trading & Transfer, LLC*,
  No.07CV20W(LSP),
  2007 U.S. Dist. LEXIS 53680 (S.D. Cal. July 24, 2007) .................................... 19

21

22

*Walker v. USAA Cas. Ins. Co.*,
  474 F.Supp. 2d 1168 (E.D. Cal. 2003) .............................................................. 19

23

*Warfield v. Advnt Biotechnologies, LLC*, No. 060904PHXDGC,
  2006 U.S. Dist. LEXIS 82341 (D. Ariz. Nov. 9, 2006) ....................................... 6

24

*Yerkovich v. MCA Inc.*,
  11 F. Supp. 2d 1167 (N.D. Cal. 1997) ......................................................... 21, 22

25

26

27

28

1

**STATUTES**

2  28 U.S.C. §1332 ....................................................................................................6

3  CAL. CIV. CODE § 45.................................................................................... 9 n.1, 11

   CAL. CIV. CODE § 46............................................................................................ 9 n.1

4  CAL. CIV. CODE § 47.......................................................................................... 9, 11

5  CAL. CIV. CODE § 47(b) ............................................................................... 10, 12 n.4

6  CAL. CIV. CODE § 47(c) ........................................................................................ 12 n.4

   CAL. CIV. P. CODE § 425.16 ................................................................................. 1, 10

7  CAL. CIV. P. CODE § 425.16(b)...................................................................................4

8  CAL. CIV. P. CODE § 425.16(c)...................................................................................4

9  CAL. CIV. P. CODE § 425.16(e)(2) ...........................................................................10

   CAL. CORP. CODE § 17153 .......................................................................................16

10 CAL. CORP. CODE § 17501(a)............................................................................ 20 n.10

11 **RULES AND REGULATIONS**

12 Fed. R. Civ. P. 9(b) .................................................................................. 8, 13, 14

13 Fed. R. Civ. P. 12(b)(6)...............................................................1, 2, 4, 8, 16, 19

   Fed. R. Civ. P. 12(f) .........................................................................................2

14 Fed. R. Civ. P. 13(h) ............................................................................ 2, 3, 5, 6, 8, 9

15 Fed. R. Civ. P. 14(a) ............................................................................ 5, 7, 8, 9

16 Fed. R. Civ. P. 14(a)(1) ....................................................................... 2, 5, 7, 8, 9

17 Fed. R. Civ. P. 14(a)(4)......................................................................................2, 3

**OTHER AUTHORITIES**

18

19 6 CHARLES ALAN WRIGHT & ARTHUR R. MILLER,
       FEDERAL PRACTICE & PROCEDURE (3rd ed. 2005) ........................................3, 6

20 6 CHARLES ALAN WRIGHT & ARTHUR R. MILLER,
       FEDERAL PRACTICE & PROCEDURE (2d ed. 1971)...............................................7

21

22

23

24

25

26

27

28

## I.     **INTRODUCTION**

Vesta Strategies brought this action against, among other parties, the Estupinians, based on the Estupinians' multi-million dollar fraud against Vesta Strategies.  (*See generally* Doc. 12.) Mutual Vision responded by filing a single-count accounting counterclaim against Vesta Strategies, to which Mutual Vision purports to join numerous third parties including the Third Party Defendants.  (Doc. 23 at pp. 17-18.)  The accounting counterclaim is the only claim brought against Vesta Strategies (the plaintiff in this lawsuit).  (*See* Doc. 23.)

In a transparent attempt to sidestep this Court's jurisdictional requirements, the Estupinians also purported to bring eight other new and independent causes of action against some or all the Third Party Defendants, which the Estupinians styled as third party claims (the "Independent Claims").  (*See* Doc. 23 at pp. 10-18.)  However, those so-called "third party claims" are not really third party claims at all.  They are separate, direct, and independent claims. Indeed, the Estupinians have asserted so-called "third party claims" for:  (i) conversion, constructive trust, and unjust enrichment against all of the Third Party Defendants (Doc. 23 at pp. 10, 13-14, 17.); (ii) breach of fiduciary duty, fraud, interference with contract, and libel and slander against Terzakis (Doc. 23 at pp. 10-18.); and (iii) negligence against Single Site Solutions (Doc. 23 at pp. 16-17.)  The Estupinians also named another third party, Peter Ye ("Ye"), as a purported third party defendant to the Estupinians' claims for conversion, breach of fiduciary duty, constructive trust, libel and slander, unjust enrichment, and an accounting.  (Doc. 23 at pp. 10-18.)

Vesta Strategies and the Third Party Defendants have moved to dismiss all of those claims.  Specifically:

- Vesta Strategies has moved to dismiss Mutual Vision's accounting counterclaim (the only claim asserted against Vesta Strategies) pursuant to Federal Rule of Civil Procedure 12(b)(6), because it fails to state a claim upon which relief may be granted;

- Terzakis has moved to dismiss or strike the Estupinians' claim for libel and slander against Terzakis and to award Terzakis his attorneys' fees and costs pursuant to Cal. Civ. P. Code § 425.16 *et seq.* (the "California Anti-SLAPP Statute");

- The Third Party Defendants have moved to:

    (i)    strike or dismiss all of the Estupinians' so-called "third party claims" pursuant to Federal Rules of Civil Procedure 12(b)(6), or 12(f) and 14(a)(4), because the Estupinian's have improperly attempted to bring their claims against the Third Party Defendants in this lawsuit; and

    (ii)   dismiss all of the Estupinians' claims pursuant to Federal Rule of Civil Procedure 12(b)(6), because they fail to state any claim upon which relief may be granted.

## II.    SUMMARY OF ARGUMENT

Mutual Vision's counterclaim and the Estupinians' so-called "third party claims" must be dismissed and stricken for at least five separate and independent reasons.

*First*, the Estupinians' claims against the Third Party Defendants are nothing more than an attempt to make an entirely improper end-run around the Federal Rules of Civil Procedure (the "Rules"). The Estupinians have inappropriately named the Third Party Defendants – who were not parties to Vesta Strategies' complaint – as parties to eight new and independent causes of action. That violates the Rules. The Rules allow a defendant to bring third party claims in only two situations: (1) under Rule 13(h), which allows additional parties to be joined to a counterclaim; and (2) under rule 14(a)(1), which allows third party claims alleging secondary or derivative liability to the original plaintiff. The Estupinians' Independent Claims against the Third Party Defendants do not fall in either category. None of their Independent Claims against the Third Party Defendants are counterclaims or cross-claims against an existing party. Rule 13(h) therefore does not apply. Nor do the Estupinians' Independent Claims against the Third Party Defendants allege that the Third Party Defendants' alleged liability is secondary or derivative to the Estupinians' own liability to Vesta Strategies. Rule 14(a)(1) therefore does not apply. Accordingly, because neither of the two options available to a defendant under the Rules for adding third parties to a lawsuit applies, the Estupinians' Independent Claims must be dismissed out of hand.

