| | |
|---|---|
| 1 | Alan L. Martini, SB No. 77316 |
| | SHEUERMAN, MARTINI & TABARI |
| 2 | 1033 Willow Street |
| | San Jose, CA 95125 |
| 3 | Telephone: 408.288.9700 |
| | Facsimile: 408.295.9900 |
| 4 | |
| 5 | Attorneys for Third Party Defendant, PETER YE |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | | |
|---|---|---|
| VESTA STRATEGIES, LLC, | ) | Case No. C 07-06216 JW RS |
| Plaintiff, | ) ) | JOINDER IN AND MOTION TO DISMISS, OR IN THE ALTERNATIVE, |
| vs. | ) ) | TO STRIKE; AND THIRD PARTY DEFENDANT PETER YE's SPECIAL |
| ROBERT E. ESTUPINIAN, GINNY ESTUPINIAN, MUTUAL VISION, LLC, MILLENNIUM REALTY GROUP, VESTA REVERSE 100, LCC, VESTA CAPITAL ADVISORS, LLC, CAROL-ANN TOGNAZZINI, EDMUNDO ESTUPINIAN, and HAYDEE ESTUPINIAN, | ) ) ) ) ) ) ) | MOTION TO STRIKE PURSUANT TO THE CALIFORNIA ANTI-SLAPP STATUTE AND FOR ATTORNEYS FEES AND COSTS |
| Defendants | ) ) | Hearing Date: May 5, 2008 Time:   09:00 a.m. |
| MUTUAL VISION, LLC, | ) | Department 8, 4th Floor, San Jose |
| Counter Claimant, | ) | |
| vs. | ) | |
| VESTA STRATEGIES, LLC, | ) | |
| Counter Defendant, | ) | |
| MUTUAL VISION LLC, ROBERT ESTUPINIAN AND GINNY ESTUPINIAN, | ) ) | |
| Third Party Claimants, | ) ) | |

1
JOINDER AND MOTION OF THIRD PARTY DEFENDANT, PETER YE

1  vs.                                              )
                                                    )
2  JOHN TERZAKIS, SINGLE SITE SOLUTIONS             )
   CORPORATION, B & B SPARCO                        )
3  PROPERTIES, INC., AND PETER YE,                  )
                                                    )
4       Third Party Defendants.                     )
                                                    )
5  _____          )

### A. THIRD PARTY DEFENDANT, PETER YE's JOINDER IN MOTION TO DISMISS FILED BY THIRD PARTY DEFENDANTS, SINGLE SOLUTIONS CORPORATION, JOHN TERZAKIS and B&B SPARCO PROPERTIES, INC.

Third Party Defendant, PETER YE, hereby joins in the motion filed by Third Party Defendants, SINGLE SITE SOLUTIONS CORPORATION, JOHN TERZAKIS and B&B SPARCO PROPERTIES, INC. as to all grounds, procedural and substantive, stated therein.  Furthermore, Third Party Defendant, PETER YE, moves separately to strike the sixth cause of action of the third party complaint for libel and slander under the California anti-SLAPP statute and seeks attorneys fees and costs in connection herewith.

Third Party Defendant, PETER YE, has been named as a defendant under six of the nine causes of action stated in the Third Party Complaint.  The Third Party Complaint is defective for both procedural and substantive reasons, as more specifically argued in the contemporaneous motion made by the other Third Party Defendants to dismiss under Rule 12(b)(6).  As each and every one of the arguments made by said other Third Party Defendants applies equally to PETER YE, he incorporates by reference all of said arguments and authorities herein, and joins in said other Third Party Defendants' motion to dismiss.  For the sake of brevity and efficiency, the arguments will not be repeated.

### B. THE COURT SHOULD DISMISS OR STRIKE THIRD PARTY COMPLAINANTS' CLAIM FOR LIBEL AND SLANDER AGAINST PETER YE AND AWARD PETER YE HIS ATTORNEYS FEES AND COSTS BASED ON CALIFORNIA'S ANTI-SLAPP STATUTE.

