Alan L. Martini, SB No. 77316
SHEUERMAN, MARTINI & TABARI
1033 Willow Street
San Jose, CA 95125
Telephone: 408.288.9700
Facsimile: 408.295.9900

Attorneys for Third Party Defendant, PETER YE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| VESTA STRATEGIES, LLC, | Case No. C 07-06216 JW RS |
| Plaintiff, | DECLARATION OF PETER YE IN SUPPORT OF JOINDER IN MOTION TO DISMISS, OR IN THE ALTERNATIVE TO STRIKE; AND THIRD PARTY DEFENDANT PETER YE'S SPECIAL MOTION TO STRIKE PURSUANT TO THE CALIFORNIA ANTI-SLAPP STATUTE AND FOR ATTORNEYS FEES AND COSTS |
| vs. | |
| ROBERT E. ESTUPINIAN, GINNY ESTUPINIAN, MUTUAL VISION, LLC, MILLENNIUM REALTY GROUP, VESTA REVERSE 100, LCC, VESTA CAPITAL ADVISORS, LLC, CAROL-ANN TOGNAZZINI, EDMUNDO ESTUPINIAN, and HAYDEE ESTUPINIAN, | |
| Defendants | Hearing Date: May 5, 2008<br>Time: 09:00 a.m.<br>Department: Room 8, 4th Floor SJ<br>Honorable James Ware |
| MUTUAL VISION, LLC, | |
| Counter Claimant, | |
| vs. | |
| VESTA STRATEGIES, LLC, | |
| Counter Defendant, | |
| MUTUAL VISION LLC, ROBERT ESTUPINIAN AND GINNY ESTUPINIAN, | |
| Third Party Claimants, | |

1
DECLARATION OF PETER YE

1  vs.                                              )
                                                    )
2  JOHN TERZAKIS, SINGLE SITE SOLUTIONS             )
   CORPORATION, B & B SPARCO                        )
3  PROPERTIES, INC., AND PETER YE,                  )
                                                    )
4          Third Party Defendants.                  )
                                                    )
5  _____          )

I, PETER YE, declare as follows:

1. I am currently the Vice President of Operations of plaintiff, VESTA STRATEGIES, LLC. I held this position in November and December 2007, when the events alleged in the Third Party Claim against me allegedly occurred.

2. I have personal knowledge of each and every fact stated herein and could competently testify thereto if called as a witness.

3. On December 6, 2007, a meeting occurred at the VESTA STRATEGIES, LLC office in San Jose, California. Persons in attendance included Third Party Claimants, ROBERT and GINNY ESTUPINIAN, VESTA STRATEGIES, LLC's manager, JOHN TERZAKIS, VESTA STRATEGIES' attorneys from the Law Firm of McDermott, Will & Emory LLP, as well as myself.

4. Up to the time of this meeting, ROBERT ESTUPINIAN was a member and CEO of VESTA STRATEGIES, LLC. His employment was terminated at the meeting on stated grounds which included misappropriation.

5. My employer, VESTA STRATEGIES, LLC filed a complaint against ROBERT ESTUPINIAN, and others on the next day, December 7, 2007, alleging, among other things, misappropriation and fraud against ROBERT ESTUPINIAN. I am familiar with the allegations contained in the complaint and reviewed it at or about the time it was filed.

6. Following the meeting of December 6, 2007, in which ROBERT ESTUPINIAN's employment was terminated and after this lawsuit was filed, I received a telephone call from another employee of VESTA STRATEGIES, LLC, Bill Kraft. Mr. Kraft advised me that he had been contacted by attorneys from VESTA STRATEGIES and wanted to know my understanding of the nature of the allegations made against ROBERT ESTUPINIAN. I advised him that a lawsuit would

be filed alleging misappropriation and fraud against ROBERT ESTUPINIAN and others. My comments were limited to those matters alleged in the complaint, which I know to be the complaint filed in this action.

7. Approximately one week later, I contacted a securities broker dealer from the Regentl Capital Group, Louie Ucciferri, and informed him that MR. ESTUPINIAN's employment with VESTA STRATEGIES had been terminated and that I was no longer associated with him. I may have also advised him that a lawsuit had been filed against ROBERT ESTUPINIAN and provided information concerning the general allegations of the case. My discussion with Mr. Ucciferri, as with my discussion with Mr. Kraft, was limited to the matters alleged in the complaint against Mr. Ucciferri.

8. Other than my attorney and attorneys for VESTA STRATEGIES, I have not discussed the allegations against ROBERT ESTUPINIAN of misappropriation with anyone else.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this 13th day of March, 2008, at San Jose, California.

/s/ Peter Ye
PETER YE