DANIEL E. ALBERTI (68620)
dalberti@mwe.com
McDERMOTT WILL & EMERY LLP
3150 Porter Drive
Palo Alto, CA 94304-1212
Telephone: 650.813.5000
Facsimile: 650.813.5100

PAUL E. CHRONIS (*pro hac vice*)
pchronis@mwe.com
ARON J. FRAKES (*pro hac vice*)
ajfrakes@mwe.com
MCDERMOTT WILL & EMERY LLP
227 West Monroe Street
Chicago, Illinois 60606
Telephone: 312.372.2000
Facsimile: 312.984.7700

Attorneys for Plaintiff and Counter Defendant
VESTA STRATEGIES, LLC; Third Party
Defendant SINGLE SITE SOLUTIONS
CORPORATION; Third Party Defendant
JOHN TERZAKIS; Third Party Defendant
B&B SPARCO PROPERTIES, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| VESTA STRATEGIES, LLC,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>ROBERT E. ESTUPINIAN, GINNY ESTUPINIAN, MUTUAL VISION, LLC, MILLENNIUM REALTY GROUP, VESTA REVERSE 100, LLC, VESTA CAPITAL ADVISORS, LLC, and CAROL-ANN TOGNAZZINI,<br><br>　　　　Defendants.<br><br>CAROL-ANN TOGNAZZINI,<br><br>　　　　Counter-Claimant,<br><br>　v.<br><br>VESTA STRATEGIES, LLC, | CASE NO. C 07-06216 JW RS<br><br>**PLAINTIFF/COUNTER DEFENDANT VESTA STRATEGIES, LLC'S AND THIRD PARTY DEFENDANT JOHN TERZAKIS' SPECIAL MOTION TO STRIKE PURSUANT TO THE CALIFORNIA ANTI-SLAPP STATUTE AND FOR ATTORNEYS' FEES AND COSTS; PLAINTIFF/COUNTER DEFENDANT VESTA STRATEGIES, LLC'S AND THIRD PARTY DEFENDANT JOHN TERZAKIS' MOTION TO DISMISS; NOTICE OF MOTIONS; AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTIONS** |

|  |  |
|---|---|
| Counter Defendant. | **Date:** June 9, 2008<br>**Time:** 9:00 a.m.<br>**Department:** Room 8, 4th Floor, SJ<br>**Judge:** James Ware |
| CAROL-ANN TOGNAZZINI,<br>　　　　Third Party Plaintiff,<br>　v.<br>JOHN TERZAKIS,<br>　　　　Third Party Defendant. | |

## NOTICE OF MOTIONS

PLEASE TAKE NOTICE THAT on June 9, 2008, at 9:00 a.m, in Courtroom 8 of this Court, Plaintiff/Counter Defendant Vesta Strategies, LLC ("Vesta Strategies") and Third Party Defendant John Terzakis ("Terzakis") will, and hereby do, move this Court for the relief described immediately below.

## MOTIONS

Vesta Strategies and Terzakis move this Court, pursuant to Federal Rules of Civil Procedure 12(b)(6) or 12(f), for an order dismissing or striking Defendant/Counter Plaintiff/Third Party Plaintiff Carol-Ann Tognazzini's ("Tognazzini") claim for Libel and Slander with prejudice and awarding them their attorneys' fees and costs pursuant to the California Anti-SLAPP Statute, CAL. CIV. P. CODE § 425.16 *et seq.* Vesta Strategies and Terzakis further move this Court, pursuant to Federal Rule of Civil Procedure 12(b)(6), for an order dismissing Tognazzini's counterclaims and third-party claims.

---

**VESTA STRATEGIES' AND TERZAKIS' MTD AND MTS; NOTICES OF MOTIONS; MPA IN SUPPORT OF MOTIONS**

**CASE NO. C 07-06216 JW RS**

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTIONS**

**TABLE OF CONTENTS**

**Page**

I. INTRODUCTION .................................................................................................................. 1

II. SUMMARY OF ARGUMENT ............................................................................................. 1

III. LEGAL STANDARDS .......................................................................................................... 2

    A. Rule 12(b)(6) Motion to Dismiss Standards ........................................................... 2

    B. California Anti-SLAPP Motion to Strike Standards .............................................. 3

IV. ARGUMENT ......................................................................................................................... 4

    A. The Court Should Dismiss Tognazzini's Breach of Contract Claim Against Terzakis ................................................................................................................... 4

    B. The Court Should Dismiss Tognazzini's Wrongful Termination Claim Against Vesta Strategies and Terzakis .................................................................... 4

    C. The Court Should Dismiss Tognazzini's Breach of the Covenant of Good Faith and Fair Dealing Claim Against Vesta Strategies and Terzakis .................... 6

    D. The Court Should Dismiss or Strike Tognazzini's Libel and Slander Claim Against Vesta Strategies and Terzakis and Award Them Their Attorneys' Fees and Costs Based on California's Anti-SLAPP Statute ..................................... 8

