1  **Kevin R. Martin, SBN 176853**
   kmartin@randicklaw.com
2  **Brian M. O'Dea, SBN 45704**
   bodea@randicklaw.com
3  **Patrick E. Guevara SBN 202727**
   pguevara@randicklaw.com
4  **RANDICK O'DEA & TOOLIATOS, LLP**
   5000 Hopyard Road, Suite 400
5  Pleasanton, California   94588
   Telephone      (925) 460-3700
6  Facsimile      (925) 460-0969

7  Attorneys for Defendants, Counter Claimants and Third Party Claimants ROBERT E.
   ESTUPINIAN, GINNY ESTUPINIAN and MUTUAL VISION, LLC,  and Defendants and
8  Third Party Claimants MILLENNIUM REALTY GROUP, VESTA REVERSE 100, LLC,
   VESTA CAPITAL ADVISORS, LLC, EDMUNDO ESTUPINIAN, and HAYDEE
9  ESTUPINIAN,

10

11                    UNITED STATES DISTRICT COURT

12                  NORTHERN DISTRICT OF CALIFORNIA

13                         SAN JOSE DIVISION

14  VESTA STRATEGIES, LLC,                    Case No.:  C 07-06216 JW RS

15              Plaintiff,                    **FIRST AMENDED COUNTERCLAIM
                                              AGAINST VESTA STRATEGIES, LLC,**
16       vs.                                  **JOHN TERZAKIS, SINGLE SITE
                                              SOLUTIONS CORP.,  B&B SPARCO**
17  ROBERT E. ESTUPINIAN, GINNY               **PROPERTIES, INC., AND PETER YE**
    ESTUPINIAN, MUTUAL VISION, LLC,           **AND**
18  MILLENNIUM REALTY GROUP, VESTA            **FIRST AMENDED THIRD-PARTY**
    REVERSE 100, LLC, VESTA CAPITAL           **COMPLAINT FOR INDEMNIFICATION,**
19  ADVISORS, LLC, CAROL-ANN                  **APPORTIONMENT OF FAULT, AND**
    TOGNAZZINI, EDMUNDO ESTUPINIAN,           **DECLARATORY RELIEF AGAINST JOHN**
20  and HAYDEE ESTUPINIAN,                    **TERZAKIS, SINGLE SITE SOLUTIONS**
                                              **CORP.,  B&B SPARCO PROPERTIES, INC.,**
21              Defendants.                   **AND PETER YE,**

22  _____          **DEMAND FOR JURY**

23
    ROBERT E. ESTUPINIAN, GINNY
24  ESTUPINIAN, and MUTUAL VISION,
    LLC, ,
25                  Counter Claimants,

26       vs.

27  VESTA STRATEGIES, LLC,  JOHN
    TERZAKIS, SINGLE SITE SOLUTIONS

28                                                                                1

    FIRST AMENDED COUNTERCLAIM AND FIRST AMENDED THIRD-PARTY COMPLAINT
    CASE NO.:  C 07-06216 JW RS
                          168616_3.DOC

1   CORP., B&B SPARCO PROPERTIES,
    INC., and PETER YE,

2

                    Counter Defendants

3

4   ROBERT E. ESTUPINIAN, GINNY
    ESTUPINIAN, MUTUAL VISION, LLC,

5   MILLENNIUM REALTY GROUP, VESTA
    REVERSE 100, LLC, VESTA CAPITAL

6   ADVISORS, LLC, EDMUNDO
    ESTUPINIAN, and HAYDEE

7   ESTUPINIAN,

8                   Third Party Claimants,

9        vs.

10  JOHN TERZAKIS, SINGLE SITE
    SOLUTIONS CORP., B&B SPARCO

11  PROPERTIES, INC., and PETER YE,

12                  Third Party Defendants.

13

14          Defendants, Counter Claimants, and Third Party Claimants MUTUAL VISION, LLC,

15  ROBERT ESTUPINIAN, and GINNY ESTUPINIAN and Defendants and Third Party Claimants

16  MILLENNIUM REALTY GROUP, VESTA REVERSE 100, LLC, VESTA CAPITAL

17  ADVISORS, LLC, EDMUNDO ESTUPINIAN and HAYDEE ESTUPINIAN allege the

18  following:

19                              **NATURE OF ACTION**

20          1.      This case arises out of the soured relationship between John Terzakis

21  ("Terzakis") and Robert Estupinian in connection with Terzakis' continued mismanagement and

22  use of their joint business venture and entity, Vesta Strategies, LLC (the "Company" or "Vesta

23  Strategies"), to perpetrate a sophisticated "paper hanging" or "kiting" scheme.

24          2.      When Robert Estupinian and his wife, Ginny Estupinian, learned about the true

25  nature of Terzakis' kiting scheme and then refused to cooperate with the scheme, Terzakis, as the

26  sole manager and majority member of the Company, threatened, intimidated, and unlawfully

27  discharged Robert Estupinian from his position as CEO and Ginny Estupinian as President.

28                                                                                      2

FIRST AMENDED COUNTERCLAIM AND FIRST AMENDED THIRD-PARTY COMPLAINT
CASE NO.:  C 07-06216 JW RS
                              168616_3.DOC

3.    Vesta Strategies is a qualified intermediary for tax-deferred real estate "Like-Kind Exchanges" pursuant to the Internal Revenue Code Section 1031 and has, at any one time, control of ten to thirty million dollars in client deposits.  Vesta Strategies is the latest incarnation of the qualified intermediary business model first put together by Terzakis and Estupinian in 2000.  At various times since then, Robert Estupinian had to reorganize the business to overcome negative publicity and lawsuits spawned by Terzakis' mismanagement, manipulation, conversion, embezzlement, and kiting of client and business assets.

