Alan L. Martini, SB No. 77316
SHEUERMAN, MARTINI & TABARI
1033 Willow Street
San Jose, CA 95125
Telephone: 408.288.9700
Facsimile: 408.295.9900

Attorneys for Third Party Defendant, PETER YE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| VESTA STRATEGIES, LLC,<br><br>        Plaintiff,<br><br>vs.<br><br>ROBERT E. ESTUPINIAN, GINNY ESTUPINIAN, MUTUAL VISION, LLC, MILLENNIUM REALTY GROUP, VESTA REVERSE 100, LCC, VESTA CAPITAL ADVISORS, LLC, CAROL-ANN TOGNAZZINI, EDMUNDO ESTUPINIAN, and HAYDEE ESTUPINIAN,<br><br>        Defendants<br><br>MUTUAL VISION, LLC,<br><br>        Counter Claimant,<br><br>vs.<br><br>VESTA STRATEGIES, LLC,<br><br>        Counter Defendant,<br><br>MUTUAL VISION LLC, ROBERT ESTUPINIAN AND GINNY ESTUPINIAN,<br><br>        Third Party Claimants, | Case No. C 07-06216 JW RS<br><br>**THIRD PARTY DEFENDANT PETER YE'S INITIAL DISCLOSURE PURSUANT TO FRCP 26(a)(1)** |

---

1
THIRD PARTY DEFENDANT, PETER YE's INITIAL DISCLOSURE PURSUANT TO FRPC 26(a)(1)

1 | vs.
2 | JOHN TERZAKIS, SINGLE SITE SOLUTIONS CORPORATION, B & B SPARCO
3 | PROPERTIES, INC., AND PETER YE,
4 |     Third Party Defendants.
5 |

Pursuant to Rule 26(a) of the Federal Rules of Civil Procedure, third party defendant PETER YE submits the following initial disclosure. This disclosure is based on the information reasonably available to defendant at this time. Defendant's investigation, trial preparation and document review continue. Accordingly, defendant reserves his right under the Federal Rules of Civil Procedure to supplement this disclosure should additional information become available. Defendant does not waive his right to object to the production of any document or tangible thing disclosed herein on the basis of any privilege, including attorney-client privilege, work product doctrine, undue burden or any other valid objection.

    **A.**    **Persons Likely to Have Discoverable Information [26(a)(1)(A)]**

        1.    Peter Ye

        2.    John Terzakis

        3.    Robert Estupinian

        4.    Ginny Estupinian

        5.    Carol-Ann Tognazzini

        6.    Edmundo Estupinian

        7.    Haydee Estupinian

Defendant reserves the right to identify additional individuals likely to have discoverable information.

    **B.**    **Documents [26(a)(1)(B)]**

Third party defendant PETER YE, as an individual defendant, has no documents in his personal possession (as opposed to the documents in possession of his employer, Vesta Strategies, LLC, which he deems are relevant to the issues raised in this lawsuit at this time.

///

1  **C.     Damages ]26(a)(1)(C)]**

2  Third party defendant PETER YE has no knowledge of the nature and extent of claimed
3  damages.

4  **D.     Insurance Agreement [26(a)(1)(D)]**

5  There is no insurance coverage for PETER YE.

7  Dated: April 18, 2008

SHEUERMAN, MARTINI & TABARI

*/s/ Alan L. Martini*
_____
ALAN L. MARTINI, SB NO. 77316
Attorney for Third Party Defendant
PETER YE

| | |
|---|---|
| CASE NAME: Vesta Strategies v Estupinian, et al. | ACTION NO. C 07-06216 JW RS |

<u>PROOF OF SERVICE</u>
[CCP §§ 1012.5, 1013a and 2015.5; CRC 2008]

I am a citizen of the United States. My business address is 1033 Willow Street, San Jose, CA 95125. I am employed in Santa Clara County where this service occurred. I am over the age of 18 years and not a party to the within cause. I am readily familiar with my employer's normal business practice for collection and processing of correspondence for mailing and facsimile. In the case of mailing [other than overnight delivery], the practice is that correspondence is deposited in the U.S. Postal Service the same day as the day of collection in the ordinary course of business.

On April 18, 2008, I served the within:

**THIRD PARTY DEFENDANT PETER YE'S INITIAL DISCLOSURE PURSUANT TO FRCP 26(a)(1)**

on the PARTIES in said action as follows:

| | |
|---|---|
| Kevin Martin, Esq.<br>Kmartin@randicklaw.com | Aron Frakes, Esq.<br>ajfrakes@mwe.com |
| Paul Chronis, Esq.<br>pchronis@mwe.com | Dan Alberti, Esq.<br>dalberti@mwe.com |
| Nicholas Berg, Esq.<br>Nberg@mwe.com | David Olson, Esq.<br>dlo@hjmmlaw.com |

XX   (BY MAIL) I caused a true copy of each document identified above to be placed in a sealed envelope with first-class postage affixed. Each such envelope was deposited for collection and mailing that same day in the ordinary course of business in the United States mail at San Jose, California.

XX   (BY E-MAIL OR ELECTRONIC TRANSMISSION) Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the document(s) to be sent to the persons at the e-mail addresses listed above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

____   (BY PERSONAL SERVICE) I caused a true copy of each document identified above to be delivered by hand to the offices of each addressee above.

____   (BY OVERNIGHT DELIVERY) I caused a true copy of each document identified above to be sealed in an envelope to be delivered to an overnight carrier with delivery fees provided for, addressed of each addressee above.

____   (BY FACSIMILE SERVICE) I caused each of the above-named documents to be delivered by facsimile transmission to the office at each fax number noted above at 9:30 a.m., by use of facsimile machine telephone number (408) 295-9900. The facsimile machine used complied with CRC §2003(3), and no error was reported by the machine. A copy of the transmission record is attached to this declaration.

____ (STATE) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

 XX  (FEDERAL) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Dated: April 18, 2008

_____
Donna Spencer