DANIEL E. ALBERTI (68620)
dalberti@mwe.com
McDERMOTT WILL & EMERY LLP
3150 Porter Drive
Palo Alto, CA 94304-1212
Telephone: 650.813.5000
Facsimile: 650.813.5100

PAUL E. CHRONIS (*pro hac vice*)
pchronis@mwe.com
ARON J. FRAKES (*pro hac vice*)
ajfrakes@mwe.com
MCDERMOTT WILL & EMERY LLP
227 West Monroe Street
Chicago, Illinois 60606
Telephone: 312.372.2000
Facsimile: 312.984.7700

Attorneys for Plaintiff and Counter Defendant VESTA STRATEGIES, LLC; Third Party Defendant SINGLE SITE SOLUTIONS CORPORATION; Third Party Defendant JOHN TERZAKIS; Third Party Defendant B&B SPARCO PROPERTIES, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| VESTA STRATEGIES, LLC,<br><br>          Plaintiff,<br><br>     v.<br><br>ROBERT E. ESTUPINIAN, GINNY ESTUPINIAN, MUTUAL VISION, LLC, MILLENNIUM REALTY GROUP, VESTA REVERSE 100, LLC, VESTA CAPITAL ADVISORS, LLC, and CAROL-ANN TOGNAZZINI, EDMUNDO ESTUPINIAN, and HAYDEE ESTUPINIAN<br><br>          Defendants.<br><br>AND RELATED COUNTER CLAIMS AND THIRD PARTY CLAIMS | CASE NO. C 07-06216 JW RS<br><br>**JOINT CASE MANAGEMENT STATEMENT** |

Pursuant to Federal Rule of Civil Procedure 26(f) and ADR Local Rule 3-5, counsel for the parties met and conferred on Friday, April 4, 2008. The conference was attended by:

| NAME | COUNSEL FOR |
|---|---|
| Aron J. Frakes | Vesta Strategies, LLC<br>John Terzakis<br>Single Site Solutions Corporation<br>B&B Sparco Properties |
| Kevin Martin | Robert Estupinian<br>Ginny Estupinian<br>Mutual Vision, LLC<br>Millennium Realty Group<br>Vesta Capital Advisors, LLC<br>Vesta Reverse 100, LLC<br>Edmundo Estupinian<br>Haydee Estupinian |
| Alan Martini | Peter Ye |
| David Olson | Carol-Ann Tognazzini |

Pursuant to Local Rule 16-9, the parties respectfully submit this Joint Case Management Statement.

## 1. **JURISDICTION AND SERVICE**

This Court has subject matter jurisdiction over Plaintiff's claims against the defendants pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1367, and 18 U.S.C. § 1964 because Plaintiff has asserted federal causes of action under the RICO statute and the Court has supplemental jurisdiction over Plaintiff's state law claims.

Defendants/Counter Claimants/Third Party Claimants Mutual Vision, LLC, Robert Estupinian, and Ginny Estupinian (the "Estupinians") have filed counterclaims against Vesta Strategies, LLC and counterclaims and third party claims against John Terzakis, Single Site Solutions Corporation, and B&B Sparco Properties ("Third Party Defendants"). The Estupinians contend that the Court has jurisdiction in this matter pursuant to 28 U.S.C. § 1331 and F.R.C.P. 13, 14, 19, and 20 because the Estupinians have asserted federal causes of action and the Court

has supplemental jurisdiction over the state law claims, and that the third party claims are allowed under the joinder provisions of and the impleader provisions of Rule 14(a0.  Vesta Strategies and the other counterdefendants have not yet responded to the amended counterclaims.

Defendant/Counter Plaintiff/Third Party Plaintiff Carol-Ann Tognazzini ("Tognazzini") has filed counterclaims against Vesta Strategies, LLC and third party claims against John Terzakis ("Terzakis").  Tognazzini contends that this Court has subject matter jurisdiction over her claims against Vesta Strategies, LLC and Terzakis pursuant to 28 U.S.C. § 1331 and Federal Rules of Civil Procedure 13(a), 13(b), 14 and 23.1.  Tognazzini further alleges that the Court has supplemental jurisdiction over her claims against Vesta Strategies, LLC and Terzakis pursuant to 28 U.S.C. § 1367 in that the counterclaims are transactionally related to the main claims and therefore are permissive under the joinder provisions of Federal Rule of Civil Procedure 13(h).  Vesta Strategies, LLC does not dispute that the Court has subject matter jurisdiction over Tognazzini's counterclaims against Vesta Strategies, LLC.  Terzakis does not currently dispute that the Court has subject matter jurisdiction over Tognazzini's third party claims, but does dispute that he has been properly joined to Count V (Termination of Employment Agreement) of Tognazzini's third party complaint.

