```
1  Kevin R. Martin, SBN 176853
   kmartin@randicklaw.com
2  Brian M. O'Dea, SBN 45704
   bodea@randicklaw.com
3  Patrick E. Guevara SBN 202727
   pguevara@randicklaw.com
4  RANDICK O'DEA & TOOLIATOS, LLP
   5000 Hopyard Road, Suite 400
5  Pleasanton, California  94588
   Telephone    (925) 460-3700
6  Facsimile    (925) 460-0969

7  Attorneys for Defendants, Counter Claimants and Third Party Claimants ROBERT E.
   ESTUPINIAN, GINNY ESTUPINIAN and MUTUAL VISION, LLC, and Defendants and
8  Third Party Claimants MILLENNIUM REALTY GROUP, VESTA REVERSE 100, LLC,
   VESTA CAPITAL ADVISORS, LLC, EDMUNDO ESTUPINIAN, and HAYDEE
9  ESTUPINIAN
```

### UNITED STATES DISTRICT COURT OF CALIFORNIA

### NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| VESTA STRATEGIES, LLC, | Case No.: C 07-06216 JW RS |
| Plaintiff, | **DECLARATION OF ROBERT E. ESTUPINIAN IN SUPPORT OF MOTION TO COMPEL PRODUCTION OF DOCUMENTS** |
| vs. | |
| ROBERT E. ESTUPINIAN, GINNY ESTUPINIAN, MUTUAL VISION, LLC, MILLENNIUM REALTY GROUP, VESTA REVERSE 100, LLC, VESTA CAPITAL ADVISORS, LLC, CAROL-ANN TOGNAZZINI, EDMUNDO ESTUPINIAN, and HAYDEE ESTUPINIAN, | |
| Defendants. | |
| AND RELATED CROSS-ACTIONS. | |

I, Robert E. Estupinian, declare and state:

1. I am a defendant, counter claimant, and third party claimant in the above-matter.

2. My wife Ginny and I are the sole owners of Mutual Vision, LLC which is the 49% owner of plaintiff Vesta Strategies, LLC.

1

3. Attached hereto marked as Exhibit A, is a true and correct copy of the Operating Agreement of Vesta Strategies, LLC ("Agreement").

4. This Agreement shows that Mutual Vision LLC is 49% owner and third party defendant John Terzakis is 51% owner (¶3.1); that John Terzakis is the manager (¶3.3) and in charge of tax matters (¶¶4.1 and 4.2).

5. My wife and I are presently being audited by the Internal Revenue Service.

6. I have requested of Mr. Terzakis, through his attorneys, that he provide me with the documents requested by the Internal Revenue Service for this audit. That request has been ignored.

7. It is essential that I be provided with the requested documents which are listed in the Declaration of David Buchanon, CPA, filed herewith to comply with the audit requirements.

8. My accountant is scheduled to meet with the Internal Revenue Service agent on May 12, 2008.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 29th day of April 2008 at San Jose, California.

ROBERT E. ESTUPINIAN

2

DECLARATION OF ROBERT E. ESTUPINIAN IN SUPPORT OF MOTION TO
COMPEL PRODUCTION OF DOCUMENTS    CASE NO.: C 07-06216 JW RS
171565.doc

# OPERATING AGREEMENT
## OF

## VESTA STRATEGIES, LLC
### A CALIFORNIA LIMITED LIABILITY COMPANY

This Operating Agreement (the "Agreement") of Vesta Strategies LLC, a California limited liability company, is entered into by and between John D. Terzakis and Mutual Vision, LLC A California Limited Liability Company, the members (the "Members")

## Article 1.
## Formation of Company

**1.1.   Name**
The name of the limited liability company (the "Company") is Vesta Strategies, LLC

**1.2.   Formation**
The Company was formed on January 9, 2004 pursuant to the Beverly-Killea Limited Liability Company Act (the "Act") when its Articles of Organization ("Articles") were filed with the office of the Secretary of State of the State of California.

**1.3.   Principal Place of Business**
The Company's principal place of business is
900 E Hamilton Ave Suite 100, CA 95008

**1.4. Registered Agent**
The Company's registered agent in California is GKL Corporate/Search, Inc; whose address is P.O. Box 1913, Sacramento, CA 95812-1913. The registered agent may be changed by the Members or Manager as provided in the Act.

