DANIEL E. ALBERTI (68620)
dalberti@mwe.com
McDERMOTT WILL & EMERY LLP
3150 Porter Drive
Palo Alto, CA  94304-1212
Telephone:      650.813.5000
Facsimile:      650.813.5100

PAUL E. CHRONIS (*pro hac vice*)
pchronis@mwe.com
ARON J. FRAKES (*pro hac vice*)
ajfrakes@mwe.com
MCDERMOTT WILL & EMERY LLP
227 West Monroe Street
Chicago, Illinois  60606
Telephone:  312.372.2000
Facsimile:  312.984.7700

Attorneys for Plaintiff and Counter Defendant
VESTA STRATEGIES, LLC; Third Party
Defendant SINGLE SITE SOLUTIONS
CORPORATION; Third Party Defendant
JOHN TERZAKIS; Third Party Defendant
B&B SPARCO PROPERTIES, INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| VESTA STRATEGIES, LLC,<br><br>Plaintiff,<br><br>v.<br><br>ROBERT E. ESTUPINIAN, GINNY ESTUPINIAN, MUTUAL VISION, LLC, MILLENNIUM REALTY GROUP, VESTA REVERSE 100, LLC, VESTA CAPITAL ADVISORS, LLC, and CAROL-ANN TOGNAZZINI,<br><br>Defendants.<br><br>AND RELATED COUNTER CLAIMS AND THIRD PARTY CLAIMS | CASE NO.  C 07-06216 JW RS<br><br>**PLAINTIFF/COUNTER DEFENDANT VESTA STRATEGIES, LLC'S MOTION TO DISMISS; THIRD-PARTY DEFENDANTS JOHN TERZAKIS', SINGLE SITE SOLUTIONS CORPORATION'S, AND B&B SPARCO PROPERTIES, INC.'S MOTION TO DISMISS OR STRIKE; VESTA STRATEGIES' AND JOHN TERZAKIS' SPECIAL MOTION TO STRIKE PURSUANT TO THE CALIFORNIA ANTI-SLAPP STATUTE AND FOR ATTORNEYS' FEES AND COSTS; NOTICE OF MOTIONS; AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTIONS** |

| | |
|---|---|
| **Date:** | **September 8, 2008** |
| **Time:** | **9:00 a.m.** |
| **Department:** | **Room 8, 4th Floor, SJ** |
| **Judge:** | **James Ware** |

## NOTICE OF MOTIONS

PLEASE TAKE NOTICE THAT on September 8, 2008, at 9:00 a.m, in Courtroom 8 of this Court, Plaintiff/Counter Defendant Vesta Strategies, LLC ("Vesta Strategies"), Third Party Defendant John Terzakis ("Terzakis"), Third Party Defendant Single Site Solutions Corporation ("SSSC"), and Third Party Defendant B&B Sparco Properties, Inc. ("B&B Sparco" and, collectively with Terzakis and SSSC, the "Third Party Defendants") will, and hereby do, move this Court for the relief described immediately below.

## MOTIONS

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Vesta Strategies respectfully moves this Court for an order dismissing with prejudice the claims in the First Amended Counterclaim and First Amended Third-Party Complaint ("Amended Counterclaim") filed by Mutual Vision, LLC, Robert Estupinian and Ginny Estupinian, Millennium Realty Group, Vesta Reverse 100, LLC, Vesta Capital Advisors, LLC, Edmundo Estupinian, and Haydee Estupinian.[1]

---

[1] Given the number of parties asserting the Amended Counterclaim, the labels of the parties can be confusing. For the Court's convenience, below is a legend of how the parties are defined in this brief:

| | |
|---|---|
| "Mutual Vision" = | Mutual Vision, LLC |
| "Estupinians" = | Robert Estupinian and Ginny Estupinian |
| "Third Party Claimants" = | Millennium Realty Group, Vesta Reverse 100, LLC, Vesta Capital Advisors, LLC, Edmundo Estupinian, and Haydee Estupinian |
| "Estupinian Parties" = | Mutual Vision, the Estupinians, and the Third Party Claimants, collectively |
| "Third Party Defendants" | John Terzakis, Single Site Solutions Corporation, and B&B Sparco Properties, Inc. |

1         Pursuant to Federal Rules of Civil Procedure 12(b)(6) or 12(f) and 14(a)(4), Third Party

2    Defendants respectfully move this Court for an order dismissing or striking the Estupinian

3    Parties' claims against the Third Party Defendants in the Amended Counterclaim, with prejudice.

4         Pursuant to Federal Rules of Civil Procedure 12(b)(6) or 12(f), Vesta Strategies and

5    Terzakis respectfully move this Court for an order dismissing or striking the Estupinians' claim

6    for Intentional Infliction of Emotional Distress with prejudice and awarding Vesta Strategies and

7    Terzakis their attorneys' fees and costs pursuant to the California Anti-SLAPP Statute, CAL. CIV.

8    P. CODE § 425.16 *et seq.*

9         The numerous bases for these motions are explained in detail in the Memorandum of

10   Points and Authorities below.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTIONS

2

## TABLE OF CONTENTS

3

**Page**

4   I.      INTRODUCTION .................................................................................................. 1

5   II.     SUMMARY OF ARGUMENT ............................................................................ 2

6   III.    LEGAL STANDARDS ........................................................................................ 3

7           A.      Rule 12(b)(6) Motion to Dismiss Standards ............................................ 3

8           B.      California Anti-SLAPP Motion to Strike Standards ............................... 3

9           C.      Rule 14 Motion to Strike Standards ........................................................ 4

10  IV.     ARGUMENT ........................................................................................................ 4

11          A.      The Court Should Dismiss All of the Estupinian Parties' Claims Against
                    Vesta Strategies and the Third Party Defendants For Failure to State a
12                  Claim ........................................................................................................ 4

13                  1.      The Court Should Dismiss Mutual Vision's and the Estupinians'
                            RICO Claims against Vesta Strategies and the Third Party
14                          Defendants ..................................................................................... 4

15                  2.      The Court Should Dismiss Mutual Vision's Claim for Unlawful
                            Distribution in Violation of Cal. Corp. Code § 17254 against
16                          Terzakis ......................................................................................... 7

17                  3.      The Court Should Dismiss Mutual Vision's Claim against Vesta
                            Strategies, Terzakis, and SSSC for Failure to Maintain Records in
18                          Violation of Cal. Corp. Code § 17058 ......................................... 8

19                  4.      The Court Should Dismiss Mutual Vision's Claim against Vesta
                            Strategies, Terzakis, and SSSC for Failure to Provide Records in
20                          Violation of Cal. Corp. Code § 17058 ......................................... 9

21                  5.      The Court Should Dismiss Mutual Vision's Breach of Fiduciary
                            Duty Claim Against Vesta Strategies and the Third Party
22                          Defendants .................................................................................. 10

23                  6.      The Court Should Dismiss Mutual Vision's Negligence Claim
                            Against SSSC .............................................................................. 10
24
                    7.      The Court Should Dismiss Mutual Vision's Unjust Enrichment
25                          Claim  Against the Third Party Defendants ................................ 13

26                  8.      The Court Should Dismiss Mutual Vision's Constructive Trust
                            Claim  Against the Third Party Defendants ................................ 13
27
                    9.      The Court Should Dismiss Mutual Vision's Accounting Claim
28                          Against Vesta Strategies and the Third Party Defendants .......... 14

10. The Court Should Dismiss the Estupinians' Claim for Wrongful Discharge Against Vesta Strategies and Terzakis ................................... 15

11. The Court Should Dismiss the Estupinians' Claim for Intentional Infliction of Emotional Distress against Vesta Strategies and Terzakis ............................................................................................ 16

12. The Court Should Dismiss the Estupinian Parties' Claim for Contribution ........................................................................................... 17

13. The Court Should Dismiss the Estupinian Parties' Claim for Declaratory Relief ................................................................................ 17

B. The Court Should Dismiss or Strike the Estupinian Parties' Independent Claims Against the Third Party Defendants as Procedurally Improper ............... 18

1. The Independent Claims Cannot Be Joined Under Rule 14(a)(1) ........... 19

2. The Independent Claims Cannot be Joined Under Rule 13(h) ................. 20

C. The Court Should Dismiss or Strike the Estupinians' IIED Claim Against Terzakis and Vesta Strategies and Award Terzakis and Vesta Strategies Their Attorneys' Fees and Costs Based on California's Anti-SLAPP Statute ............................................................................................... 21

1. Terzakis and Vesta Strategies Establish A Prima Facie Case Because Their Alleged Actions Were Taken to Further Their Rights of Free Speech or Petition in Connection with a Public Issue ................. 22

2. The Estupinians Cannot Meet Their Burden To Show that They Will Prevail On Their IIED Claim ........................................................ 23

3. The Estupinians' Wrongful Discharge in Violation of Public Policy Claim Cannot Provide a Basis for Their IIED Claim ............................. 24

V. CONCLUSION ........................................................................................ 25

1

**TABLE OF AUTHORITIES**

2

**Page(s)**

3

4

**CASES**

5

*Adelman v. Associated Internat. Ins. Co.*,
6
    90 Cal. App. 4th 352 (Cal. Ct. App. 2001) ............................................................ 11

7

*Albers v. Guthy-Renker Corp.*,
8
    92 Fed. Appx. 497 (9th Cir. Cal. 2004) ............................................................ 4, 5

*Annette F. v. Sharon S.*,
9
    119 Cal. App. 4th 1146 (Cal. Ct. App. 2004)................................................. 22, 23

10

*Architectural Coatings Assoc. Ltd. P'ship v. Applied Coatings Intern., Inc.*,
    103 F.R.D. 442 (E.D. Pa. 1984) .................................................................... 20

11

*Barron v. Reich*,
12
    13 F.3d 1370, 1374 (9th Cir. 1994) ................................................................ 3

13

*Bily v. Arthur Young & Co.*,
    3 Cal. 4th 370 (Cal. 1992) ....................................................................... 11, 12

