1  Alan L. Martini, SB No. 77316
   SHEUERMAN, MARTINI & TABARI
2  1033 Willow Street
   San Jose, CA 95125
3  Telephone: 408.288.9700
   Facsimile: 408.295.9900
4

5  Attorneys for Third Party Defendant, PETER YE

6

7

8                UNITED STATES DISTRICT COURT

9                NORTHERN DISTRICT OF CALIFORNIA

10                      SAN JOSE DIVISION

| | |
|---|---|
| VESTA STRATEGIES, LLC, | Case No. C0-07-06216 JW RS |
| Plaintiff, | |
| vs. | COUNTER-DEFENDANT AND THIRD PARTY DEFENDANT, PETER YE's JOINDER IN MOTION AND MOTION TO DISMISS, OR IN THE ALTERNATIVE TO STRIKE FIRST AMENDED COUNTER CLAIM AND FIRST AMENDED THIRD PARTY COMPLAINT AND COUNTER-DEFENDANT, PETER YE's SPECIAL MOTION TO STRIKE PURSUANT TO THE CALIFORNIA ANIT-SLAPP STATUTE AND FOR ATTORNEYS FEES AND COSTS |
| ROBERT E. ESTUPINIAN, GINNY ESTUPINIAN, MUTUAL VISION, LLC, MILLENNIUM REALTY GROUP, VESTA REVERSE 100, LCC, VESTA CAPITAL ADVISORS, LLC, CAROL-ANN TOGNAZZINI, EDMUNDO ESTUPINIAN, and HAYDEE ESTUPINIAN, | |
| Defendants | |
| MUTUAL VISION, LLC, | |
| Counter Claimant, | Hearing Date: September 8, 2008 |
| vs. | Time: 09:00 a.m. |
| VESTA STRATEGIES, LLC, | Department 8, 4th Floor, San Jose |
| Counter Defendant, | |
| MUTUAL VISION LLC, ROBERT ESTUPINIAN AND GINNY ESTUPINIAN, | |
| Third Party Claimants, | |
| v. | |
| JOHN TERZAKIS, SINGLE SITE SOLUTIONS CORPORATION, B & B SPARCO PROPERTIES, INC., AND PETER YE, | |
| Third Party Defendants. | |

MOTION TO DISMISS                                                    0

# TABLE OF CONTENTS

Page(s)

| | | |
|---|---|---|
| I. | INTRODUCTION AND STATEMENT OF FACTS | 1 |
| II. | JOINDER IN VESTA STRATEGIES, ET AL.'s MOTION TO DISMISS/STRIKE | 1 |
| III. | MOTION TO DISMISS THE FIRST CAUSE OF ACTION FOR CIVIL RACKETEERING IN VIOLATION OF 18 U.S.C. SECTION 1961 | 2 |
| IV. | MOTION TO DISMISS FIFTH CAUSE OF ACTION BREACH OF FIDUCIARY DUTY | 8 |
| V. | THE COURT SHOULD DISMISS OR STRIKE THE ESTUPINIANS' INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS CLAIM AGAINST PETER YE AND AWARD PETER YE HIS ATTORNEYS FEES AND COSTS BASED ON CALIFORNIA's ANTI-SLAPP STATUTE | 9 |
| VI. | THE COURT SHOULD DISMISS MUTUAL VISION AND THE THIRD PARTY CLAIMANTS' CLAIMS FOR CONTRIBUTION | 12 |
| VII. | THE COURT SHOULD DISMISS OR STRIKE MUTUAL VISION's ESTUPINIANS' AND THE THIRD PARTY CLAIMANTS' CLAIMS FOR DECLARATORY RELIEF | 12 |
| VIII. | THE COURT SHOULD DISMISS OR STRIKE MUTUAL VISION's ESTUPINIANS' AND THE THIRD PARTY CLAIMANTS' INDEPENDENT CLAIMS AGAINST THIRD PARTY DEFENDANTS AS THEY ARE PROCEDURALLY IMPROPER. | 13 |
| IX. | CONCLUSION | 13 |

# TABLE OF AUTHORITIES

*Albers v. Guthy-Renker Corp.*
    92 Fed.Appx. 497 (9th Cir. 2004) .................................................. 6

*Annette F. v. Sharon S.*
    119 Cal.App.4th 1146 (2004) ........................................................ 10

*Baumer v. Pachl*
    8 F.3d 1341 (9th Cir. 1993) .......................................................... 4, 5

