DANIEL E. ALBERTI (68620)
dalberti@mwe.com
McDERMOTT WILL & EMERY LLP
3150 Porter Drive
Palo Alto, CA 94304-1212
Telephone:    650.813.5000
Facsimile:    650.813.5100

PAUL E. CHRONIS (*pro hac vice*)
pchronis@mwe.com
ARON J. FRAKES (*pro hac vice*)
ajfrakes@mwe.com
MCDERMOTT WILL & EMERY LLP
227 West Monroe Street
Chicago, Illinois 60606
Telephone: 312.372.2000
Facsimile: 312.984.7700

Attorneys for Plaintiff/Counter Defendant/
Third Party Defendant VESTA STRATEGIES, LLC
and Third Party Defendant JOHN TERZAKIS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| VESTA STRATEGIES, LLC,<br><br>        Plaintiff,<br><br>    v.<br><br>ROBERT E. ESTUPINIAN, GINNY ESTUPINIAN, MUTUAL VISION, LLC, MILLENNIUM REALTY GROUP, VESTA REVERSE 100, LLC, VESTA CAPITAL ADVISORS, LLC, and CAROL-ANN TOGNAZZINI,<br><br>        Defendants.<br><br>AND RELATED COUNTER CLAIMS AND THIRD PARTY CLAIMS | CASE NO. C 07-06216 JW RS<br><br>**VESTA STRATEGIES, LLC'S AND JOHN TERZAKIS'S OPPOSITION TO ROBERT ESTUPINIAN'S AND GINNY ESTUPINIAN'S MOTION FOR AN ORDER COMPELLING VESTA STRATEGIES, LLC AND JOHN TERZAKIS TO PRODUCE TAX RECORDS AND DOCUMENTS**<br><br>**Date:**      June 9, 2008<br>**Time:**     9:00 a.m.<br>**Department:** Room 8, 4th Floor, SJ<br>**Judge:**    James Ware |

Pursuant to Civil Local Rules 7-3 and 7-4 and the Federal Rules of Civil Procedure, Plaintiff/Counter Defendant/Third Party Defendant Vesta Strategies, LLC ("Vesta Strategies") and Third Party Defendant John Terzakis ("Terzakis") respectfully submit this opposition to Defendants/Counter Claimants/Third Party Plaintiffs Robert and Ginny Estupinian's (the "Estupinians") Motion to Compel Vesta Strategies and Terzakis to Produce Tax Records and Documents (the "Motion").

## I.   INTRODUCTION

Over a number of years, the Estupinians systematically and deliberately stole and misappropriated Vesta Strategies' funds for their own personal gain and the gain of their company, Mutual Vision, LLC ("Mutual Vision"). The Estupinians perpetrated this multi-million dollar theft while they were serving as Vesta Strategies' CEO and President.

Now, the Estupinians have brought this Motion seeking to compel Vesta Strategies to produce certain tax-related records, ostensibly because the Estupinians are being audited by the IRS. However, not only are the tax records the Estupinians seek inaccurate due to the Estupinians' own embezzlement, theft, and fraudulent statements to Vesta Strategies, but the Estupinians have absolutely no right to these records in the first place.

Nevertheless, despite the fact that it is under no legal obligation to do so, Vesta Strategies offered to produce its amended tax return to the Estupinians once it is completed, if the Estupinians agreed to use it solely for the purpose of the IRS audit (which is the reason the Estupinians claim they need the records). Tellingly, the Estupinians rejected that reasonable request. The reason is clear: the Estupinians are improperly attempting to use their alleged IRS audit to usurp the discovery process in this action and to obtain information to which they are not entitled. The Estupinians' improper attempt to get these documents should be summarily rejected.

## II.   SUMMARY OF ARGUMENT

The Estupinians' Motion must be denied for at least four separate and independent reasons.

*First*, the Estupinians have no right to Vesta Strategies' tax or financial information under California law. California law permits only "members" or "holders of an economic interest" in an LLC to obtain certain tax records upon request under certain circumstances. The Estupinians are neither "members" nor "holders of an economic interest" in Vesta Strategies. For that simple and fundamental reason alone, they are not entitled to Vesta Strategies' tax records.

