1  DAVID L. OLSON, ESQ. (Bar No. 49107)
   dlo@hjmmlaw.com
2  LAW OFFICES OF DAVID L. OLSON
   180 Grand Avenue, Suite 700
3  Oakland, California  94612
   Telephone:    (510) 835-0500
4  Fax:          (510) 835-2833
5
   Attorney for Defendant Carol-Ann Tognazzini
6



7

8

9

10                   UNITED STATES DISTRICT COURT
11                  NORTHERN DISTRICT OF CALIFORNIA
                         SAN JOSE DIVISION
12

13  VESTA STRATEGIES, LLC,               Case No. C 07-06216 JW RS

14                 Plaintiff,              ( PROPOSED)

15         v.                            ORDER AUTHORIZING WITHDRAWAL OF
                                         COUNSEL
16  ROBERT E. ESTUPINIAN, GINNEY
17  ESTUPINIAN, MUTUAL VISION, LLC,
    MILLENNIUM REALTY GROUP,             _____
18  VESTA REVERSE 100, LLC, VESTA
    CAPITAL ADVISORS, LLC, CAROL-          Date:       June 23, 2008
19  ANN TOGNAZZINI, EDMUNDO               Time:       9:00 a.m.
    ESTUPINIAN, and HAYDEE               Dept:       Room 8, 4th Floor, SJ
20  ESTUPINIAN;                          Judge:      James Ware

21                 Defendants.

22

23

24        Presently before the Court is David L. Olson's Motion to Withdraw as Counsel of Record

25  for Defendant Carol-Ann Tognazzini.  (hereafter,"Motion,"Docket Item No.  64.)  The Court finds

26  the motion appropriate for submission without oral argument.  See Civ. L.R. 7-1(b).  Based on the

27  papers submitted to date, the Court GRANTS David L. Olson's Motion to Withdraw as Counsel.

28

LAW OFFICES OF DAVID L. OLSON
180 Grand Avenue, Suite 700
Oakland, California  94612
(510) 835-0500

LAW OFFICES OF DAVID L. OLSON
180 Grand Avenue, Suite 700
Oakland, California 94612
(510) 835-0500

1    In a civil case, counsel may not withdraw from an action until relieved by order of the Court.

2    See Civ. L.R. 11-5.  Rule 3-700(C) of the California Rules of Professional Conduct provides that a

3    lawyer may withdraw from representing a client where, among other things, (1) the client breaches

4

5    an agreement with or obligation to the lawyer as to expenses or fees, or (2) other conduct renders it

6    unreasonably difficult for the lawyer to carry out the employment effectively.  Rule 3-700(C)(1)(d),

7    (f).

        In this case, counsel contends, *inter alia*, as follows:
8

9        (1) Defendant Tognazzini's failure and/or reluctance to authorize necessary and ordinary
            activities on her behalf has rendered it unreasonably difficult for [him] to carry out his
10          employment and the prosecution of this matter on her behalf effectively;

11       (2) Defendant Tognazzini . . . [has] failed and refused and continue to fail and refuse to pay
            the attorney[] fees and costs due to [counsel].
12

13   (Motion¶¶1, 2.)  In addition, Defendant Tognazzini has filed a declaration consenting to the

14   substitution and withdrawal of counsel.  (See Docket Item No. 66.)

15
        The attorney-client relationship is usually an economic relationship.  Based on Mr. Olson's
16
     representation and supporting declarations, the Court finds good cause to relieve Mr. Olson as
17
     counsel of record for Defendant Tognazzini.
18

19      The Court stays all currently scheduled filing deadlines in the case for thirty (30) days to

20   give Defendant sufficient time to find substitute counsel.  Mr. Olson shall remain as counsel of

21   record for thirty (30) days for the purposes of receiving and providing legal documents until there is
22
     identification of substitute counsel.  On or before **July 18, 2008**, Defendant shall file a Notice of
23
     Identification of Substitute Counsel or Notice of Self-Representation.
24

25      Mr. Olson shall send a copy of this Order to Defendant and file the necessary certificate of

26   service.  In light of this Order, the Court VACATES the hearing currently set for June 23, 2008.

27

28   Dated:  June 18, 2008    _____
                              JAMES WARE
                              United States District Judge