*Second*, the Estupinians' accounting counterclaim against Vesta Strategies must be dismissed because the Estupinians do not (because they cannot) allege that Vesta Strategies engaged in any activity that justifies the need for an accounting. The Estupinians do not and

1    cannot allege that Vesta Strategies breached any fiduciary duties.  The Estupinians do not and

2    cannot allege that Vesta Strategies defrauded them.  Accordingly, because there is no allegation

3    of fraud or breach of fiduciary duty against Vesta Strategies (or any other allegation warranting

4    an accounting), the Estupinians' accounting claim fails as a matter of California law.

5            *Third*, because the Estupinians' accounting claim against Vesta Strategies fails, their

6    joinder of the Third Party Defendants as parties to that claim also necessarily fails.  A defendant

7    simply cannot join a third party to a counterclaim under Rule 13(h) – or any other Rule – when

8    the counterclaim against the existing plaintiff cannot be sustained.

9            *Fourth*, even if the Estupinians claims against the Third Party Defendants were

10   procedurally allowed (which they are not), the claims should nonetheless be dismissed for failure

11   to state a claim upon which relief may be granted.  For various reasons, fully explained below, the

12   Estupinians' claims fail as a matter of law even if the facts alleged are accepted as true.

13           *Fifth,* the Court should dismiss or strike the Estupinians' claim against Terzakis for libel

14   and slander and award Terzakis his attorneys' fees and costs pursuant to the California Anti-

15   SLAPP Statute because Terzakis' alleged actions were privileged and therefore not subject to an

16   action for libel and slander under California law.

## III.    LEGAL STANDARDS

### A.    Rule 14 Motion to Strike Standards

19           Rule 14 allows a defendant to implead third parties into a lawsuit under certain

20   circumstances.  Specifically, "impleader [under Rule 14] is available only against persons who

21   are or may be liable to defendant for part or all of plaintiff's claim; it cannot be used as a way of

22   combining all controversies having a common relationship in one action."  6 CHARLES ALAN

23   WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE & PROCEDURE § 1442 (3rd ed. 2005).

24   Federal Rule of Civil Procedure 14(a)(4) explicitly allows any party to move to strike a third

25   party claim.  FED. R. CIV. P. 14(a)(4).

### B.    California Anti-SLAPP Motion to Strike Standards

27           In federal court, "[w]here a plaintiff or cross-claimant files a complaint arising from

28   another party's assertion of their right to free speech, that complaint is subject to an anti-SLAPP

1   motion" under California law.  *Summit Media LLC v. City of Los Angeles*, No. CV072649RSWL

2   (AJWx), 2008 U.S. Dist. LEXIS 3834, at *21 (C.D. Cal. Jan. 2, 2008); *see also United States ex*

3   *rel. Newsham v. Lockheed Missiles & Space Co.*, 190 F.3d 963, 972 (9th Cir. 1999) (confirming

4   that a special motion to strike under CAL. CIV. P. CODE § 425.16(b) and fees and costs under CAL.

5   CIV. P. CODE § 425.16(c) are available in federal court).

6       In considering an Anti-SLAPP motion, the Court must engage in a two-step process.

7   First, the Court must determine whether the moving party has made a prima facie showing that

8   the claims "arise from acts of the [moving party] taken to further the [moving party's] right of

9   free speech or petition in connection with a public issue."  *Summit Media LLC*, 2008 U.S. Dist.

10  LEXIS 3834, at *24 (quoting *Ingels v. Westwood One Broad. Servs., Inc.*, 129 Cal. App. 4th

11  1050, 1061 (2005)).  "To make this determination, the court must consider the pleadings, and

12  supporting and opposing affidavits stating the facts on which the liability or defense is based."

13  *Id.* (quotation omitted).

14      Second, "[i]f the moving party makes the prima facie showing . . ., the burden shifts to the

15  plaintiff to demonstrate a probability that the opposing party will prevail on the claim."  *Id.*

16  (quotations omitted).  "To satisfy this burden, the plaintiff must show that the complaint is legally

17  sufficient and supported by a prima facie showing of facts to sustain a favorable judgment if the

18  evidence submitted by the plaintiff is credited."  *Id.*  (quotations omitted).  "The burden is much

19  like that used in determining a motion for nonsuit or directed verdict, which mandates that no

20  reasonable jury could find for the plaintiff."  *Id.*  (quotation omitted).  If the plaintiff fails to meet

21  its burden, the Anti-SLAPP motion must be granted.  *Id.*

22      **C.    Rule 12(b)(6) Motion to Dismiss Standards**

23      On a Rule 12(b)(6) motion to dismiss, the Court must take the alleged facts as true and

24  construe all inferences that can be drawn from the alleged facts in the claimant's favor.  *See*

25  *Barron v. Reich*, 13 F.3d 1370, 1374 (9th Cir. 1994).  However, the Court is not required to

26  accept "conclusory legal allegations cast in the form of factual allegations if those conclusions

27  cannot reasonably be drawn from the facts alleged."  *Clegg v. Cult Awareness Network*, 18 F.3d

28  752, 754 (9th Cir. 1994).

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## IV.    ARGUMENT

### A.    The Court Should Dismiss or Strike the Estupinians' Independent Claims Against the Third Party Defendants as They Are Procedurally Improper

The Federal Rules of Civil Procedure have only two mechanisms for a defendant to sue a third party defendant in an existing lawsuit: Rule 13(h) or Rule 14(a)(1). *See Gen. American Life Ins. Co. v. Rana*, 769 F. Supp. 1121, 1124 (N.D. Cal. 1991) (noting after discussing Rule 14(a) that "the only other possibility" that would allow a defendant's joinder of a third party defendant is Rule 13(h)). Here, the Estupinians purport to add the Third Party Defendants (and Ye) to this existing lawsuit only pursuant to Rule 13(h), alleging that "said counterclaims are transactionally related to the main claim and therefore are permissive under the joinder provisions of Federal Rule of Civil Procedure 13(h)." (Doc. 23 at ¶ 11.) The Estupinians do not provide any other authority to add the Third Party Defendants to this existing lawsuit.

The Estupinians are simply wrong on the law. The Independent Claims against the Third Party Defendants cannot be made in this lawsuit under Rule 13(h) or any other Rule (including the only other option, Rule 14(a)(1)).

### 1.    The Estupinians' Independent Claims Against Third Parties are Improper Under Rule 13(h) Because None of the Independent Claims is a Counterclaim

The Estupinians seek to add their claims against the Third Party Defendants to this existing lawsuit. The reason is evident: the federal courts would not have subject matter jurisdiction over the Estupinians' claims against the Third Party Defendants if the claims were not piggy-backed into this federal lawsuit.

Indeed, all of the Estupinians' claims are based on state law. Therefore, diversity of citizenship is the only possibility for federal subject matter jurisdiction over the Estupinians' lawsuit against the Third Party Defendants. But there is not complete diversity of citizenship between the parties. According to the Estupinians' complaint, Ye is a resident of California and Mutual Vision is a California limited liability company. (Doc 23 at ¶¶ 3, 9.) Further, the Estupinians have admitted in pleadings in this case that Robert and Ginny Estupinian are also California citizens. (*See* Doc. 12 at ¶¶ 9-10, Doc. 22 at ¶ 3.) Thus, the Estupinians could not

1    have brought their state law claims against Ye and the other Third Party Defendants as an

2    independent action in federal court.  *See* 28 U.S.C. §1332; *Faunce v. Bird*, 52 Fed. Appx. 401,

3    402 (9th Cir. 2002).