The sixth claim for relief (libel and slander) against PETER YE alleges that sometime in November and December 2007, PETER YE published defamatory statements about ROBERT ESTUPINIAN misappropriated money and was going to prison.  This claim for libel and slander must be dismissed or stricken pursuant to the California anti-SLAPP statute because their claim

arises from PETER YE's free speech in connection with a public issue and because PETER YE's alleged actions are privileged under California Civil Code section 47(b).

To satisfy his initial burden on this anti-SLAPP motion, PETER YE has made an initial *prima facie* showing that ROBERT ESTUPINIAN's claim for libel arises from statements made in connection with an issue under consideration or review by a judicial body. (Here the complaint filed by PETER YE's employer, VESTA STRATEGIES, LLC, as against ROBERT E. ESTUPINIAN, GINNY ESTUPINIAN, et al.)

As indicated in the Declaration of Peter Ye, filed in connection with this motion, he did, in fact, have two conversations with persons other than his or his employer's attorneys regarding the allegations of misappropriation by Mr. Estupinian, as alleged in the complaint filed herein. The complaint was filed December 7, 2007, and alleged that defendant ROBERT ESTUPINIAN, the former CEO of VESTA STRATEGIES, stole a considerable amount of money from VESTA STRATEGIES. The extent to which PETER YE discussed this misappropriation with third parties is limited to another employee of VESTA STRATEGIES, Bill Kraft, who had inquired regarding the nature of the allegations made against ROBERT ESTUPINIAN and subsequently a conversation with a securities broker dealer from Regent Capital Group, Louie Ucciferri, in which Mr. Yee may have advised him that the lawsuit had been filed and provided information regarding the general allegations of the case. Both of these conversations concerned and arose out of the allegations of misappropriation made by Mr. Yee's employer, VESTA STRATEGIES, in its complaint filed against MR. ESTUPINIAN herein.

In Federal Court, where a plaintiff files a complaint arising from another party's assertion of his right to free speech, that complaint is subject to an anti-SLAPP motion under California law. *Summit Media LLC v. City of Los Angeles*, No. CV072649RSWL (AJWx), 2008 U.S. Dist. LEXIS 3834 at 21 (C.D. Cal. January 2, 2008); see also *United States Ex Rel. Newsham v. Lockheed Missiles & Space Co.*, 190 F.3d 963, 972 (9th Cir. 1990) (special motion to strike under C.C.P. section 425.16(b) and the availability of fees and costs under C.C.P. section 425.16(c) are available in Federal Court.)

In considering an anti-SLAPP motion, the court must engage in a two-step process. First, the

1  court must "determine whether the moving party has made an initial *prima facie* showing that the
2  plaintiff's claims arise from acts of the moving party taken to further the moving party's right of free
3  speech or petition in connection with a public issue. *Id.* at *24 (quotation omitted). "To make this
4  determination, the court must consider the pleadings, and supporting and opposing affidavits stating
5  the facts on which the liability or defense is based." *Id.* (quotation omitted). "If the moving party
6  makes the *prima facie* showing, the burden shifts to the plaintiff to demonstrate a probability that the
7  opposing party will prevail on the claim." *Id.* (quotations omitted). "To satisfy this burden, the
8  plaintiff must show that the complaint is legally sufficient and support by a *prima facie* showing of
9  facts to sustain a favorable judgment if the evidence submitted by the plaintiff is credited." *Id.*
10 (quotations omitted). "The burden is much like that used in determining a motion for nonsuit or
11 directed verdict, which mandates that no reasonable jury could find for the plaintiff." *Id.* (quotation
12 omitted). If the plaintiff fails to make the requisite showing, the motion to strike must be granted.
13 *Id.* (citation omitted).