        1. A Prima Facie Case Is Established Because Vesta Strategies' and Terzakis' Actions Were Taken to Further Their Right of Free Speech or Petition in Connection with a Public Issue ................................. 9

        2. Tognazzini Cannot Meet Her Burden to Show that She Will Prevail on Her Libel Claim ................................................................................. 11

    E. The Court Should Dismiss Tognazzini's Interference with Employment Relationship Claim Against Terzakis ................................................................... 12

V. CONCLUSION .................................................................................................................... 13

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Annette F. v. Sharon S.*,
   119 Cal. App. 4th 1146 (Cal. Ct. App. 2004)..................................................................9, 10

*Barron v. Reich*,
   13 F.3d 1370 (9th Cir. 1994) ....................................................................................................2

*Branch v. Tunnell*,
   14 F.3d 449 (9th Cir. 1994), *overruled on other grounds by*
   *Galbraith v. County of Santa Clara*,
   307 F.3d 1119 (9th Cir. 2002) ................................................................................................10

*Briggs v. Eden Council for Hope & Opportunity*,
   19 Cal.4th 1106 (1999) ....................................................................................................9, 10

*Canova v. Trustees of Imperial Irrigation Dist. Employee Pension Plan*,
   150 Cal. App. 4th 1487 (Cal. Ct. App. 2007)..........................................................................4

*Careau & Co. v. Sec. Pac. Bus. Credit*,
   222 Cal. App. 3d 1371 (Cal. Ct. App. 1990)...........................................................................4

*Clegg v. Cult Awareness Network*,
   18 F.3d 752 (9th Cir. 1994) ......................................................................................................2

*Computerxpress, Inc. v. Jackson*,
   93 Cal. App. 4th 993 (Cal. Ct. App. 2001) .............................................................................9

*Diyorio v. AT&T*,
   242 Fed. Appx. 450 (9th Cir. 2007).........................................................................................7

*Dorn v. Mendelzon*,
   196 Cal. App. 3d 933 (Cal. Ct. App. 1987)...........................................................................11

*Eicher v. Advanced Bus. Integrators, Inc.*,
   151 Cal. App. 4th 1363 (Cal. Ct. App. 2007)..........................................................................9

*Gabana Gulf Distribution, Ltd. v. Gap Int'l Sales, Inc.*, No. C 06-02584 CRB,
   2008 U.S. Dist. LEXIS 1658 (N.D. Cal. Jan. 9, 2008) .......................................................7-8

*Gould v. Md. Sound Indus.*,
   31 Cal. App. 4th 1137 (Cal. Ct. App. 1995).......................................................................5, 6

*Guz v. Bechtel Nat'l, Inc.*,
   24 Cal. 4th 317 (Cal. 2000) ..................................................................................................6, 7

*Holmes v. Gen. Dynamics Corp.*,
   17 Cal. App. 4th 1418 (Cal. Ct. App. 1993)...........................................................................4

*Ingels v. Westwood One Broad. Servs., Inc.*,
   129 Cal. App. 4th 1050 (2005) ................................................................................................3

*Jacks v. JBJ Elec. Co.*, No. 042110PHXMHM,
   2006 U.S. Dist. LEXIS 83327 (D. Ariz. Nov. 13, 2006) .....................................................13

*Markey v. Kudelski S.A.*, No. 06-CV-1300 (RBB),
   2008 U.S. Dist. LEXIS 701 (S.D. Cal. Jan. 3, 2008).............................................................4

*Moreau v. Air Fr.*,
   356 F.3d 942 (9th Cir. 2004) ....................................................................................................7

*Pollock v. Univ. of Southern Cal.*,
    112 Cal. App. 4th 1416 (Cal. Ct. App. 2003) ............................................................... 11, 12

*Romaneck v. Deutsche Asset Mgmt.*, No. C05-2473 TEH,
    2006 U.S. Dist. LEXIS 59397 (N.D. Cal. Aug. 17, 2006) ................................................. 8

*Scott v. Solano County Health & Soc. Order Servs. Dep't*,
    459 F. Supp. 2d 959 (E.D. Cal. 2006) ............................................................................... 5

*Shoemaker v. Myers*,
    52 Cal. 3d 1 (Cal. 1990) ................................................................................................... 13

*Smith v. Rae-Venter Law Group*,
    29 Cal. 4th 345 (Cal. 2002) ................................................................................................ 9

*Staton v. Husky Computers*, No. 96-17249,
    1998 U.S. App. LEXIS 29608 (9th Cir. Apr. 16, 1998) .................................................. 5, 6

*Stewart v. Am. Int'l Oil & Gas Co.*,
    845 F.2d 196 (9th Cir. 1988) ............................................................................................ 13

*Summit Media LLC v. City of Los Angeles*, No. CV072649RSWL (AJWx),
    2008 U.S. Dist. LEXIS 3834 (C.D. Cal. Jan. 2, 2008) ................................................... 3, 8