4.    Robert and Ginny Estupinian own the membership shares of Mutual Vision, LLC, which is a member of Vesta Strategies with a 49% ownership interest.  Mutual Vision, LLC counterclaims against Vesta Strategies, Terzakis and his businesses Single Site Solutions Corp. ("Single Site" or "SSSC") and B&B Sparco Properties, Inc. ("B&B") for damages caused by numerous fraudulent and unlawful conduct including, without limitation:

- The unlawful distribution of Vesta Strategies' client and company funds to Terzakis, his family, SSSC, B&B, or his other businesses;

- The issuance and acceptance of fraudulent or non-existent promissory notes to disguise unlawful distributions of Company and client funds;

- Terzakis' conversion of Company funds for his own personal use;

- Terzakis' use of Company funds to pay for obligations he or his entities' incurred from activities unrelated to the Company;

- Deliberately and continuously refusing to provide Mutual Vision, LLC accounting and tax records of the Company to hide revenue unlawfully distributed to Terzakis, his family, and his businesses; and

- Approval of vendor expenses with the intention of withholding payment for debts and transferring liability for such debts to the minority member, Mutual Vision, LLC.

5.    Robert E. Estupinian, Ginny Estupinian, and Mutual Vision, LLC, bring counterclaims against Vesta Strategies for RICO violations, unlawful distributions, failure to maintain and provide records, breach of fiduciary duties, wrongful discharge in violation of

3

FIRST AMENDED COUNTERCLAIM AND FIRST AMENDED THIRD-PARTY COMPLAINT
CASE NO.:  C 07-06216 JW RS

168616_3.DOC

1    public policy and intentional infliction of emotional distress.  Third parties Terzakis, SSSC, B&B

2    and Peter Ye are joined in those claims as necessary and indispensable parties and to the extent

3    they are joint and severally liable for said conduct.

4         6.    Furthermore, any and all damages, if they exist, as alleged in Vesta Strategies'

5    Second Amended Complaint against Mutual Vision, LLC, Millenium Realty Group, Vesta

6    Reverse 100, LLC, Vesta Capital Advisors, LLC, Robert Estupinian, Ginny Estupinian,

7    Edmundo Estupinian, and Haydee Estupinian were caused in whole or in part by Terzakis, his

8    companies SSSC and B&B, and Peter Ye and are therefore impleaded for declaratory relief,

9    indemnification, and apportionment of fault.

10                              **PARTIES**

11        7.    Counter Claimant and Third Party Claimant Mutual Vision, LLC ("Mutual

12   Vision") is a California limited liability company and is a member of Plaintiff and Counter

13   Defendant Vesta Strategies, LLC with a 49% ownership interest.

14        8.    Counter Claimant and Third Party Claimant Robert Estupinian is a member of

15   Mutual Vision and was employed by Vesta Strategies as its Chief Executive Officer.

16        9.    Counter Claimant and Third Party Claimant Ginny Estupinian is member of

17   Mutual Vision and was employed by Vesta Strategies as its President.

18        10.   Third Party Claimants Edmundo and Haydee Estupinian are the parents of Robert

19   Estupinian.

20        11.   Plaintiff and Counter Defendant Vesta Strategies, LLC is a two-member

21   California limited liability company.  Its members are Terzakis and Mutual Vision.  At all

22   relevant times hereto, its offices were located at 150 Almaden Boulevard, Suite 135, San Jose,

23   California.

24        12.   Counter Defendant and Third Party Defendant John Terzakis is a member and

25   sole manager of the Company.  Terzakis holds a 51% ownership interest and, by virtue his

26   majority interest, effectively controls the Company.   Upon information and belief, Terzakis is a

27   / / /

28                                                            4

FIRST AMENDED COUNTERCLAIM AND FIRST AMENDED THIRD-PARTY COMPLAINT
CASE NO.:  C 07-06216 JW RS

1    resident of Illinois with his primary place of business at 7450 Quincy Street, Willowbrook,

2    Illinois.

3          13.     Upon information and belief, Counter Defendant and Third Party Defendant

4    Single Site Solutions Corp. is an Illinois corporation with its principal place of business at 7450

5    Quincy Street, Willowbrook, Illinois.  According to its website at www.singlesitecorp.com,

6    Single Site is a real estate development and investment firm. Upon information and belief,

7    Terzakis is the President, CEO, and majority owner of Single Site.  Upon information and belief,

8    Single Site handles all the formal accounting for Terzakis' business interests, including Vesta

9    Strategies, LLC.

10          14.     Upon information and belief, Counter Defendant and Third Party Defendant B&B

11    Sparco Properties, Inc. is an Illinois corporation with its principal place of business at 7450

12    Quincy Street, Willowbrook, Illinois.  Upon information and belief, Terzakis is the President,

13    CEO, and majority owner of B&B.  Upon information and belief, B&B is also a real estate

14    development and investment business.

15          15.     Counter Defendant and Third Party Defendant Peter Ye ("Ye") is the Vice-

16    president of Operations of Vesta Strategies.  Upon information and belief, Ye resides in San

17    Jose, California.

18          16.     Counter Claimants and Third Party Claimants allege throughout this pleading that

19    various members of John Terzakis' family have participated in or are in receipt of Vesta

20    Strategies' client funds and revenues.  Counter Claimants and Third Party Claimants do not

21    know the true names or capacities, whether individual, corporate, associate or otherwise, of these

22    defendants and therefore will seek leave to amend this pleading to show the true names or

23    capacities when the same has finally been determined.  Counter Claimants and Third Party

24    Claimants are informed and believe, and on such information and belief alleges, that each of the

25    defendants, is responsible in contract, or tort, or equity, or by statute for the events and

26    happenings herein referred to and proximately caused injuries or damages thereby, and each of

27    them as is hereinafter alleged.

28     

         5

FIRST AMENDED COUNTERCLAIM AND FIRST AMENDED THIRD-PARTY COMPLAINT
CASE NO.:  C 07-06216 JW RS

**JURISDICTION AND VENUE**

17.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and F.R.C.P. 13, 14, 19, and 20.  The Court has supplemental jurisdiction over this matter pursuant to 28 U.S.C. § 1367 in that the counterclaims herein arise out of the transaction or occurrences that is the subject matter of the main claims, or are permissive under the joinder provisions of and the impleader provisions of Rule 14(a).

18.     Venue is proper pursuant to 28 U.S.C. § 1391(a) in that a substantial portion of the events giving rise to this action occurred in Santa Clara County, California.