The parties are not currently aware of any issues regarding personal jurisdiction or venue.

There are no parties that remain to be served.

**2.    FACTS**

Vesta Strategies, LLC was formed in January, 2004.  Vesta Strategies is a qualified intermediary for Section 1031 tax-deferred real estate exchanges.  Mutual Vision, LLC was the 49% member of Vesta Strategies at all relevant times.  Robert Estupinian and Ginny Estupinian are the members of Mutual Vision, LLC.  Robert Estupinian was also the CEO of Vesta Strategies until his employment with Vesta Strategies was terminated on December 3, 2007.  John Terzakis was the 51% member and manager of Vesta Strategies at all relevant times.

Vesta Strategies contends that Robert Estupinian, his wife Ginny Estupinian, and Robert Estupinian's private companies wrongfully took money out of Vesta Strategies and caused Vesta Strategies millions of dollars of damages.  Vesta Strategies contends that Robert Estupinian, his

wife, his parents, his other companies, and other individuals benefited from this wrongful taking of Vesta Strategies' money. Vesta Strategies further contends that Robert Estupinian used his position as the CEO of Vesta Strategies to affirmatively hide what he was doing and to direct other Vesta Strategies employees to mislead John Terzakis, to falsify records, and to mischaracterize transactions to hide Robert Estupinian's wrongful taking of Vesta Strategies' money.

The Estupinians contend that John Terzakis mismanaged and misused Vesta Strategies causing the Estupinians and Mutual Vision, LLC millions of dollars in damage. They contend that, together with the other crossdefendants Single Site Solutions Corporation, B&B Sparco, and Peter Ye, Terzakis made unlawful distributions, thwarted business of the company, and then when confronted by the Estupinians, threatened and wrongfully terminated them.

Tognazzini contends that she was not paid all of her wages and compensation upon her employment with Vesta Strategies being terminated. Tognazzini further alleges that she her employment with Vesta Strategies was wrongfully terminated. Tognazzini further alleges that Vesta Strategies and John Terzakis wrongfully published the facts alleged in the complaint in this matter.

This case is still in its early stages, and the factual issues in dispute are not yet fully known. However, based on the pleadings to date, the principal factual issues in dispute include, without limitation:

1. Whether Robert Estupinian and his companies wrongfully took money out of Vesta Strategies.

2. Whether the defendants wrongfully took or obtained money from Vesta Strategies.

3. Whether Robert Estupinian concealed his wrongdoing.

4. Whether Tognazzini or Ginny Estupinian performed valuable services for Vesta Strategies.

5. Whether Vesta Strategies' funds were wrongfully distributed.

6. Whether John Terzakis mismanaged and misused Vesta Strategies.

7. Whether the Estupinians were threatened or intimidated and wrongfully terminated.

8. Whether Tognazzini was wrongfully terminated.

9. Whether Single Site Solutions, B&B Sparco and Peter Ye assisted Terzakis in the wrongful distribution and use of Vesta Strategies funds.

10. Whether Terzakis and Ye intentionally inflicted harm upon the Estupinians.

11. Whether Mutual Vision, LLC as a 49% owner of Vesta Strategies, LLC has a right to an accounting of the business.

**3.    LEGAL ISSUES**

This case is still in its early stages, and the legal issues are not yet fully known. However, based on the pleadings to date, the principal legal issues in this case include, without limitation:

1. Whether the defendants/counter plaintiffs/third party plaintiffs properly joined the third party defendants to this federal lawsuit.

2. Whether a libel and slander claim is sustainable based solely on the alleged publication of a complaint to employees of the plaintiff and the submission of those facts in defense of a wage claim as part of an administrative process.

3. Whether Single Site Solutions Corporation owed any duty of care to the Estupinians or Mutual Vision, LLC or otherwise acted negligently.

4. Whether a terminated employee may state a stand-alone claim for breach of the covenant of good faith and fair dealing concerning their termination.