**1.5. Defects as to Formalities**
A failure to observe any formalities or requirements of this Agreement, the Articles or the Act shall not be grounds for imposing personal liability on the Members for the liabilities of the Company.

## Aritcle 2.
## Business of Company

The business of the Company shall be to carry on any lawful business or activity which may be conducted by a limited liability company organized under the Act.


EXHIBIT A

## Article 3.
## Member, Contribution, and Management

### 3.1. Name and Address of Members
The Member names and addresses are as follows:

John D. Terzakis
7450 Quincy St
Willowbrook, IL 60527

Which shall have an ownership interest of fifty one percent (51%). Herein designated as the Manager.

Mutual Vision LLC
900 E Hamilton Ave Suite 100
Campbell, CA 95008

Which shall have an ownership interest of forty nine percent (49%)

### 3.2. Contribution
The Members shall each contribute the sum of one thousand dollars ($1,000.00). No interest shall accrue on any contribution and the Members shall not have the right to withdraw or be repaid any contribution except as provided in this Agreement. The Members may, at the Members' discretion, make additional contributions, but, notwithstanding anything to the contrary in this Agreement, the Members shall have no obligation to do so.

### 3.3. Management
The Company shall be managed by the Member who has the majority of ownership, who may unilaterally act on behalf of the Company with or without a meeting and regardless of any financial interest the Member may have in such action. All decisions concerning the business affairs of the Company shall be made by the Manager, and the affirmative consent (regardless of whether it is written, oral, or by course of conduct) of the Manager shall constitute the consent of all of the members of the Company for purposes of the Act, the Articles and this Agreement. The failure of the Company to observe any formalities or requirements relating to the exercise of its powers or the management of its business or affairs under this Agreement or the Act shall not be grounds for imparting personal liability on any Member for liabilities of the Company.

### 3.4. Management Rights
Subject to the Act, the Articles and this Agreement, the Manager shall have authority to do every act consistent with the law. Actions by the Manager shall bind the Company regardless of whether such action is for the purpose of apparently carrying on in the usual way the business or affairs of the company, including the exercise of the authority indicated in this Section. No personal shall have any duty or obligation to Inquire into the authority or power of the Manager regarding the Manager's actions on behalf of the Company.

### 3.5. Member Liability and Indemnification
Except as otherwise provided by law, the Articles or this Agreement, a member shall have no personal liability, merely as a member or manager, for any liabilities or losses of the Company beyond the member's contributions. The Company shall indemnify the Member for all costs, losses, liabilities and damages paid or accrued by such Member in connection with the business of the Company, or because the Member is a member, and shall advance expenses incurred by the Member in connection with the business of the Company, or in any legal action arising from action taken by the Member in connection with the business of the Company, all to the fullest extent provided or allowed by the laws of California. The Members may, at their discretion, also indemnify any or all employees or agents of the Company for all costs, losses, liabilities and damages paid or accrued by the agent or employee in connection with the business of the Company to the fullest extent provided or allowed by the laws of California.

### 3.6. Compensation
The Members shall be reimbursed for all reasonable expenses incurred on behalf of the Company. The Members shall be entitled to a reasonable compensation for time spent managing the Company, in an amount to be determined from time to time by the Members.

### 3.7. Duty of Loyalty
The Members may have and engage in business and investment interests and activities other than the Company, and need not account to the Company for profits or remuneration gained thereby. The Members may enter into transactions considered to be competitive with or similar to those of the Company, or a business opportunity beneficial to the Company, and the Company waives any right or claim to participate therein. The Members have no duty to account to the Company or to hold as trustee for the Company any property, profit or benefit derived by the Member in formation, conduct or winding-up of the Company or from the use or appropriation of any Company property.

### 3.8. Other Self Interest
The Members do not violate a duty or obligation to the Company merely because the Member's conduct furthers the Member's own interests. The Member may lend money to and transact other business with the Company, and the rights and obligations of the Member in such transactions shall be the same as those of a person who is not a member. No transactions with the Company shall be voidable solely because the Member has a direct or indirect interest in the transaction.

## Article 4.
## Taxes

### 4.1. Elections
The Manager may make any tax elections for the Company allowed under the Internal Revenue Code of 1986 as amended from time to time ("Code") or the tax laws of any state or other jurisdiction having taxing jurisdiction over the Company. It is the intent of the Members and the Company that the

Company is to be disregarded as an entity separate from the Members for purposes of the Code.