14

*Briggs v. Eden Council for Hope & Opportunity*,
15
    19 Cal. 4th 1106 (Cal. 1999) ............................................................21, 22, 23

16

*Clegg v. Cult Awareness Network*,
    18 F.3d 752 (9th Cir. 1994)................................................................. 3, 15, 18

17

*Doltz v. Harris & Assocs.*,
18
    280 F. Supp. 2d 377 (E.D. Pa. 2003) ............................................................... 9

19

*First Am. Real Estate Inf. Servs. v. Consumer Benefit Servs.*,
    No. 03CV0633-B(NLS), 2004 U.S. Dist. LEXIS 20317
20
    (S.D. Cal. Apr. 22 2004) ......................................................................... 10

21

*First Am. Real Estate Inf. Servs.*,
    2004 U.S. Dist. LEXIS 20317 ...................................................................... 10

22

*Gen. American Life Ins. Co. v. Rana*,
23
    769 F. Supp. 1121 (N.D. Cal. 1991) .......................................................... 18, 21

24

*Gould v. Md. Sound Indus.*,
    31 Cal. App. 4th 1137 (Cal. Ct. App. 1995)......................................................... 16

25

*Grizzard v. Terada*,
26
    159 Fed. Appx. 786 (9th Cir. 2005)................................................................. 4, 5

27

*Howard v. America Online, Inc.*,
    208 F.3d 741 (9th Cir. 2000) ....................................................................... 7

28

*In re All Terrain Vehicle Litigation*,
   771 F. Supp. 1057 (C.D. Cal. 1991) ........................................................................ 6

*Ingels v. Westwood One Broad. Servs., Inc.*,
   129 Cal. App. 4th 1050 (2005) ................................................................................ 3

*Jacks v. JBJ Elec. Co.*,
   No. 042110PHXMHM, 2006 U.S. Dist. LEXIS 83327
   (D. Ariz. Nov. 13, 2006) .................................................................................. 20, 21

*Jennings v. Marralle*,
   876 P.2d 1074 (Cal. 1994) ..................................................................................... 16

*Kahre v. Damm*,
   No. 2:07-CV-00231-DAE-RJJ, 2007 U.S. Dist. LEXIS 95978
   (D. Nev. Dec. 18, 2007) ........................................................................................... 7

*Keifer v. Hamilton Engine Sales, Inc.*,
   No Civ. S-04-2077 LKK/DAD, 2006 U.S. Dist. LEXIS 68373
   (E.D. Cal. Sept. 13, 2006) ...................................................................................... 16

*Kest v. Kest*,
   No. 96-55861, 1997 U.S. App. LEXIS 34840 (9th Cir. Dec. 10, 1997) .................. 17

*Mann v. Quality Old Time Service, Inc.*,
   120 Cal. App. 4th 90 (Cal. App. 4th Dist. 2004) .................................................... 24

*Markey v. Kudelski S.A.*,
   2008 U.S. Dist. LEXIS 701 (S.D. Cal. 2008) ......................................................... 15

*Moore v. Kayport Package Exp., Inc.*,
   885 F.2d 531 (9th Cir. 1989) .................................................................................... 7

*Nelson v. Bennett*,
   662 F. Supp. 1324 (E.D. Cal. 1987) ....................................................................... 17

*Odom v. Microsoft Corp.*,
   486 F.3d 541 (9th Cir. 2007) .................................................................................... 6

*PCO, Inc. v. Christensen, Miller, Fink, Jacobs, Glaser, Weil & Shapiro, LLP*,
   150 Cal. App. 4th 384 (Cal. Ct. App. 2007) ........................................................... 13

*Phillips v. Gemini Moving Specialists*,
   63 Cal. App. 4th 563 (Cal. App. 2d Dist. 1998) ..................................................... 25

*Pollock v. Univ. of Southern Cal.*,
   112 Cal. App. 4th 1416 (Cal. Ct. App. 2003) .................................................... 23, 24

*Religious Technology Center v. Wollersheim*,
   971 F.2d 364 (9th Cir. 1992) .................................................................................... 7

*Richards v. Owens-Illinois, Inc.*,
   928 P.2d 1181 (Cal. 1997) ..................................................................................... 17

*Sanchez v. Lindsey Morden Claims Servs.*,
    72 Cal. App. 4th 249 (Cal. Ct. App. 1999) .......................................................................... 12

*Sanders v. Arneson Products, Inc.*,
    91 F.3d 1251 (9th Cir. 1996) ............................................................................................... 16

*Scott v. Solano County Health & Soc. Order Servs. Dep't*,
    459 F. Supp. 2d 959 (E.D. Cal. 2006) ................................................................................. 15

*Seattle Audubon Soc'y v. Moseley*, 80 F.3d 1401, 1405 (9th Cir. 1996) ..................................... 17

*See Hill v. City of El Segundo*,
    33 Fed. Appx. 254 (9th Cir. 2002) ...................................................................................... 21

*Speer v. JBJ Elec. Co.*,
    No. 042110PHXMHM 2006 U.S. Dist. LEXIS 16350 (D. Ariz. Mar. 25 2006) ............. 20, 21

*Spitzer v. Abdelhak*,
    No. 98-6475, 1999 U.S. Dist. LEXIS 19110, *16 (E.D. Pa. Dec. 15, 1999) .......................... 6

*Stewart v. American Int'l Oil & Gas Co.*,
    845 F.2d 196 (9th Cir. 1988) .......................................................................................... 19, 20

*Stewart v. Wachowski*,
    No. CV 03-2873 MMM (VBKx),
    2004 U.S. Dist. LEXIS 26608 (C.D. Cal. Sept. 27, 2004) ...................................................... 6

*Summit Media LLC v. City of Los Angeles*,
    No. CV072649RSWL (AJWx), 2008 U.S. Dist. LEXIS 3834
    (C.D. Cal. Jan. 2, 2008) ......................................................................................................... 3

*Union Bank v. Superior Court*,
    31 Cal. App. 4th 573 (Cal. Ct. App. 1995) .......................................................................... 14

*United States ex rel. Newsham v. Lockheed Missiles & Space Co.*,
    190 F.3d 963 (9th Cir. 1999) .................................................................................................. 3

*United States v. One 1977 Mercedes Benz*,
    708 F.2d 444 (9th Cir. 1983) ................................................................................................ 19

*Warfield v. Advnt Biotechnologies, LLC*,
    No. 060904PHXDGC, 2006 U.S. Dist. LEXIS 82341 (D. Ariz. Nov. 9, 2006) .............. 20, 21

*Weinbaum v. Goldfarb*,
    46 Cal. App. 4th 1310 (Cal. App. 2d Dist. 1996) ................................................................ 15

*Williams v. Coombs*,
    179 Cal. App. 3d 626 (Cal. App. 3d Dist. 1986) .................................................................. 23

*Yerkovich v. MCA Inc.*,
    11 F. Supp. 2d 1167 (N.D. Cal. 1997) ................................................................................. 14

**STATUTES**

18 U.S.C. § 1513 ................................................................................................ 6

18 U.S.C. § 1962(c) ...................................................................................... 4, 7

18 U.S.C. § 1962(d) .......................................................................................... 4

CAL CORP. CODE § 17300 ..................................................................... 5, 13, 14

CAL. CIV. CODE § 47 ................................................................................. 22, 23

CAL. CIV. P. CODE § 425.16 ................................................................... passim

CAL. CODE CIV. PROC. § 425.16(e)(2) ........................................................ 22

CAL. CORP. CODE § 17000 .............................................................................. 10

CAL. CORP. CODE § 17058 ............................................................................ 8, 9

CAL. CORP. CODE § 17106(b) ........................................................................... 9

CAL. CORP. CODE § 17106(g) ........................................................................... 9

CAL. CORP. CODE § 17153 .............................................................................. 10

CAL. CORP. CODE § 17254 ......................................................................... 7, 16

CAL. CORP. CODE § 17255 ................................................................................ 7

CAL. CORP. CODE § 17501(a) ....................................................................... 5, 8

CAL. CORP. CODE § 17651 ................................................................................ 8

**RULES AND REGULATIONS**

FED. R. CIV. P. 12(b)(6) ................................................................................. 2, 3

FED. R. CIV. P. 13(h) ................................................................................ 18, 20

FED. R. CIV. P. 14(a) .................................................................................... 4, 19

FED. R. CIV. P. 14(a)(1) ......................................................................18, 19, 20

FED. R. CIV. P. 9(b) .......................................................................................... 6

**OTHER AUTHORITIES**

6 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE &
    PROCEDURE § 1442 (3rd ed. 2005) ..................................................... 4, 20

6 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE &
    PROCEDURE § 1446 (2d ed. 1971) ........................................................... 19

1

## I.    **INTRODUCTION**

2          Vesta Strategies filed this action against the Estupinians and Mutual Vision to seek redress

3    for the Estupinians' and Mutual Vision's multi-million dollar fraud and theft against Vesta

4    Strategies.  (*See generally* Doc. 12.)  Mutual Vision and the Estupinians responded by filing a

5    counterclaim against Vesta Strategies and numerous purported "third party claims" against the

6    Third Party Defendants (the "Original Counterclaim").

7          In their Original Counterclaim, Mutual Vision and the Estupinians asserted eight meritless

8    and improperly joined causes of action against Vesta Strategies and some or all of the Third Party

9    Defendants.  (*See generally* Doc. 23.)  The reason that Mutual Vision and the Estupinians

10   improperly attempted to join their claims against the Third Party Defendants in the Original

11   Counterclaim was simple:  the federal courts would not have had subject matter jurisdiction over

12   their claims against third party defendant Peter Ye if those claims were not piggy-backed into this

13   federal lawsuit.