*Briggs v. Eden Council For Hope & Opportunity*
    19 Cal.4th 1106 (1999) ................................................................. 8, 10

*Chang v. Chen*
    80 F.3d 1293 (9th Cir. 1996) ........................................................ 2

*Diaz v. Gates*
    420 F.3d 897, 901 (9th Cir. 2006) ................................................. 5

*Grizzard v. Terada*
    159 Fed.Appx. 786 (9th Cir. 2005) ............................................... 6, 7

*Hamid v. Pricewaterhouse*
    51 F.3d 1411 (9th Cir. 1995) ........................................................ 5

*Hill v. City of El Segundo*
    33 Fed.Appx. 254 (9th Cir. 2002) ................................................. 8

*Living Designs, Inc. v. E.I. Dupont De Nemours & Co.*
    431 F.3d 353 (9th Cir. 2005)

*Moore v. Kayport Package Express, Inc.*
    885 F.2d 531, 541 (9th Cir. 1989) ................................................ 4

*Navellier v. Sletten*
    (2003) 106 Cal.App.4th 763 ........................................................ 11

*Neibel v. Transworld Assurance Co.*
    108 F.3d 1123 (9th Cir. 1997) ..................................................... 5

*PacLink Communications, Int. v. Superior Court*
    (2001) 90 Cal.App.4th 958 .......................................................... 5, 6, 8

*Reves v. Ernst & Young*
    507 U.S. 170 ................................................................................ 4, 5

*Rubin v. Green*
    (1993) 4 Cal.4th 1187 .................................................................. 11

*Ruiz v. Harbor View Community Association*
    (2005) 134 Cal.App.4th 1456 ...................................................... 11

*Simpson v. AOL Time Warner, Inc.*
    452 F.3d 1040, 1046, (9th Cir. 2006) ........................................... 4

*Summit Media LLC v. City of Los Angeles*
    2008 U.S. Dist. LEXIS 3834 at 21 (C.D. Cal. January 2, 2008) — 9

*United States Ex Rel. Newsham v. Lockheed Missiles & Space Co.*
    190 F.3d 963 (9th Cir. 1990) — 9

*Vess v. Ciba-Geigy Corp. USA*
    317 F.3d 1097 (9th Cir. 2003) — 4

*Warden v. McLelland*
    288 F.3d 105 (3rd Cir. 2002) — 4

## STATUTES

California Civil Code section 47(b) — 8, 11
California Code of Civil Procedure section 425.16(c) — 9
California Code of Civil Procedure section 425.16(e) — 10
California Code of Civil Procedure section 425.16(e)(2) — 10

Corporations Code section 17300 — 6
Corporations Code section 17501 — 7
Federal Rules of Civil Procedure 9(b) — 4
Federal Rules of Civil Procedure 12(b)(6) — 2
Federal Rules of Civil Procedure 12(f) — 2
Federal Rules of Civil Procedure 13(h) — 12
Federal Rules of Civil Procedure 14(a)(1) — 12
Federal Rules of Civil Procedure 14(a)(4) — 2

18 U.S.C. § 1343 — 3
18 U.S.C. § 1961 — 2, 3
18 U.S.C. § 1961(1)(A) — 3
18 U.S.C. § 1961(1)(B) — 3
18 U.S.C. § 1961(1)(C) — 3
18 U.S.C. § 1962 — 1, 5
18 U.S.C. § 1962(c) — 2, 4, 5
18 U.S.C. § 1962(d) — 5

Section 102 Controlled Substances Act — 3

## I. INTRODUCTION AND STATEMENT OF FACTS

ROBERT ESTUPINIAN, GINNY ESTUPINIAN, and MUTUAL VISION, LLC have filed a Counterclaim against, among others, PETER YE stating two causes of action pertinent to Counter-Defendant, PETER YE: The first claim for relief for alleged violation of Racketeer Influenced and Corrupt Organizations Act ("RICO") 18 U.S.C. § 1962 and eleventh claim for relief for intentional infliction of emotional distress. Furthermore, Counter-Claimants are joined by Millennium Realty Group, Vesta Reverse 100, LLC, Vesta Capital Advisors, LLC, Edmundo Estupinian, and Haydee Estupinian in two additional claims brought by these Third Party Claimants for contribution and apportionment of fault (twelfth claim for relief) and declaratory relief (thirteenth claim for relief). As to PETER YE, the alleged facts common to all claims are as follows:

PETER YE is the Vice President of Operations of Plaintiff, VESTA STRATEGIES, INC. (First Amended Counter-Claim ("FAC"), ¶ 15). VESTA STRATEGIES, LLC is a two member California Limited Liability Company. Its members are JOHN TERZAKIS and MUTUAL VISION, LLC ("MUTUAL VISION") (FAC, ¶ 11). TERZAKIS holds 51% ownership interest in MUTUAL VISION as the sole manager of the company. (FAC, ¶ 12)

It is contended that JOHN TERZAKIS converted and distributed to himself approximately $25,000,000 in funds from VESTA STRATEGIES, LLC to his personal account, his family accounts or to the accounts of his Illinois businesses, SINGLE SITE SOLUTIONS CORP. ("SSC") and B & B SPARCO PROPERTIES, INC. ("B&B") (FAC, ¶ 31). It is alleged that the Third Party Defendants, including PETER YE, "intentionally acted in concert to participate in this venture to convert and wrongfully distribute funds belonging to Vesta Strategies and its clients." (FAC, ¶ 31). It is alleged that TERZAKIS, his family, SSC, and B& B have benefitted from use and investment of VESTA STRATEGIES' client deposits and profits in amounts exceeding $30,000,000 over the last seven years. (FAC, ¶ 34). It is alleged that PETER YE participated in JOHN TERZAKIS' unlawful conversion and misappropriation of VESTA STRATEGIES' funds for his [TERZAKIS'] own use by making wire transfers of funds from VESTA STRATEGIES to TERZAKIS.

## II. JOINDER IN VESTA STRATEGIES, ET AL.'s MOTION TO DISMISS/STRIKE.

Counter-Defendant and Third Party Defendant, PETER YE, hereby joins in the motion filed

1  by Counter-Defendant, VESTA STRATEGIES, LLC and Third Party defendants, JOHN
2  TERZAKIS, SINGLE SITE SOLUTIONS CORPORATION AND B & B SPARCO PROPERTIES,
3  INC.'s motion to dismiss and/or strike as to all grounds, procedural and substantive stated therein.
4  PETER YE specifically joins in the procedural arguments made in said motions including, but not
5  limited to the arguments regarding lack of jurisdiction and improper joinder pursuant to Federal
6  Rules of Civil Procedure 12(b)(6), 12(f) and 14(a)(4).

7  As to each and every one of these arguments made by said other third party defendants, it
8  applies equally to PETER YE, who incorporates by reference all of said arguments and authorities
9  therein and joins in said other Third-Party Defendants' motion to dismiss. For the sake of brevity
10 and efficiency, the arguments will not be repeated.

**III. MOTION TO DISMISS THE FIRST CAUSE OF ACTION FOR CIVIL RACKETEERING IN VIOLATION OF 18 U.S.C. SECTION 1961.**

Third Party Defendant, PETER YE, moves to dismiss the first cause of action (Civil Racketeering.) Counter-Claimants alleged generally that the Counter-Defendants, VESTA STRATEGIES, TERZAKIS, SSC, B&B, and YE engaged in Racketeering to further the general goal of misappropriation of funds belonging to VESTA STRATEGIES to the personal use of the majority owner and sole manager, JOHN TERZAKIS. The Complaint alleges that one or more of the Counter-Defendants committed mail fraud, wire fraud, financial institution fraud, retaliation against witnesses and victims, engaging in monetary transactions in property acquired from unlawful activities, and interstate transportation of stolen or fraudulently obtained property in violation of 18 U.S.C. section 1962(c). (FAC, ¶ 48). It is also alleged that these Counter-Defendants conspired among one another to violate 18 U.S.C. section 1962(c). (FAC, ¶ 49).

A civil RICO complaint must at least allege (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity (known as predicate acts) (5) causing injury to plaintiff's business or property. *Living Designs, Inc. v. E.I. Dupont De Nemours & Co.*, 431 F.3d 353, 361 (9th Cir. 2005). Here, Counter-Claimants allege that the Counter-Defendants violated section 1962(c) (conducting the affairs of a racketeering enterprise) and presumably (d) conspiring to commit racketeering. The racketeering enterprise must exist independently from the acts of racketeering. *Chang v. Chen*, 80 F.3d 1293, 1298-1299 (9th Cir. 1996). Counter-Complainants claim that the

combination of all Counter-Defendants is a racketeering enterprise. (FAC, ¶ 47). The only acts the enterprise are alleged to have undertaken involve the allegations of misappropriation of VESTA ENTERPRISES' funds to JOHN TERZAKIS' personal use. Thus, the alleged racketeering enterprise does not exist independently from the acts of racketeering.