*Second*, even if the Estupinians were members or holders of an economic interest in Vesta Strategies (they are not), they have not made their request for a purpose that is "reasonably related" to any such interest. The Estupinians claim that they need these tax records because they are being audited by the IRS. However, the Estupinians cannot have a legitimate interest in the incorrect tax information that they caused Vesta Strategies to file with the IRS. Rather, the Estupinians are transparently seeking these documents in an attempt to obtain premature discovery in this action. The Estupinians' true, and improper, objective is underscored by the Estupinians' rejection of Vesta Strategies' reasonable offer to provide them with the amended tax return when ready as long as the Estupinians would agree to only use it in connection with the IRS audit.

*Third*, even assuming that the Estupinians were members or holders of an economic interest who had requested these records for a purpose reasonably related to that interest, the statute cited by the Estupinians still does not entitle them to most of the records they seek. The California statute at issue could only possibly entitle the Estupinians to "[c]opies of the limited liability company's federal, state, and local income tax or information returns and reports, if any, for the six most recent taxable years." CAL. CORP. CODE § 17058(a)(4). Despite that clear restriction in the relevant California statute (which the Estupinians quote), the Estupinians overreach and seek many additional documents that even a member or holder of an economic interest would not be entitled to. Once again, the Estupinians' overreaching demonstrates that the Motion is nothing more than a pretense to try to get documents the Estupinians are not entitled to.

*Fourth*, the Estupinians' request for attorneys' fees must be rejected for all of the foregoing reasons, and because Vesta Strategies first learned (1) that the Estupinians, as opposed

| **VESTA STRATEGIES', TERZAKIS', SSSC'S, B&B SPARCO'S MTD AMEND. COUNT.; NOTICES OF MOTIONS; MPA IN SUPPORT OF MOTIONS** | - 2 - | **CASE NO. C 07-06216 JW RS** |

to Mutual Vision, was being audited; and (2) that the government, as opposed to an outside third party, was conducting that audit; when the Estupinians filed their Motion on April 30, 2008.

## III. RELEVANT FACTS

Vesta Strategies is a limited liability company organized under California law. (Doc. 72, Ex. A, Art. 1.2.) Vesta Strategies' members are John Terzakis and Mutual Vision; Terzakis is also Vesta Strategies' manager. (Doc. 72, Ex. A, Art. 3.1.) Neither Robert nor Ginny Estupinian are members of Vesta Strategies. (*See id.*) The Estupinians claim to be the sole owners of Mutual Vision. (*Id.*, ¶ 2.)

Vesta Strategies filed this action against the Estupinians and Mutual Vision to seek redress for the Estupinians' and Mutual Vision's multi-million dollar fraud and theft against Vesta Strategies. (*See generally* Doc. 12.) After Vesta Strategies learned of the Estupinians' embezzlement and filed their suit, the Estupinians, along with Mutual Vision, filed counterclaims and third party claims against Vesta Strategies and Terzakis. (*See generally* Doc. 23.)

On April 9, 2008, after Vesta Strategies and Terzakis moved to dismiss all of their initial claims, Mutual Vision and the Estupinians filed amended counterclaims and third party claims. (*See* Doc. 44.) For the first time, Mutual Vision – not the Estupinians – asserted a claim that Mutual Vision was entitled to certain tax and financial records of Vesta Strategies pursuant to CAL. CORP. CODE § 17058. (*See* Doc. 44, ¶¶ 64-66.) Vesta Strategies and Terzakis moved to dismiss Mutual Vision's claim for a number of reasons, including because it is part of an attempt to cover-up the Estupinians' and Mutual Vision's fraud, theft, and embezzlement of Vesta Strategies' funds. (*See* Doc. 76, p. 9.) Therefore, Mutual Vision's request for records was not made "for purposes reasonably related to the interest of that person as a member" of Vesta Strategies, which is a statutory prerequisite for Mutual Vision's claim. (*See id.*; CAL. CORP. CODE § 17106(b).)

On April 21, 2008, counsel for the Estupinians, Mutual Vision, and numerous other defendants in this case wrote to counsel for Vesta Strategies and Terzakis, claiming that an unidentified "client" was being "audited" and needed certain tax-related records of Vesta

Strategies. (Doc. 73, Ex. A.) Counsel did not identify either the entity or person being audited, or whether the government or some outside third party (*e.g.*, PricewaterhouseCoopers) was conducting that audit. (*See id.*) Counsel merely requested Vesta Strategies' tax records and stated that he believed that "Mutual Vision, LLC" has an "unqualified right" to these documents. (*Id.*) Vesta Strategies received this letter while it was preparing its motion to dismiss Mutual Vision's claim for records, which it filed on May 9, 2008. (*See* Doc. 76.)