4        The Estupinians improperly attempt to sidestep that jurisdiction problem by calling their

5    claims against the Third Party Defendants "third party claims" and asserting them in this already-

6    pending federal lawsuit.  The Estupinians rely solely on Rule 13(h) as authority for that

7    procedural maneuver.  However, Rule 13(h) simply does not apply here.

8        Rule 13(h) states that "Rules 19 and 20 govern the addition of a person as a party **to a**

9    **counterclaim or crossclaim**."  FED. R. CIV. P. 13(h) (emphasis added).  Based on the plain

10    language of Rule 13(h), courts (including courts in the Ninth Circuit) have consistently only

11    allowed joinder of third parties under Rule 13(h) when the counterclaim or crossclaim **involves at**

12    **least one existing party**.  *Jacks v. JBJ Elec. Co.*, No. 042110PHXMHM, 2006 U.S. Dist. LEXIS

13    83327, at *3 (D. Ariz. Nov. 13, 2006) (citing *Architectural Coatings Assoc. Ltd. P'ship v. Applied*

14    *Coatings Intern., Inc.*, 103 F.R.D. 442, 446 (E.D. Pa. 1984)); *Warfield v. Advnt Biotechnologies,*

15    *LLC*, No. 060904PHXDGC, 2006 U.S. Dist. LEXIS 82341, at *14 (D. Ariz. Nov. 9, 2006); *Speer*

16    *v. JBJ Elec. Co.*, No. 042110PHXMHM 2006 U.S. Dist. LEXIS 16350, at *7-9 (D. Ariz. Mar. 25

17    2006); *Penguin Indus., Inc. v. Kuc*, No.824671, 1984 U.S. Dist. LEXIS 15419 at *5 (E.D. Pa.

18    June 29, 1984); *United States v. Techno Fund, Inc.*, 270 F. Supp. 83, 85 (S.D. Ohio 1967); *see*

19    *also* 6 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE & PROCEDURE § 1435

20    (3rd ed. 2005) (stating that "a counterclaim or cross-claim may not be directed solely against

21    persons who are not already parties to the original action, but must involve at least one existing

22    party").

23        Here, the Estupinians' Independent Claims have only been asserted against the Third

24    Party Defendants.  They do not name any existing parties.  All eight of the Estupinians'

25    Independent Claims are therefore improper under Rule 13(h) and must be stricken or dismissed.

26    *Jacks*, 2006 U.S. Dist. LEXIS 83327 at *3; *Warfield*, 2006 U.S. Dist. LEXIS 82341 at *14;

27    *Speer*, 2006 U.S. Dist. LEXIS 16350 at *7-9.

28

1

2

    **2.**    **The Estupinians' Independent Claims Against Third Parties are Improper Under Rule 14(a)(1) Because They Do Not Allege Derivative Liability**

3

4

5

    The Estupinians do not allege that the Third Party Defendants were joined pursuant to Rule 14(a)(1).  However, even if they had asserted Rule 14(a)(1), the Third Party Defendants cannot be made third parties to this lawsuit based on that rule.

6

7

8

9

10

11

12

13

14

15

16

    Rule 14(a)(1) allows a defending party to bring in a third party defendant "who is or may be liable to it for all or part of the claim against it."  FED. R. CIV. P. 14(a)(1).  The Ninth Circuit has found that this rule means that a third-party claim "may be asserted only when the third party's liability is in some way dependent on the outcome of the main claim and is secondary or derivative thereto."  *Stewart v. American Int'l Oil & Gas Co.*, 845 F.2d 196, 199 (9th Cir. 1988) (citing *United States v. One 1977 Mercedes Benz*, 708 F.2d 444, 452 (9th Cir. 1983)).  A valid claim under Rule 14(a) "cannot simply be an independent or related claim but must be based . . . on the defendant's attempt to transfer to the third-party defendant the liability asserted against him by the original plaintiff."  *Id.* (quoting 6 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE & PROCEDURE § 1446 (2d ed. 1971)).  "The mere fact that the alleged third-party claim arises form the same transaction or set of facts as the original is not enough."  *Id.*

17

18

19

20

21

22

23

24

    Here, none of the Estupinians' claims against the Third Party Defendants are claims that can be properly brought under Rule 14(a)(1).  *See Gen. American Life Ins. Co.*, 769 F. Supp. at 1124.  The Estupinians seek neither indemnification nor contribution from the Third Party Defendants for Vesta Strategies' claims against the Estupinians.  *See id.* (dismissing third party claims under Rule 14(a) where no claims for contribution or indemnification were pled).  Nor are the Estupinians' claims against the Third Party Defendants dependent upon the outcome of Vesta Strategies' main claims against the Estupinians.  *See id.* (denying joinder pursuant to Rule 14(a) in such a situation).

25

26

27

    Simply put, the Estupinians are not attempting to transfer any of their own liability to Vesta Strategies to the Third Party Defendants.  Rather, they are attempting to bring **independent** claims against the Third Party Defendants.  As such, all of the Estupinians' claims against the

28

1  Third Party Defendants are improper under Rule 14(a)(1).  *See Mantic Ashanti's Cause v.*

2  *Cumming Family Trust*, No. 06CV0105H(RBB), 2007 U.S. Dist. LEXIS 38283, at *7-8 (S.D.

3  Cal. May 15, 2007) (dismissing a "purported" cross-claim as improper under Rule 14(a) where it

4  did not attempt to transfer liability asserted by plaintiffs against defendant to third-party

5  defendants).

6  **B.      The Court Should Also Dismiss or Strike the Accounting Claim**
   **Against the Third Party Defendants on Procedural Grounds Because the**
7  **Accounting Counterclaim Against Vesta Strategies Fails as a Matter of Law**

8       The Estupinians' only counterclaim against an existing party to this lawsuit (Vesta

9  Strategies) is for an accounting.  As explained in Part IV.D.8 below, that accounting counterclaim

10 must be dismissed under Rule 12(b)(6) for failure to state a claim.

11       Because the Estupinians' accounting claim against Vesta Strategies must be dismissed, the

12 Estupinians' accounting "counterclaim" against the Third Party Defendants is also procedurally

13 improper under Rule 13(h) and Rule 14(a)(1).  Specifically, as with their Independent Claims, the

14 Estupinians' accounting claim against the Third Party Defendants must be dismissed or stricken

15 because (1) it is not part of a sustainable counterclaim under Rule 13(h), and (2) it is not a claim

16 to transfer liability to a third party under Rule 14(a)(1).