14  PETER YE has met his burden of establishing that the complaint arises from protected
15 activity by demonstrating that his alleged statements regarding ESTUPINIAN's misappropriation of
16 funds fits one of the categories spelled out in section 425.16(e). *Annette F. v. Sharon S.* 119
17 Cal.App.4th 1146 (2004) "In determining whether a cause of action falls within the scope of
18 subdivision (e), courts must broadly construe the anti- SLAPP statute." *Ibid.* (citation omitted).
19 ESTUPINIAN's claim arises from protected activity and falls within subdivision (e) because it was
20 an oral statement made in connection with an issue under consideration or review by a judicial body.
21 (C.C.P. § 425.16(e)(2)). This "in connection with" language is construed broadly. *Annette F. v.*
22 *Sharon S.*, *supra,* 119 Cal.App.4th at 1160. Here, Mr. Ye's statements to the two third parties were
23 based on the allegations made by his employer, VESTA STRATEGIES, INC., in connection with its
24 complaint filed in this action. Thus, ESTUPINIANS' libel action is entirely based on statements
25 made by PETER YE concerning the allegations of the complaint, and by definition are "directly at
26 issue" in this litigation.

27  PETER YE's statements concerning the allegations of the complaint also meet the
28 requirement of being made in connection with a public issue because under California law "a

1  defendant moving to strike a cause of action arising from a statement made before, or in connection
2  with an issue under consideration by, a legally authorized official proceeding need not separately
3  demonstrate that the statement concerned an issue of public significance." *Briggs v. Eden Counsel*
4  *for Hope and Opportunity*, 119 Cal.4th 1106, 1123.
5        Therefore, PETER YE has made an initial *prima facie* showing that under the California anti-
6  SLAPP statute that the ESTUPINIANS' claim for libel arises from PETER YE's acts taken to
7  further his right to free speech or connection with a public issue.   The burden now shifts to the
8  ESTUPINIANS to demonstrate a "probability that they will prevail" on their libel claim.
9        The ESTUPINIANS cannot meet their burden to show that they will prevail on the libel
10 claim because PETER YE's actions were absolutely privileged under California law.
11       Here, the cause of action arises directly from communications between PETER YE and
12 interested parties about the pending lawsuit against ESTUPINIAN.  Pursuant to California law,
13 publications of this nature are absolutely privileged under Civil Code section 47(b).  In fact, as for
14 the litigation privilege, numerous cases have applied it to pre-litigation communications as well.
15 *Rubin v. Green* (1993) 4 Cal.4th 1187, 1194-1195, citing cases, and the litigation privilege clearly
16 "informs interpretation of the 'arising from' prong of the anti-SLAPP statute. *Navellier v. Sletten*
17 (2003) 106 Cal.App.4th 763, 770; *Ruiz v. Harbor View Community Association* (2005) 134
18 Cal.App.4th 1456, 1474 [clauses of the anti-SLAPP statute defining protected activity to include
19 statements made before or in connection with an issue under review by judicial body 'are parallel to
20 and co-extensive with the definition of privileged communications under Civil Code section 47(b)"].
21 In short, it is difficult to conjure a clearer scenario than the case before us of a lawsuit arising from
22 protected activity.

### CONCLUSION

24     For the reasons set forth in the motion to dismiss filed by VESTA STRATEGIES, LLC, et
25 al., joined in by PETER YE, and the additional evidence and points and authorities filed in support
26 of PETER YE's anti-SLAPP motion, defendant PETER YE respectfully requests that the court grant
27 the motion to dismiss the Third Party Claim in its entirety, or, in the alternative, to strike all of the
28

1 | claims asserted against PETER YE with prejudice, and award PETER YE his attorneys fees and
2 | costs.

4 | Dated: March 14, 2008                    SHEUERMAN, MARTINI & TABARI

/s/ Alan L. Martini
ALAN L. MARTINI, SB NO.
Attorney for Third Party Defendant
PETER YE

10 | Y:\data\wpwin60\Vesta Strategies, LLC\MOTION.wpd