*United States ex rel. Newsham v. Lockheed Missiles & Space Co.*,
    190 F.3d 963 (9th Cir. 1999) .............................................................................................. 3

**STATUES**

CAL. CIV. CODE § 45 ............................................................................................................... 11
CAL. CIV. CODE § 47 ..................................................................................................... 8, 9, 11
CAL. CIV. CODE § 47(B) ......................................................................................................... 12
CAL. CIV. CODE 47(C) ............................................................................................................ 12
CAL. CIV. P. CODE § 425.16(B) ........................................................................................... 3, 9
CAL. CIV. P. CODE § 425.16(C) ............................................................................................... 3
CAL. CIV. P. CODE § 425.16(E) ............................................................................................... 9
CAL. CIV. P. CODE § 425.16(E)(2) ........................................................................................ 10
CAL. LABOR CODE § 201(a) ..................................................................................................... 5

**RULES AND REGULATIONS**

FED. R. CIV. P. 12(B)(6) .................................................................................................. 10, 12
FED. R. CIV. P. 14(A)(1) ........................................................................................................ 13

## I. INTRODUCTION

Vesta Strategies brought this action against, among other parties, Robert and Ginny Estupinian based on the Estupinians' multi-million dollar fraud against Vesta Strategies. (*See generally* Doc. 12.) Part of the Estupinians' wrongdoing against Vesta Strategies was causing Vesta Strategies to pay money to Ginny Estupinians' friend – Tognazzini – with little or no return benefit to Vesta Strategies. (*Id.* ¶ 35.) Upon information and belief, they did so to help Tognazzini make lenders believe that she was employed and had income so that she could get a loan. (*Id.*) Tognazzini was paid an annual salary of $36,480, despite doing no or very little actual work for Vesta Strategies. (*Id.* ¶¶ 36-39.) Vesta Strategies terminated Tognazzini's employment when it learned of the Estupinians' various frauds on Vesta Strategies.

Like her co-defendants the Estupinians, Tognazzini responded by filing baseless claims against Vesta Strategies and by trying to drag Vesta Strategies' majority member and manager, Terzakis, into this lawsuit. (*See generally* Doc. 29.) Tognazzini brings five claims in total, four against both Vesta Strategies and Terzakis: (1) breach of her employment agreement with Vesta Strategies; (2) wrongful termination of her employment with Vesta Strategies; (3) breach of the covenant of good faith and fair dealing; and (4) libel and slander. Tognazzini brings an additional claim solely against Terzakis for (5) interference with employment relationship. Like the claims of her co-defendants the Estupinians, most of Tognazzini's claims must be summarily dismissed or stricken for failure to state a claim upon which relief may be granted.

## II. SUMMARY OF ARGUMENT

All five of Tognazzini's counts must be dismissed or stricken, either in whole or in part, for the following reasons.

**Breach of Contract.** Tognazzini's breach of contract claim against Terzakis fails for the simplest of reasons: Tognazzini did not have and does not allege a contract with Terzakis. Absent an enforceable contract with Terzakis, Tognazzini's breach of contract claim against Terzakis obviously fails.

**Wrongful Termination.** Tognazzini's wrongful termination claim must be dismissed as to both Vesta Strategies and Terzakis, because Tognazzini does not allege that Vesta Strategies terminated her for a purpose that contravenes public policy, a necessary element of her claim. Additionally, as with Tognazzini's breach of contract claim against Terzakis, Tognazzini's wrongful termination claim against Terzakis fails because Vesta Strategies – not Terzakis – was her employer.

**Implied Covenant of Good Faith and Fair Dealing.** Tognazzini's claim for breach of the implied covenant of good faith and fair dealing fails because California law clearly and unequivocally does not recognize an independent cause of action for breach of the covenant of good faith and fair dealing under these circumstances. Tognazzini has simply not stated a cognizable cause of action under California law.

**Libel and Slander.** The Court should dismiss or strike Tognazzini's libel and slander claim and award Vesta Strategies and Terzakis their attorneys' fees and costs pursuant to the California Anti-SLAPP Statute. Indeed, the alleged defamatory acts by Vesta Strategies and Terzakis were absolutely privileged and therefore not subject to an action for libel and slander under California law.

**Interference with Employment Relationship.** Tognazzini's claim for interference with employment relationship must be dismissed because this tort applies only to domestic servants, not business employees such as Tognazzini. Again, Tognazzini has attempted to state a claim that is simply not allowed under established California law.

## III. LEGAL STANDARDS

### A. Rule 12(b)(6) Motion to Dismiss Standards

On a Rule 12(b)(6) motion to dismiss, the Court must take the alleged facts as true and construe all inferences that can be drawn from the alleged facts in the claimant's favor. *See Barron v. Reich*, 13 F.3d 1370, 1374 (9th Cir. 1994). However, the Court is not required to accept "conclusory legal allegations cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754 (9th Cir. 1994).