**JURY DEMAND**

19.     Counter Claimants and Third Party Claimants demand a trial by jury.

**GENERAL ALLEGATIONS**

20.     John Terzakis and Robert Estupinian first began working together on March 2000 in a company called Investment Advantage Group, LLC.  After the demise of Investment Advantage Group, LLC as a result of Terzakis' actions, the two subsequently formed IAG 1031, LLC and, most recently, Vesta Strategies.   All three businesses operated as qualified intermediaries for Internal Revenue Code Section 1031 tax-deferred real estate exchanges.  As qualified intermediaries, these companies collect deposits from clients who have sold property and are looking for subsequent investment property in order to avoid realizing capital gains on the sale and in order to recapture depreciation values.  The qualified intermediary holds the deposit, and at the appropriate time, has an obligation to pay those funds out to the customer.

21.     A qualified intermediary transacts an "exchange" in two phases.   The first phase, usually called a "down-leg," occurs during the sale of a taxpayer/client's property.  In this phase, the client executes exchange documents and the proceeds from the sale are transferred to the qualified intermediary.  The second phase, or "up-leg," involves the taxpayer/client's purchase of a new property with client deposits held by the qualified intermediary.  In this phase, the client executes a second set of exchange documents and the qualified intermediary transfers the client funds to the escrow company to close purchase of the new property.

FIRST AMENDED COUNTERCLAIM AND FIRST AMENDED THIRD-PARTY COMPLAINT
CASE NO.:  C 07-06216 JW RS

168616_3.DOC

1        22.     Qualified intermediary companies generate their revenue through: (1) a

2  transaction fee charged to the client; and (2) interest on the funds held for the client between

3  phases 1 and 2 of the exchange.

4        23.     The funds held by the exchange company are not trust funds, and there is no

5  agency or fiduciary duty owed to the taxpayer client.  The major primary reason for the absence

6  of a fiduciary or agency relationship is that the qualified intermediary has to be a disinterested

7  third party and the taxpayer can not have constructive receipt of the funds or the exchange will

8  fail.  The person or company that is operating in the capacity of a qualified intermediary can not

9  be an agent or fiduciary of the taxpayer.

10        24.     Beginning as far back as 2000, John Terzakis treated client funds as his own

11  personal piggy bank to fund many risky and speculative "investments."  He engaged in this

12  pattern of self-dealing with Advantage Group, LLC's, IAG 1031 LLC's, and Vesta Strategies'

13  client accounts.

14        25.     Terzakis preferred using exchange company client funds over borrowing money

15  through normal banking avenues because of the ease of access, lack of security, and the ease of

16  avoiding fees or interest since he controlled the exchange companies.

17        26.     Terzakis converted exchange company client funds through sham loans he made

18  to himself.  An example of Terzakis' sham loans were the notes Terzakis issued to Investment

19  Advantage Group, LLC for client funds he distributed to himself.   Terzakis purported to borrow

20  the funds at an annual interest rate of 12% for one year.  These loans were purportedly backed by

21  second mortgage positions in the development projects that Terzakis and his various companies

22  were involved in.  As a major condition for these loans, Terzakis was required to obtain a credit

23  line for the singular use of the exchange company in the amount of 80% outstanding to avoid any

24  premature call on the funds by the clients.  Shortly after taking the funds, however, Terzakis

25  unilaterally lowered the interest rate and removed the security to avoid paying what was legally

26  owed to the business.  The only credit line that Terzakis did obtain was completely inadequate,

27  / / /

28

7

FIRST AMENDED COUNTERCLAIM AND FIRST AMENDED THIRD-PARTY COMPLAINT
CASE NO.:  C 07-06216 JW RS

1   and in further self-dealing, he proceeded to run up the line for his own purposes, while charging

2   interest back to the company.

3       27.    Terzakis continued this pattern of sham loans with the funds of Plaintiff Vesta

4   Strategies.  As the majority member and manager of Vesta Strategies, Terzakis used his position

5   to "borrow" client funds without paying fees or interest and without providing any security.

6   Like the client funds of Investment Advantage Group, LLC, Terzakis failed, refused to return, or

7   properly secure the funds with an appropriate credit lines.

8       28.    Like typical kiting schemes, Terzakis issued phony instruments, in this case

9   fraudulent or non-existent promissory notes, to wrongfully obtain funds during the "float," which

10  in this case is between the down-leg and up-leg phases of the 1031 exchange transactions.

11  Terzakis used the converted funds to finance extremely risky and speculative real estate or other

12  business transactions and did not intend to return the funds in time for the Company to fund the

13  down-leg phases of Company client's exchange transactions.

14      29.    Ye, as Vice President of Operations for Vesta Strategies, manages all money wire

15  transfers for the company.  Working together, Terzakis and Ye facilitated all the wire transfers of

16  client funds from Vesta Strategies to Terzakis' private interests, SSSC, B&B, and to other

17  unknown third parties.

18      30.    Since 2000 until the present, Terzakis, Ye, SSC, and B&B agreed to, conducted,

19  conspired, and participated in an organized enterprise to loot company funds through

20  racketeering activities, including wire fraud, bank fraud, and transportation of stolen property in

21  interstate commerce.  Through that pattern of racketeering, Terzakis and Ye managed and

22  operated the enterprise to defraud Vesta Strategies, its clients, and its minority member, Mutual

23  Vision, LLC.

24      31.    Since 2004, Terzakis has converted and distributed to himself approximately

25  $25,000,000 in funds from Vesta Strategies, LLC to his personal account, his family accounts, or

26  to the accounts of his Illinois businesses, SSSC and B&B.  Third Party Defendants intentionally

27  acted in concert to participate in this venture to convert and wrongfully distribute funds

28

8

FIRST AMENDED COUNTERCLAIM AND FIRST AMENDED THIRD-PARTY COMPLAINT
CASE NO.:  C 07-06216 JW RS

168616_3.DOC

1    belonging to Vesta Strategies and its clients.

2        32.    Due principally to the repeated efforts of former CEO Robert Estupinian, Vesta

3    Strategies has managed to recover some portion of the funds wrongfully distributed by Terzakis

4    and Ye.  However, there remains outstanding approximately $19,000,000 of Company funds that

5    remain in the possession and/or control of Terzakis.  Neither Terzakis, his family, SSSC, nor

6    B&B Sparco have ever paid those funds back or any interest or earnings from any of the monies

7    taken.  As a result of Terzakis' refusal to provide any accounting for the funds or their location,

8    Vesta Strategies' 49% owner and counterclaimant in this action Mutual Vision, LLC has no

9    information as to the whereabouts or status of the outstanding funds.