5. Whether a business employee can state a cause of action for interference with employment relationship.

**4.    MOTIONS**

The following motions are currently pending before the Court:

1. Plaintiff/Counter Defendant Vesta Strategies, LLC's Motion to Dismiss the Estupinians' counterclaim;

2. Third Party Defendant John Terzakis' Special Motion to Strike Pursuant to the California Anti-SLAPP Statute and for Attorneys' Fees and Costs relating to the Estupinians' libel and slander claim;

    3.      Third Party Defendants John Terzakis', Single Site Solutions Corporation's, and B&B Sparco Properties, Inc.'s Motion to Dismiss or Strike the Estupinians' third party claims;

    4.      Plaintiff/Counter Defendant Vesta Strategies, LLC's and Third Party Defendant John Terzakis' Special Motion to Strike Pursuant to the California Anti-SLAPP Statute and for Attorneys' Fees and Costs relating to Tognazzini's libel and slander claim; and

    5.      Plaintiff/Counter Defendant Vesta Strategies, LLC's and Third Party Defendant John Terzakis' Motion to Dismiss Tognazzini's counterclaims and third party claims.

Briefing is not yet complete on these motions. The Estupinians and other defendants have filed an amended counterclaim and Third Party claim which may moot motions 1, 2, and 3 above. The motions relating to the Estupinians' counterclaim and third party claims (1, 2, and 3 above) are currently scheduled for hearing on May 5, 2008. The motions relating to Tognazzini's counterclaims and third party claims (4 and 5 above) are currently scheduled for hearing on June 9, 2008.

The parties anticipate that motions for summary judgment, motions *in limine*, and other potential motions may be filed in the future.

**5.** **AMENDMENT OF PLEADINGS**

The parties propose June 27, 2008 as the deadline for amending the pleadings. The parties are not currently aware of any expected amendments to the pleadings.

**6.** **EVIDENCE PRESERVATION**

Each party believes that it has taken reasonable steps to preserve evidence relevant to the issues reasonably evident in this action.

**7.** **DISCLOSURES**

Pursuant to the Court's December 7, 2007 Order Setting Initial Case Management Conference and ADR Deadlines, the parties shall serve their Rule 26(a) initial disclosures by April 18, 2008. Each party's initial disclosures shall include the information required by Federal Rule of Civil Procedure 26(a)(1)(A).

**8.  DISCOVERY**

The only discovery taken in this case to date has been the depositions of Robert Estupinian and Ginny Estupinian on limited topics relating to their conduct concerning Vesta Strategies, LLC's computers and documents, as ordered by the Court at the hearing on December 18, 2008.

The parties do not at this time request any limitations or modifications of the discovery rules set forth in the Federal Rules of Civil Procedure or this Court's Local Rules (effective May 1, 2008).  The parties may agree by stipulation on any limitations or modifications of the discovery rules.  The parties further reserve their rights to seek any modifications of the discovery rules as necessary.

The parties' proposed discovery plan is included under Section 17 below.

**9.  CLASS ACTIONS**

Not applicable.

**10.  RELATED CASES**

Not applicable.

**11.  RELIEF**

Plaintiff, Vesta Strategies, LLC, seeks the following relief through its Complaint:  (1) money damages in an amount to make it whole; (2) treble damages pursuant to 18 U.S.C. § 1964(c); (3) punitive damages; (4) attorneys' fees and costs; (5) preliminary and permanent injunctive relief freezing the assets of the Estupinians; (6) imposition of a constructive trust on all monies held by each defendant that rightfully belongs to Vesta Strategies, LLC; (7) a full and complete accounting at the defendants' expense; and (8) such further or different relief as this Court deems appropriate.  The amount of money damages sought by Vesta Strategies, LLC is at least $6,000,000, plus pre- and post-judgment interest, treble damages, punitive damages, and attorneys' fees and costs.  These damages are based on the amount of money that the defendants wrongfully took or obtained from Vesta Strategies, LLC.

The Estupinians seek the following relief through their counterclaims and third party claims:  (1) money damages in the amount to be determined at trial; (2) treble damages; (3)

1  punitive damages; (4) injunctive relief; (5) imposition of a constructive trust on all monies of
2  Vesta Strategies, LLC wrongfully received and retained by counter defendants; (6) a full and
3  complete accounting at the expense of the counter defendants; (7) declaratory relief; (8)
4  reasonable attorneys' fees and costs; and (9) any further relief as this Court deems appropriate.