### 4.2. Taxes of Taxing Jurisdictions

To the extent that the laws of any taxing jurisdiction require, the Manager will prepare and the Members will execute and submit an agreement indicating that the Members will make timely income tax payments to the taxing jurisdiction and that the Members accept personal jurisdiction of the taxing jurisdiction with regard to the collection of income taxes attributable to the Member's income, and interest, and penalties assessed on such income, if such agreement is required by the taxing jurisdiction. If any Member fails to provide such agreement, the Company may withhold and pay over to such taxing jurisdiction the amount of tax, penalty and interest determined under the laws of the taxing jurisdiction with respect to such income. Any such payments with respect to the income of the Members shall be treated as distribution for the purposes of Article 5.

## Article 5.
## Distributions

The Company may make distributions at such times and in such amounts as determined by the Manager. No distribution shall be declared and paid unless, after the distribution is made, the assets of the Company are in excess of all liabilities of the Company.

## Article 6.
Disposition of Membership Interest and Admission of Assignees and Additional Members

### 6.1. Disposition

A Member's membership interest is transferable either voluntarily or by operation of law. The Member may dispose of all or a portion of the Member's membership interest. Upon the disposition of a portion of the Member's membership interest, the transferee shall be admitted as a substitute member as to the transferred interest upon the completion of the transfer without further action. Upon the transfer of the Member's entire membership interest (other than a temporary transfer or transfer as a pledge or security interest), the Member shall cease to be a Member of the Company and shall have no further rights or obligations under this Agreement, except that the Member shall have the right to such information as may be necessary for the computation of the Member's tax liability.

### 6.2. Admission of Additional Members

The Members may, in the Members' discretion, admit additional members and determine the capital contributions of such additional members.

## Article 7.
## Dissolution and Winding Up

### 7.1. Dissolution

The Company shall be dissolved and its affairs wound up, upon the will of the Member, or at such time as the Company has no members. Notwithstanding any provision of the Act to the contrary, and except as otherwise provided in the immediately preceding sentence, the Company shall continue and not dissolve as a result of death, retirement, resignation, expulsion, bankruptcy, or dissolution of any Member or any other event that terminates the continued membership of the Member.

### 7.2. Effect of Dissolution

Upon dissolution, the Company shall cease carrying on as distinguished from the winding up of the Company business, but the Company is not terminated, but continues until the winding up of the affairs of the Company is completed and a Certificate of Dissolution has been filed with the Secretary of State of the State of California.

### 7.3. Distribution of Assets on Dissolution

Upon the winding up of the Company, the company's assets shall be distributed as follows:
- (a) to Creditors, including the Member if it is a creditor, to the extent permitted by law, in satisfaction of Company liabilities; and
- (b) to the Members.

Such distributions shall be in cash, property other than cash, or partly in both, as determined by the Members.

### 7.4. Winding Up and Certificate of Dissolution

The winding up of a Company shall be completed when all debts, liabilities, and obligations of the Company have been paid and discharged or reasonably adequate provision therefore has been made, and all of the remaining property and assets of the Company have been distributed to the Members. Upon the completion of winding up of the Company, the Manager or other person designated by the Members shall deliver a Certificate of Dissolution, setting forth the information required by the Act, to the Secretary of State of the State of California for filing. In addition, after the winding up of the Company's affairs have been completed, the Company shall file a Certificate of Cancellation of the Articles with the Secretary of State of the State of California.

## Aritlce 8.
## Miscellaneous Provisions

### 8.1. Governing Law

The Agreement Shall be construed and enforced in accordance with the laws of California and the Act.

### 8.2. Amendments

This Agreement may be amended or modified from time to time only by a written instrument adopted by the Members and the Company and executed by the Members and the Company.

### 8.3. Entire Agreement
This Agreement represents the entire agreement between the Members and the Company.

### 8.4. Rights of Creditors and Third Parties Under Operating Agreement
This Agreement is entered into between the Company and the Members of the exclusive benefit of the Company, its Members, and their successors and assignees. This Agreement is expressly not intended for the benefit of any creditor of the Company or any other person. Except and only to the extent provided by applicable statute, no such creditor or third party shall have any rights under this Agreement or any agreement between the Company and the Members with respect to any capital contribution or otherwise. Executed by the parties effective as of January 09, 2004.

Member: John D. Terzakis

By: _____
John D. Terzakis

Member: Mutual Vision LLC
By: _____
Its: President