14         Vesta Strategies and the Third Party Defendants moved to dismiss or strike the Original

15   Counterclaim.  (*See generally* Doc. 42.)  Additionally, Terzakis moved to strike the Estupinians'

16   libel and slander claim based on CAL. CIV. P. CODE § 425.16 *et seq.* (the "California Anti-SLAPP

17   Statute").  (*Id.*)  Mutual Vision and the Estupinians did not respond to that motion.  Instead, they

18   filed an Amended Counterclaim, dropping nearly half of their original claims.  Specifically,

19   Mutual Vision and the Estupinians dropped their claims for libel, fraud, conversion, and

20   interference with contract.  (*Compare* Doc. 23 *with* Doc. 44.)

21         However, using a kitchen-sink approach, the Estupinian Parties asserted eight new, but

22   equally baseless and improper, claims against Vesta Strategies and the Third Party Defendants.

23   The Amended Counterclaim **still** suffers from the same fatal defects as the Original

24   Counterclaim.  Recognizing the Original Counterclaim's jurisdictional problems, the Amended

25   Counterclaim now adds a vague and unsupported federal RICO claim, which must be dismissed.

26   Recognizing the Original Counterclaim's joinder problems, the Amended Counterclaim joins the

27   Third Party Defendants to a baseless claim for "contribution," which also must be dismissed.

28

---

**VESTA STRATEGIES', TERZAKIS', SSSC's, B&B**
**SPARCO's MTD AMEND. COUNT.; NOTICES OF**            - 1 -         **CASE NO. C 07-06216 JW RS**
**MOTIONS; MPA IN SUPPORT OF MOTIONS**

Recognizing that the libel claim in the Original Counterclaim was destined for dismissal under the Anti-SLAPP Statute, the Amended Counterclaim twists the allegations of the former libel claim into a new claim for intentional infliction of emotional distress ("IIED"), which again must be dismissed (among other reasons) under the very same Anti-SLAPP Statute. In short, the Amended Counterclaim **still** has jurisdictional problems, **still** has joinder problems, and **still** must be dismissed or stricken.

## II.  SUMMARY OF ARGUMENT

The Estupinian Parties' claims must be dismissed and stricken for at least four separate and independent reasons.

*First*, the Court should dismiss the Estupinian Parties' claims because they fail to state a cause of action as a matter of law under Federal Rule of Civil Procedure 12(b)(6).

*Second*, the Court should dismiss the Estupinian Parties' purported "contribution" claim against the Third Party Defendants because the Estupinian Parties have not alleged any facts that could possibly support their claim for "contribution." Instead, their contribution claim is merely a pretext for Mutual Vision's and the Estupinians' improper joinder of their independent claims against third parties.

*Third,* Mutual Vision and the Estupinians have used their improper "contribution" claim to inappropriately name the Third Party Defendants – who were not parties to Vesta Strategies' complaint – as parties to five independent causes of action: breach of fiduciary duties, negligence, unjust enrichment, constructive trust, and accounting. These claims are nothing more than an attempt to make an improper end-run around the Federal Rules of Civil Procedure as Mutual Vision and the Estupinians could not bring these claims in their own federal lawsuit.

*Fourth,* the Court should dismiss or strike the Estupinians' claim against Terzakis and Vesta Strategies for IIED and award Terzakis and Vesta Strategies their attorneys' fees and costs pursuant to the California Anti-SLAPP Statute because Terzakis' alleged actions are privileged and are therefore not subject to an action for IIED under California law.

1

2

### III.    LEGAL STANDARDS

####    A.    Rule 12(b)(6) Motion to Dismiss Standards

3

4

5

6

7

8

On a Rule 12(b)(6) motion to dismiss, the Court must take the alleged facts as true and construe all inferences that can be drawn from the alleged facts in the claimant's favor. *See Barron v. Reich*, 13 F.3d 1370, 1374 (9th Cir. 1994). However, the Court is not required to accept "conclusory legal allegations cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754 (9th Cir. 1994).

9

####    B.    California Anti-SLAPP Motion to Strike Standards

10

11

12

13

14

15

In federal court, "[w]here a plaintiff or cross-claimant files a complaint arising from another party's assertion of their right to free speech, that complaint is subject to an anti-SLAPP motion" under California law. *Summit Media LLC v. City of Los Angeles*, No. CV072649RSWL (AJWx), 2008 U.S. Dist. LEXIS 3834, at *21 (C.D. Cal. Jan. 2, 2008); *see also United States ex rel. Newsham v. Lockheed Missiles & Space Co.*, 190 F.3d 963, 972 (9th Cir. 1999) (confirming that a California Anti-SLAPP motion and attorneys' fees and costs are available in federal court).

16

17

18

19

20

21

22

23

In considering a California Anti-SLAPP motion, the Court must engage in a two-step process. First, the Court must determine whether the moving party has made a prima facie showing that the claims "arise from acts of the [moving party] taken to further the [moving party's] right of free speech or petition in connection with a public issue." *Summit Media LLC*, 2008 U.S. Dist. LEXIS 3834, at *24 (quoting *Ingels v. Westwood One Broad. Servs., Inc.*, 129 Cal. App. 4th 1050, 1061 (2005)). "To make this determination, the court must consider the pleadings, and supporting and opposing affidavits stating the facts on which the liability or defense is based." *Id.* (quotation omitted).

24

25

26

27

Second, "[i]f the moving party makes the prima facie showing . . ., the burden shifts to the plaintiff to demonstrate a probability that the opposing party will prevail on the claim." *Id.* (quotations omitted). "To satisfy this burden, the plaintiff must show that the complaint is legally sufficient and supported by a prima facie showing of facts to sustain a favorable judgment if the

28

1    evidence submitted by the plaintiff is credited." *Id*. (quotations omitted).  If the plaintiff fails to

2    meet its burden, the Anti-SLAPP motion must be granted.  *Id*.

3         **C.    Rule 14 Motion to Strike Standards**

4         Rule 14 allows a defendant to implead third parties into a lawsuit under certain

5    circumstances.  Specifically, "impleader [under Rule 14] is available only against persons who

6    are or may be liable to defendant for part or all of plaintiff's claim; it cannot be used as a way of

7    combining all controversies having a common relationship in one action."  6 CHARLES ALAN

8    WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE & PROCEDURE § 1442 (3rd ed. 2005).  Rule

9    14(a) explicitly allows any party to move to strike a third party claim.  FED. R. CIV. P. 14(a)(4).

10   **IV.    ARGUMENT**

11        **A.    The Court Should Dismiss All of the Estupinian Parties' Claims Against
              Vesta Strategies and the Third Party Defendants For Failure to State a Claim**

12             **1.    The Court Should Dismiss Mutual Vision's and the Estupinians'
                    RICO Claims against Vesta Strategies and the Third Party Defendants**

13        In Count I of their Amended Counterclaim, Mutual Vision and the Estupinians purport to

14   state a RICO claim under 18 U.S.C. § 1962(c) and a RICO conspiracy claim under 18 U.S.C. §

15   1962(d) against Vesta Strategies and the Third Party Defendants.  (Doc. 44 at ¶¶ 45-50.)  These

16   RICO claims are improper and must be dismissed because:  (1) Mutual Vision and the

17   Estupinians have not given proper notice of their derivative RICO claims; (2) Mutual Vision and

18   the Estupinians do not have standing to bring their derivative claims; and (3) Mutual Vision and

19   the Estupinians have completely failed to plead their RICO claims with the particularity required

20   by Rule 9(b).

21             a.    Mutual Vision's and the Estupinians'
                    Derivative RICO Claims Are Improper

22

23        It is well established in the Ninth Circuit that shareholders and members of a limited

24   liability company do not have standing to bring derivative RICO claims.  *See Grizzard v. Terada*,

25   159 Fed. Appx. 786, 787 (9th Cir. 2005); *Albers v. Guthy-Renker Corp.*, 92 Fed. Appx. 497, 499

26   (9th Cir. Cal. 2004) (applying rule to members of a Texas LLC where members under Texas law

27   "do not have an interest in specific company property").  Indeed, the California Corporations

28

1  Code specifically provides that "[a] member [of an LLC] . . . has no interest in specific limited

2  liability company property."  CAL CORP. CODE § 17300.

3      Here, Mutual Vision and the Estupinians claim they suffered harm solely through

4  Terzakis' alleged use of Vesta Strategies' funds for his own purposes.  (*See* Doc. 44 at ¶¶ 27-41.)

5  That is a classic derivative RICO claim.  *See Grizzard*, 159 Fed. Appx. at 787 (finding that a

6  shareholder's RICO action was "purely derivative" when he alleged that he was injured when

7  defendants improperly siphoned funds from corporation without giving him a share).  Because

8  Mutual Vision's and the Estupinians' RICO claims are derivative, they fail for two reasons.

9      First, Mutual Vision and the Estupinians have not provided the notice required by

10  California law to bring such an action.  *See* CAL. CORP. CODE § 17501(a).[2]  Their RICO claim

11  must be dismissed for that reason alone.  *See Albers*, 92 Fed. Appx. at 500 (dismissing derivative

12  RICO claim where plaintiff failed to give proper notice under state law).

13      Second, even if Mutual Vision and the Estupinians had given proper notice of their RICO

14  claims, they still could not bring a derivative RICO action because they cannot show (1) an injury

15  distinct from the harms suffered by other members, or (2) a special contractual duty between

16  themselves and Vesta Strategies.  *See Grizzard*, 159 Fed. Appx. at 787.  Here, any injury that

17  Mutual Vision or the Estupinians suffered is entirely based on Terzakis' alleged improper taking

18  of Vesta Strategies' funds.  Therefore, they have exactly the same type of derivative RICO claim

19  as any other member of Vesta Strategies would have, and therefore do not have any distinct

20  injury.  *See id*.  They also fail to allege any special contractual duty between themselves and

21  Vesta Strategies.  Therefore, their derivative RICO claims must be dismissed.

            b.      Mutual Vision's and the Estupinians' RICO
22                  Claims Fail Under Rule 9(b) for Lack of Particularity

23      In addition to being entirely improper derivative claims, Mutual Vision's and the

24  Estupinians' RICO claims must be dismissed for another fundamental reason:  Mutual Vision and

25

26  ───────────────
   [2] The preconditions for such a derivative suit are not met here because there is no allegation that
27  Mutual Vision either (a) informed Vesta Strategies or Terzakis "in writing of the ultimate facts of
   each cause of action against each defendant," or (b) delivered to Vesta Strategies or Terzakis "a
28  true copy of the complaint that plaintiff proposes to file."  *See* CAL. CORP. CODE § 17501(a).