Section 1961 enumerates acts which are considered to be "racketeering activity" (i.e. "predicate acts"). Included is "any act or threat involving murder, kidnaping gambling, arson, robbery, bribery, extortion, dealing in obscene matter, or dealing in a controlled substance or listed chemical (as defined in section 102 of the Controlled Substances Act), which is chargeable under state law and punishable by imprisonment of more than one year." (Section 1961(1)(A)). Also included are any of more than 20 types of conduct indictable under enumerated provisions of the United States Code, ranging from mail fraud and wire fraud, through robbery and extortion to white slave trade. (Section 1961(1)(B)). Finally, a "predicate act" may also be established by any offense involving fraud "connected with" a bankruptcy case, "fraud in the sale of securities" or any act related to a controlled substance or listed chemical "punishable" under federal law. (Section 1961(1)(C)).

Counter-Claimants have failed to adequately allege facts that show the Counter-Defendants committed a predicate act. Here, Cross-Complainant's conclusorily allege that the Counter-Defendants engaged in a laundry list of purported predicate acts: mail fraud, wire fraud, financial institution fraud, retaliation against witnesses and victims, engaging in monetary transactions in property acquired from unlawful activities, and interstate transportation of stolen or fraudulently obtained property. (FAC, ¶ 48). However, Counter-Claimants only specifically allege the wire transfer of funds from accounts belonging to VESTA STRATEGIES to JOHN TERZAKIS' personal account. (FAC, ¶ 29). Counter-Claimants allege no specific facts of alleged bank fraud, transportation of stolen property in interstate commerce, or other appropriate "predicate act."

The mere transferring of funds by wire transfer from the VESTA STRATEGIES' account to JOHN TERZAKIS' private interests does not amount to "fraud by wire" as proscribed by 18 U.S.C. section 1343. Section 1343 "fraud by wire, radio, or television" provides for penalties against devising a scheme to defraud anyone who "transmits or causes to be transmitted by means of

1  wire, radio or television community in interstate or foreign commerce, any writings, assigns, signals,
2  pictures, or sounds for the purpose of executing such scheme or artifice . . ." The concept of fraud
3  by wire entails some form of communication using United States wires, and does not include the
4  mere wire transfer of funds from one account to another.

5        As a threshold matter, Federal Rule of Civil Procedure 9(b) applies to RICO fraud
6  allegations, including mail fraud and wire fraud. *Moore v. Kayport Package Express, Inc.*, 885 F.2d
7  531, 541 (9th Cir. 1989). Rule 9(b) requires that fraud be pleaded with particularity. The
8  "particularity" requirement of Rule 9(b) applies not only to claims expressly denominated as "fraud"
9  allegations, but also to claims that are "grounded" in fraud or that "sound" in fraud (*see Vess v.
10 Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103-04 (9th Cir. 2003), as well as other claims involving
11 deceptive conduct. (*See Simpson v. AOL Time Warner, Inc.*, 452 F.3d 1040, 1046, (9th Cir. 2006).
12 The "particularity" requirement of Rule 9(b) also applies to federal statutory fraud claims such as
13 mail/wire fraud RICO cases. (*Warden v. McLelland*, 288 F.3d 105, 114 (3rd Cir. 2002).

14       Moreover, even if Counter-Claimants had alleged the commission of a predicate act,
15 Counter-Claimants have in no way alleged that the Counter-Defendant violated 1962(c) by
16 "conducting" a racketeering enterprise. To "conduct or participate directly or indirectly in the
17 conduct of [an] enterprise [], one must participate in the operation or management of the enterprise.
18 *Reves v. Ernst & Young,* 507 U.S. 170, 185 (1993). (Finding that account firm could not be liable
19 under 1962(c) merely by being associated with the enterprise). *See also Baumer v. Pachl,* 8 F.3d
20 1341 (9th Cir. 1993) (finding that a defendant attorney was not liable under 1962(c) even though he
21 took numerous steps to perpetrate the alleged fraud, including the preparation of two letters designed
22 to forestall and coverup the fraud). Counter-Claimants have not alleged that PETER YE participated
23 in the management of the enterprise. Rather, PETER YE is alleged to be a "Vice President of
24 Operations" of VESTA and the only actions he allegedly took in connection with the alleged
25 racketeering enterprise was to comply with the direction of the limited liability company's manager
26 in making certain transfers of LLC funds.