On April 30, shortly before Vesta Strategies filed its motion to dismiss, the Estupinians – not Mutual Vision – brought this Motion. (Doc. 70.) The Estupinians now claim that they – not Mutual Vision – are entitled to the tax records of Vesta Strategies because the Estupinians are being audited by the IRS. (*See id.*) The Estupinians further claim that they are entitled to attorneys' fees because Vesta Strategies and Terzakis "have blatantly ignored their statutory duty to provide [the Estupinians with] the requested documents," despite the fact that the Motion was the first time the Estupinians claimed they had a right to Vesta Strategies' tax records. (*See* Doc. 70, p. 3.)

Vesta Strategies and Terzakis responded to the Estupinians' April 21 letter and April 30 Motion on May 9, 2008. (May 9, 2008 letter from Aron J. Frakes to Brian M. O'Dea, attached as Exhibit A.) Vesta Strategies stated that they objected to and disagreed with the Estupinians' basis for their Motion. (Ex. A.) Vesta Strategies also explained that its previously-filed tax return was inaccurate because of the false information provided to Vesta Strategies by the Estupinians. (*Id.*) For example, the return was inaccurate because it incorrectly reflected expenses that the Estupinians charged to Vesta Strategies that were really expenses related to the Estupinians' other business entities. (*See, e.g.,* Doc. 12 at ¶¶ 51-56, 71-74). Nevertheless, despite having no obligation to do so, Vesta Strategies offered in the spirit of cooperation to produce the amended tax return (once it is complete), if the Estupinians would agree to use that corrected tax return solely in connection with the IRS audit that forms the basis of the Estupinians' Motion. (*Id.*)

Although they noticeably did not dispute that the tax returns were incorrect and requested production of the amended and corrected tax return when it is complete, the Estupinians

categorically rejected Vesta Strategies' offer in a May 13, 2008 letter. (May 13, 2008 letter from Brian M. O'Dea to Aron J. Frakes, attached as Exhibit B.)

## IV. ARGUMENT

### A. The Court Should Deny the Motion Because the Estupinians Have No Right to Vesta Strategies' Tax-Related Information

The basis for the Estupinians' Motion is California Corporations Code § 17106. That Section provides that: "Upon the request of a **member** or a **holder of an economic interest**, for purposes reasonably related to the interest of that person as a member or holder of an economic interest, a manager shall promptly deliver … to the member or holder of an economic interest … a copy of the information required to be maintained by paragraph … (4) of subdivision (a) of Section 17058." *Id.* (emphasis added). Thus, California law only allows a "member" or a "holder of an economic interest" to obtain tax records of a California LLC. The Estupinians are neither, and are therefore not entitled to Vesta Strategies' information.

As the Estupinians' own filings confirm, neither Robert nor Ginny Estupinian are members of Vesta Strategies. Nor are they "holders of an economic interest" in Vesta Strategies. California Corporations Code §17001(n) defines an "economic interest" as a:

> Person's right to share in the income, gains, losses, deductions, credit, or similar items of, and to receive distributions from, the limited liability company, but does not include any other rights of a member, including, without limitation, the right to vote or to participate in management, or, except as provided in Section 17106, any right to information concerning the business and affairs of the limited liability company.

The Estupinians have no right to share in the distributions, income, gains, losses, deductions, credits or similar items of Vesta Strategies. Indeed, Vesta Strategies' operating agreement ("Operating Agreement") was entered into by Terzakis and Mutual Vision, which are the only persons or entities mentioned anywhere in the Operating Agreement. (*See* Doc. 72, Ex. A.) Robert and Ginny Estupinian are not mentioned in the Operating Agreement and are certainly not given any rights in Vesta Strategies by the Operating Agreement. (*See id.*) Further, the Operating Agreement specifically states that "[t]his Agreement is expressly not intended for the

benefit of any creditor of the Company or any other person … no such creditor or third party shall have any rights under this Agreement." (*Id*., Ex. A, Art. 8.4.)

In short, the Estupinians – as opposed to Mutual Vision and Terzakis – have no rights whatsoever in Vesta Strategies. As such, by statute, the Estupinians are not "holders of an economic interest" in Vesta Strategies and have absolutely no right to Vesta Strategies' tax or financial information under California law. The Estupinians' Motion should be summarily denied for that reason alone.