17       When a defendant asserts a counterclaim against the plaintiff and adds a third party as a

18 defendant to that counterclaim, and the counterclaim against the plaintiff is subsequently

19 dismissed, the defendant's claim against the third party defendant pursuant to that "counterclaim"

20 is improper under Rule 13(h).  *Speer*, 2006 U.S. Dist. LEXIS 16350 at *6-8.  In *Speer,* the

21 plaintiffs asserted a counterclaim for fraud and joined a third party to that counterclaim under

22 Rule 13(h).  *Id*. at *6-8.  The *Speer* court dismissed the counterclaim against the defendant for

23 failure to state a claim based on Federal Rule of Civil Procedure 9(b).  *Id.*  The court then ruled

24 that because the defendant's basis for the joinder of the claim against the third party defendant

25 was the counterclaim, that claim also had to be dismissed because an additional party may not be

26 brought in under Rule 13(h) where a counterclaim is directed solely against the new party and not

27 against an existing party.  *Id*. at *8.  Likewise, the Estupinians' accounting claim against the

28 Third Party Defendants must be dismissed because the dismissal of the counterclaim against

1  Vesta Strategies means that the Third Party Defendants are not proper parties to that claim under

2  Rule 13(h).

3          Further, the accounting claim against the Third Party Defendants would also be improper

4  under Rule 14(a)(1).  The Estupinians' accounting claim is not an attempt to transfer any of the

5  Estupinians own liability to Vesta Strategies from themselves to the Third Party Defendants.  *See*

6  *Mantic Ashanti's Cause*, 2007 U.S. Dist. LEXIS 38283 at \*7-8.  Because there is no basis under

7  Federal Rule 13(h) or 14(a)(1) to allow the Estupinians to join the Third Party Defendants, the

8  Court should dismiss or strike the Estupinians' accounting claim against the Third Party

9  Defendants.

10  **C.    The Court Should Dismiss or Strike the Estupinians' Libel
        and Slander Claim Against Terzakis and Award Terzakis His**

11  **Attorneys' Fees and Costs Based on California's Anti-SLAPP Statute**

12          In Count VI, the Estupinians claim that Terzakis committed libel against the Estupinians

13  by "proceeding to pass the [original complaint in this action] among employees at Vesta

14  Strategies," "which alleges untruths and defamatory statements" against Robert and Ginny

15  Estupinian.[1]  (Doc. 23 at ¶ 54.)  The Estupinians' libel claim must be dismissed or stricken

16  pursuant to the California Anti-SLAPP Statute because their claim arises from Terzakis' right of

17  petition or free speech in connection with a public issue under the United States and California

18  Constitutions and because Terzakis' actions are privileged under CAL. CIV. CODE § 47.

19          To satisfy his initial burden on his Anti-SLAPP motion, Terzakis can easily make "an

20  initial prima facie showing that [the Estupinians' claim for libel arises] from acts of [Terzakis]

21  taken to further [Terzakis'] right of free speech or petition in connection with a public issue."

22  *Summit Media LLC*, 2008 U.S. Dist. LEXIS 3834, at \*24.  The burden then shifts to the

23  Estupinians, who will not be able to "demonstrate a probability that they will prevail" on their

24  libel claim, because Terzakis' alleged communication of the complaint to Vesta Strategies

25  employees is absolutely privileged under California law.  *See id.*  Because the Estupinians cannot

---

26  [1]  Libel is a written defamatory statement while slander is an oral defamatory statement.
    *Compare* CAL. CIV. CODE § 45, *with* CAL. CIV. CODE § 46.  The Estupinians only claim that

27  Terzakis committed defamation against Robert and Ginny Estupinian in writing, not orally.  (*See*
    Doc. 23 at ¶ 54.)

28

1   meet their burden of proving a non-privileged defamatory statement, Terzakis' Anti-SLAPP

2   motion must be granted.

3           **1.    A Prima Facie Case Is Established Because Terzakis' Actions Were
                 Taken to Further His Right of Free Speech or Petition in Connection**
4                **with a Public Issue**

5           A defendant to a libel claim may meet his "burden of establishing that the complaint

6   'arises from' protected activity by demonstrating that the act underlying the plaintiff's cause fits

7   one of the categories spelled out in section 425.16, subdivision (e)." *Annette F. v. Sharon S.*, 119

8   Cal. App. 4th 1146, 1160 (Cal. Ct. App. 2004). "In determining whether a cause of action falls

9   within the scope of subdivision (e), courts must broadly construe the anti-SLAPP statute." *Id.*

10  Terzakis' alleged activity arises from protected activity and falls squarely within subdivision (e)

11  because it was: (1) a written oral statement or writing **made in connection with** an issue under

12  consideration or review by a judicial body; and (2) made in connection with a public issue.[2]

13          First, Terzakis' alleged action of passing the complaint in this action among employees of

14  Vesta Strategies is protected from prosecution for libel because it is a "written or oral statement

15  or writing **made in connection with** an issue under consideration or review by a . . . judicial

16  body, or any other official proceeding authorized by law." Cal. Code Civ. Proc. § 425.16(e)(2)

17  (emphasis added). This "in connection with" language is construed broadly. *Annette F.*, 119 Cal.

18  App. 4th at 1160. For example, in *Annette F.*, the plaintiff brought an action against the

19  defendant for libel based on the defendant's out-of-court comments that the plaintiff had

20  domestically abused her. *Id.* The court held that the libel action was "based on allegations made

21  by [the defendant] in connection with an issue under consideration by a judicial body," because

22  the allegations of physical abuse "were directly at issue in [] underlying adoption proceedings."

23  *Id.* Similarly, the Estupinians' libel action is entirely based on the alleged statements contained in

24  the complaint in this lawsuit, which by definition is directly "under consideration or review by" a

25  judicial body in this case.

---

26  [2] Terzakis' alleged activities were also privileged under Cal. Civ. Code § 47, subdivision b,
    including without limitation because they were internal communications made between members
27  of a party regarding potential or actual litigation. *See infra*, Part IV.C.2. Therefore, they "are
    equally entitled to the benefits of section 425.16." *Briggs v. Eden Council for Hope &*
28  *Opportunity*, 19 Cal.4th 1106, 1115 (1999).

1    Second, statements made in a complaint in a lawsuit are also unquestionably "connected

2    with a public issue." Indeed, under California law, "a defendant moving to strike a cause of

3    action arising from a statement made before, or in connection with an issue under consideration

4    by, a legally authorized official proceeding need **not** separately demonstrate that the statement

5    concerned an issue of public significance." *Briggs v. Eden Council for Hope & Opportunity*, 19

6    Cal. 4th 1106, 1123 (Cal. 1999) (emphasis in original).

7    Accordingly, Terzakis has easily made an initial prima facie showing under the California

8    Anti-SLAPP Statute that the Estupinians' claim for libel arises from Terzakis' acts taken to

9    further Terzakis' right of free speech or petition in connection with a public issue. As a result, the

10   burden shifts to the Estupinians to demonstrate "a probability that they will prevail" on their libel

11   claim. As explained in the next section, they will not.

12          **2.    The Estupinians Cannot Meet Their Burden To Show that They Will
                    Prevail On Their Libel Claim**

13

14   The Estupinians cannot meet their burden to show that they will prevail on their libel

15   claim because Terzakis' actions were absolutely privileged under California law. California

16   defines libel as "a false and **unprivileged** publication by writing . . . which exposes any person to

17   hatred, contempt, ridicule, or obloquy, or which causes him to be shunned or avoided, or which

18   has a tendency to injure him in his occupation." CAL. CIV. CODE § 45 (emphasis added).