### B. California Anti-SLAPP Motion to Strike Standards

In federal court, "[w]here a plaintiff or cross-claimant files a complaint arising from another party's assertion of their right to free speech, that complaint is subject to an anti-SLAPP motion" under California law. *Summit Media LLC v. City of Los Angeles*, No. CV072649RSWL (AJWx), 2008 U.S. Dist. LEXIS 3834, at *21 (C.D. Cal. Jan. 2, 2008); *see also United States ex rel. Newsham v. Lockheed Missiles & Space Co.*, 190 F.3d 963, 972 (9th Cir. 1999) (confirming that a special motion to strike under CAL. CIV. P. CODE § 425.16(b) and fees and costs under CAL. CIV. P. CODE § 425.16(c) are available in federal court).

In considering an Anti-SLAPP motion, the Court must engage in a two-step process. First, the Court must determine whether the moving party has made a prima facie showing that the claims "arise from acts of the [moving party] taken to further the [moving party's] right of free speech or petition in connection with a public issue." *Summit Media LLC*, 2008 U.S. Dist. LEXIS 3834, at *24 (quoting *Ingels v. Westwood One Broad. Servs., Inc.*, 129 Cal. App. 4th 1050, 1061 (2005)). "To make this determination, the court must consider the pleadings, and supporting and opposing affidavits stating the facts on which the liability or defense is based." *Id*. (quotation omitted).

Second, "[i]f the moving party makes the prima facie showing . . ., the burden shifts to the plaintiff to demonstrate a probability that the opposing party will prevail on the claim." *Id*. (quotations omitted). "To satisfy this burden, the plaintiff must show that the complaint is legally sufficient and supported by a prima facie showing of facts to sustain a favorable judgment if the evidence submitted by the plaintiff is credited." *Id.* (quotations omitted). "The burden is much like that used in determining a motion for nonsuit or directed verdict, which mandates that no reasonable jury could find for the plaintiff." *Id.* (quotation omitted). If the plaintiff fails to meet its burden, the Anti-SLAPP motion must be granted. *Id*.

## IV. ARGUMENT

### A. The Court Should Dismiss Tognazzini's Breach of Contract Claim Against Terzakis

In Count I, Tognazzini claims that Vesta Strategies and Terzakis breached Tognazzini's employment contract with Vesta Strategies. Tognazzini's breach of contract claim against Terzakis must be dismissed for the simple reason that Tognazzini does not allege that she had a contract with Terzakis. *See Canova v. Trustees of Imperial Irrigation Dist. Employee Pension Plan*, 150 Cal. App. 4th 1487, 1494 (Cal. Ct. App. 2007) (holding that an essential element of a breach of contract claim "is the existence of a contract" between the plaintiff and the defendant) (citing *Careau & Co. v. Sec. Pac. Bus. Credit*, 222 Cal. App. 3d 1371, 1388 (Cal. Ct. App. 1990)). Instead, Tognazzini alleges that she had an employment contract with Vesta Strategies, not Terzakis. (Doc. 29 at ¶ 10.) Therefore, Tognazzini's breach of contract claim against Terzakis must be dismissed.

### B. The Court Should Dismiss Tognazzini's Wrongful Termination Claim Against Vesta Strategies and Terzakis

In Count II, Tognazzini purports to state a claim against both Vesta Strategies and Terzakis for wrongful termination. That claim is without merit.

Preliminarily, like her breach of contract claim against Terzakis, Tognazzini's wrongful termination claim against Terzakis must be dismissed because she does not (and cannot) allege an essential element of her claim: Tognazzini does not (and cannot) allege that she had an employer-employee relationship with Terzakis. *See Markey v. Kudelski S.A.*, No. 06-CV-1300 (RBB), 2008 U.S. Dist. LEXIS 701, at *35 (S.D. Cal. Jan. 3, 2008) (citing *Holmes v. General Dynamics Corp.*, 17 Cal. App. 4th 1418 (Cal. Ct. App. 1993)). Instead, Tognazzini alleges only that she had an employment relationship with Vesta Strategies, not Terzakis. (Doc. 29 at ¶ 10.) Tognazzini's claim against Terzakis for wrongful termination must be dismissed for that reason alone.

Further, Tognazzini's wrongful termination claim must be dismissed as to both Vesta Strategies and Terzakis for another fundamental reason. To state a claim for wrongful termination under California law, the plaintiff must allege that the termination was in violation of

a public policy that is "delineated in constitutional or statutory provisions." *Scott v. Solano County Health & Soc. Order Servs. Dep't*, 459 F. Supp. 2d 959, 968 n.11 (E.D. Cal. 2006). The tort of wrongful discharge is only committed if the employee is terminated for "a *purpose* that contravenes fundamental public policy." *Gould v. Md. Sound Indus.*, 31 Cal. App. 4th 1137, 1148 n.3 (Cal. Ct. App. 1995) (emphasis in original).