10        33.    Terzakis has never paid interest on Company funds he distributed to himself, his

11    family, SSSC, or B&B.  He has never provided Mutual Vision, LLC copy of any notes for and

12    never accounted for Company funds he took, nor any profit or loss made on the investments with

13    the funds.  In addition, Terzakis and his *de facto* accountant, SSSC, have consistently refused to

14    disclose to Mutual Vision, LLC any Company tax returns, profit or loss statement, or other

15    means of accounting of Company funds, income, or losses.

16        34.    Upon information and belief, it is estimated that Terzakis, his family, SSSC, and

17    B&B have benefited from use and investment of Company client deposits and profits in amounts

18    exceeding $30,000,000 over the last seven years.

19        35.    Among the various instances where Terzakis failed and refused to return

20    Company funds include:

21        •    In October 2007, Terzakis failed to return over $5.3 Million dollars to Vesta

22            Strategies' joint venture partner Excalibur 1031 Group for payment to its client Hoist

23            Realty, Inc. in order for the client to complete its purchase of exchange property.

24            Terzakis had been warned three weeks in advance that the funds needed to be returned

25            and had assured Estupinian and Excalibur 1031 that they would be available. At the last

26            minute, Terzakis used the funds for his own purposes, and as a direct result of these

27            actions, Vesta Strategies was forced to pay a $2,000,000 penalty to Hoist Realty, and an

28

9

FIRST AMENDED COUNTERCLAIM AND FIRST AMENDED THIRD-PARTY COMPLAINT
CASE NO.:  C 07-06216 JW RS

1    additional $100,000 penalty to the seller of the replacement property Hoist was prepared

2    to purchase;

3    • In October 2007, Terzakis caused another $1,200,000 redemption issue with Mr.

4    Phillips which has left Vesta Strategies and Excalibur 1031 Group exposed to liability;

5    • In November 2007, Terzakis failed to return over $1.1 Million dollars to several

6    Vesta Strategies' clients located in Southern California. As a direct result of these

7    actions, Vesta Strategies lost several key relationships in that market that had taken years

8    to develop and the profitable business they had provided;

9    • In June 2006, Terzakis borrowed $3 Million dollars from Vesta Strategies with a

10   promise to pay it back within 14 days.  On information and belief, Terzakis gambled on a

11   large speculative real estate project and relied on additional partners to complete the deal.

12   When those partners pulled out, Terzakis stood to lose his investment and converted

13   Company client funds to complete the deal.  Terzakis did not pay the funds back for over

14   six months, and then only when the company was suffering redemptions which ultimately

15   cost the company more penalties and the loss of a top producing salesperson in Austin,

16   Texas as well as that business referral; and

17   • In January 2005, C&R Realty of Richmond Inc. sued Vesta Strategies LLC in

18   Santa Clara County after Terzakis refused to return $3 Million in client funds. This suit

19   occurred as Vesta Strategies was beginning an aggressive public relations campaign.  The

20   suit forced the cancellation of the campaign, the loss of another top producer, and

21   additional damages  in penalties, interest payments, and legal fees.

22   36.    In addition to converting Vesta Strategies client funds for his own uses, Terzakis

23   used Vesta Strategies funds to pay for liabilities incurred from earlier fraudulent transactions.

24   For example, Terzakis withdrew an amount of $349,000 to pay to settle a prior lawsuit against

25   Investment Advantage Group, LLC by its client, Portola Investments (*Portola Investments  v.*

26   *Investment Advantage*, Santa Clara County Superior Court, Case No. 102CV804388, filed

27   / / /

28                                                                                        10

FIRST AMENDED COUNTERCLAIM AND FIRST AMENDED THIRD-PARTY COMPLAINT
CASE NO.:  C 07-06216 JW RS

1/9/2002).  The Portola Investments lawsuit arose from Terzakis' kiting of IAG client funds.
Again, Terzakis did not return these funds to the Company.

37.     During times when clients demanded their deposits back from the Company,
Terzakis typically took luxurious vacations to Cabo San Lucas, the Greek Isles, and Europe
leaving Vesta Strategies' officers Robert Estupinian, Ginny Estupinian, and their staff to deal
with the problems.

38.     Upon information and belief, Terzakis intentionally caused Investment Advantage
Group, LLC, IAG 1031 LLC, and now Vesta Strategies to lose money to avoid paying income
taxes by offsetting such losses against distributions or income from his other business interests
such as SSSC and B&B.

39.     As a result of Terzakis' continued abuse, conversion, and kiting of Vesta
Strategies client deposits, Vesta Strategies has suffered loss of business and reputation in the
1031 Exchange marketplace.  In April 2004,  the Federation of Exchange Accommodators would
not allow Vesta Strategies LLC to become a member due to the fact that John Terzakis was an
owner. Mr. Ralph Bunje, board member of the Federation of Exchange Accommodators, stated
that Terzakis is of questionable character and there are rumors of redemption problems.  Vesta
Strategies lost its membership in the Federation of Exchange and the bond they sponsored. The
only bond that Vesta Strategies was able to obtain thereafter cost five times more than that
available through the Federal Exchange of Accommodators.  This conduct has driven down the
value of the business and consequently negatively impacted Mutual Vision, LLC's stake.

40.     As acting manager of Vesta Strategies, Terzakis routinely authorized the
Company to engage third party vendors and take receipt of products and services necessary to
run the business, only to later refuse payment of the vendor invoices.

41.     In November 2007, in effort to stop Terzakis from distributing Company funds
without an intent to return the funds, then CEO Robert Estupinian instructed Vice President of
Operations Peter Ye to cease any further wire transfer of funds from Vesta Strategies to Terzakis.

/ / /

FIRST AMENDED COUNTERCLAIM AND FIRST AMENDED THIRD-PARTY COMPLAINT
CASE NO.:  C 07-06216 JW RS

11

168616_3.DOC

1  Ye ignored theses instructions, and proceeded to and continues to wire significant funds to

2  Terzakis to the detriment of Vesta Strategies and its clients.

3      42.    In response to Estupinian's effort to reign in Terzakis,  Terzakis concocted untrue

4  allegations against Robert Estupinian and his wife Ginny claiming they have been embezzling

5  money through their business Vesta Capital Advisors and terminated their employment.