5  Tognazzini seeks the following relief through her counterclaims and third party claims:
6  (1) compensatory damages for wages and benefits lost by her in an amount to be proven at trial,
7  but not less than $7,600; (2) punitive damages in an amount to be proven at trial, but not less than
8  $1,000,000; (3) costs of suit, including reasonable attorneys' fees as provided by law; and (4) any
9  further relief as this Court deems appropriate.

**12. SETTLEMENT AND ADR**

Some of the parties have discussed settlement. The parties do not yet appear to be in a position to settle. The parties believe that at least some discovery, including the exchange of documents and other written discovery and potentially depositions, is needed to put the parties in a position to potentially negotiate a resolution.

The parties have agreed that mediation is the appropriate ADR process for this case. However, the parties believe that a mediation is premature at this point in time and plan to defer that mediation until after at least some discovery is taken, as explained immediately above.

**13. CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES**

The parties do not consent to a magistrate judge for all purposes.

**14. OTHER REFERENCES**

Not applicable.

**15. NARROWING OF ISSUES**

The parties state that it is currently premature to narrow the issues in this case by agreement or by motion. The parties will discuss possible ways to narrow the issues as the case proceeds.

**16. EXPEDITED SCHEDULE**

The parties do not currently believe that this is the type of case that can be handled on an expedited basis with streamlined procedures.

1  **17.    SCHEDULING**

2  The parties have agreed upon the following proposed dates and discovery plan pursuant to

3  Federal Rule of Civil Procedure 26(f):

| DEADLINE OR EVENT | AGREED DATE |
|---|---|
| Last day to file Rule 26(f) Report, complete initial disclosures, and file Joint Case Management Statement. | April 18, 1008 |
| Initial Case Management Conference | April 28, 2008 |
| Deadline for amending pleadings. | June 27, 2008 |
| Fact discovery cut-off (*i.e.*, per Local Rule 26-2, the date by which all responses to written discovery are due and by which all depositions must be concluded). | November 14, 2008 |
| Disclosure of expert reports. | December 12, 2008 |
| Expert discovery cut-off. | February 13, 2009 |
| Deadline for filing dispositive motions and *Daubert* motions. | March 13, 2009 |
| Deadline for filing responses in opposition to any dispositive motions or *Daubert* motions. | April 10, 2009 |
| Deadline for filing replies in support of any dispositive motions or *Daubert* motions. | May 1, 2009 |
| Proposed date for a hearing on any dispositive motions or *Daubert* motions. | May 11, 2009 |
| Proposed date for a final pretrial conference. | Mid-June 2009 |
| Proposed date for trial [estimated 10 days] | July 2009 |

**18.    TRIAL**

This case will be tried to a jury on all issues so triable. The parties currently expect the trial to last approximately 10 days.

**19.    DISCLOSURE OF NON-PARTY ENTITIES OR PERSONS**

As of the filing of this report, Vesta Strategies, LLC, John Terzakis, Single Site Solutions Corporation, and B&B Sparco Properties, Inc. have each filed a "Certification of Interested

Entities or Persons." Pursuant to Civil L.R. 3-16, these parties certify that as of this date, other than the named parties, there is no such interest to report.

As of the filing of this report, Robert Estupinian, Ginny Estupinian, Mutual Vision, LLC, Millennium Realty Group, Vesta Reverse 100, LLC, Vesta Capital Advisors, LLC, Edmundo Estupinian, Haydee Estupinian, and Carol-Ann Tognazzini have each filed a "Certification of Interested Entities or Persons." Pursuant to Civil L.R. 3-16, these parties certify that as of this date, there are no other interests to report.

**20.   OTHER MATTERS**

The parties are not currently aware of any other matters that may facilitate the just, speedy and inexpensive disposition of this matter. The parties will discuss possible ways to facilitate the just, speedy and inexpensive disposition of this matter as the case proceeds.

Dated: April 18, 2008

Respectfully submitted,

McDERMOTT WILL & EMERY LLP

By: /s/ Aron J. Frakes
Aron J. Frakes

Attorneys for Plaintiff and Counter Defendant VESTA STRATEGIES, LLC; Third Party Defendant JOHN TERZAKIS; Third Party Defendant SINGLE SITE SOLUTIONS CORPORATION; and Third Party Defendant B&B SPARCO PROPERTIES

CHI99 4967166-2.029407.0020