1   the Estupinians have failed to plead those claims with the particularity required by Rule 9(b).  To

2   state a claim under Section 1962(c), a plaintiff must allege "(1) conduct (2) of an enterprise (3)

3   through a pattern (4) of racketeering activity." *Odom v. Microsoft Corp.*, 486 F.3d 541, 547 (9th

4   Cir. 2007).  Rule 9(b) states that "in all averments of fraud or mistake, the circumstances

5   constituting fraud or mistake shall be stated with particularity."  FED. R. CIV. P. 9(b).  "The

6   pleading requirements of Rule 9(b) apply to RICO actions which rely on predicate acts involving

7   fraud."  *In re All Terrain Vehicle Litigation*, 771 F. Supp. 1057, 1060 (C.D. Cal. 1991).

8        Mutual Vision and the Estupinians have based their RICO claims on general allegations of

9   mail fraud, wire fraud, financial institution fraud, engaging in monetary transactions in property

10   acquired from unlawful activities (money laundering), and the interstate transportation of stolen

11   property.[3]  (Doc. 44 at ¶ 48).  All of these RICO predicate acts contain elements of fraud and

12   must therefore be pled with particularity.  *See Stewart v. Wachowski*, No. CV 03-2873 MMM

13   (VBKx), 2004 U.S. Dist. LEXIS 26608, at *16 (C.D. Cal. Sept. 27, 2004) (Rule 9(b) applies to

14   money laundering, mail fraud, and wire fraud); *In re All Terrain Vehicle Litigation*, 771 F. Supp.

15   1057, 1060 (C.D. Cal. 1991) (same with respect to interstate transportation of stolen property);

16   *Spitzer v. Abdelhak*, No. 98-6475, 1999 U.S. Dist. LEXIS 19110, *16 (E.D. Pa. Dec. 15, 1999)

17   (same with respect to money laundering and interstate transportation of stolen or fraudulently

18   obtained property).  Therefore, Mutual Vision and the Estupinians were required to plead these

19   alleged predicate acts with particularity.

20        However, Mutual Vision and the Estupinians have not pled them with **any** particularity,

21   let alone the particularity required by Rule 9(b).  For example, to properly allege wire fraud or

22   mail fraud, Mutual Vision and the Estupinians were required to state "the time, place, and specific

23   content of the false representations as well as the identities of the parties to the

24   misrepresentation."  *Odom v. Microsoft Corp.*, 486 F.3d 541, 553 (9th Cir. 2007).  Mutual Vision

25   and the Estupinians failed to allege even one single concrete act of fraud by alleging the time or

26

---

27   [3] Mutual Vision and the Estupinians cannot rely on "retaliation against witnesses and victims" as a predicate act under RICO, as there is no allegation that Vesta Strategies or the Estupinians retaliated against a witness or party for that witness' or party's attendance at an official

28   proceeding or for providing information to a law enforcement officer.  *See* 18 U.S.C. § 1513.

1    place of a fraudulent wire or mailing, the content of a fraudulent mailing or the amounts wired,

2    the persons who sent or received any alleged mailings or amounts, or even why any alleged

3    mailing or wire was fraudulent.  Mutual Vision's and the Estupinians' other vague allegations of

4    other alleged RICO predicate acts all fail for the same reason, because they have utterly failed to

5    plead the "time, place, and specific manner of commission of the RICO predicate acts and the

6    role of each defendant in each predicate act."  *Kahre v. Damm*, No. 2:07-CV-00231-DAE-RJJ,

7    2007 U.S. Dist. LEXIS 95978, *24 (D. Nev. Dec. 18, 2007) (citing *Moore v. Kayport Package*

8    *Exp., Inc.*, 885 F.2d 531, 541 (9th Cir. 1989)).  Accordingly, Mutual Vision's and the

9    Estupinians' RICO claims against Vesta Strategies and the Third Party Defendants must be

10    dismissed.[4]

> **2.    The Court Should Dismiss Mutual Vision's Claim for Unlawful Distribution in Violation of CAL. CORP. CODE § 17254 against Terzakis**

12            In Count II of the Amended Counterclaim, Mutual Vision alleges that Vesta Strategies

13    made distributions in violation of CAL. CORP. CODE § 17254 and that Terzakis voted for

14    distributions that violated CAL. CORP. CODE § 17254.  This claim must be dismissed as to

15    Terzakis, because even if Terzakis did vote for such an unlawful distribution (which he did not),

16    he is only potentially liable to Vesta Strategies, not Mutual Vision.  Because Mutual Vision has

17    not brought this action as a derivative action, it cannot recover against Terzakis for voting for a

18    distribution that allegedly violated Section 17254.

19            CAL. CORP. CODE § 17255 states that "a member or manager who votes for a distribution

20    in violation of ... Section 17254 … is personally liable to the **limited liability company**" for the

21    amount of that unlawful distribution.  CAL. CORP. CODE § 17255 (emphasis added).  Therefore,

22    Terzakis' only potential liability is to Vesta Strategies (the LLC), not to Mutual Vision (a

23    minority member of the LLC).  Mutual Vision has not alleged that this is a derivative suit.  Nor

24    could it, because (as discussed above relating to the RICO claims) the preconditions for such a

---

[4] Because Mutual Vision and the Estupinians have failed to state a claim under Section 1962(c), their Section 1962(d) claim also fails.  *See Howard v. America Online, Inc.*, 208 F.3d 741, 751 (9th Cir. 2000); *Religious Technology Center v. Wollersheim*, 971 F.2d 364, 367 (9th Cir. 1992).

1    derivative suit have not been met.  *See* CAL. CORP. CODE § 17501(a).  Thus, Mutual Vision's

2    claim against Terzakis under Section 17254 must be dismissed.

3           **3.      The Court Should Dismiss Mutual Vision's Claim against Vesta
            Strategies, Terzakis, and SSSC for Failure to Maintain Records in
4           Violation of CAL. CORP. CODE § 17058**

5           In Count III of the Amended Counterclaim, Mutual Vision alleges that Vesta Strategies

6    failed and continues to fail to maintain certain records required under subsections (a)(4), (a)(6),

7    and (a)(7) of CAL. CORP. CODE § 17058 and that Terzakis and SSSC have "intentionally failed to

8    cause" Vesta Strategies to maintain those records.  This claim must be dismissed for at least two

9    fundamental reasons.

10          *First*, it must be dismissed because Mutual Vision has not alleged that it made a written

11   request that Vesta Strategies maintain those records.  CAL. CORP. CODE § 17651 unequivocally

12   provides that an LLC such as Vesta Strategies that "fails … to keep … the records required by

13   Section 17058 … shall be subject to a penalty of twenty-five dollars ($25) for each day that the

14   failure or refusal continues, beginning 30 days **after receipt of written request by any member**

15   **that the duty be performed**."  (emphasis added).  Mutual Vision has not alleged it made such a

16   demand, and its claim should be dismissed for that reason alone.

17          *Second*, Mutual Vision's claim that Terzakis and SSSC "intentionally failed to cause"

18   Vesta Strategies to keep records required to be kept under Section 17058 also fails because CAL.

19   CORP. CODE § 17651 by its terms only imposes a penalty **on an LLC** that fails to keep records

20   pursuant to Section 17058.  Section 17651 does not create any liability against any person or

21   entity for "intentionally failing to cause" an LLC to keep records.  In fact, only a "limited liability

22   company" is even required to maintain records under CAL. CORP. CODE § 17058.  Therefore,

23   Mutual Vision does not have a cause of action against either Terzakis or SSSC based on their

24   alleged failure to cause Vesta Strategies to maintain records.

25

26

27

28

1
2

**4.    The Court Should Dismiss Mutual Vision's Claim against Vesta Strategies, Terzakis, and SSSC for Failure to Provide Records in Violation of CAL. CORP. CODE § 17058**

3    In Count IV of the Amended Counterclaim, Mutual Vision alleges that Vesta Strategies,

4 Terzakis, and SSSC[5] failed to allow Mutual Vision to inspect and copy records that Vesta

5 Strategies is required to maintain under CAL. CORP. CODE § 17058.  This claim again must be

6 dismissed for numerous separate and independent reasons.

7    *First*, it must be dismissed because Mutual Vision's request to inspect Vesta Strategies'

8 records was not made "for purposes reasonably related to the interest of that person as a member"

9 of Vesta Strategies, which is a statutory prerequisite for Mutual Vision's claim.  CAL. CORP.

10 CODE § 17106(b).  Instead, Mutual Vision's request is designed to harass Vesta Strategies and is

11 part of an attempt to cover-up Mutual Vision's fraud, theft, and embezzlement of Vesta

12 Strategies' funds.  (*See generally* Doc. 28.)

13    *Second*, Mutual Vision has again asserted a claim under CAL. CORP. CODE § 17058

14 against Terzakis and SSSC based on Vesta Strategies' alleged failure to allow inspection of

15 records.  Again, Section 17058 does not impose obligations on any entity other than an LLC.

16 Further,  Section 17106 – which creates the right of a member to inspect records maintained

17 pursuant to Section 17058 – only allows actions against LLCs.  *See* CAL. CORP. CODE § 17106(g)

18 ("In any action under this section, if the court finds the failure of the **limited liability company** to

19 comply with the requirements of this section …") (emphasis added).

20    *Third*, the records that Mutual Vision seeks may be subject to discovery in this action.