27       "In order to 'participate directly or indirectly in the conduct of such enterprise's affairs,' one
28 must have some part in directing those affairs." *Reves v. Ernst & Young, supra,* 507 U.S. at 179.

Evidence that the defendant knew of the scheme or even benefitted from the scheme is not enough to impose RICO liability. *Neibel v. Transworld Assurance Co.*, 108 F.3d 1123, 1128 (9th Cir. 1997). Here, not only has plaintiff failed to allege that Counter-Defendant PETER YE knew of the scheme or even benefitted from the scheme, there are simply no allegations that he participated in the operation or management of the enterprise. The allegation that he, at the behest of VESTA's manager, facilitated the transfer of funds from the VESTA STRATEGIES' account to other accounts (as required by his employment) is simply not enough to prove PETER YE participated in the operation or management of the enterprise. Accordingly, PETER YE cannot be said to have operated or managed the enterprise in violation of section 1962(c).

For the same reasons, PETER YE cannot be liable under 18 U.S.C. section 1962(d) based on a conspiracy to violate section 1962(c). One of the requirements for proving a conspiracy to violate RICO in violation of section 1962(d) is a showing that the defendant "was aware of the essential nature and scope of the enterprise and intended to participate in it." *Baumer v. Pachl, supra*, 8 f.3d at 1344. Here, Counter-Claimants fail to allege the necessary elements of a conspiracy.

Finally, even if Counter-Claimants have alleged the elements of section 1962(c) claim, they have failed to allege standing. "The only requirement for RICO standing is that one be a 'person injured in his business or property by reason of a violation of section 1962.'" *Diaz v. Gates,* 420 F.3d 897, 901 (9th Cir. 2006). "In order to plead a civil RICO claim, Counter-Claimants must show that the defendants' violation of section 1962 was the proximate cause of their injury. *Hamid v. Pricewaterhouse,* 51 F.3d 1411, 1419 (9th Cir. 1995). Here, the only entity allegedly sustaining damage was plaintiff, VESTA STRATEGIES, LLC., who is obviously not making a claim against itself and the other Counter-Defendants. None of the Counter-Claimants have sustained any direct financial injury. The alleged cause of action belongs to VESTA STRATEGIES, LLC alone. In the absence of a properly pleaded derivative suit, complying with all of the prerequisites therefor, Counter-Claimants simply have no standing to bring this claim, as they have not sustained any damage.

In *PacLink Communications, Int. v. Superior Court* (2001) 90 Cal.App.4th 958, plaintiffs, members of a limited liability company, brought a direct action against defendants for alleged

transferring of the limited liability company's assets to new companies in which plaintiffs had no involvement. Plaintiffs brought a direct action against two successor companies for fraudulent transfer and conspiracy to defraud creditors and commit conversion, and also sought a constructive trust. In essence, plaintiffs alleged that the transfers were done without their knowledge or consent and without payment of any consideration. In a mandate proceeding, the court sustained a demurrer to causes of action against the transferee corporations alleging fraudulent transfer, conspiracy, and constructive trust on the grounds that the limited liability company members lacked standing because the wrong was one suffered by the company itself. The court held that the principles of derivative lawsuits for corporations apply to limited liability companies. The derivative suit seeks recovery for the benefit of the corporation. The action is in the corporate right if the complaint alleges injury to the corporation or its body of stock and property, or if it seeks to recover assets for the corporation or to prevent the dissipation of those assets. (*PacLink Communications, Int. v. Superior Court, supra*, 90 Cal.App.4th at 963.) The court noted that under Corporations Code section 17300, members of a limited liability company hold no direct ownership interest in the company's assets. Thus, the members cannot be directly injured when the company is improperly deprived of those assets. The essence of plaintiffs' claim was that the assets were fraudulently transferred without compensation being paid to the company. This constitutes an injury to the company itself and was essentially a diminution in the value of plaintiffs' membership interest occasioned by the loss of the company's assets. Consequently, any injury to plaintiffs was incidental to the injury suffered by plaintiffs, and could only be addressed through a derivative action. (*PacLink, supra*, 90 Cal.App.4th at 964.)