### B. The Court Should Deny the Motion Because the Estupinians Have Not Requested Vesta Strategies' Information for a Proper Purpose

#### 1. The Estupinians' Motion Misstates the Standard to Be Applied By the Court, Omitting that a Request Must Be "Reasonably Related" to the Requesting Party's Interest in the LLC

The Estupinians have misled this Court about one of the key standards to be applied to this Motion. Specifically, the Estupinians have misstated the statute that they are relying on for their Motion by deleting (without any ellipses or other suggestion of the deletion) a crucial limitation on a party's right to get the tax records sought by the Motion.

On page 2 of their brief, the Estupinians purport to block-quote Section 17106 of the California Corporations Code, as follows:

> Upon the request of a member or a holder of an economic interest, a manager shall promptly deliver to the member or holder of an economic interest, at the expense of the limited liability company, a copy of the information required to be maintained by paragraph . . . (4) of Section 17058.

(Doc. 70, p. 2.) That is not what Section 17106 says.

Section 17106 actually provides that "upon the request of a member or holder of an economic interest, **for purposes reasonably related to the interest of that person as a member or holder of an economic interest** . . . ." CAL. CORP. CODE § 17106 (emphasis added). In other words, without any suggestion to the Court that they were doing so, the Estupinians deleted a key standard to be applied to the Estupinians' Motion – that the request must be "for purposes reasonably related to the interest of that person as a member or holder of an economic interest."

**VESTA STRATEGIES', TERZAKIS', SSSC'S, B&B SPARCO'S MTD AMEND. COUNT.; NOTICES OF MOTIONS; MPA IN SUPPORT OF MOTIONS**  - 6 -  **CASE NO. C 07-06216 JW RS**

The Estupinians' improper deletion is telling because, as explained below, the Estupinians' request for records is not "reasonably related" to any legitimate interest in Vesta Strategies.

### 2. Even if the Estupinians Were "Members" or "Holders of an Economic Interest" in Vesta Strategies, the Estupinians Have Not Requested Vesta Strategies' Records for a Proper Purpose

As explained above, the Estupinians are not "members" of Vesta Strategies or "holders of an economic interest" in Vesta Strategies. The Court therefore needs to go no further to deny the Estupinians' Motion to compel Vesta Strategies' tax records. However, even if they were members or holders of an economic interest in Vesta Strategies, the Estupinians still would not be entitled to the records they seek because their request is not "reasonably related" to any interest the Estupinians have in Vesta Strategies. This is true for at least four distinct reasons.

First, even if the Estupinians were members or holders of an economic interest in Vesta Strategies, the Estupinians cannot have any valid interest in the incorrect and inaccurate tax returns they caused Vesta Strategies to file with the IRS. (Ex. A.) Therefore, the Estupinians' request for past tax returns and other tax information cannot possibly be "reasonably related" to any legitimate interest. Indeed, it is a bit surprising that the Estupinians still want to obtain this inaccurate tax information and rely on it in their IRS audit. Vesta Strategies would obviously be concerned if the Estupinians were to represent inaccurate information to the IRS as being accurate.

Second, the Estupinians perpetrated a massive theft of Vesta Strategies' monies. (*See generally* Doc. 12.) The Estupinians' Motion and effort to obtain Vesta Strategies' tax and financial information is part of their attempt to cover-up their fraud, theft, and embezzlement of Vesta Strategies' funds and is designed to harass Vesta Strategies and Terzakis. That is not a request "reasonably related" to a proper purpose.

Third, the Estupinians' rejection of Vesta Strategies' offer to provide the Estupinians with Vesta Strategies' amended tax return (once completed) demonstrates that the Estupinians' Motion is not "reasonably related" to any proper interest. To the contrary, their request is transparently designed to usurp the discovery process in this case and to allow the Estupinians to obtain

information to which they are not entitled. To be sure, if the Estupinians were really requesting these documents for purposes of their IRS audit, then they obviously would have agreed to only use these documents for purposes of that audit. However, the Estupinians flatly rejected that proposal, and instead improperly sought to assert Robert Estupinian's supposedly "unfettered right" to these documents. (Ex. B.)