19   California expressly defines by statute which publications are privileged and are therefore not

20   libelous. *See* CAL. CIV. CODE § 47.

21          Under that statute, publications are absolutely privileged if they are "made in any judicial

22   proceeding." *See Pollock v. Univ. of Southern Cal.*, 112 Cal. App. 4th at 1430. "The privilege is

23   broadly applied to protect most publications within lawsuits provided there is some connection

24   between the lawsuit and the publication." *Id*. Doubts about the privilege's applicability are

25   resolved in favor of its use. *Id*.

26          Thus, the litigation privilege is construed broadly to apply to private **communications**

27   between members of a party that relate to potential or actual litigation. *Pollock,* 112 Cal. App. At

28   1430. For example, in *Pollock*, the plaintiff alleged that the president of the University of

1   Southern California Academic Senate made false statements in a declaration and e-mail

2   communications that related to potential and actual litigation that were transmitted between the

3   president and the Academic Senate. *Id.* The Court found that, whether or not "the declaration

4   was perjurious, it is a privileged publication because it was a private communication . . . between

5   members of a party that related not only to potential but to actual litigation." *Id.* "The e-mail

6   was generated in response to the litigation and the declaration and attached exhibits were

7   communications relating to a judicial proceeding." *Id.*

8          The same is true in this case. Here, like in *Pollock*, the litigation privilege extends to

9   Terzakis' alleged publication of the complaint in this action to Vesta Strategies' own employees.

10  The alleged publication of the complaint was a communication allegedly made between members

11  of the same party (*i.e.*, Vesta Strategies' employees and Terzakis, who is Vesta Strategies' 51%

12  owner, member, and manager) related to potential or actual litigation.[3] (Doc. 23 at ¶ 4.)

13  Terzakis' alleged publication of the complaint to employees of Vesta Strategies is therefore

14  absolutely privileged under California law,[4] and the Estupinians cannot meet their burden of

15  establishing that they will prevail on their libel claim.

16          **D.    The Court Should Dismiss All of the Estupinians' Claims Against Vesta
               Strategies and the Third Party Defendants For Failure to State a Claim**

17          The above flaws with the Estupinians' complaint completely dispose of the Estupinians'

18  claims against the Third Party Defendants. And, as will be shown below, the counterclaim

19  against Vesta Strategies also must be dismissed for failure to state a claim upon which relief may

20  be granted. The Court therefore needs to go no further to dismiss all of the Estupinians claims

21  against the Third Party Defendants and Vesta Strategies. However, should the Court go further,

22  nearly every one of the Estupinians' "third party claims" against the Third Party Defendants must

23  also be dismissed for failure to state a claim upon which relief may be granted.

24

25  _____

26  [3]  The Estupinians' complaint itself alleges that Terzakis is the 51% owner/member and manager
     of Vesta Strategies. (Doc. 23 at ¶ 7.)

27  [4]  Even if the alleged publication at issue was not absolutely privileged under California law
     under the litigation privilege, it would still be privileged as a publication made "without malice,
28  to a person interested therein, … by one who is also interested." Cal Civ Code § 47(b), (c).

1

2

### 1. The Court Should Dismiss the Estupinians' Fraud Claim (Count III) Against Terzakis

In Count III, the Estupinians allege that Terzakis committed fraud. That claim must be dismissed because it wholly fails to plead Terzakis' alleged fraud with **any** particularity – let alone the particularity required by Federal Rule of Civil Procedure 9(b).

Under Rule 9(b), "averments of fraud must be accompanied by "the who, what, when, where, and how" of the misconduct charged. *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003); *see also Neubronner v. Milken*, 6 F.3d 666, 672 (9th Cir. 1993) (the complaint must contain allegations such "as the times, dates, places, benefits received, and other details of the alleged fraudulent activity"). Conclusory allegations are insufficient. *Moore v. Kayport Package Express*, 885 F.2d 531, 540 (9th Cir. 1989).

Here, the Estupinians allege a grand total of **one** (and only one) allegedly fraudulent statement by Terzakis: "Terzakis promised Vesta Strategies' CEO Robert Estupinian that the funds would be paid back into Vesta Strategies but they never were and remain owing." (Doc. 23 at ¶ 22.) This single allegation does not plead fraud with the requisite particularity to state a valid fraud claim for at least two reasons.

First, under Rule 9(b), a "plaintiff must plead facts explaining why the statement was false when made." *Smith v. Allstate Ins. Co.*, 160 F. Supp. 2d 1150, 1153 (S.D. Cal. 2001). Rule 9(b) precludes a plaintiff from "simply pointing to a defendant's statement, noting that the content of the statement conflicts with the current state of affairs, and then concluding that the statement in question was false when made." *Id.* Yet, that is precisely what the Estupinians do here. They point to a statement (a promise to repay in the future) and then suggest that the statement conflicts with the current state of affairs (the money was never repaid and remains owing). That is insufficient as a matter of law, because it does not plead specific facts explaining why the statement was false **at the time it was made**.

Second, the Estupinians do not allege any of the required particulars about this alleged statement. They do not allege when it was made. They do not allege where it was made. They do not allege any other details about the alleged fraudulent activity. Without these and other

1    particulars, the Estupinians' fraud claim fails and must be dismissed under Rule 9(b).  *See*

2    *Neubronner*, 6 F.3d at 672.[5]

3        This proper application of Rule 9(b) will do exactly what the rule was intended to do:

4    prevent "the filing of a complaint as a pretext for the discovery of unknown wrongs" and protect

5    "potential defendants – especially professionals whose reputations in their fields of expertise are

6    most sensitive to slander – from the harm that comes from being charged with the commission of

7    fraudulent acts."  *Semegen v. Weidner*, 780 F.2d 727, 731 (9th Cir. 1985).

8        ## 2.    The Court Should Dismiss the Estupinians' Interference with Contract Claim (Count V) Against Terzakis

9

10        In Count V, the Estupinians allege that Terzakis somehow tortiously interfered with Vesta

     Strategies' contracts with its clients.  That claim must be dismissed for at least two simple and

11   straightforward and independent reasons:  (1) it fails because the Estupinians have not alleged

12   that Terzakis interfered with a contract between them and a third party; and (2) it fails because a

13   party cannot interfere with its own contract under California law.

14        First, an essential element of a claim for intentional interference with contractual relations

15   is "a valid contract between plaintiff and a third party."  *Quelimane Co. v. Stewart Title Guar.*

16   *Co.*, 19 Cal. 4th 26, 55 (Cal. 1998).  The Estupinians do not allege that Terzakis interfered with a

17   contract between themselves (the plaintiffs) and a third party; instead, they allege that Terzakis

18   interfered with Vesta Strategies contracts with its own clients.  (*See* Doc. 23 at ¶ 48, 49.)  The

19   Estupinians therefore fail to state a claim for interference with contract against Terzakis.  *See*

20   *Quelimane Co.*, 19 Cal. 4th at 55.