Thus, an essential element of Tognazzini's claim is that she was terminated by Vesta Strategies for a purpose that contravenes a public policy found in a constitutional or statutory provision. Tognazzini has not properly pled that essential element. Tognazzini never alleges, as she must, that she was terminated by Vesta Strategies **for a purpose** that contravenes public policy. To the contrary, she merely alleges that she was terminated and that Vesta Strategies then failed to pay wages and other compensation that she claims are owed to her.

The **only** violation of a constitutional or statutory provision that Tognazzini mentions anywhere in her complaint is a violation of California Labor Code § 201(a). (Doc. 29 at ¶ 23.) That mere reference to a wage law is not sufficient to establish an improper purpose to violate fundamental public policy. Indeed, a plaintiff can state a claim for wrongful termination for failure to pay wages under California Labor Code § 201(a) **only** if the plaintiff alleges that the defendant "discharged [plaintiff] **in order to avoid paying him** the commissions, vacation pay, and other amounts he had earned." *Gould v. Md. Sound Indus.*, 31 Cal. App. 4th 1137, 1148 (Cal. Ct. App. 1995) (emphasis added); *accord Staton v. Husky Computers*, No. 96-17249, 1998 U.S. App. LEXIS 29608, at *3 (9th Cir. Apr. 16, 1998).

Here, Tognazzini does not allege that Vesta Strategies or Terzakis terminated her "in order to avoid paying" Tognazzini any wages that she allegedly earned. Instead, Tognazzini merely alleges that Vesta Strategies "willfully terminat[ed] her and willfully fail[ed] to pay her final two weeks wages, accumulated vacation pay, and other benefits in violation of California Labor Code § 201(a)." (Doc. 29 at ¶ 23.) Vesta Strategies and Terzakis are simply not alleged to have terminated Tognazzini's employment "to avoid paying" the approximately $3,000 in wages

and vacation pay that she claims she is owed.[1] Tognazzini's wrongful termination claim therefore fails as a matter of law. *See Gould*, 31 Cal. App. 4th at 1148; *see also Staton*, 1998 U.S. App. LEXIS 29608 at *3.

### C. The Court Should Dismiss Tognazzini's Breach of the Covenant of Good Faith and Fair Dealing Claim Against Vesta Strategies and Terzakis

In Count III, Tognazzini alleges that Vesta Strategies and Terzakis breached the implied covenant of good faith and fair dealing. Specifically, Tognazzini claims that "Vesta Strategies [sic] termination of Tognazzini was wrongful, in bad faith and unfair, and therefore a violation of it's [sic] legal duties and the covenant of good faith and fair dealing." (Doc. 29 at ¶ 31.) That claim fails as a matter of law for at least two basic reasons: (1) it fails as to Terzakis because, as previously discussed, Tognazzini does not allege that she even had a contract with Terzakis; and (2) it fails as to both Vesta Strategies and Terzakis because California does not recognize an independent cause of action for breach of the implied covenant of good faith and fair dealing under these circumstances.

First, as an initial matter, an alleged breach of the covenant of good faith and fair dealing, which is simply an implied contract term, is "*solely contractual*." *See Guz v. Bechtel Nat'l, Inc.*, 24 Cal. 4th 317, 352 (Cal. 2000) (emphasis in original). A breach of that implied contractual covenant cannot support an independent theory of damages outside of a breach of contract claim. *See id*. "Allegations that the breach was wrongful, in bad faith, arbitrary, and unfair are unavailing; there is no tort of 'bad faith breach' of an employment contract." *Id*. Therefore, Tognazzini's claim against Terzakis must be dismissed because Tognazzini does not allege that she had a contract with Terzakis. *See id.*

Second, Tognazzini's claim should be dismissed as to both Vesta Strategies and Terzakis because California does not recognize an independent claim for breach of the covenant of good faith and fair dealing under these circumstances. Tognazzini alleges that her termination was a violation of the covenant because of promises allegedly made in her employment agreement

---

[1] The truth is that Tognazzini was not fired "to avoid paying" this small amount of money. She was fired because, as alleged in Vesta Strategies' complaint, Vesta Strategies learned that she was not a true employee providing any valuable services to Vesta Strategies and was part of the Estupinians' wrongdoing against Vesta Strategies.

("express … promises") and because of "implied promises" she claims were made in connection with her employment relationship. (Doc. 29 at ¶ 30.)

The California Supreme Court has squarely held that such allegations by a terminated employee cannot state an independent claim for breach of the covenant of good faith and fair dealing. The covenant of good faith and fair dealing "cannot impose substantive duties or limits on the contracting parties beyond those incorporated in the specific terms of their agreement." *See Guz*, 24 Cal. 4th at 350. Even more specifically, the California Supreme Court confirmed that numerous California Court of Appeal decisions "have recognized that the implied covenant of good faith and fair dealing imposes no independent limits on an employer's prerogative to dismiss employees." *Id.* at 351 (collecting California employment cases). The California Supreme Court cogently explained the rationale:

> To the extent Guz's implied covenant cause of action seeks to impose limits on Bechtel's termination rights *beyond* those to which the parties actually agreed, the claim is invalid. To the extent the implied covenant claim seeks simply to invoke terms to which the parties *did* agree, it is superfluous. . . . The trial court thus properly dismissed the implied covenant cause of action.