6      43.    Terzakis made numerous threats to intimidate Robert Estupinian into cooperating

7  with Terzakis' scheme.  For example, on or around December 2007, Terzakis told Robert

8  Estupinian that unless he agreed to cooperate, Terzakis would set loose his attorney and his band

9  of "nasty" former prosecutors to destroy Robert and Ginny Estupinian and their family.  When

10  Ginny and Robert Estupinian refused to cooperate with Terzakis, he caused Vesta Strategies to

11  file and prosecute the Complaint against Robert and Ginny Estupinian, their businesses, Robert's

12  parents, and their friend and former Company colleague, Carol-Ann Tognazzini.

13      44.    In further effort to malign and slander Robert and Ginny Estupinian, Terzakis

14  proceeded to pass the Complaint among employees at Vesta Strategies.  Peter Ye slandered

15  Robert Estupinian in the business community by telling associates of Robert Estupinian that

16  "without a doubt Robert stole $6 million and is going to prison".  Terzakis and Ye intentionally

17  engaged in such outrageous behavior knowing full well that their claims were untrue and would

18  cause Robert and Ginny Estupinian severe emotional distress and substantial damages.

19  **FIRST CLAIM FOR RELIEF**

**VIOLATION OF RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS**

20  **ACT ("RICO"), 18 U.S.C. § 1962**

21  **Mutual Vision, LLC, Robert Estupinian, and Ginny Estupinian**

**Against**

22  **Vesta Strategies, LLC, John Terzakis, Single Site Solutions Corp., B&B Sparco Properties,**

23  **Inc., and Peter Ye**

24      45.    Counter Claimants and Third Party Claimants re-allege and incorporate by

25  reference as through fully set forth herein, paragraphs 1 through 44, inclusive, of this pleading.

26      46.    Counter Defendants Vesta Strategies, Terzakis, SSSC, B&B, and Ye are each a

27  "person" within the meaning of 18 U.S.C. §1961(3).

28

FIRST AMENDED COUNTERCLAIM AND FIRST AMENDED THIRD-PARTY COMPLAINT
CASE NO.:  C 07-06216 JW RS

47.    At all times relevant, Counter Defendants Vesta Strategies, Terzakis, SSSC, B&B, and Ye collectively constitute an "enterprise" within the meaning of 18 USC §1961(4) and engage collectively as an "enterprise" in interstate commerce and in activities affecting interstate commerce.

48.    At all times relevant, Counter Defendants Vesta Strategies, Terzakis, SSSC, B&B, and Ye were each associated in the enterprise identified above to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity, including, without limitation, predicate acts of mail fraud, wire fraud, financial institution fraud, retaliation against witnesses and victims, engaging in monetary transactions in property acquired from unlawful activities, and interstate transportation of stolen or fraudulently obtained property, in violation of 18 USC § 1962(c).

49.    At all times relevant, Counter Defendants Vesta Strategies, Terzakis, SSSC, B&B, and Ye have each conspired among one another to violate 18 USC 1962(c).

50.    Counter Defendants Vesta Strategies, Terzakis, SSSC, B&B, and Ye violations of the Racketeer Influenced and Corrupt Organizations Act, 18 USC §§ 1962(c) and 1962(d) have directly and proximately caused Counter Claimants Mutual Vision, LLC, Robert Estupinian, and Ginny Estupinian damages in their businesses and properties.

WHEREFORE, Mutual Vision, LLC, Robert Estupinian, and Ginny Estupinian pray for relief as follows:

(a)    Money damages in the amount to be determined at trial for any damages proximately caused by the Counter Defendants' RICO violations;

(b)    Treble damages;

(c)    Reasonable attorney's fees and costs; and

(d)    Any further relief as this Court deems appropriate.

/ / /

/ / /

/ / /

FIRST AMENDED COUNTERCLAIM AND FIRST AMENDED THIRD-PARTY COMPLAINT
CASE NO.:  C 07-06216 JW RS

13

168616_3.DOC

## SECOND CLAIM FOR RELIEF
## UNLAWFUL DISTRIBUTION IN VIOLATION OF CAL. CORP. CODE § 17254

### Mutual Vision, LLC Against Vesta Strategies, LLC and John Terzakis

51.     Counter Claimants and Third Party Claimants re-allege and incorporate by reference as through fully set forth herein, paragraphs 1 through 50, inclusive, of this pleading.

52.     Terzakis is a "Member" and "Manager", as these terms are defined in California Corporations Code Section 17001, of Vesta Strategies, LLC.

53.     Mutual Vision, LLC is a "Member", as this term is defined in California Corporations Code Section 17001, of Vesta Strategies, LLC.

54.     Vesta Strategies, LLC transferred money from Company accounts to accounts owned, possessed, and/or controlled by Terzakis without requiring or receiving consideration for the transferred funds.

55.     Vesta Strategies, LLC made distributions in violation of California Corporations Code  Sections 17254(a)(1) and 17254(a)(2).

56.     Terzakis, as Manager and Member of Vesta Strategies, LLC voted for distributions in violation of California Corporations Code Section 17254.

57.     Mutual Vision, LLC has demanded that these distributions be returned, and that an accounting be provided, but Vesta Strategies and Terzakis have refused to return the distributions.

WHEREFORE, Mutual Vision, LLC prays for relief as follows:

(a)     A preliminary and permanent injunction ordering the Company and Terzakis to cease any further unlawful distributions;

(b)     A preliminary and permanent injunction ordering Terzakis to return all unlawful distributions in his possession and/or control to Company accounts;

(c)     Money damages in the amount to be determined at trial for any damages proximately caused by the Company's and Terzakis' unlawful distributions;

(d)     Punitive damages;

14

FIRST AMENDED COUNTERCLAIM AND FIRST AMENDED THIRD-PARTY COMPLAINT
CASE NO.:  C 07-06216 JW RS

1    (e)    Reasonable attorney's fees and costs; and

2    (f)    Any further relief as this Court deems appropriate.

3
### THIRD CLAIM FOR RELIEF
### FAILURE TO MAINTAIN RECORDS IN VIOLATION OF CAL. CORP. CODE § 17058

4

5    **Mutual Vision, LLC Against Vesta Strategies, LLC, John Terzakis, and Single Site Solutions Corp.**

6

7    58.    Counter Claimants and Third Party Claimants re-allege and incorporate by reference as through fully set forth herein, paragraphs 1 through 57, inclusive, of this pleading.