21 Therefore, this claim is entirely moot because, if the documents are truly relevant to this litigation

22 (which Vesta Strategies, Terzakis, and SSSC do not admit), then Mutual Vision will get them

23 through discovery.  *See Doltz v. Harris & Assocs.*, 280 F. Supp. 2d 377, 386 (E.D. Pa. 2003)

24 (finding an access to corporate records claim was moot where those documents would be

25 produced in discovery).  For any or all of these reasons, Count IV must be dismissed.

26
27
28

---

[5] Mutual Vision does not allege that SSSC failed to allow it to inspect Vesta Strategies' records.

1

2

      **5.**     **The Court Should Dismiss Mutual Vision's Breach of Fiduciary Duty Claim Against Vesta Strategies and the Third Party Defendants**

3

4

     In Count V of the Amended Counterclaim, Mutual Vision asserts that Vesta Strategies,

5

Terzakis, SSSC, and B&B Sparco breached their fiduciary duties to Mutual Vision.  Yet again,

6

and as is becoming a recurring theme for the Estupinian Parties' claims, this claim is baseless and

must be dismissed as a matter of law.

7

8

     In California, limited liability companies are creations of statute.  *See* CAL. CORP. CODE §

9

17000 *et seq.*; *First Am. Real Estate Inf. Servs. v. Consumer Benefit Servs.*, No. 03CV0633-

10

B(NLS), 2004 U.S. Dist. LEXIS 20317, at *19-20 (S.D. Cal. Apr. 22 2004).  By statute, the **only**

11

entities that owe fiduciary duties to a member of an LLC are managers and other members.  *See*

12

CAL. CORP. CODE § 17153; *First Am. Real Estate Inf. Servs.,* 2004 U.S. Dist. LEXIS 20317, at

13

*20.  Absolutely nothing in California statutory or case law supports Mutual Vision's claims for

14

breach of fiduciary duty against Vesta Strategies itself or against persons who are not members or

15

managers of Vesta Strategies.  Mutual Vision's claims against Vesta Strategies, SSSC, and B&B

16

Sparco must therefore be summarily dismissed because those companies did not owe any

fiduciary duty to Mutual Vision.

17

18

     Further, and is explained more fully in Part IV.B below, this claim was improperly joined

19

to this existing lawsuit and therefore should be dismissed as to the Third Party Defendants.

20

Indeed, Vesta Strategies is the only plaintiff in this case.  As just explained, Mutual Vision's

21

purported breach of fiduciary duty claim against Vesta Strategies is without any merit and must

be dismissed.  Thus, because this purported counterclaim against Vesta Strategies fails, it cannot

22

be pursued in this case against the Third Party Defendants.

23

      **6.**     **The Court Should Dismiss Mutual Vision's Negligence Claim Against SSSC**

24

     In Count VI of the Amended Counterclaim, Mutual Vision alleges that SSSC acted

25

negligently in its actions and activities as the "accountant and bookkeeper" for Vesta Strategies.[6]

26

---

27

[6]  More specifically, Mutual Vision alleges that SSSC breached a duty of care to Mutual Vision by "failing to properly record and maintain profits and loss statements, income and expenses, and

28

other items of record as to Vesta Strategies' business."  (Doc. 44 at ¶ 74.)  SSSC disputes those alleged facts, but takes them as true solely for purposes of this Rule 12(b)(6) motion to dismiss.

1   Preliminarily, as explained in Part IV.B below, this claim has also been improperly joined and

2   must be dismissed.  Further, Mutual Vision's claim is yet again entirely baseless under California

3   law.  Specifically, this claim must be dismissed because SSSC did not owe any duty to Mutual

4   Vision in connection with its alleged "accounting and bookkeeping" activities for Vesta

5   Strategies.

6           A threshold requirement for any negligence action is a duty of care towards another.  *Bily*

7   *v. Arthur Young & Co.*, 3 Cal. 4th 370, 397 (Cal. 1992).  Whether a duty of care exists is a

8   question of law to be resolved by the Court.  *Id.*

9           Here, Mutual Vision does not allege that SSSC was in privity with Mutual Vision; rather,

10  it alleges that SSSC provided accounting and bookkeeping services to Vesta Strategies.  (Doc. 44

11  at ¶ 74.)  When there is a lack of privity, California courts use a list of factors to determine

12  whether a legal duty exists, including "the extent to which the transaction was intended to affect

13  the plaintiff," "the foreseeability of harm," "the degree of certainty that the plaintiff suffered

14  injury," "the closeness of the connection between the defendant's conduct and the injury

15  suffered," "the moral blame attached to the defendant's conduct," and the "policy of preventing

16  future harm."  *Bily*, 3 Cal. 4th at 397.

17          Using these factors, the California courts have found that no duty existed in analogous

18  situations.  For example, the California Supreme Court concluded that no legal duty existed as a

19  matter of law between an auditor and third-party users of audit reports, holding that "a supplier of

20  information is liable for negligence to a third party only if he or she intends to supply the

21  information for the benefit of one or more third parties in a specific transaction or type of

22  transaction identified to the supplier."  *Id.* at 392.  Similarly, the California Court of Appeals has

23  held that an insurer is not liable to the individual homeowners of a condominium unit for the

24  negligent performance of its indemnity obligations to that condominium unit's homeowners

25  association.  *Adelman v. Associated Internat. Ins. Co.*, 90 Cal. App. 4th 352, 364 (Cal. Ct. App.

26  2001).  In doing so, the court recognized that "a duty to manage business affairs so as to prevent

27  purely economic loss to third parties in their financial transactions is the exception, not the rule,

28  in negligence law."  *Id.*

1       The relevant factors, as applied by California courts, preclude any possible finding that

2   SSSC – as the alleged accountant and bookkeeper of Vesta Strategies – owed a legal duty of care

3   to Mutual Vision.

4       First, SSSC's accounting and bookkeeping services, if any, were at the behest of and were

5   intended to benefit Vesta Strategies, not Mutual Vision.  As a supplier of information, SSSC

6   cannot be held liable to the Estupinians where it did not intend to benefit them.  *See Bily*, 3 Cal.

7   4th at 392.

8       Second, any supposed harm to Mutual Vision was not foreseeable by SSSC.  Indeed,

9   Mutual Vision does not even articulate how SSSC's alleged negligent bookkeeping has

10  "damaged" Mutual Vision.  (Doc. 44, ¶ 76.)  There is also no foreseeability because, as stated

11  below, the alleged negligent accounting could just as easily have benefited Mutual Vision as

12  harmed it.

13      Third and fourth, there is no certainty whatsoever that Mutual Vision would suffer injury

14  and there is no "closeness of connection" between SSSC's alleged conduct and Mutual Vision's

15  alleged injury.  Indeed, even if SSSC "failed to properly maintain and record profits and loss

16  statements, income and expenses and other items of record" as alleged, it simply does not follow

17  that Mutual Vision would necessarily be harmed.  Indeed, assuming Mutual Vision's allegations

18  are correct, it likely worked to its benefit (not harm) because it allowed Mutual Vision to more

19  easily conceal its multi-million dollar embezzlement of Vesta Strategies' money.  Mutual Vision

20  does not even allege how SSSC's alleged negligent bookkeeping caused it to receive less money

21  than it was entitled (nor can it in good faith make such an allegation).

22      Fifth, as a matter of public policy it does not make sense to extend SSSC's liability to

23  Mutual Vision.  Indeed, investors who might benefit from a certain accounting entry or

24  determination may have interests that conflict with or are directly contrary to the entity's own

25  interests.  *See Sanchez v. Lindsey Morden Claims Servs.*, 72 Cal. App. 4th 249, 253 (Cal. Ct. App.

26  1999) (finding that potential conflict of interest is an important factor in determining liability).

27

28

1    Simply put, based on the applicable factors for establishing a legal duty in the absence of

2    privity, SSSC did not owe Mutual Vision a legal duty of care as a matter of law.  Mutual Vision's

3    negligence claim therefore falls flat and must be dismissed.

4              **7.    The Court Should Dismiss Mutual Vision's Unjust Enrichment Claim
                        Against the Third Party Defendants**

5    Mutual Vision's improper unjust enrichment claim (Count VII) against the Third Party

6    Defendants must be dismissed or stricken for the reasons explained in Part IV.B below.

7              **8.    The Court Should Dismiss Mutual Vision's Constructive Trust Claim
                        Against the Third Party Defendants**

8
9    In Count VIII of the Amended Counterclaim, Mutual Vision purports to state a

10   constructive trust claim against the Third Party Defendants.  Mutual Vision alleges that the Third

11   Party Defendants misappropriated money from Vesta Strategies that they should not be allowed

12   to keep.  This claim should be dismissed for the fundamental reason that the property that was

13   allegedly misappropriated belonged to Vesta Strategies, not Mutual Vision, and Mutual Vision is

14   therefore not the proper party to assert such a claim against the Third Party Defendants.

15   Under California law, one of the essential elements to a constructive trust is "the right of a

16   complaining party [to a particular piece of property]."  *PCO, Inc. v. Christensen, Miller, Fink,*

17   *Jacobs, Glaser, Weil & Shapiro, LLP*, 150 Cal. App. 4th 384, 398 (Cal. Ct. App. 2007).  Here,

18   Mutual Vision alleges that the Third Party Defendants "have received and retained Company

19   [Vesta Strategies] money and are not entitled to do so."  (Doc. 44, ¶ 81.)  Even if the Estupinians'

20   allegations are assumed to be true, Vesta Strategies, not Mutual Vision, is the party who has a

21   right to the funds that the Third Party Defendants allegedly acquired. CAL CORP. CODE § 17300

22   ("A member [of an LLC] . . . has no interest in specific limited liability company property.").

23   Therefore, Vesta Strategies, not Mutual Vision, is the proper party to such a claim.  *See PCO,*

24   *Inc.*, 150 Cal. App. 4th at 398.  Mutual Vision's claim for constructive trust should therefore be

25   dismissed.

26   Additionally, Mutual Vision's constructive trust claim against the Third Party Defendants

27   must also be dismissed or stricken for the reasons explained in Part IV.B below.