Counter-Claimants have not provided the notice required by law to proceed with their derivative RICO claim. They also do not have standing to bring such a claim in the first place. It is established law in the Ninth Circuit that shareholders and members of a LLC generally do not have standing to bring derivative RICO claims. *Grizzard v. Terada*, 159 Fed.Appx. 786, 787 (9th Cir. 2005); *Albers v. Guthy-Renker Corp.*, 92 Fed.Appx. 497, 499 (9th Cir. 2004).

Second, even if Counter-Claimants had given proper notice of their RICO claim, they still could not bring a derivative RICO action because they cannot show (1) an injury distinct from the

harm suffered by other members or (2) a special contractual duty between themselves and VESTA STRATEGIES. *Grizzard v. Terada, supra,* 159 Fed.Appx. at 787. Here, any injury that Counter-Claimants suffered is entirely based on TERZAKIS' alleged embezzlement. Therefore, they have exactly the same type of derivative RICO claim as any other member of VESTA STRATEGIES would have, and they therefore do not have any distinct injury. They also fail to allege any special contractual duty between themselves and VESTA STRATEGIES. Therefore, their derivative RICO claims must be dismissed.

In summary, Counter-Claimants' core claim is that Defendants misappropriated funds from VESTA STRATEGIES, LLC. and entered into self-serving deals using VESTA STRATEGIES' money. Those assertions - - the improper use and misappropriation of VESTA STRATEGIES' assets - - amount to a claim of injury to VESTA STRATEGIES itself. Counter-Claimants' alleged damages, the loss in value of their investments in VESTA STRATEGIES, are merely incidental to the alleged harm inflicted upon VESTA STRATEGIES, and all of its members. Because Counter-Claimants are purporting to assert claims belonging to the limited liability company, and because they have not complied with the procedural formalities for pursing a derivative action (see Corporations Code section 17501 governing derivative actions on behalf of a limited liability company), plaintiffs lack standing to assert their RICO claim.

## IV. MOTION TO DISMISS FIFTH CAUSE OF ACTION BREACH OF FIDUCIARY DUTIES.

Although Counter-Claimants include Counter-Defendant, PETER YE, in the heading for their fifth claim for relief for breach of fiduciary duties, there are no allegations in the fifth claim for relief relating to the existence or breach of any fiduciary duty by PETER YE to Counter-Claimants. The allegations are strictly against JOHN TERZAKIS for exploiting his position as manager and majority member of the company in breach of his fiduciary duties.

Thus, in addition to failing to state any claim for relief for breach of fiduciary duties against PETER YE, the fifth claim for relief must be dismissed for lack of standing. Counter-Claimants do not allege any injury that is not derivative of the alleged injury to VESTA STRATEGIES, LLC. Where, as discussed above, the claims belong to a limited liability company, rather than to the members acting in their own right, the claims must be brought in a derivative action, rather than a

direct action. See *PacLink Communications International, Inc. v. Superior Court, supra*, 90 Cal.App.4th 964 ["the essence of plaintiff's claims is that the assets of [the company] were fraudulently transferred without any consideration being paid . . . this constitutes an injury to the company itself."]

## V.   THE COURT SHOULD DISMISS OR STRIKE THE ESTUPINIANS' INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS CLAIM AGAINST PETER YE AND AWARD PETER YE HIS ATTORNEYS FEES AND COSTS BASED ON CALIFORNIA's ANTI-SLAPP STATUTE.

California's anti-SLAPP statute applies to actions for intentional infliction of emotional distress. ("IIED") See *Hill v. City of El Segundo,* 33 Fed.Appx. 254, 258 (9th Cir. 2002); *Briggs v. Eden Council For Hope & Opportunity*, 19 Cal.4th 1106-1123 (1999). In Count 11, ROBERT and GINNY ESTUPINIAN allege that JOHN TERZAKIS and PETER YE have engaged in extreme and outrageous conduct by allegedly slandering ROBERT ESTUPINIAN in the business community by telling associates of ROBERT ESTUPINIAN that, "without a doubt Robert stole $6,000,000 and is going to prison." It is alleged that TERZAKIS and YE intentionally engaged in such "outrageous behavior knowing full well that the claims were untrue and would cause ROBERT and GINNY ESTUPINIAN severe emotional distress and substantial damages." (FAC, ¶44, as incorporated by reference in the 11th claim for relief.)