Fourth, Mutual Vision has already brought a cause of action for the records the Estupinians seek to compel. Vesta Strategies and Terzakis moved to dismiss that cause of action. (*See* Doc. 76, p. 9.) The Estupinians' refusal to accept Vesta Strategies' amended tax return for use in their IRS audit shows that the Estupinians are also seeking these documents as a way to avoid Vesta Strategies' motion to dismiss Mutual Vision's claim.

For all of these reasons, the Estupinians' Motion must be denied, even if the Estupinians were "members" or "holders of economic interests" in Vesta Strategies (which they are not).

### C. The Court Should Deny the Motion Because Even Members and Holders of an Economic Interest in an LLC Are Not Entitled to Many of the Records the Estupinians Seek to Compel

Even if the Estupinians were members or holders of an economic interest in Vesta Strategies (they are not), and even if their request was "reasonably related" to that interest (it is not), the Estupinians still would not be entitled to many of the records the Estupinians seek to compel in their Motion. The Estupinians cite California Corporations Code § 17058(a)(4) as the basis for their Motion. (Doc. 70, p. 2.) However, that statute only requires disclosure of "[c]opies of the limited liability company's federal, state, and local income tax or information returns and reports, if any, for the six most recent taxable years." CAL. CORP. CODE § 17058(a)(4).

Despite the unequivocal limitations of Section 17058(a)(4), the Estupinians have requested information far beyond Vesta Strategies' federal, state, and local tax returns. Specifically, the Estupinians have also requested (1) a "[s]chedule of Partner's bonuses, detailing all contributions, distributions, partner's share of partnership income and loss, liabilities, and any adjustment affecting basis from inception of the partnership to date"; and (2) "[c]orrespondence

or documents referring to any adjustments to basis." (Doc. 70, pp. 2-3.) These documents are obviously not Vesta Strategies' tax returns.

The Court should deny the Estupinians request for those records on that basis alone. Further, the fact that the Estupinians are seeking to "compel" documents that they are obviously not entitled to under clear California statute illustrates that the Estupinians are improperly trying to use their purported IRS audit to end-run California corporate law and the discovery rules in the Federal Rules of Civil Procedure. The Court should not permit and countenance such an abuse of the law (especially when the law is misstated as described herein).

### D. The Court Should Deny the Estupinians' Request for Attorneys' Fees

The Estupinians' Motion requests attorneys' fees pursuant to California Corporations Code § 17106(g), which allows a court to award attorneys' fees if the court finds that the "failure of the limited liability company to comply with the requirements of this section is without justification." However, as explained above, the Estupinians do not have any right to these documents under California law for a multitude of reasons. Therefore, the Estupinians' request for attorneys' fees should also be summarily denied.

Additionally, the Estupinians' request for attorneys' fees should be denied because, even if this Court grants their Motion (which it should not do), Vesta Strategies' refusal to provide the requested information was not without justification. When counsel for Mutual Vision, the Estupinians, and many other defendants in this action sent a letter requesting Vesta Strategies' tax returns on April 21, counsel only claimed that an unidentified "client" is being audited by an unidentified entity and needed certain tax-related records of Vesta Strategies to respond to that audit. (Doc. 73, Ex. A.) At the time that Vesta Strategies received this letter, Vesta Strategies was in the process of moving to dismiss Mutual Vision's independent claim for these same records. Vesta Strategies did not learn that it was the Estupinians – not Mutual Vision – that sought these records because they were being audited until the Estupinians filed their Motion on April 30. The Estupinians' Motion was also the first time that Vesta Strategies learned that the IRS, not a non-governmental third party, was conducting an audit of the Estupinians. Moreover, on May 9,

Vesta Strategies actually offered to provide the Estupinians with Vesta Strategies' amended tax returns once they are completed, but the Estupinians refused that offer.

For all of these reasons, it is clear that Vesta Strategies did not fail to comply with the requirements of Section 17106 "without justification." Therefore, the Estupinians should not be awarded attorneys' fees, even if this Court grants the Estupinians' Motion.

Dated: May 19, 2008

Respectfully submitted,

McDERMOTT WILL & EMERY LLP

By: /s/ Aron J. Frakes
Aron J. Frakes (*pro hac vice*)

Attorneys for Plaintiff and Counter Defendant VESTA STRATEGIES, LLC and Third Party Defendant JOHN TERZAKIS

CHI99 4982083-1.029407.0020