21        Second, even if the Estupinians could meet the essential elements of this claim, there

22   claim must still be dismissed because under California law, a party cannot interfere with its own

23   contract.  *Applied Equip. Corp. v. Litton Saudi Arabia*, 7 Cal. 4th 503, 514 (Cal. 1994) (citing

24   *Kelly v. Gen. Telephone Co.*, 136 Cal. App. 3d 278, 288 (Cal. Ct. App. 1982)).  The Estupinians

25

26   ---
     [5]  The Estupinians also allege in wholly conclusory fashion that Terzakis "misleadingly failed to disclose material facts to Vesta Strategies and its management including its CEO Robert Estupinian."  (Doc. 23 at ¶ 39.)  However, that confusing allegation fails to allege the requisite

27   details of these alleged omissions, and certainly does not provide the "who, what, when, where, and how" of Terzakis's alleged fraudulent activity.  *Vess*, 317 F.3d at 1106 (citing standard in

28   actions based on fraud and fraudulent omissions).

1  claim that Terzakis interfered with Vesta Strategies' contracts with its customers.  However, the

2  Estupinians acknowledge, as they must, that Terzakis is Vesta Strategies' 51% owner, member,

3  and manager.  (Doc. 23 at ¶ 48, 49.)  Terzakis cannot interfere with Vesta Strategies' contracts

4  when he owned and controlled Vesta Strategies itself.  *See Applied Equip. Corp.*, 7 Cal 4th at

5  514; *Kelly*, 136 Cal. App. 3d at 288 (holding that interference with contractual relations could not

6  occur based on plaintiff's allegations that defendant, through its employees, intentionally

7  interfered with plaintiff's attempt to be rehired by defendant).  For this second and independent

8  reason, the Estupinians' tortious interference with contract claim fails as a matter of clear and

9  unequivocal California law.

10  ### 3.  The Court Should Dismiss Robert and Ginny Estupinians' Breach of Fiduciary Duty Claim (Count II) Against Terzakis

11  In Count II, Robert and Ginny Estupinian claim that Terzakis breached a fiduciary duty of

12  loyalty to them.[6]  Yet again, that claim is entirely without merit and must be dismissed as a matter

13  of law.  It is without merit for two distinct reasons.

14   First, Robert and Ginny Estupinians' claim must be dismissed because the Estupinians'

15  complaint alleges only that Terzakis owed a fiduciary duty to Mutual Vision, LLC.  (*See* Doc. 23

16  at ¶ 34).  The complaint does not allege that Terzakis owed a fiduciary duty to Robert or Ginny

17  Estupinian.  (*See* Doc. 23 at ¶ 34.)  Thus, the fundamental element for a breach of fiduciary duty

18  claim – the existence of a fiduciary relationship – is not even alleged for Robert and Ginny

19  Estupinians' claim against Terzakis.  *Amtower v. Photon Dynamics, Inc.*, 158 Cal. App. 4th 1582,

20  1599 (Cal. Ct. App. 2008).  For this basic reason, Robert and Ginny Estupinians' fiduciary duty

21  claim must be dismissed.

22  Further, even assuming for the sake of argument that Robert and Ginny Estupinian had

23  alleged that Terzakis owed them a fiduciary duty (they did not), their claim would still fail.

24  Under California law, managers of an LLC owe a fiduciary duty to the LLC and the LLC's

25  members.  *See* CAL. CORP. CODE § 17153 (stating that "[t]he fiduciary duties a manager owes to

26  

27  [6]  Although it appears at first blush that only Mutual Vision, LLC is suing Terzakis for breach of fiduciary duty, that it not the case.  In Count II, like all of the other claims, "Mutual Vision" prays for relief.  (Doc. 23 at 11.)  The term "Mutual Vision" is defined in the complaint to include

28  Robert and Ginny Estupinian.  (Doc. 23 at p.2, ¶ 34.)

1    the limited liability company and to its members are those of a partner to a partnership and to the

2    partners of the partnership").  However, that fiduciary duty does not extend to individual owners,

3    members, or anyone else who has some interest in a member of an LLC.  *See id*.  The Estupinians

4    implicitly recognize this fact by not alleging that Terzakis owed a fiduciary duty to Robert and

5    Ginny Estupinian.  (*See* Doc. 23 at ¶ 34.)  Therefore, because Robert and Ginny Estupinian

6    cannot possibly allege that Terzakis owed them a fiduciary duty, their claim against Terzakis for

7    breach of fiduciary duty should be dismissed with prejudice.

8              **4.    The Court Should Dismiss the Estupinians' Libel and Slander Claim
                        (Count VI) Against Terzakis**

9
                As previously discussed, the Estupinians have asserted libel and slander claims against

10   Terzakis based solely on his alleged "publishing" of Vesta Strategies' Complaint against the

11   Estupinians in this case.  The Estupinians' libel and slander claim against Terzakis must be

12   dismissed pursuant to Rule 12(b)(6) for the same reasons that Terzakis' Anti-SLAPP motion must

13   be granted.  *See supra* Part IV.C.

14             **5.    The Court Should Dismiss the Estupinians' Negligence Claim (Count
                        VII) Against Single Site Solutions**

15
                In Count VII, the Estupinians claim that Single Site Solutions acted negligently in its

16   actions and activities as the "accountant and bookkeeper" for Vesta Strategies.[7]  As is becoming a

17   recurring theme with the Estupinians' claims, that claim is baseless as an established matter of

18   California law.  Specifically, the Estupinians' negligence claim is without basis in California law

19   because Single Site Solutions did not owe any duty to the Estupinians in connection with its

20   alleged "accounting and bookkeeping" activities for Vesta Strategies.

21              A threshold requirement for any negligence action is a duty of care towards another.  *Bily

22   v. Arthur Young & Co.*, 3 Cal. 4th 370, 397 (Cal. 1992).  Whether a duty of care exists is a

23   question of law to be resolved by the Court.  *Id.*

24

25   _____

26   [7]  More specifically, the Estupinians allege that Single Site Solutions breached a duty of care to
     the Estupinians by "failing to properly record and maintain profits and loss statements, income
27   and expenses, and other items of record as to Vesta Strategies [sic] business, and by failing to
     provide such to Mutual Vision despite repeated requests."  (Doc. 23 at ¶ 62.)  Single Site
28   Solutions disputes those alleged facts, but takes them as true solely for purposes of this Rule
     12(b)(6) motion to dismiss.

1    Here, the Estupinians do not allege that Single Site Solutions was in privity with them for

2    its alleged accounting and bookkeeping services to Vesta Strategies.  When there is a lack of

3    privity, California courts use a list of factors to determine whether a legal duty exists, including

4    "the extent to which the transaction was intended to affect the plaintiff," "the foreseeability of

5    harm," "the degree of certainty that the plaintiff suffered injury," "the closeness of the connection

6    between the defendant's conduct and the injury suffered," "the moral blame attached to the

7    defendant's conduct," and the "policy of preventing future harm."  *Id*.