*Id*. at 352-53.

The same result must be reached here. If Tognazzini's claim purports to limit Vesta Strategies' termination rights beyond those in her alleged employment contract, it is invalid. If Tognazzini's claim purports to invoke the terms of her alleged employment contract, it is superfluous. Either way, Tognazzini's claim fails and must be dismissed. *See id.* (affirming the trial court's dismissal of an implied covenant claim). Indeed, both federal and state courts in California have routinely and consistently dismissed such claims. *See, e.g., Diyorio v. AT&T*, 242 Fed. Appx. 450, 453 n.4 (9th Cir. 2007) ("Although Diyorio pled a separate claim alleging that her termination breached the implied covenant of good faith and fair dealing in the employment contract, California law governing employment contracts does not allow such a stand-alone claim in the circumstances of this case."); *Moreau v. Air Fr.*, 356 F.3d 942, 954 (9th Cir. 2004) (granting summary judgment to the defendant on a breach of covenant claim because the implied covenant cannot expand an employee's contractual rights); *Gabana Gulf Distribution, Ltd. v. Gap Int'l Sales, Inc.*, No. C 06-02584 CRB, 2008 U.S. Dist. LEXIS 1658, at *35 (N.D. Cal. Jan. 9,

1  2008) (dismissing a breach of covenant of good faith and fair dealing claim as superfluous);

2  *Romaneck v. Deutsche Asset Mgmt.*, No. C05-2473 TEH, 2006 U.S. Dist. LEXIS 59397, at *27-

3  28 (N.D. Cal. Aug. 17, 2006) (granting summary judgment in favor of the defendant because

4  "[t]he California Supreme Court has held that a breach of implied covenant claim is not

5  actionable under these circumstances").

### D. The Court Should Dismiss or Strike Tognazzini's Libel and Slander Claim Against Vesta Strategies and Terzakis and Award Them Their Attorneys' Fees and Costs Based on California's Anti-SLAPP Statute

In Count IV, Tognazzini (like the Estupinians) claims that Vesta Strategies and Terzakis committed libel against Tognazzini because they allegedly "published copies of the complaint in this matter, which alleges untruths and defamatory statements directed at Tognazzini," and then "proceeded to pass the complaint from the instant matter among employees of Vesta Strategies and published it's [sic] untruths in letters written on their behalf to the Department [sic] of Labor Standards, State of California."[2] (Doc. 29 at ¶ 36.) Tognazzini's libel claim must be dismissed or stricken pursuant to the California Anti-SLAPP Statute because her claim arises from Vesta Strategies' and Terzakis' right of petition or free speech in connection with a public issue under the United States and California Constitutions and because Vesta Strategies' and Terzakis' actions are privileged under CAL. CIV. CODE § 47.

To satisfy their initial burden on their Anti-SLAPP motion, Vesta Strategies and Terzakis can easily make "an initial prima facie showing that [Tognazzini's claim for libel arises] from acts of [Vesta Strategies and Terzakis] taken to further [their] right of free speech or petition in connection with a public issue." *Summit Media LLC*, 2008 U.S. Dist. LEXIS 3834, at *24. The burden then shifts to Tognazzini, who cannot "demonstrate a probability" that she will prevail on her libel claim, because Vesta Strategies' and Terzakis' alleged communications are absolutely privileged under California law. *See id*. Because Tognazzini cannot meet her burden of proving a non-privileged defamatory statement, Vesta Strategies' and Terzakis' Anti-SLAPP motion must be granted.

---

[2] The California Division of Labor Standards is a division of the California Department of Industrial Relations, not a free-standing department.

### 1. A Prima Facie Case Is Established Because Vesta Strategies' and Terzakis' Actions Were Taken to Further Their Right of Free Speech or Petition in Connection with a Public Issue

A defendant to a libel claim may meet its "burden of establishing that the complaint 'arises from' protected activity by demonstrating that the act underlying the plaintiff's cause fits one of the categories spelled out in section 425.16, subdivision (e)" of the California Code of Civil Procedure. *Annette F. v. Sharon S.*, 119 Cal. App. 4th 1146, 1160 (Cal. Ct. App. 2004). "In determining whether a cause of action falls within the scope of subdivision (e), courts must broadly construe the anti-SLAPP statute." *Id.* Tognazzini's libel claim against Vesta Strategies and Terzakis arises from protected activity and falls squarely within subdivision (e) because it alleges only (1) written statements or writings made before, or in connection with an issue under consideration or review by, a judicial body or another official proceeding authorized by law, which were (2) made in connection with a public issue.[3]