8

9    59.    Vesta Strategies, LLC has failed and continues to fail to maintain in its California

10   office copies of its federal, state, and local income tax or information returns and reports for the

11   last six most recent taxable years in violation of California Corporations Code Section 17058(a)(4).

12   60.    Vesta Strategies, LLC has failed and continues to fail to maintain in its California

13   office copies of its financial statements for the last six most recent fiscal years in violation of

14   California Corporations Code Section 17058(a)(6).

15   61.    Vesta Strategies, LLC has failed and continues to fail to maintain in its California

16   office copies the books and records as they relate to the Company's internal affairs for the

17   current and past four fiscal years in violation of California Corporations Code Section

18   17058(a)(7).

19   62.    John Terzakis, as Manager of the Company, has intentionally failed to cause the

20   Company to maintain the required records and documents pursuant to subdivision (a)(4), (a)(6),

21   and (a)(7) of California Corporations Code Section 17058.

22   63.    Single Site Solutions Corp., as accountant of the Company, has intentionally

23   failed to cause the Company to maintain the required records and documents pursuant to

24   subdivision (a)(4), (a)(6), and (a)(7) of California Corporations Code Section 17058.

25   WHEREFORE, Mutual Vision, LLC prays for relief as follows:

26   (a)    A preliminary and permanent injunction ordering the Company and Terzakis to

27          maintain all records and documents required under California Corporations Code

28
15

1    Section 17058;

2    (b)    Money damages in the amount to be determined at trial for any damages

3    proximately caused by the Company's and Terzakis' failure to maintain the

4    required records and documents;

5    (c)    Reasonable attorney's fees and costs; and

6    (d)    Any further relief as this Court deems appropriate.

7

8    

**FOURTH CLAIM FOR RELIEF**

**FAILURE TO PROVIDE RECORDS IN VIOLATION OF CAL. CORP. CODE § 17058**

9

10    **Mutual Vision, LLC Against Vesta Strategies, LLC, John Terzakis, and Single Site Solutions Corp.**

11    64.    Counter Claimants and Third Party Claimants re-allege and incorporate by

12    reference as through fully set forth herein, paragraphs 1 through 63, inclusive, of this pleading.

13    65.    Mutual Vision, LLC has the right, upon reasonable request, to inspect and copy

14    during normal business hours any of the records required to be maintained by California

15    Corporations Code Section 17058, including: copies of the Company's federal, state, and local

16    income tax or information returns and reports for the last six most recent taxable years; financial

17    statements for the last six most recent fiscal years; and books and records as they relate to the

18    Company's internal affairs for the current and past four fiscal years.

19    66.    Mutual Vision, LLC, through its attorney of record, made a reasonable request to

20    inspect and copy the documents listed in the preceding paragraph, and Vesta Strategies, LLC and

21    John Terzakis, through their attorneys of record, have denied said request.

22    WHEREFORE, Mutual Vision, LLC prays for relief as follows:

23    (a)    A preliminary and permanent injunction ordering the Company and Terzakis to

24    provide Mutual Vision, LLC and its agents the opportunity to copy and inspect

25    any of the records the Company is required to maintain under California

26    Corporations Code Section 17058;

27    (b)    Reasonable attorney's fees and costs; and

28                                                                                          16

FIRST AMENDED COUNTERCLAIM AND FIRST AMENDED THIRD-PARTY COMPLAINT
CASE NO.:  C 07-06216 JW RS

(c)    Any further relief as this Court deems appropriate.

**FIFTH CLAIM FOR RELIEF**
**BREACH OF FIDUCIARY DUTIES**

**Mutual Vision, LLC Against Vesta Strategies, LLC, John Terzakis, Single Site Solutions Corp., B&B Sparco Properties, Inc., and Peter Ye**

67.    Counter Claimants and Third Party Claimants re-allege and incorporate by reference as through fully set forth herein, paragraphs 1 through 66, inclusive, of this pleading.

68.    John Terzakis as manager of Vesta Strategies owes a fiduciary duty and duty of loyalty to its minority member Mutual Vision, LLC.

69.    Terzakis' fiduciary duties to Mutual Vision, LLC includes, without limitation:

•    The duty to account for any property, profit or benefit Terzakis derived from his use of Company assets;

•    The duty to protect the funds of the Company and its clients;

•    The duty to make full and truthful accounting to Vesta Strategies and Mutual Vision, LLC as to the profit and loss of the Company;

•    The duty not to recklessly expose its officers, or by virtue of its 49% ownership interest, Mutual Vision, LLC to lawsuits and redemptions; and

•    The duty to otherwise deal fairly with Mutual Vision, LLC and act in its best interests.

70.    As alleged throughout this pleading, Terzakis abused and exploited his position as Manager and majority Member of the Company and breached his fiduciary duties to Mutual Vision, LLC.  For example, Terzakis breached his fiduciary duties by engaging in the following actions, among many others:

•    Using Company funds to finance his and his family's lavish and extravagant lifestyle;

•    Using Company funds to take vacations when Company clients began to demand return of their deposits;

•    Using Company funds, without security, to finance his, his family members', and

17

FIRST AMENDED COUNTERCLAIM AND FIRST AMENDED THIRD-PARTY COMPLAINT
CASE NO.:  C 07-06216 JW RS

168616_3.DOC

1  his businesses' (SSSC and B&B Sparco) speculative, risky, and reckless business

2  ventures and real estate development deals completely unrelated to Company business;

3  •  Using Company funds to pay for personal obligations or liabilities completely

4  unrelated to Company business;

5  •  Using Company funds to make investments on his own behalf;

6  •  Using Company funds to make no interest loans to himself, his family members,

7  SSSC, and B&B.

8  •  Using Company funds to pay attorneys fees to prosecute the Complaint solely to

9  harass and intimidate Mutual Vision, LLC and its members, Robert and Ginny

10  Estupinian, and member's relatives, Edmundo and Haydee Estupinian;

11  •  Using Company funds to defend himself from personal liability for his

12  engagement in unlawful activities outside the scope of his position as Manager of the

13  Company;

14  71.  Terzakis' breach of his fiduciary duty and duty of loyalty has directly and

15  proximately caused millions of dollars of damages to Mutual Vision, LLC.