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

9.    **The Court Should Dismiss Mutual Vision's Accounting Claim Against Vesta Strategies and the Third Party Defendants**

In Count IX of the Amended Counterclaim, Mutual Vision attempts to state an accounting claim against both Vesta Strategies and the Third Party Defendants. That claim must be dismissed as to all parties.

a.    The Accounting Claim Against Vesta Strategies Fails

Mutual Vision's claim for an accounting against Vesta Strategies must be dismissed because it is not an appropriate remedy in response to any of Vesta Strategies' alleged conduct. An accounting is a remedy that is "only viable if requested in connection with an appropriate claim." *Yerkovich v. MCA Inc.*, 11 F. Supp. 2d 1167, 1178 (N.D. Cal. 1997). Mutual Vision has asserted a claim against Vesta Strategies based on an alleged breach of fiduciary duties. Although that cause of action could conceivably support an accounting claim, it cannot do so here because (as detailed above) Mutual Vision's breach of fiduciary duties claim must be dismissed. Therefore, because Mutual Vision has failed to successfully allege that Vesta Strategies committed any type of misconduct that could provide an appropriate basis for an accounting against Vesta Strategies, Mutual Vision's accounting claim fails as a matter of California law. *See Union Bank v. Superior Court*, 31 Cal. App. 4th 573, 593 (Cal. Ct. App. 1995).

Moreover, Mutual Vision's new allegations of a complicated accounting relationship cannot save its accounting claim against Vesta Strategies. Under California law, a complicated accounting relationship allows for an accounting **only** where a defendant owes money to a plaintiff. *Id.* at 594. Mutual Vision does not allege in its Amended Counterclaim that Vesta Strategies owes it any money. To the contrary, Mutual Vision's accounting allegations are all based on the Third Party Defendants' alleged wrongful acquisition of Vesta Strategies' funds, to which it has no specific interest under California. CAL CORP. CODE § 17300 ("A member [of an LLC] . . . has no interest in specific limited liability company property.").

b.    The Accounting Claim Against the Third Party Defendants Fails

Mutual Vision's accounting claim against the Third Party Defendants fares no better for two independent reasons. First, because the accounting claim against Vesta Strategies must be

1    dismissed, it has been improperly joined in this case as to the Third Party Defendants for the

2    reasons set forth below in Part IV.B.  Second, Mutual Vision's claim seeks to require the Third

3    Party Defendants to pay for an accounting concerning Vesta Strategies.  (Doc. 44 at ¶¶ 84, 85.)

4    Because no accounting is due from Vesta Strategies, Mutual Vision cannot succeed on its claims

5    to have the Third Party Defendants pay for such an accounting.  For both of these reasons, Mutual

6    Vision's claim for an accounting against the Third Party Defendants must be dismissed.

### 10.    The Court Should Dismiss the Estupinians' Claim for Wrongful Discharge Against Vesta Strategies and Terzakis

7

8        In Count X of the Amended Counterclaim, the Estupinians for the very first time claim

9    that Vesta Strategies and Terzakis wrongfully discharged their employment with Vesta Strategies.

10        Preliminarily, Terzakis must be dismissed from this claim because he was not even the

11    Estupinians' employer.  Obviously, an essential element of a wrongful discharge claim under

12    California law is that there actually be an "employer-employee" relationship.  *See Markey v.*

13    *Kudelski S.A.*, 2008 U.S. Dist. LEXIS 701, at *35 (S.D. Cal. 2008).  According to the

14    Estupinians' own Amended Counterclaim, Robert Estupinian was employed by Vesta Strategies

15    as its CEO and Ginny Estupinian was employed by Vesta Strategies as its President.[7]  (Doc. 44 at

16    ¶¶ 8, 9.)  Therefore, Terzakis cannot possibly have "wrongfully discharged" individuals that were

17    not even his employees.  *See Weinbaum v. Goldfarb*, 46 Cal. App. 4th 1310, 1315 (Cal. App. 2d

18    Dist. 1996).

19        Further, the Estupinians' wrongful termination claim must be dismissed as to both Vesta

20    Strategies and Terzakis for another fundamental reason.  To state a claim for wrongful

21    termination under California law, the plaintiff must allege that the termination was in violation of

22    a public policy that is "delineated in constitutional or statutory provisions."  *Scott v. Solano*

23    *County Health & Soc. Order Servs. Dep't*, 459 F. Supp. 2d 959, 968 n.11 (E.D. Cal. 2006).  The

24

---

25    [7] The Estupinians' make a bare attempt to plead themselves around this requirement by
summarily alleging that they were employed by "the Company or Terzakis."  This entirely new

26    allegation, which was not present in the Original Counterclaim, is completely undermined by the
rest of the Amended Complaint, which does not support these throw-away allegations and clearly

27    states that the Estupinians were employed by Vesta Strategies, not Terzakis.  (Doc 44 ¶¶ 8, 9.)
This Court is not required to accept "conclusory legal allegations cast in the form of factual

28    allegations if those conclusions cannot reasonably be drawn from the facts alleged."  *Clegg v.*
*Cult Awareness Network*, 18 F.3d 752, 754 (9th Cir. 1994).

1   tort of wrongful discharge is only committed if the employee is terminated for "a *purpose* that

2   contravenes fundamental public policy." *Gould v. Md. Sound Indus.*, 31 Cal. App. 4th 1137,

3   1148 n.3 (Cal. Ct. App. 1995) (emphasis in original).

4       The Estupinians' wrongful discharge claim is solely based on their allegation that they

5   were discharged for not cooperating with "Terzakis in the wrongful distribution of Company and

6   client assets in furtherance of the Terzakis led fraudulent kiting scheme and racketeering

7   enterprise." (Doc. 44 at ¶ 90.)  As established above, the RICO counts against Vesta Strategies

8   and Terzakis must be dismissed.  The sole predicate for the Estupinians' wrongful discharge

9   claim is therefore flawed.

10      Moreover, Mutual Vision, not the Estupinians, brought the claim against Terzakis for

11  voting for an unlawful discharge, and that claim must be dismissed as to Terzakis.[8]  (Doc. 44 at

12  Count II; *supra* Part IV.A.2.)  A plaintiff cannot use a constitutional or statutory provision that is

13  inapplicable to a plaintiff's claims against a defendant as the "fundamental" public policy

14  underlying a claim for wrongful discharge.  *See Keifer v. Hamilton Engine Sales, Inc.*, No Civ. S-

15  04-2077 LKK/DAD, 2006 U.S. Dist. LEXIS 68373, at *24 (E.D. Cal. Sept. 13, 2006) (plaintiff

16  who cannot establish a prima facie case of retaliation in violation of the Fair Employment and

17  Housing Act also cannot establish wrongful discharge in violation of that public policy) (citing

18  *Sanders v. Arneson Products, Inc.*, 91 F.3d 1251 (9th Cir. 1996)); *Jennings v. Marralle*, 876 P.2d

19  1074, 1079 (Cal. 1994).

20      **11.    The Court Should Dismiss the Estupinians' Claim for Intentional**
        **Infliction of Emotional Distress against Vesta Strategies and Terzakis**

21      In Count XI of the Amended Counterclaim, the Estupinians assert an IIED claim against

22  Terzakis and Vesta Strategies.  That claim must be dismissed under Rule 12(b)(6) for the same

23  reasons that the California Anti-SLAPP motion must be granted.  *See infra* Part IV.C.

24

25

26

27  ---

[8] Even if the Estupinians had a claim against Terzakis and Vesta Strategies for making an
unlawful distribution in violation of CAL. CORP. CODE § 17254, that statute does not "inure[] to
the benefit of the public" and therefore cannot provide the basis for a wrongful discharge claim.
*See Keifer*, 2006 U.S. Dist. LEXIS 68373, at *23-24.

28

1
2

12.    **The Court Should Dismiss the Estupinian Parties' Claim for Contribution**

3
4
5

In Count XII of the Amended Counterclaim, the Estupinian Parties' have asserted an action for contribution against the Third Party Defendants. However, the Estupinian Parties' so-called "contribution" claim is really not a contribution claim at all.

6
7
8
9
10
11
12
13
14

The right of contribution exists only among joint tortfeasors for amounts in excess of each tortfeasor's share. *See Richards v. Owens-Illinois, Inc.*, 928 P.2d 1181 (Cal. 1997). Here, the Estupinian Parties do not allege that the Third Party Defendants are joint tortfeasors who should also be liable for the wrongful acts that Vesta Strategies alleged against the Estupinian Parties. In fact, the Estupinian Parties' contribution claim is not even based on **any** allegations of Vesta Strategies' complaint. Instead, the Estupinian Parties are alleging separate and independent wrongdoing against the Third Party Defendants. Because the Estupinian Parties' "contribution" claim is not really a contribution claim – but rather is based on independent claims of wrongdoing – it must be dismissed.[9]

14
15

13.    **The Court Should Dismiss the Estupinian Parties' Claim for Declaratory Relief**

16
17
18
19

In Count XIII of the Amended Counterclaim, the Estupinian Parties seek declaratory relief on the alleged grounds that "an actual controversy has arisen and now exists between Third Party Claimants and Third Party Defendants concerning the apportionment of liability for the damages [Vesta Strategies] alleged in the Complaint." This claim must also be dismissed.

20
21
22
23
24
25

A declaratory judgment action is justiciable if "there is a substantial controversy … of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Seattle Audubon Soc'y v. Moseley*, 80 F.3d 1401, 1405 (9th Cir. 1996). There is no such controversy here. To the contrary, the Amended Counterclaim does not establish any basis for the "apportionment of liability for the damages [Vesta Strategies] alleged in the Complaint" because the Amended Counterclaim is based on entirely unrelated, separate, and independent transactions

26
27
28

[9] In addition, contribution is not available on Vesta Strategies' RICO claims and the intentional torts asserted in Vesta Strategies' complaint. *See Kest v. Kest*, No. 96-55861, 1997 U.S. App. LEXIS 34840, at *4-5 (9th Cir. Dec. 10, 1997); *Nelson v. Bennett*, 662 F. Supp. 1324, 1339 n.23 (E.D. Cal. 1987). Thus, the Estupinian Parties cannot possibly get contribution for those claims.