To satisfy his initial burden on his anti-SLAPP motion, PETER YE has, previously provided his declaration filed in support of his special motion to strike the "slander" cause of action in the original third party complaint, alleging the same basic underlying facts supporting his 11th cause of action, now recast as one for IIED. This claim for IIED must be dismissed or stricken pursuant to the California anti-SLAPP statute because the claim arises from PETER YE's free speech in connection with a public issue and because PETER YE's actions are privileged under California Civil Code section 47(b).

To satisfy his initial burden on this anti-SLAPP motion, PETER YE has made an initial *prima facie* showing that ROBERT ESTUPINIAN's claim for IIED arises from statements made in connection with an issue under consideration or review by a judicial body.

As indicated in the Declaration of Peter Ye, filed in connection with this motion, he did, in

fact, have two conversations with persons other than his or his employer's attorneys regarding the allegations of misappropriation by Mr. Estupinian, as alleged in the complaint filed herein. The complaint was filed December 7, 2007, and alleged that defendant ROBERT ESTUPINIAN, the former CEO of VESTA STRATEGIES, stole a considerable amount of money from VESTA STRATEGIES. The extent to which PETER YE discussed this misappropriation with third parties is limited to another employee of VESTA STRATEGIES, Bill Kraft, who had inquired regarding the nature of the allegations made against ROBERT ESTUPINIAN and subsequently a conversation with a securities broker dealer from Regent Capital Group, Louie Ucciferri, in which Mr. Yee may have advised him that the lawsuit had been filed and provided information regarding the general allegations of the case. Both of these conversations concerned and arose out of the allegations of misappropriation made by Mr. Yee's employer, VESTA STRATEGIES, in its complaint filed against MR. ESTUPINIAN herein.

In Federal Court, where a plaintiff files a complaint arising from another party's assertion of his right to free speech, that complaint is subject to an anti-SLAPP motion under California law. *Summit Media LLC v. City of Los Angeles*, No. CV072649RSWL (AJWx), 2008 U.S. Dist. LEXIS 3834 at 21 (C.D. Cal. January 2, 2008); see also *United States Ex Rel. Newsham v. Lockheed Missiles & Space Co.*, 190 F.3d 963, 972 (9th Cir. 1990) (special motion to strike under C.C.P. section 425.16(b) and the availability of fees and costs under C.C.P. section 425.16(c) are available in Federal Court.)

In considering an anti-SLAPP motion, the court must engage in a two-step process. First, the court must "determine whether the moving party has made an initial *prima facie* showing that the plaintiff's claims arise from acts of the moving party taken to further the moving party's right of free speech or petition in connection with a public issue. *Id.* at *24 (quotation omitted). "To make this determination, the court must consider the pleadings, and supporting and opposing affidavits stating the facts on which the liability or defense is based." *Id.* (quotation omitted). "If the moving party makes the *prima facie* showing, the burden shifts to the plaintiff to demonstrate a probability that the opposing party will prevail on the claim." *Id.* (quotations omitted). "To satisfy this burden, the plaintiff must show that the complaint is legally sufficient and support by a *prima facie* showing of

facts to sustain a favorable judgment if the evidence submitted by the plaintiff is credited." *Id.* (quotations omitted). "The burden is much like that used in determining a motion for nonsuit or directed verdict, which mandates that no reasonable jury could find for the plaintiff." *Id.* (quotation omitted). If the plaintiff fails to make the requisite showing, the motion to strike must be granted. *Id.* (citation omitted).

PETER YE has met his burden of establishing that the complaint arises from protected activity by demonstrating that his alleged statements regarding ESTUPINIAN's misappropriation of funds fits one of the categories spelled out in section 425.16(e). *Annette F. v. Sharon S.* 119 Cal.App.4th 1146 (2004) "In determining whether a cause of action falls within the scope of subdivision (e), courts must broadly construe the anti- SLAPP statute." *Ibid.* (citation omitted). ESTUPINIAN's claim arises from protected activity and falls within subdivision (e) because it was an oral statement made in connection with an issue under consideration or review by a judicial body. (C.C.P. § 425.16(e)(2)). This "in connection with" language is construed broadly. *Annette F. v. Sharon S., supra,* 119 Cal.App.4th at 1160. Here, Mr. Ye's statements to the two third parties were based on the allegations made by his employer, VESTA STRATEGIES, INC., in connection with its complaint filed in this action. Thus, ESTUPINIANS' IIED action is entirely based on statements made by PETER YE concerning the allegations of the complaint, and by definition are "directly at issue" in this litigation.