8    Using these factors, the California courts have found that no duty existed in analogous

9    situations.  For example, the California Supreme Court concluded that no legal duty existed as a

10   matter of law between an auditor and third-party users of audit reports, holding that "a supplier of

11   information is liable for negligence to a third party only if he or she intends to supply the

12   information for the benefit of one or more third parties in a specific transaction or type of

13   transaction identified to the supplier." *Id*. at 392.  Similarly, the California Court of Appeals has

14   held that an insurer is not liable to the individual homeowners of a condominium unit for the

15   negligent performance of its indemnity obligations to that condominium unit's homeowners

16   association.  *Adelman v. Associated Internat. Ins. Co.*, 90 Cal. App. 4th 352, 364 (Cal. Ct. App.

17   2001).  In doing so, the court recognized that "a duty to manage business affairs so as to prevent

18   purely economic loss to third parties in their financial transactions is the exception, not the rule,

19   in negligence law." *Id*.

20   The relevant factors, as applied by the California courts, preclude any possible finding that

21   Single Site Solutions – as the alleged accountant and bookkeeper of Vesta Strategies – owed a

22   legal duty of care to the Estupinians.

23   First, Single Site Solutions' accounting and bookkeeping services, if any, were at the

24   behest of, and were intended to benefit, Vesta Strategies, not the Estupinians.  As a supplier of

25   information, Single Site Solutions cannot be held liable to the Estupinians where it did not intend

26   to benefit them. *See Bily*, 3 Cal. 4th at 392.

27   Second, any supposed harm to the Estupinians was not foreseeable by Single Site

28   Solutions.  Indeed, the Estupinians do not even allege that Robert and Ginny Estupinian were

1   harmed by Single Site Solutions' alleged negligent bookkeeping.  (Doc. 23, ¶ 63) (stating only

2   that Mutual Vision, LLC has somehow been damaged "by virtue" of its ownership interest in

3   Vesta Strategies).[8]

4        Third and fourth, there is no certainty whatsoever that the Estupinians would suffer injury

5   and there is no "closeness of connection" between Single Site Solutions' alleged conduct and the

6   Estupinians' alleged injury.  Indeed, even if Single Site Solutions "failed to properly maintain and

7   record profits and loss statements, income and expenses and other items of record" as alleged, it

8   simply does not follow that the Estupinians would necessarily be harmed.  For example, based on

9   these cursory allegations, Single Site Solutions' alleged conduct could just have easily benefited

10  the Estupinians by resulting in larger payout to them via Vesta Strategies than was deserved.

11  Indeed, assuming the Estupinians' allegations are correct, it likely worked to their benefit (not

12  harm) because it allowed them to more easily conceal their multi-million dollar embezzlement of

13  Vesta Strategies' money.  The Estupinians do not even allege how Single Site Solutions' alleged

14  negligent bookkeeping caused them to receive less money than they were entitled (nor can they in

15  good faith make such an allegation).

16       Fifth, as a matter of public policy it does not make sense to extend Single Site Solutions'

17  liability to the Estupinians.  Indeed, investors who might benefit from a certain accounting entry

18  or determination may have interests that conflict with or are directly contrary to the entity's own

19  interests.  *See Sanchez v. Lindsey Morden Claims Servs.*, 72 Cal. App. 4th 249, 253 (Cal. Ct. App.

20  1999) (noting that an insurance adjuster cannot take both sides of a dispute when he owes a duty

21  to the insurer who engaged him).

22       Simply put, based on the applicable factors for establishing a legal duty in the absence of

23  privity, Single Site Solutions did not owe the Estupinians a legal duty of care as a matter of law.

24  The Estupinians' negligence claim therefore falls flat and must be dismissed.

25

26

27

28

---

[8] Nor is there foreseeability because, as stated below, the alleged negligent accounting could just as easily benefit the Estupinians as harm them.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**6.    The Court Should Dismiss the Estupinians' Unjust Enrichment Claim (Count VIII) Against the Third Party Defendants**

In Count VIII, the Estupinians purport to state a separate cause of action for unjust enrichment against all of the Third Party Defendants.  That claim must be dismissed for the simplest of reasons:  "'there is no cause of action in California for unjust enrichment.'"  *Vincent Consol. Commodities, Inc. v. Am. Trading & Transfer, LLC*, No.07CV20W(LSP), 2007 U.S. Dist. LEXIS 53680, at *7 (S.D. Cal. July 24, 2007) (dismissing an unjust enrichment claim on 12(b)(6) grounds) (quoting *Melchior v. New Line Prod., Inc.*, 106 Cal. App. 4th 779 (Cal. Ct. App. 2003); *Dinosaur Dev., Inc. v. White*, 216 Cal. App. 3d 1310 (Cal. Ct. App. 1989)).  "[U]njust enrichment is another word for the remedy of restitution, not a cause of action."  *Id.* (citing *Walker v. USAA Cas. Ins. Co.*,  474 F.Supp. 2d 1168 (E.D. Cal. 2003)).

**7.    The Court Should Dismiss the Estupinians' Conversion Claim (Count I) and Constructive Trust Claim (Count IV) Against the Third Party Defendants**

In Counts I and IV, the Estupinians attempt to state conversion and constructive trust claims against the Third Party Defendants.  In short, the Estupinians allege that the Third Party Defendants misappropriated money from Vesta Strategies that they should not be allowed to keep.  Both of those claims should be dismissed for the same fundamental reason:  the property that was allegedly misappropriated would belong to Vesta Strategies, not the Estupinians, and the Estupinians are therefore not the proper parties to assert such a claim against the Third Party Defendants.[9]

Under California law, one of the essential elements to a constructive trust is "the right of a complaining party [to a particular piece of property]."  *PCO, Inc. v. Christensen, Miller, Fink, Jacobs, Glaser, Weil & Shapiro, LLP*, 150 Cal. App. 4th 384, 398 (Cal. Ct. App. 2007).  Here, the Estupinians allege that the Third Party Defendants "wrongfully acquired money from Vesta Strategies . . . which . . . they should not be allowed to keep."  (Doc. 23, ¶ 44.)  Even if the

---

[9]  Even if the Court were to find that Mutual Vision, LLC could state a claim for these causes of action, the Court should still dismiss Robert and Ginny Estupinians' conversion and constructive trust claims because even the Estupinians' own complaint only alleges that Mutual Vision, LLC was wronged by the Third Party Defendants.  (Doc. 23 at ¶¶ 45-46, 65-66.)

1    Estupinians' allegations are assumed to be true, Vesta Strategies, not the Estupinians, is the party

2    who had a right to the Vesta Strategies funds that the Third Party Defendants allegedly acquired.

3    Therefore, Vesta Strategies, not the Estupinians, is the proper party to such a claim.[10]  *See PCO,*

4    *Inc.*, 150 Cal. App. 4th at 398.  The Estupinians' claim for constructive trust should therefore be

5    dismissed.

6        The Estupinians' claim for conversion fails for the same reason.  A basic element of

7    conversion is "the plaintiff's ownership or right to possession of personal property."  *Fremont*

8    *Indemnity Co. v. Fremont Gen. Corp.*, 148 Cal. App. 4th 97, 119-20 (Cal. Ct. App. 2007).  Here,

9    the only property the Third Party Defendants are alleged to have converted belongs to Vesta

10   Strategies, not the Estupinians.  Therefore, the Estupinians' claim for conversion must also be

11   dismissed.