First, Vesta Strategies' and Terzakis' alleged act of sending a letter to the Division of Labor Standards is protected under subdivision (e) because the letter was unquestionably a "written statement or writing made before … [an] official proceeding authorized by law." CAL. CODE CIV. PROC. § 425.16(e)(1); *see Computerxpress, Inc. v. Jackson,* 93 Cal. App. 4th 993, 1009 (Cal. Ct. App. 2001) (stating that the court had "little difficulty" finding that a letter of complaint sent to the SEC and allegedly defaming the plaintiff "qualified at least as a statement before an official proceeding"); *Smith v. Rae-Venter Law Group*, 29 Cal. 4th 345, 355 (Cal. 2002) (discussing the administrative procedures of the Division of Labor Standards), *superseded by statute on other grounds as recognized in Eicher v. Advanced Bus. Integrators, Inc.*, 151 Cal. App. 4th 1363, 1384 (Cal. Ct. App. 2007). Indeed, Tognazzini filed a wage claim with the California Division of Labor Standards. The allegedly defamatory letter that Tognazzini now complains about was simply Vesta Strategies' letter to that administrative agency as part of the

---

[3] Vesta Strategies' and Terzakis' alleged act of publishing the complaint to employees of Vesta Strategies is also privileged under CAL. CIV. CODE § 47, subdivision b, including without limitation because it was an internal communication made between members of a party regarding potential or actual litigation. *See infra*, Part IV.D.2. Therefore, that alleged act is "equally entitled to the benefits of section 425.16." *Briggs v. Eden Council for Hope & Opportunity*, 19 Cal.4th 1106, 1115 (1999).

administrative process objecting to that wage claim and explaining the basis for that objection. A copy of Vesta Strategies' response letter is attached as Exhibit A.[4]

The alleged publication of the complaint to Vesta Strategies' employees also falls within subdivision (e) because it was a "written or oral statement or writing made **in connection with** an issue under consideration or review by a . . . judicial body, or any other official proceeding authorized by law." CAL. CODE CIV. PROC. § 425.16(e) (2) (emphasis added). This "in connection with" language is construed broadly. *Annette F.*, 119 Cal. App. 4th at 1160. For example, in *Annette F.*, the plaintiff brought an action against the defendant for libel based on the defendant's out-of-court comments that the plaintiff had domestically abused her. *Id.* The court held that the libel action was "based on allegations made by [the defendant] in connection with an issue under consideration by a judicial body," because the allegations of physical abuse "were directly at issue in [] underlying adoption proceedings." *Id.* Similarly, because the alleged statements contained in the complaint in this lawsuit are, by definition, directly "under consideration or review by" a judicial body, Vesta Strategies and Terzakis are protected under subdivision (e) because their statements were made "in connection with" that proceeding.

Second, statements made in a complaint in a lawsuit or as part of an administrative process are also unquestionably "connected with a public issue." Indeed, under California law, "a defendant moving to strike a cause of action arising from a statement made before, or in connection with an issue under consideration by, a legally authorized official proceeding need **not** separately demonstrate that the statement concerned an issue of public significance." *Briggs v. Eden Council for Hope & Opportunity*, 19 Cal. 4th 1106, 1123 (Cal. 1999) (emphasis in original).

Accordingly, Vesta Strategies and Terzakis have easily made an initial prima facie showing under the California Anti-SLAPP Statute that Tognazzini's libel claim arises from acts taken to further their right of free speech or petition in connection with a public issue. As a result,

---

[4] This documents is properly before the Court here because Tognazzini specifically refers to Vesta Strategies' letter in her complaint, (Doc. 29 at ¶ 36), and "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss." *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994), *overruled on other grounds by Galbraith v. County of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002).

the burden shifts to Tognazzini to demonstrate "a probability that [she] will prevail" on her libel claim. As explained in the next section, she cannot meet that burden.

### 2. Tognazzini Cannot Meet Her Burden to Show that She Will Prevail on Her Libel Claim

Tognazzini cannot meet her burden because Vesta Strategies' and Terzakis' actions were absolutely privileged under California law. California defines libel as "a false and unprivileged publication by writing . . . which exposes any person to hatred, contempt, ridicule, or obloquy, or which causes him to be shunned or avoided, or which has a tendency to injure him in his occupation." CAL. CIV. CODE § 45 (emphasis added). California expressly defines by statute which publications are privileged and are therefore not libelous. *See* CAL. CIV. CODE § 47.

Tognazzini cannot meet her burden to show that she will prevail on her libel claim based on Vesta Strategies' and Terzakis' act of sending a letter to the California Division of Labor Standards for the simple reason that a publication made in any official proceeding authorized by law, including one made to the California Division of Labor Standards, is expressly and absolutely privileged under CAL. CIV. CODE § 47. *See* CAL. CIV. CODE § 47; *Dorn v. Mendelzon*, 196 Cal. App. 3d 933, 941 (Cal. Ct. App. 1987) (noting that a letter of complaint sent to the California Board of Medical Quality Assurance was an absolutely privileged publication under CAL. CIV. CODE § 47).