16  72.  The Company, SSSC, B&B, and Ye are each jointly and severally liable with

17  Terzakis for the commission of wrongful activities that breached Terzakis' fiduciary duties to

18  Mutual Vision, LLC.

19  WHEREFORE, Mutual Vision, LLC prays for relief as follows:

20  (a)  Money damages in the amount proximately caused by Counter Defendants;

21  (b)  Punitive damages;

22  (c)  Reasonable attorney's fees and costs; and

23  (d)  Any further relief as this Court deems appropriate.

24  **SIXTH CLAIM FOR RELIEF**<br>**NEGLIGENCE**

25

26  **Mutual Vision, LLC Against Single Site Solutions Corp.**

27  73.  Counter Claimants and Third Party Claimants re-allege and incorporate by

28
                                                                                18

1  reference as through fully set forth herein, paragraphs 1 through 72, inclusive, of this pleading.

2  74.    Single Site Solutions, and its agents, owed a duty of care to Vesta Strategies, in its

3  actions and activities as accountant and bookkeeper for Vesta Strategies, to properly record and

4  maintain profits and loss statements, income and expenses and other items of record as to Vesta

5  Strategies' business.

6  75.    Said defendants breached these duties, by failing to properly record and maintain

7  profits and loss statements, income and expenses and other items of record as to Vesta Strategies

8  business, and by failing to provide such to Mutual Vision despite repeated requests.

9  76.    As a proximate result of the foregoing Mutual Vision, LLC., has been damaged in

10  an amount according to proof at trial.

11  **SEVENTH CLAIM FOR RELIEF**
    **UNJUST ENRICHMENT**
12

13  **Mutual Vision, LLC Against John Terzakis, Single Site Solutions Corp., and B&B Sparco**
    **Properties, Inc.**
14

15  77.    Counter Claimants and Third Party Claimants re-allege and incorporate by

16  reference as through fully set forth herein, paragraphs 1 through 76, inclusive, of this pleading.

17  78.    Terzakis, SSSC, and B&B have each received a benefit from monies wrongfully

18  acquired by Terzakis or unlawfully distributed by the Company.  Each counter defendant listed

19  herein has retained that benefit and was unjustly enriched at the expense of the Company and

20  Mutual Vision, LLC.

21  79.    It would be unjust for Terzakis, SSSC, and B&B to continue to retain benefits

22  wrongfully acquired from Company accounts.

23  WHEREFORE, Mutual Vision, LLC prays for relief as follows:

24  (a)    Money damages in the amount that each counter defendant was unjustly enriched

25  at the expense of Mutual Vision, LLC;

26  (b)    Punitive damages;

27  (c)    Reasonable attorney's fees and costs; and

28
                                                                                                    19

FIRST AMENDED COUNTERCLAIM AND FIRST AMENDED THIRD-PARTY COMPLAINT
CASE NO.:  C 07-06216 JW RS

(d)     Any further relief as this Court deems appropriate.

**EIGHTH CLAIM FOR RELIEF**
**CONSTRUCTIVE TRUST**

**Mutual Vision, LLC Against John Terzakis, Single Site Solutions Corp., and B&B Sparco Properties, Inc.**

80.     Counter Claimants and Third Party Claimants re-allege and incorporate by reference as through fully set forth herein, paragraphs 1 through 79, inclusive, of this pleading.

81.     Terzakis, SSSC, and B&B have each wrongfully acquired or obtained money from the Company and its clients under circumstances in which, in equity and good conscience, they should not be allowed to keep.  Each of the counter defendants herein have received and retained Company money and are not entitled to do so.

82.     A constructive trust should be entered to convey the value of Company funds that each counter defendant wrongfully received and gained use through unlawful distributions, theft, and abuse of fiduciary duties.

WHEREFORE, Mutual Vision, LLC prays for relief as follows:

(a)     Impose a constructive trust on all Company monies wrongfully received and retained by counter defendants;

(b)     Reasonable attorney's fees and costs; and

(c)     Any further relief as this Court deems appropriate.

**NINTH CLAIM FOR RELIEF**
**ACCOUNTING**

**Mutual Vision, LLC Against Vesta Strategies, LLC, John Terzakis, Single Site Solutions Corp., and B&B Sparco Properties, Inc.**

83.     Counter Claimants and Third Party Claimants re-allege and incorporate by reference as through fully set forth herein, paragraphs 1 through 82, inclusive, of this pleading.

84.     As alleged throughout this pleading, Terzakis, his family members, SSSC, and

20

FIRST AMENDED COUNTERCLAIM AND FIRST AMENDED THIRD-PARTY COMPLAINT
CASE NO.:  C 07-06216 JW RS

1    B&B have all wrongfully acquired Company funds by unlawful distributions and systematic

2    conversion.  Due to the complexity of Terzakis' scheme to loot the Company and the Company's

3    refusal to provide Mutual Vision, LLC rightful access to Company records and documents,

4    Mutual Vision, LLC does not have complete information to determine the nature and extent of

5    and identify all the beneficiaries of the unlawful distributions and conversion of Company funds.

6          85.    Mutual Vision, LLC is entitled to a full and complete accounting at the expense of

7    the Company and the other counter defendants herein to determine the whereabouts of the

8    Company's and its clients' funds and the identities of all parties who benefited (and by how

9    much) from the Terzakis' led looting of the Company.

10          WHEREFORE, Mutual Vision, LLC prays for relief as follows:

11        (a)    Money damages in the amount proximately caused by the counter defendants;

12        (b)    A full and complete accounting at the expense of the counter defendants;

13        (c)    Reasonable attorney's fees and costs; and

14        (d)    Any further relief as this Court deems appropriate.

15

16    **TENTH CLAIM FOR RELIEF**
**WRONGFUL DISCHARGE IN VIOLATION OF PUBLIC POLICY**

17
18    **Robert Estupinian and Ginny Estupinian Against Vesta Strategies, LLC and John Terzakis.**

19          86.    Counter Claimants and Third Party Claimants re-allege and incorporate by

20    reference as through fully set forth herein, paragraphs 1 through 85, inclusive, of this pleading.