1   and occurrences. In a motion to dismiss, this Court is not required to accept "conclusory legal

2   allegations cast in the form of factual allegations if those conclusions cannot reasonably be drawn

3   from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754 (9th Cir. 1994).

4   There is simply no immediate and real controversy between the parties over apportionment of

5   fault, and therefore this claim should be dismissed.

### B.    The Court Should Dismiss or Strike the Estupinian Parties' Independent Claims Against the Third Party Defendants as Procedurally Improper

In their Original Counterclaim, Mutual Vision and the Estupinians improperly tried to

sidestep this Court's jurisdictional requirements by naming the Third Party Defendants and Peter

Ye – who were not parties to Vesta Strategies' complaint – as parties to eight new and

independent causes of action. Mutual Vision and the Estupinians did so for one simple reason:

the federal courts would not have subject matter jurisdiction over the Estupinians' claims against

the Third Party Defendants and Peter Ye if the claims were not piggy-backed into this federal

lawsuit, because all of the claims were based on state law and there was no diversity of

citizenship.

Vesta Strategies and the Third Party Defendants moved to dismiss these eight claims

because they were not joined pursuant to the only two mechanisms for a defendant to sue a third

party defendant in an existing lawsuit: Rule 13(h) (allowing third-party joinder with respect to

counterclaims or cross-claims against an existing party) or Rule 14(a)(1) (allowing joinder where

a third-party defendant's alleged liability is secondary or derivative to the defendant's own

liability to the plaintiff). *See Gen. American Life Ins. Co. v. Rana*, 769 F. Supp. 1121, 1124 (N.D.

Cal. 1991) (noting after discussing Rule 14(a) that "the only other possibility" that would allow a

defendant's joinder of a third party defendant is Rule 13(h)).

Mutual Vision and the Estupinians filed an Amended Counterclaim rather than respond to

the motion to dismiss. In a transparent attempt to plead themselves around these jurisdictional

and joinder requirements, the Amended Counterclaim added a federal RICO count and also

purported to assert a generalized claim for "contribution."

1    Mutual Vision's and the Estupinians' transparent attempt to state a federal cause of action

2    and a contribution claim to meet the joinder requirements of Rule 14(a) should be summarily

3    rejected.  Indeed, as demonstrated above, their RICO claim comes nowhere close to stating a

4    valid claim and their "contribution" claim is not a claim for contribution at all.  Simply put, the

5    Estupinian Parties have not fixed the jurisdictional and joinder problems from their Original

6    Counterclaim.  Therefore, Mutual Vision's claims for breach of fiduciary duties, negligence,

7    unjust enrichment, constructive trust, and accounting, and the Estupinian Parties' claims for

8    contribution and declaratory judgment (collectively, the "Independent Claims"), must be

9    dismissed because they are improperly joined.

10    **1.     The Independent Claims Cannot Be Joined Under Rule 14(a)(1)**

11    Rule 14(a)(1) does not permit joinder of any of the Independent Claims.  Rule 14(a)

12    allows a defending party to bring in a third party defendant "who is or may be liable to it for all or

13    part of the claim against it."  Fed. R. Civ. P. 14(a)(1).  The Ninth Circuit has found that this rule

14    means that a third-party claim "may be asserted only when the third party's liability is in some

15    way dependent on the outcome of the main claim and is secondary or derivative thereto."

16    *Stewart v. American Int'l Oil & Gas Co.*, 845 F.2d 196, 199 (9th Cir. 1988) (citing *United States*

17    *v. One 1977 Mercedes Benz*, 708 F.2d 444, 452 (9th Cir. 1983)).  A valid claim under Rule 14(a)

18    "cannot simply be an independent or related claim but must be based . . . on the defendant's

19    attempt to transfer to the third-party defendant the liability asserted against him by the original

20    plaintiff."  *Id*. (quoting 6 Charles Alan Wright & Arthur R. Miller, Federal Practice &

21    Procedure § 1446 (2d ed. 1971)).  "The mere fact that the alleged third-party claim arises form

22    the same transaction or set of facts as the original is not enough."  *Id.*

23    The Estupinian Parties attempt to meet the Rule 14(a)(1) standard by asserting a purported

24    "contribution" claim.  That attempt is without basis because none of the Amended Counterclaim's

25    causes of action are derivative or secondary to Vesta Strategies' claims.  Rather, the basic facts

26    underlying Vesta Strategies' Complaint and the basic facts underlying the Amended

27    Counterclaim are entirely separate:  each pleading describes transactions connected solely by the

28    fact that those transactions allegedly involve some of the same parties.

In S*tewart v. American International Oil & Gas Co.*, 845 F.2d 196 (9th Cir. 1988), the Ninth Circuit upheld the district court's dismissal of claims that were improperly joined under Rule 14(a) because the claims were not derivative or secondary (despite the fact that the third party plaintiffs asserted a contribution claim). *Id.* at 199. In doing so, the Court found that "the basic facts underlying the original complaint and the basic facts underlying the third-party complaint were disparate, and … each pleading described transactions connected solely by the fact that the same oil and gas wells were involved." *Id.* Therefore, the "third-party complaint failed to show the requisite derivative or secondary liability." *Id.*

Here, as in *Stewart*, the Amended Counterclaim does not assert facts establishing that if the Estupinian Parties are liable to Vesta Strategies', then the Third Party Defendants are liable to Vesta Strategies on those claims as well (thereby entitling the Estupinian Parties to contribution on those claims). In fact, Vesta Strategies' claims are based on Mutual Vision's and the Estupinians' theft and embezzlement of Vesta Strategies' funds (and the other defendants' wrongful acceptance of those funds). In stark contrast, Mutual Vision and the Estupinians have alleged that Terzakis, Vesta Strategies, and the Third Party defendants are liable to them based on **entirely unrelated** transactions and occurrences. Therefore, none of the claims against the Third Party Defendants can be joined pursuant to Rule 14(a)(1). *See Stewart*, 845 F.2d 196 at 200.

**2.    The Independent Claims Cannot be Joined Under Rule 13(h)**

Rule 13(h) states that "Rules 19 and 20 govern the addition of a person as a party to a counterclaim or crossclaim." FED. R. CIV. P. 13(h). Based on the plain language of Rule 13(h), courts only allow joinder of third parties under Rule 13(h) when the counterclaim or crossclaim **involves at least one existing party**. *Jacks v. JBJ Elec. Co.*, No. 042110PHXMHM, 2006 U.S. Dist. LEXIS 83327, at *3 (D. Ariz. Nov. 13, 2006) (citing *Architectural Coatings Assoc. Ltd. P'ship v. Applied Coatings Intern., Inc.*, 103 F.R.D. 442, 446 (E.D. Pa. 1984)); *Warfield v. Advnt Biotechnologies, LLC*, No. 060904PHXDGC, 2006 U.S. Dist. LEXIS 82341, at *14 (D. Ariz. Nov. 9, 2006); *Speer v. JBJ Elec. Co.*, No. 042110PHXMHM 2006 U.S. Dist. LEXIS 16350, at *7-9 (D. Ariz. Mar. 25 2006); *see also* 6 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE & PROCEDURE § 1435 (3rd ed. 2005) (stating that "a counterclaim or cross-

1    claim may not be directed solely against persons who are not already parties to the original action,

2    but must involve at least one existing party"). That is simply not the case here.

3                            a.    The Negligence, Unjust Enrichment, Constructive Trust,
                                   Contribution, and Declaratory Relief Claims Are Improperly Joined
4
5          Mutual Vision has brought claims for negligence, unjust enrichment, and constructive

6    trust solely against some or all of the Third Party Defendants. (Doc. 44 at ¶¶ 73-82.) The

7    Estupinian Parties have also brought claims for contribution and declaratory relief solely against

8    the Third Party Defendants. (*Id.* at ¶¶ 98-104.) Vesta Strategies – the **only** existing plaintiff – is

9    not a party to these claims. (*Id.* at ¶¶ 73-82, 98-104). Therefore, these claims are improper under

10   Rule 13(h) and must be stricken or dismissed. *Jacks*, 2006 U.S. Dist. LEXIS 83327, at *3;

11   *Warfield*, 2006 U.S. Dist. LEXIS 82341, at *14; *Speer*, 2006 U.S. Dist. LEXIS 16350, at *7-9;

     *see also Gen. American Life Ins. Co.* 769 F. Supp. at 1124.
12
                            b.    The Breach of Fiduciary Duties and
13                                 Accounting Claims Are Also Improperly Joined

14         Mutual Vision has also asserted claims for breach of fiduciary duties and an accounting

15   against both Vesta Strategies and the Third Party Defendants. (Doc. 44 at ¶¶ 73-82.) However,

16   as discussed above in Part IV.A.5 and Part IV.A.9, Mutual Vision's claims against Vesta

17   Strategies on those two counts must be dismissed for failure to state a claim. When a defendant

18   asserts a counterclaim against the plaintiff and adds a third party as a defendant to that

19   counterclaim, and the counterclaim against the plaintiff is subsequently dismissed, the

20   defendant's claim against the third party defendant pursuant to that "counterclaim" is improper

21   under Rule 13(h). *See Speer*, 2006 U.S. Dist. LEXIS 16350, at *6-8. Therefore, Mutual Vision's

22   "counterclaims" against the Third Party Defendants for breach of fiduciary duties and accounting

23   are therefore procedurally improper under Rule 13(h) and must be dismissed.

24         **C.    The Court Should Dismiss or Strike the Estupinians' IIED Claim Against
                   Terzakis and Vesta Strategies and Award Terzakis and Vesta Strategies
25                 Their Attorneys' Fees and Costs Based on California's Anti-SLAPP Statute**

26         California's Anti-SLAPP Statute applies to IIED actions. *See Hill v. City of El Segundo*,

27   33 Fed. Appx. 254, 258 (9th Cir. 2002); *Briggs v. Eden Council for Hope & Opportunity*, 19 Cal.