PETER YE's statements concerning the allegations of the complaint also meet the requirement of being made in connection with a public issue because under California law "a defendant moving to strike a cause of action arising from a statement made before, or in connection with an issue under consideration by, a legally authorized official proceeding need not separately demonstrate that the statement concerned an issue of public significance." *Briggs v. Eden Counsel for Hope and Opportunity,* 119 Cal.4th 1106, 1123.

Therefore, PETER YE has made an initial *prima facie* showing that under the California anti-SLAPP statute that the ESTUPINIANS' claim for IIED arises from PETER YE's acts taken to further his right to free speech or connection with a public issue. The burden now shifts to the ESTUPINIANS to demonstrate a "probability that they will prevail" on their IIED claim.

The ESTUPINIANS cannot meet their burden to show that they will prevail on the IIED claim because PETER YE's actions were absolutely privileged under California law.

Here, the cause of action arises directly from communications between PETER YE and interested parties about the pending lawsuit against ESTUPINIAN. Pursuant to California law, publications of this nature are absolutely privileged under Civil Code section 47(b). In fact, as for the litigation privilege, numerous cases have applied it to pre-litigation communications as well. *Rubin v. Green* (1993) 4 Cal.4th 1187, 1194-1195, citing cases, and the litigation privilege clearly "informs interpretation of the 'arising from' prong of the anti-SLAPP statute. *Navellier v. Sletten* (2003) 106 Cal.App.4th 763, 770; *Ruiz v. Harbor View Community Association* (2005) 134 Cal.App.4th 1456, 1474 [clauses of the anti-SLAPP statute defining protected activity to include statements made before or in connection with an issue under review by judicial body 'are parallel to and co-extensive with the definition of privileged communications under Civil Code section 47(b)"]. In short, it is difficult to conjure a clearer scenario than the case before us of a lawsuit arising from protected activity.

## VI. THE COURT SHOULD DISMISS MUTUAL VISION AND THE THIRD PARTY CLAIMANTS' CLAIMS FOR CONTRIBUTION.

PETER YE hereby incorporates by reference the points and authorities filed by Counter-Defendants VESTA STRATEGIES, LLC, et al., in connection with their motion to dismiss/strike with regard to the Counter-Claimants and Third Party Claimants' improper action for contribution against Third Party Defendants on the grounds that the claims were improperly joined.

## VII. THE COURT SHOULD DISMISS OR STRIKE MUTUAL VISION'S, THE ESTUPINIANS' AND THE THIRD PARTY CLAIMANTS' CLAIMS FOR DECLARATORY RELIEF.

PETER YE hereby incorporates by reference the points and authorities filed by Counter-Defendants VESTA STRATEGIES, LLC, et al., in connection with their motion to dismiss/strike with regard to the Counter-Claimants and Third Party Claimants' improper action for declaratory relief against Third Party Defendants on the grounds that there is no immediate and real controversy between the parties over indemnification or apportionment of fault, and therefore the claim should be dismissed.

**VIII. THE COURT SHOULD DISMISS OR STRIKE MUTUAL VISION'S, THE ESTUPINIANS' AND THE THIRD PARTY CLAIMANTS' INDEPENDENT CLAIMS AGAINST THIRD PARTY DEFENDANTS AS THEY ARE PROCEDURALLY IMPROPER.**

As previously indicated, Counter Defendant and Third Party Defendant, PETER YE, hereby incorporates by reference, the arguments made by Counter Defendant VESTA STRATEGIES and Third Party Defendants, JOHN TERAZAKIS, et al.'s motion to dismiss or strike based upon failure to comply with this court's jurisdictional requirements including that the claims are not joined correctly pursuant to Rule 13(h) and/or Rule 14(a)(1).

**IX. CONCLUSION**

For the reasons set forth in the motion to dismiss filed by VESTA STRATEGIES, LLC, et al., joined in by PETER YE, and the additional evidence and points and authorities filed in support of PETER YE's motion to dismiss and anti-SLAPP motion, defendant PETER YE respectfully requests that the court grant the motion to dismiss the Counter-Claim and Third Party Claim in its entirety, or in the alternative, to strike all of the claims asserted against PETER YE with prejudice, and award PETER YE his attorneys fees and costs pursuant to the California anti-SLAPP statute.

Dated: May 9, 2008

SHEUERMAN, MARTINI & TABARI

/s/ Alan L. Martini
ALAN L. MARTINI, SB NO. 77316
Attorney for Third Party Defendant
PETER YE