12       **8.    The Court Should Dismiss the Estupinians' Accounting Claim (Count IX) Against Vesta Strategies and the Third Party Defendants**

13
14       Finally, in Count IX, the Estupinians try to assert an accounting claim against Vesta

     Strategies and all of the Third Party Defendants.  That claim must be dismissed as to all parties.

15             a.    The Accounting Claim Against Vesta Strategies Fails

16       In support of their accounting claim, the Estupinians do not allege that Vesta Strategies

17   itself engaged in any wrongdoing.  Instead, the Estupinians claim that this Court should order

18   Vesta Strategies to provide them with an accounting solely as a result of the actions of the Third

19   Party Defendants.  (Doc. 23, ¶ 68.)  Specifically, the Estupinians assert that Vesta Strategies owes

20   them an accounting "as a result of the [] actions [of Terzakis, Ye, Single Site Solutions, and B&B

21

22

23   _____
     [10]  Perhaps recognizing that they are attempting to state improper direct claims, the Estupinians
24   have attempted to hedge their bets by alleging:  "To the extent necessary, Mutual Vision brings
     this action as a derivative suit on behalf of Vesta Strategies, LLC."  However, the Estupinians'
25   half-hearted hedge is itself improper under California law.  Indeed, a derivative suit is improper if
     brought by a member of a California LLC unless certain statutorily-prescribed conditions are met.
26   *See* CAL. CORP. CODE § 17501(a).  The preconditions for such a derivative suit are not met here
     because the Estupinians have not alleged:  (1) that Mutual Vision, LLC is a "member of record"
27   at the time of the transaction of which Mutual Vision, LLC complains; or (2) that Mutual Vision,
     LLC either (a) informed Vesta Strategies or Terzakis "in writing of the ultimate facts of each
28   cause of action against each defendant," or (b) delivered to Vesta Strategies or Terzakis "a true
     copy of the complaint that plaintiff proposes to file."  *See* CAL. CORP. CODE § 17501(a).

1  Sparco] including conversion of funds [and] breach of fiduciary duty." (*Id.*) That claim against

2  Vesta Strategies fails for at least four separate and independent reasons.

3      First, an accounting is a remedy, not an actual claim, and is "only viable if requested in

4  connection with an appropriate claim." *Yerkovich v. MCA Inc.*, 11 F. Supp. 2d 1167, 1178 (N.D.

5  Cal. 1997). Because the Estupinians do not request an action for accounting against Vesta

6  Strategies in connection with **any** other claim against Vesta Strategies (let alone an appropriate

7  claim), their accounting claim against Vesta Strategies must be dismissed. The Court needs to go

8  no further.

9      Second, the Estupinians fail to allege that Vesta Strategies **itself** breached a fiduciary duty,

10  committed a fraud, or committed any other type of misconduct that could provide an appropriate

11  basis for an accounting against Vesta Strategies. *See Union Bank v. Superior Court*, 31 Cal. App.

12  4th 573, 593 (Cal. Ct. App. 1995) (noting that breach of fiduciary duty and fraud are proper

13  grounds for a plaintiff to request an accounting from a defendant and that absence of proof of

14  misconduct bars an action for accounting). The Estupinians cannot bring a claim against Vesta

15  Strategies for an accounting for the simple and fundamental reason that they have not alleged any

16  wrongful conduct by Vesta Strategies.

17      Third, the Estupinians do not even allege the existence of complicated accounts or

18  accounting relationship that must be deciphered to determine what the Estupinians are owed.

19  However, even if they did the Estupinians do not allege that Vesta Strategies owes them any

20  money or the return of any property. That failure provides yet another independent basis for

21  dismissal of the Estupinians' accounting claim, because "the existence of a complicated

22  accounting relationship between parties by itself [does not permit] the maintenance of a lawsuit

23  between them when no money is owed or property must be returned." *Id.*

24      Fourth, even if this Court were to somehow find that the Estupinians were entitled to an

25  accounting from Vesta Strategies due to the conduct of the Third Party Defendants (which would

26  be improper), the Estupinians' accounting claim against Vesta Strategies still must fail because

27  the Estupinians' claim is entirely based on their other claims that must be stricken or dismissed.

28  Indeed, as explained above, the Estupinians' claims against the Third Party Defendants, including

1  their claims for conversion and fraud, must all be dismissed or stricken pursuant to the Federal

2  Rules of Civil Procedure.  Therefore, these claims cannot provide a basis for the Estupinians'

3  accounting claim against Vesta Strategies.

4      For any one or all of these reasons, the Estupinians have failed to state a valid accounting

5  claim against Vesta Strategies.  That claim too must therefore be dismissed.[11]

6          b.      The Accounting Claim Against the Third Party Defendants Fails

7      The Estupinians' accounting claim against the Third Party Defendants fails for the same

8  reason that the Estupinians' accounting claim against Vesta should be dismissed.  An accounting

9  is a remedy, not an actual claim, and is "only viable if requested in connection with an

10  appropriate claim." *Yerkovich*, 11 F. Supp. 2d at 1178.  As detailed above, the Estupinians' claims

11  against the Third Party Defendants, including their claims for conversion, fraud, and breach of

12  fiduciary duty, must be stricken or dismissed.  Therefore, their claim for an accounting based on

13  those claims also necessarily falls.

14  **V.    CONCLUSION**

15      For the reasons set forth above, Vesta Strategies and the Third Party Defendants

16  respectfully request that the Court: (1) grant Vesta Strategies' motion to dismiss the Estupinians'

17  counterclaim for an accounting, with prejudice; (2) grant John Terzakis' motion to dismiss or

18  strike the Estupinians' claim for libel and slander against Terzakis with prejudice; (3) grant the

19  / / /

20  / / /

21  / / /

22

23

24

25

26

_____

[11]  Notably, as a practical matter, the denial of the Estupinians' claim for an accounting will not
27  prohibit the Estupinians from requesting financial information from Vesta Strategies.  The
Estupinians are still defendants in this action, and can therefore request appropriate discovery
28  from Vesta Strategies in this case.

1  Third Party Defendants' motion to dismiss or strike all of the claims asserted against the Third

2  Party Defendants; and (4) award Terzakis his attorneys' fees and costs pursuant to California's

3  Anti-SLAPP Statute.

4

5  Dated: March 14, 2008                           Respectfully submitted,

6                                                  McDERMOTT WILL & EMERY LLP
                                                   DANIEL E. ALBERTI

7

8                                                  By:          /s/ Daniel E. Alberti
                                                       Daniel E. Alberti
9

10                                                 Attorneys for Plaintiff and Counter
                                                   Defendant VESTA STRATEGIES, LLC;
11                                                 Third Party Defendant SINGLE SITE
                                                   SOLUTIONS CORPORATION; Third
12                                                 Party Defendant JOHN TERZAKIS; and
                                                   Third Party Defendant B&B SPARCO
13                                                 PROPERTIES, INC.

   CHI99 4949907-5.029407.0020

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28