Tognazzini also cannot meet her burden to show that she will prevail on her libel claim based on Vesta Strategies' and Terzakis' alleged publishing of the complaint in this matter to Vesta Strategies' employees because that alleged publication is also absolutely privileged. Under CAL. CIV. CODE § 45, "publications are absolutely privileged if they are 'made in any judicial proceeding.'" *See Pollock v. Univ. of Southern Cal.*, 112 Cal. App. 4th at 1430. "The privilege is broadly applied to protect most publications within lawsuits provided there is some connection between the lawsuit and the publication." *Id.* Doubts about the privilege's applicability are resolved in favor of its use. *Id.*

Thus, the litigation privilege is construed broadly to apply to private communications between members of a party that relate to potential or actual litigation. *Pollock,* 112 Cal. App. at

1430. For example, in *Pollock*, the plaintiff alleged that the president of the University of Southern California Academic Senate made false statements in a declaration and e-mail communications that related to potential and actual litigation that were transmitted between the president and the Academic Senate. *Id.* The Court found that, whether or not "the declaration was perjurious, it is a privileged publication because it was a private communication . . . between members of a party that related not only to potential but to actual litigation." *Id.* "The e-mail was generated in response to the litigation and the declaration and attached exhibits were communications relating to a judicial proceeding." *Id.*

The same is true in this case. Here, like in *Pollock*, the litigation privilege extends to Vesta Strategies' and Terzakis' alleged publication of the complaint in this action to Vesta Strategies' own employees. The alleged publication of the complaint was a communication allegedly made between members of the same party (*i.e.*, Vesta Strategies itself, Vesta Strategies' employees, and Terzakis, who is Vesta Strategies' 51% owner/manager) related to potential or actual litigation. (Doc. 29 at ¶ 18.) Vesta Strategies' and Terzakis' alleged publication of the complaint to employees of Vesta Strategies is therefore absolutely privileged under California law, [5] and Tognazzini cannot meet her burden of establishing that she will prevail on her libel claim.

Thus, Vesta Strategies' and Terzakis' Anti-SLAPP motion should be granted. For the same reasons, Tognazzini's libel and slander claim must be dismissed pursuant to Rule 12(b)(6).

### E. The Court Should Dismiss Tognazzini's Interference with Employment Relationship Claim Against Terzakis

Finally, in Count V, Tognazzini purports to state a claim against Terzakis for interference with her employment relationship with Vesta Strategies. Yet again, that claim is entirely without legal basis under established California law.

Pursuant to clear and unequivocal California Supreme Court precedent, the tort of interference with employment relationship extends only to interference with the services of a

---

[5] Even if the alleged publication at issue was not absolutely privileged under California law under the litigation privilege, it would still be privileged as a publication made "without malice, to a person interested therein, … by one who is also interested." CAL CIV CODE § 47 (b), (c).

domestic servant. *See Shoemaker v. Myers*, 52 Cal. 3d 1, 24 (Cal. 1990). The tort is inapplicable to a commercial business employee such as Tognazzini. *See id.* Tognazzini's claim must therefore be dismissed out of hand.[6]

## V. CONCLUSION

For the reasons set forth above, Vesta Strategies and Terzakis respectfully request that the Court: (1) grant Vesta Strategies' and Terzakis' motion to dismiss or strike Tognazzini's claim for libel and slander; (2) grant Vesta Strategies' and Terzakis' motion to dismiss Tognazzini's claims; and (3) award Vesta Strategies and Terzakis their attorneys' fees and costs pursuant to California's Anti-SLAPP Statute.

Dated: April 7, 2008

Respectfully submitted,

McDERMOTT WILL & EMERY LLP

By: /s/ Aron J. Frakes
Aron J. Frakes

Attorneys for Plaintiff and Counter Defendant VESTA STRATEGIES, LLC; and Third Party Defendant JOHN TERZAKIS

CHI99 4961212-5.029407.0020

---

[6] Additionally, Tognazzini's claim against Terzakis should be dismissed because it is procedurally improper. As explained in detail in Vesta Strategies' and Terzakis' motion to dismiss or strike the Estupinians' claims, joinder of third parties under Rule 13(h) is only allowed when the counterclaim or crossclaim involves at least one existing party, and Vesta Strategies is not a party to this claim. *See, e.g.*, *Jacks v. JBJ Elec. Co.*, No. 042110PHXMHM, 2006 U.S. Dist. LEXIS 83327, at *3 (D. Ariz. Nov. 13, 2006). Rule 14(a)(1), the only other rule that allows a defendant to join a claim against a third party, also does not authorize Tognazzini's claim here because such a claim "may be asserted only when the third party's liability is in some way dependent on the outcome of the main claim and is secondary or derivative thereto." *Stewart v. Am. Int'l Oil & Gas Co.*, 845 F.2d 196, 199 (9th Cir. 1988).