21          87.    Robert Estupinian was employed by the Company or Terzakis as the Company's

22    Chief Executive Officer.

23          88.    Ginny Estupinian was employed by the Company or Terzakis as the Company's

24    President.

25          89.    On or around December 3, 2007, the Company or Terzakis wrongfully terminated

26    Robert and Ginny Estupinian.

27          90.    Robert and Ginny Estupinian's termination was motivated by their refusal to

28

FIRST AMENDED COUNTERCLAIM AND FIRST AMENDED THIRD-PARTY COMPLAINT
CASE NO.:  C 07-06216 JW RS

1   cooperate with Terzakis in the wrongful distribution of Company and client assets in furtherance

2   of the Terzakis-led fraudulent kiting scheme and racketeering enterprise.

3       91.    The wrongful termination described herein directly and proximately caused

4   economic and emotional harm to Robert and Ginny Estupinian.

5       WHEREFORE, Robert and Ginny Estupinian pray for relief as follows:

6       (a)    Money damages in the amount proximately caused by the Company and Terzakis;

7       (b)    Punitive damages;

8       (c)    Reasonable attorney's fees and costs; and

9       (d)    Any further relief as this Court deems appropriate.

10

11   **ELEVENTH CLAIM FOR RELIEF**
**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

12

13   **Robert Estupinian and Ginny Estupinian Against Vesta Strategies, LLC, John Terzakis, and Peter Ye.**

14

15       92.    Counter Claimants and Third Party Claimants re-allege and incorporate by

16   reference as through fully set forth herein, paragraphs 1 through 91, inclusive, of this pleading.

17       93.    Vesta Strategies, LLC, John Terzakis, and Peter Ye have engaged in extreme and

18   outrageous conduct to harass and intimidate Robert and Ginny Estupinian.

19       94.    Vesta Strategies, LLC, John Terzakis, and Peter Ye intended to cause Robert and

20   Ginny Estupinian emotional distress.

21       95.    Vesta Strategies, LLC, John Terzakis, and Peter Ye acted with reckless disregard

22   of the probability that Robert and Ginny Estupinian would suffer emotional distress.

23       96.    The reckless and outrageous conduct by Vesta Strategies, LLC, John Terzakis,

24   and Peter Ye directly and proximately caused Robert and Ginny Estupinian severe emotional

25   distress.

26       97.    The wrongful termination described herein directly and proximately caused

27   economic and emotional harm to Robert and Ginny Estupinian.

28   / / /

FIRST AMENDED COUNTERCLAIM AND FIRST AMENDED THIRD-PARTY COMPLAINT
CASE NO.:  C 07-06216 JW RS

168616_3.DOC

WHEREFORE, Robert and Ginny Estupinian pray for relief as follows:

(a)    Money damages for the emotional distress proximately caused by the Company, Terzakis, and Peter Ye;

(b)    Punitive damages;

(c)    Reasonable attorney's fees and costs; and

(d)    Any further relief as this Court deems appropriate.

**TWELFTH CLAIM FOR RELIEF**
**CONTRIBUTION AND APPORTIONMENT OF FAULT**

**Robert E. Estupinian, Ginny Estupinian, Mutual Vision, LLC, Millenium Realty Group, Vesta Reverse 100, LLC, Vesta Capital Advisors, LLC, Edmundo Estupinian, and Haydee Estupinian Against John Terzakis, Single Site Solutions Corp., B&B Sparco Properties, Inc., and Peter Ye.**

98.    Counter Claimants and Third Party Claimants re-allege and incorporate by reference as through fully set forth herein, paragraphs 1 through 97, inclusive, of this pleading.

99.    Counter Claimants and Third Party Claimants deny responsibility in any manner for the Company's damages alleged in the Complaint because such damages were caused in whole or in part by the negligence, fraud, and racketeering of Third Party Defendants.

100.    By reason of the foregoing, if the Company recovers judgment against Counter Claimants and Third Party Claimants, then they are entitled to judgment over and against, and contribution from each of the Third Party Defendants in proportion to the fault assessed against Third Party Defendants in causing the subject damages.

WHEREFORE, Counter Claimants and Third Party Claimants pray for relief as follows:

(a)    Indemnification from Third Party Defendants, and each of them, in the event any amounts are recoverable by the Company against Counter Claimants and Third Party Claimants;

(b)    Reasonable attorney's fees and costs; and

FIRST AMENDED COUNTERCLAIM AND FIRST AMENDED THIRD-PARTY COMPLAINT
CASE NO.:  C 07-06216 JW RS

168616_3.DOC

(c)      Any further relief as this Court deems appropriate.

## THIRTEENTH CLAIM FOR RELIEF
## DECLARATORY RELIEF

**Robert E. Estupinian, Ginny Estupinian, Mutual Vision, LLC, Millenium Realty Group, Vesta Reverse 100, LLC, Vesta Capital Advisors, LLC, Edmundo Estupinian, and Haydee Estupinian Against John Terzakis, Single Site Solutions Corp., B&B Sparco Properties, Inc., and Peter Ye.**

101.      Counter Claimants and Third Party Claimants re-allege and incorporate by reference as through fully set forth herein, paragraphs 1 through 100, inclusive, of this pleading.

102.      An actual controversy has arisen and now exists between Third Party Claimants and Third Party Defendants concerning the apportionment of liability for the damages the Company alleged in the Complaint.

103.      A judicial declaration is necessary and appropriate at this time under the circumstances in order that Third Party Claimants may ascertain the apportionment of fault and indemnity rights from Third Party Defendants for the damages alleged in the Complaint.

104.      Declaratory relief is necessary and appropriate at this time in order to avoid a multiplicity of lawsuit.

WHEREFORE, Counter Claimants and Third Party Claimants pray for relief as follows:

(a)      Declaratory relief against Third Party Defendants, and each of them, to the effect that Third Party Defendants are liable and responsible for all the damages the Company alleged in the Complaint;

(b)      Reasonable attorney's fees and costs; and

(c)      Any further relief as this Court deems appropriate.

Date:   April 9, 2008                          RANDICK O'DEA & TOOLIATOS, LLP

By:   _____/s/_____
Kevin R. Martin

24

FIRST AMENDED COUNTERCLAIM AND FIRST AMENDED THIRD-PARTY COMPLAINT
CASE NO.:  C 07-06216 JW RS

168616_3.DOC