28   4th 1106, 1123 (Cal. 1999). The Estupinians' IIED claim is based on two, and only two, alleged

1    facts:  (i) Terzakis "proceed[ed] to pass the [original complaint in this action] among employees

2    at Vesta Strategies," "knowing full well that their claims were untrue and would cause Robert and

3    Ginny Estupinian severe emotional distress and substantial damages"; and (ii) Terzakis and Vesta

4    Strategies wrongfully terminated the Estupinians' employment.  (Doc. 44 at ¶¶ 44, 92.)

5        The Estupinians' IIED claim against Terzakis and Vesta Strategies must be dismissed or

6    stricken pursuant to the California Anti-SLAPP Statute because (1) it arises from Terzakis' and

7    Vesta Strategies' right of petition or free speech in connection with a public issue under the

8    United States and California Constitutions; (2) Terzakis' and Vesta Strategies' actions are

9    privileged under CAL. CIV. CODE § 47; and (3) the Estupinians cannot establish IIED based on

10   their baseless wrongful termination claim.

11                1.        **Terzakis and Vesta Strategies Establish A Prima Facie Case Because
                           Their Alleged Actions Were Taken to Further Their Rights of Free
12                         Speech or Petition in Connection with a Public Issue**

13       A defendant bringing an anti-SLAPP motion may meet its "burden of establishing that the

14   complaint 'arises from' protected activity by demonstrating that the act underlying the plaintiff's

15   cause fits one of the categories spelled out in section 425.16, subdivision (e)."  *See Annette F. v.*

16   *Sharon S.*, 119 Cal. App. 4th 1146, 1160 (Cal. Ct. App. 2004).  "In determining whether a cause

17   of action falls within the scope of subdivision (e), courts must broadly construe the anti-SLAPP

18   statute."  *Id.*

19       The Estupinians' IIED claim is based in part on the allegation that Terzakis provided a

20   copy of the complaint in this lawsuit to employees of Vesta Strategies.  (Doc. 44 at ¶¶ 44, 92.)

21   That alleged action is protected from prosecution because it is a "written or oral statement or

22   writing made **in connection with** an issue under consideration or review by a . . . judicial body,

23   or any other official proceeding authorized by law."  CAL. CODE CIV. PROC. § 425.16(e)(2)

24   (emphasis added).[10]  This "in connection with" language is construed broadly.  *Annette F.*, 119

25   Cal. App. 4th at 1160.  For example, in *Annette F.*, the plaintiff brought an action against the

---

26   [10]  Terzakis' alleged activities are also privileged under CAL. CIV. CODE § 47, subdivision b,
     including without limitation because they were internal communications made between members
27   of a party regarding potential or actual litigation. *See infra*, Part IV.C.2. Therefore, they "are
     equally entitled to the benefits of section 425.16." *Briggs v. Eden Council for Hope &*
28   *Opportunity*, 19 Cal.4th 1106, 1115 (1999).

1    defendant for libel based on the defendant's out-of-court comments that the plaintiff had

2    domestically abused her. *Id.* The court held that the action was "based on allegations made by

3    [the defendant] in connection with an issue under consideration by a judicial body," because the

4    allegations of physical abuse "were directly at issue in [] underlying adoption proceedings." *Id.*

5    Similarly, the Estupinians' IIED claim is based on alleged statements contained in the complaint

6    in this lawsuit, which by definition is directly "under consideration or review by" this Court.

7           Moreover, statements made in a complaint in a lawsuit are also unquestionably

8    "connected with a public issue." Indeed, under California law, "a defendant moving to strike a

9    cause of action arising from a statement made before, or in connection with an issue under

10   consideration by, a legally authorized official proceeding need **not** separately demonstrate that the

11   statement concerned an issue of public significance." *Briggs,* 19 Cal. 4th at 1123 (emphasis in

12   original).

13          Accordingly, Terzakis and Vesta Strategies have easily made an initial prima facie

14   showing under the California Anti-SLAPP Statute that the Estupinians' IIED claim arises from

15   acts taken to further Terzakis' and Vesta Strategies' right of free speech or petition in connection

16   with a public issue. As a result, the burden shifts to the Estupinians to demonstrate "a probability

17   that they will prevail" on their claim. As explained in the next section, they will not.

18          **2.      The Estupinians Cannot Meet Their Burden To Show that They Will
                       Prevail On Their IIED Claim**

19
20          The Estupinians cannot meet their burden to show that they will prevail on their IIED

21   claim because Terzakis' actions were absolutely privileged under California law. California

22   expressly defines by statute which publications are privileged and are therefore not subject to

23   IIED claims. *See* CAL. CIV. CODE § 47; *Williams v. Coombs*, 179 Cal. App. 3d 626, 645 (Cal.

24   App. 3d Dist. 1986) (statute defining privilege applies to IIED claims).

25          Under CAL. CIV. CODE § 47, publications are absolutely privileged if they are "made in

26   any judicial proceeding." *See Pollock v. Univ. of Southern Cal.*, 112 Cal. App. 4th at 1430. "The

27   privilege is broadly applied to protect most publications within lawsuits provided there is some

28

1    connection between the lawsuit and the publication." *Id.* Doubts about the privilege's

2    applicability are resolved in favor of its use. *Id.*

3        Thus, the litigation privilege is construed broadly to apply to private **communications**

4    between members of a party that relate to potential or actual litigation. *Pollock,* 112 Cal. App. at

5    1430. For example, in *Pollock*, the plaintiff alleged that the president of the University of

6    Southern California Academic Senate made false statements in a declaration and e-mail

7    communications that related to potential and actual litigation that were transmitted between the

8    president and the Academic Senate. *Id.* The Court found that, whether or not "the declaration

9    was perjurious, it is a privileged publication because it was a private communication . . . between

10   members of a party that related not only to potential but to actual litigation." *Id.* "The e-mail was

11   generated in response to the litigation and the declaration and attached exhibits were

12   communications relating to a judicial proceeding." *Id.*

13       The same is true in this case. Here, like in *Pollock*, the litigation privilege extends to

14   Terzakis' alleged publication of the complaint in this action to Vesta Strategies' own employees.

15   The alleged publication of the complaint was a communication allegedly made between members

16   of the same party (*i.e.*, Vesta Strategies' employees and Terzakis, who is Vesta Strategies' 51%

17   owner, member, and manager) related to potential or actual litigation.[11] (Doc. 44 at ¶ 12.)

18   Terzakis' alleged publication of the complaint to employees of Vesta Strategies is therefore

19   absolutely privileged under California law, and the Estupinians cannot meet their burden of

20   establishing that they will prevail on their IIED claim.

21           **3.    The Estupinians' Wrongful Discharge in Violation of Public Policy**
                     **Claim Cannot Provide a Basis for Their IIED Claim**

22       The Estupinians' IIED claim is also based in part on the alleged wrongful discharge of the

23   Estupinians.[12] (Doc. 44 at ¶ 97.) However, the Estupinians' claims for wrongful discharge in

24

25   [11]  The Estupinians' Amended Counterclaim itself alleges that Terzakis is the 51% owner/member
     and manager of Vesta Strategies. (Doc. 44 at ¶ 12.)

26

27   [12]  "Where a cause of action refers to both protected and unprotected activity and a plaintiff can
     show a probability of prevailing on any part of its claim, the cause of action … will not be subject
     to the anti-SLAPP procedure." *Mann v. Quality Old Time Service, Inc.*, 120 Cal. App. 4th 90, 106
28   (Cal. App. 4th Dist. 2004).

1   violation of public policy must be dismissed for the reasons set forth in Part IV.A.10 above.

2   Under California law, if an employee cannot state a valid claim for wrongful termination in

3   violation of public policy, then it cannot state an IIED claim for being terminated.  *See Phillips v.*

4   *Gemini Moving Specialists*, 63 Cal. App. 4th 563, 577 (Cal. App. 2d Dist. 1998) ("It is true that

5   generally an employee can have no tort recovery for emotional distress resulting from his

6   employment.  The emotional distress which stems from an employer's unfavorable supervisory

7   decisions, including termination of employment, is a normal part of the employment relationship,

8   even when the distress results from the employer's conduct that is intentional, unfair or

9   outrageous.").

10        For all of these reasons, the Court should dismiss or strike the Estupinians' IIED claim

11   and award Terzakis and Vesta Strategies their reasonable attorneys' fees pursuant to the

12   California Anti-SLAPP Statute.

13   **V.    CONCLUSION**

14        For the reasons set forth above, Vesta Strategies and the Third Party Defendants

15   respectfully request that the Court: (1) grant Vesta Strategies' and the Third Party Defendants'

16   motion to dismiss the Estupinian Parties' claims, with prejudice; (2) grant Vesta Strategies' and

17   Terzakis' motion to dismiss or strike the Estupinians' claim for intentional infliction of emotional

18   distress against Terzakis and Vesta Strategies with prejudice; (3) grant the Third Party

19   Defendants' motion to dismiss or strike all of the Independent Claims asserted against the Third

20   Party Defendants; and (4) award Terzakis and Vesta Strategies their attorneys' fees and costs

21   pursuant to California's Anti-SLAPP Statute.

22

23

24

25

26

27

28

1

2 Dated: May 9, 2008                                    Respectfully submitted,

3                                                       McDERMOTT WILL & EMERY LLP

4

5                                                       By:_____/s/ Aron J. Frakes_____
                                                          Aron J. Frakes (*pro hac vice*)
6
                                                       Attorneys for Plaintiff and Counter
7                                                      Defendant VESTA STRATEGIES, LLC;
                                                       Third Party Defendant SINGLE SITE
8                                                      SOLUTIONS CORPORATION; Third
                                                       Party Defendant JOHN TERZAKIS; and
9                                                      Third Party Defendant B&B SPARCO
                                                       PROPERTIES, INC.
10  CHI99 4971512-3.029407.0020

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28