1  **Kevin R. Martin, SBN 176853**
   **Patrick E. Guevara SBN 202727**
2  **RANDICK O'DEA & TOOLIATOS, LLP**
   5000 Hopyard Road, Suite 400
3  Pleasanton, California   94588
   Telephone:    (925) 460-3700
4  Facsimile:    (925) 460-0969

5  Attorneys for Counter Claimants and Third Party Claimants ROBERT E. ESTUPINIAN,
   GINNY ESTUPINIAN and MUTUAL VISION, LLC,  and Defendants and Third Party
6  Claimants MILLENNIUM REALTY GROUP, VESTA REVERSE 100, LLC, VESTA
   CAPITAL ADVISORS, LLC, EDMUNDO ESTUPINIAN, and HAYDEE ESTUPINIAN

7

8                    **UNITED STATES DISTRICT COURT**

9                   **NORTHERN DISTRICT OF CALIFORNIA**

10                        **SAN JOSE DIVISION**

11

12  VESTA STRATEGIES, LLC,                    Case No.:  C 07-06216 JW RS

            Plaintiff,
13
                                             **MEMORANDUM OF POINTS AND**
      vs.                                    **AUTHORITIES IN OPPOSITION TO**
14                                           **PLAINTIFF VESTA STRATEGIES, LLC'S**
   ROBERT E. ESTUPINIAN, GINNY              **MOTION TO DISMISS; OPPOSITION TO**
15  ESTUPINIAN, MUTUAL VISION, LLC,         **THIRD-PARTY DEFENDANTS JOHN**
   MILLENNIUM REALTY GROUP,                 **TERZAKIS, SINGLE SITE SOLUTIONS**
16  VESTA REVERSE 100, LLC, VESTA           **CORPORATION, B&B SPARCO**
   CAPITAL ADVISORS, LLC, CAROL-            **PROPERTIES, INC. AND BY JOINDER**
17  ANN TOGNAZZINI, EDMUNDO                 **PETER YE'S MOTION TO DISMISS OR**
   ESTUPINIAN, and HAYDEE                   **STRIKE; AND OPPOSITION TO SPECIAL**
18  ESTUPINIAN,                             **MOTION TO STRIKE PURSUANT TO THE**
                                            **CALIFORNIA ANTI-SLAPP STATUTE**
            Defendants.                      **AND FOR ATTORNEY'S FEES AND**
19                                           **COSTS**
20  ─────────────────────────────

21  AND RELATED COUNTER AND THIRD
   PARTY CLAIMS
22

23

24

25

26

27

28

1

# TABLE OF CONTENTS

2

3    TABLE OF CONTENTS ............................................................................................ i

4
5    I.      INTRODUCTION ......................................................................................... 1

6    II.     FACTUAL BACKGROUND ........................................................................ 1

7
8    III.    LEGAL STANDARDS ................................................................................. 2

        A.      Rule 12 (B)(6) Motion To Dismiss ................................................... 2
9
        B.      California Anti-SLAPP Special Motion to Strike ............................. 3
10      C.      Rule 14 STANDARDS ...................................................................... 3

11   IV.     ARGUMENT ............................................................................................... 4

12      A.      COUNTERCLAIMANTS HAVE SUFFICIENTLY PLED THE
                RESPECTIVE CLAIMS AGAINST TERZAKIS, SSSC, B&B
13              SPARCO AND PETER YE. ............................................................. 4

14          1.      Counterclaimants RICO Claim Is Sufficiently Pled. ............... 4

15          2.      Mutual Vision, LLC Has Stated a Valid RICO Claim against
                    Movants. .................................................................................... 5

16          3.      Robert and Ginny Estupinian Have Stated a Valid RICO Claim
                    against Movants. ........................................................................ 8
17
        B.      MUTUAL VISION'S CLAIM AGAINST VESTA STRATEGIES AND
18              TERZAKIS FOR UNLAWFUL DISTRIBUTION IS PROPER. ........ 8

19      C.      MUTUAL VISION'S CLAIM AGAINST VESTA STRATEGIES,
                TERZAKIS, AND SSSC FOR FAILURE TO MAINTAIN RECORDS IN
20              VIOLATION OF CAL.CORP.CODE §17058 IS SUFFICIENTLY PLED ........ 9

        D.      MUTUAL VISION'S CLAIM AGAINST VESTA STRATEGIES,
21              TERZAKIS, AND SSSC FOR FAILURE TO PROVIDE RECORDS IN
                VIOLATION OF CAL.CORP. CODE §17058 IS SUFFICIENTLY PLED ..... 10
22
        E.      MUTUAL VISION, LLC's CLAIM FOR BREACH OF FIDUCIARY
23              DUTY AGAINST VESTA STRATEGIES, TERZAKIS, SINGLE SITE
                SOLUTIONS CORP., B&B SPARCO PROPERTIES, INC., AND
                PETER YE IS PROPER. ................................................................. 12
24
        F.      MUTUAL VISION'S NEGLIGENCE CLAIM AGAINST SSSC IS
25              SUFFICIENTLY PLED AND SHOULD NOT BE DISMISSED. .......... 15

26      G.      MUTUAL VISION'S CLAIM FOR CONSTRUCTIVE TRUST
                AGAINST TERZAKIS, SSSC, AND B&B SPARCO PROPERTIES IS
                SUFFICIENTLY PLED AND SHOULD NOT BE DISMISSED. .......... 16
27
        H.      ACCOUNTING CLAIM IS PROPER. ............................................. 17
28

i

I. WRONGFUL DISCHARGE IS SUFFICIENTLY PLED AGAINST BOTH VESTA STRATEGIES AND TERZAKIS ............................................18

 1. Terzakis Was the Estupinians' Employer. ..............................................18

J. COUNTERCLAIMANTS AND THIRD PARTY CLAIMANTS' CLAIMS FOR CONTRIBUTION, APPORTIONMENT AND DECLARATORY RELIEF AGAINST TERZAKIS, SSSC, B&B SPARCO, AND YE ARE SUFFICIENTLY PLED AND SHOULD NOT BE DISMISSED. .............................................................................................19

K. COUNTERCLAIMAINTS' CLAIM FOR CONTRIBUTION AND APPORTIONMENT OF FAULT IS SUFFICIENT TO JOIN THIRD PARTY DEFENDANTS IN THIS ACTION ...................................................20

L. ROBERT AND GINNY ESTUPINIAN'S CLAIMS FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AGAINST VESTA STRATEGIES, TERZAKIS, AND YE ARE SUFFICIENTLY PLED AND ARE NOT SUBJECT TO CALIFORNIA'S ANTI-SLAPP PROVISIONS ......21

 1. The Estupinians State a Claim for IIED under Federal Notice Rules. ....................................................................................................21

 2. Movants Improperly Apply California's Heightened Pleading Standards.............................................................................................22

V. CONCLUSION.............................................................................................23

178450.doc

1

# <u>TABLE OF AUTHORITIES</u>

2

3

**Cases**

4

*Andrulonis v. United States*
   26 F.3d 1224, 1233 (2nd Cir. 1994) ................................................................. 20

5

*Ann M. v. Pacific Plaza Shopping Center,*
   6 Cal.4th 666, 673 (1993) ............................................................................... 15

6

7

*Bank of America Nat'l Trust & Sav. Ass'n v. Ryan*
   207 Cal.App.2d 698 (1962) ............................................................................. 16

8

*Banks v. City of Emeryville*
   109 F.R.D. 535, 540 (N.D. CA 1985) .............................................................. 20

9

10

*Bonnette v. California Health and Welfare Agency*
   704 F.2d 1465, 1469 (9th Cir. 1983) ............................................................... 18

11

*Certified Grocers of California, Ltd. v. San Gabriel Valley Bank*
   150 Cal.App.3d 281, 197 (1984) ..................................................................... 13

12

13

*Civic Western Corp. v. Zila Industries*
   66 Cal.App.3d 1, 14 (1977) ............................................................................. 17

14

*Corley v. Carco Capital Corp.*
   2006 WL 1889563, 2 (W.D.Ark. 2006) ........................................................... 18

15

16

*Desert Empire Bank v. Insurance Co. of North America*
   497 F.2d 1330, 1333 – 1334 (9th Cir. 1974) ................................................... 20

17

*FDIC v. Loube*
   134 F.R.D. 270, 272 (N.D. CA 1991) ................................................................ 4

18

19

*Gilligan v. Jamco Develop. Corp.*
   1080 F.3d 246, 249 (9th Cir. 1997) ................................................................... 2

20

*Goldberg v. Whitaker House Cooperative, Inc.*
   366 U.S. 28, 33 (1961) .................................................................................... 18

21

22

*Gray v. Sutherland*
   124 Cal.App.2d 280, 290 (1954) ..................................................................... 13

23

*Grubbs v. General Elec. Credit Corp.*
   405  U.S. 699, 705 (1972) ............................................................................... 20

24

25

*Hall v. City of Santa Barbara*
   833 F.2d 1270, 1274 (9th Cir.1986) .................................................................. 2

26

*In re Bah*
   321 B.R. 41, 45 n.6 (9th Cir.2005) .................................................................... 3

27

28

iii

*Kehr Packages, Inc. v. Fidelcor, Inc.*
   926 F.2d 1406, 1409 (3rd Cir.1991) ................................................................. 2

*La Paglia*
   215 Cal.App.3d. 1322, 1327 (4th Dist. 1989)................................................... 16

*League to Save Lake Tahoe v. Tahoe Regional Planning Agency*
   558 F.2d 914, 917 (9th Cir. 1977) ..................................................................... 19

*Lehman v. Revolution Portfolio L.L.C.*
   166 F.3d 389, 394 (1st Cir. 1999)....................................................................... 3

*McCalden v. California Library Assoc.*
   955 F.2d 1214, 1223 (9th Cir.1990) ................................................................... 2

*Metabolife Intern., Inc. v. Wornick*
   264 F.3d 832, 837 n.7 (9th Cir. 2001) ............................................................... 3

*Morgan v. Yuba*
   230 Cal.App.2d 938, 945 (1964) ......................................................................... 16

*North Star Int'l v. Arizona Corp. Comm'n*
   720 F.2d 578, 580 (9th Cir.1983) ....................................................................... 2

*Palm v. U.S.*
   835 F.Supp.512, 518 (N.D.Cal.1993) ................................................................. 21

*Pareto v. F.D.I.C.*
   139 F.3d 696, 699 (9th Cir. 1998) ..................................................................... 2

*People v. Pacific Landmark*
   129 Cal.App.4th 1203 (2nd Dist. 2005) ......................................................... 8, 10

*Phillips v. Gemini Moving*
   63 Cal.App.4th 563, 577 (1998) ....................................................................... 23

*Reves v. Ernst & Young*
   507 U.S. 170, 172 (1993)..................................................................................... 4

*Roberts v. Lomanto*
   112 Cal.App.4th 1553 (2003) ............................................................................. 12

*Rogers v Home Shopping Network*
   57 F.Supp.2d 973, 982 (C.D.Cal.1999) ............................................................. 3

*Southwest Admin., Inc. v. Rozay's Transfer*
   791 F.2d 769, 777 (9th Cir. 1986) ..................................................................... 3

*Sun Sav. & Loan Ass'n v. Dierdorff*
   825 F.2d 187, 191 (9th Cir.1987) ....................................................................... 4

*Thomas v. Fry's Electronics*
   400 F.3d 1206, 1207 (9th Cir.2005) ................................................................. 22

iv

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*Tide Water Assoc. Oil Co. v. Superior Court*
   43 Cal.2d 815, 827 (1955) ................................................................................................... 13

*Tu v. UCSD*
   201 F.Supp.2d 1126, 1130 (S.D.Cal.2002) ....................................................................... 22

*United Mine Workers v. Gibbs*
   383 U.S. 715, 724 (1966) ................................................................................................... 19

*U.S. v. Lockheed Missiles & Space Co., Inc.*
   190 F.3d 963, 970 (9th Cir.1999) ........................................................................................ 3

*United States v. White*
   893 F.Supp. 1423, 1428 (C.D. Cal 1995) ........................................................................... 2

*Verizon Delaware, Inc. v. Covad Comm., Co.*
   377 F.3d 1081, 1091 (9th Cir.2004) .................................................................................... 3

**Statutes**

18 U.S.C.
   §1343 .................................................................................................................................... 4
   §1511 .................................................................................................................................... 4
   §1512 .................................................................................................................................... 4
   §1512-1513 .......................................................................................................................... 8
   §1513 .................................................................................................................................... 4
   §1961(1)(B) .......................................................................................................................... 4

29 U.S.C.
   §203(d) ............................................................................................................................... 18

Cal. Corp Code
   §17001(z) .......................................................................................................................... 7, 8
   §17058 ............................................................................................................................ 9, 10
   §17300 ............................................................................................................................ 8, 17
   §17651 .................................................................................................................................. 9
   §17652 .................................................................................................................................. 9

California Civil of Civil Procedure
   §47 ...................................................................................................................................... 22
   §425.16 ................................................................................................................................. 3

Federal Rule of Civil Procedure
   8(a)(2) ................................................................................................................................... 2
   12(b)(6) ...................................................................................................................... 1, 2, 23
   14(a)(1) ........................................................................................................................ 20, 21
   18(a) ..................................................................................................................................... 4
   20(a) (2) .............................................................................................................................. 19

U.S.C.
   §1341 .................................................................................................................................... 4

v

1

**Other Authorities**

2

4 Witkin, *Cal. Procedure,* Pleading
   § 776 (4th ed. 1997) ............................................................................................................... 17

3

*5A Charles Alan Wright & Arthur R. Miller*, Federal Practice and Procedure
   §1356, p. 294-96 (1990)........................................................................................................... 2

4

5

RICO
   §1962(c) ................................................................................................................................... 4

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## I.    INTRODUCTION

Counterclaimants and Third Party Claimants ROBERT E. ESTUPINIAN, GINNY ESTUPINIAN and MUTUAL VISION, LLC, and Defendants and Third Party Claimants MILLENNIUM REALTY GROUP, VESTA REVERSE 100, LLC, VESTA CAPITAL ADVISORS, LLC, EDMUNDO ESTUPINIAN, and HAYDEE ESTUPINIAN (collectively referred to hereinafter as "Counterclaimants") submit this Memorandum of Points and Authorities In Opposition To Plaintiff Vesta Strategies, LLC's ("Vesta Strategies") Motion To Dismiss; Opposition To Third-Party Defendant John Terzakis ("Terzakis"), Single Site Solutions Corporation ("SSSC"), B&B Sparco Properties, Inc., and by joinder Peter Ye's Motion To Dismiss or Strike, and Opposition to Special Motion To Strike Pursuant to California Anti-Slapp Statute and For Attorney's Fees and Costs.

Counterclaimants oppose the respective motions because they fail to demonstrate a basis upon which they should be granted as set forth more particularly below.  In summary, Movants' motions should be denied because: 1) Counterclaimants have stated actionable causes of action as a matter of law under Federal Rule of Civil Procedure 12(b)(6); 2) Counterclaimants' contribution claim is appropriate and sufficiently pled; 3) Mutual Vision, LLC and the Estupinians have properly joined third party defendants John Terzakis, Single Site Solutions Corporation , B&B Sparco Properties, Inc. and Peter Ye; and 4) the Estupinians' claims against Terzakis and Vesta Strategies, LLC for Intentional Infliction of Emotional Distress is proper and not subject to the Anti-Slapp provisions.  As a result, the Court should deny the respective motions and order Movants to answer the cross-claims and third party claims within 10 days.

## II.    FACTUAL BACKGROUND

Vesta Strategies filed its initial action in this matter trying to lay blame for the fleecing of business assets by its manager member Terzakis and his cronies on Defendants and Counterclaimants Robert and Ginny Estupinian, their parents and friend Carol Ann Tognazzini (the "Estupinians").  Counterclaimants filed its cross-claim seeking contribution and apportionment of fault from Terzakis, Peter Ye ("Ye") and Terzakis' associated business interests and bringing their own claims against them for damage suffered. Now, in effort to delay

1

1  the airing of these claims, Terzakis,Ye, and the other cross-defendants have filed these baseless

2  12(b)(6) motions asking the Court to dismiss each and every one of the cross-claims and third

3  party claims that have been asserted.  As discussed above, and as more fully set forth below,

4  Movants' respective motions are meritless and should be denied.

### III.    LEGAL STANDARDS

**A.    RULE 12 (B)(6) MOTION TO DISMISS**

7          A Rule 12(b)(6) motion to dismiss for failure to state a claim is a disfavored one, *See*

8  *Hall v. City of Santa Barbara*, 833 F.2d 1270, 1274 (9th Cir.1986), which may only be granted

9  in extraordinary circumstances. See *United States v. City of Redwood City*, 640 F.2d 963, 966

10  (9th Cir.1981).  Essentially, a motion to dismiss for failure to state a claim tests plaintiff's

11  compliance with the liberal requirements of Rule 8(a)(2) of the Federal Rules of Civil Procedure

12  ("Rule 8(a)(2)"). *See 5A Charles Alan Wright & Arthur R. Miller*, Federal Practice and

13  Procedure § 1356, p. 294-96 (1990).  In reviewing a Rule 12(b)(6) motion, the court must accept

14  as true all material allegations in the complaint as well as reasonable inferences to be drawn

15  therefrom.  *Pareto v. F.D.I.C.,* 139 F.3d 696, 699 (9th Cir. 1998); *see also United States v. White,*

16  893 F.Supp. 1423, 1428 (C.D. Cal 1995).  Further, all material allegations in the complaint are to

17  be construed in the light most favorable to the plaintiff.  *North Star Int'l v. Arizona Corp.*

18  *Comm'n,* 720 F.2d 578, 580 (9th Cir.1983).  The motion to dismiss for failure to state a claim is

19  viewed with disfavor and is rarely granted.  *Gilligan v. Jamco Develop. Corp.,* 1080 F.3d 246,

20  249 (9th Cir. 1997).

21          The burden imposed by Rule 8(a)(2) is a minimal one.  Rule 8(a)(2) requires parties

22  seeking relief in federal court by way of complaint, counterclaim, cross-claim, or third party

23  complaint, to include "a short and plain statement of the claim showing that the pleader is

24  entitled to relief".  In meeting this requirement, a plaintiff need not set forth the legal basis for

25  his claim, only the facts underlying it. *See McCalden v. California Library Assoc.*, 955 F.2d

26  1214, 1223 (9th Cir.1990).  It is the burden of the party bringing a motion to dismiss for failure

27  to state a claim to demonstrate that the requirements of Rule 8(a)(2) have not been met. *See Kehr*

28  *Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3rd Cir.1991).

2

MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MOTION TO DISMISS/STRIKE
USDC ND Case No.:  C 07-06216 JW RS                                                          178450.doc

1    **B.    CALIFORNIA ANTI-SLAPP SPECIAL MOTION TO STRIKE**

2          California Code of Civil Procedure Section 425.16 provides for a special motion to strike

3    state law claims "to protect individuals from meritless, harassing lawsuits whose purpose is to

4    chill protected expression." *Metabolife Intern., Inc. v. Wornick,* 264 F.3d 832, 837 n.7 (9th Cir.

5    2001). "The hallmark of a SLAPP suit is that it lacks merit, and is brought with the goals of

6    obtaining an economic advantage over a citizen party by increasing the cost of litigation to the

7    point that the citizen party's case will be weakened or abandoned, and of deterring future

8    litigation." *U.S. v. Lockheed Missiles & Space Co., Inc.,* 190 F.3d 963, 970 (9th Cir.1999).

9    California's Anti-SLAPP motion is "akin to a motion to dismiss." *Id.* at 972. While defendants

10   sued in federal court can bring anti-SLAPP motions to strike state law claims, such "[p]rocedural

11   state laws cannot be used in federal court if to do so would result in a direct collision with a

12   Federal Rule of Civil Procedure." *Verizon Delaware, Inc. v. Covad Comm., Co*., 377 F.3d 1081,

13   1091 (9th Cir.2004). "[I]f an anti-SLAPP motion to strike is based on the legal deficiencies of

14   the complaint, a federal court 'must decide the motion in a manner that complies with the

15   standards set by Federal Rules 8 and 12.' " *In re Bah,* 321 B.R. 41, 45 n.6 (9th Cir.2005) (*citing

16   Rogers v Home Shopping Network,* 57 F.Supp.2d 973, 982 (C.D.Cal.1999). Among others, these

17   standards set by Federal Rules 8 and 12 include the requirements that the complaint be read

18   liberally, that all well-pleaded allegations be taken as true, and that dismissal generally be with

19   leave to amend. *Id.* Any standards that "put a more onerous burden on the nonmoving party"

20   conflict with the Federal Rules of Civil Procedure and cannot apply in federal court. *Id*. at 983.

21   **C.    RULE 14 STANDARDS**

22          The purpose of impleader is to promote judicial efficiency by eliminating the need for

23   defendant to bring a separate action against parties secondarily or derivatively liable to the

24   defendant on account of plaintiff's claim. *Southwest Admin., Inc. v. Rozay's Transfer,* 791 F.2d

25   769, 777 (9th Cir. 1986). Except where the impleader is filed at the time of the original answer, it

26   is discretionary with the Court. But since the rule is designed to reduce multiplicity of litigation,

27   it is construed liberally in favor of allowing impleader. *Lehman v. Revolution Portfolio L.L.C.*,

28   166 F.3d 389, 394 (1st Cir. 1999) (finding district court "should allow impleader on any colorable

3

1    claim of derivative liability that will not unduly delay or otherwise prejudice the ongoing

2    proceedings"); *See also FDIC v. Loube,* 134 F.R.D. 270, 272 (N.D. CA 1991).

3        Under Fed. Rule Civ. Proc. 18(a), a party asserting a proper Rule 14(a) claim against the

4    third party defendant may join any other claims he or she has against the third party.  They need

5    not be related to the underlying action.

6                            **IV.    ARGUMENT**

7    **A.    COUNTERCLAIMANTS HAVE SUFFICIENTLY PLED THE RESPECTIVE
           CLAIMS AGAINST TERZAKIS, SSSC, B&B SPARCO AND PETER YE.**

8

9            **1.    Counterclaimants RICO Claim Is Sufficiently Pled.**

10       In their instant motion, Movants Vesta Strategies, Terzakis, SSSC, B&B and by joinder

11   in the motions, Peter Ye, contend that the claim against them for RICO violations should be

12   dismissed arguing it is a derivative claim and therefore required prior notice, that Mutual Vision

13   and the Estupinians do not have standing to assert the claim, and that the claim was not pled with

14   particularity.  Movants are wrong on all counts.

15       In order to state a claim under RICO section 1962(c), a party must allege the following:

16   1) conduct; 2) of an enterprise; 3) through a pattern; and 4) of racketeering activity.  *Sun Sav. &*

17   *Loan Ass'n v. Dierdorff,* 825 F.2d 187, 191 (9th Cir.1987) (citing *Sedima, S.P .R.L. v. Imrex Co.,*

18   473 U.S. 479, 496 (1985).  "Racketeering activity" is defined in 18 U.S.C. §1961(1)(B) as

19   including any act "indictable" under certain enumerated federal criminal statutes, including 18

20   U.S.C. § 1341 (mail fraud), 18 U.S.C. § 1343 (wire fraud), 18 U.S.C. §  1511 (relating to the

21   obstruction of State or local law enforcement), 18 U.S.C. § 1512 (relating to tampering with a

22   witness, victim, or an informant), and 18 U.S.C. § 1513 (relating to retaliating against a witness,

23   victim, or an informant).  In order for a party to be subject to liability under RICO, one need only

24   "participate in the operation or management of the enterprise itself."  *Reves v. Ernst & Young,*

25   507 U.S. 170, 172 (1993).  In addition to the above elements, a RICO plaintiff "only has standing

26   if, and can only recover to the extent that, he has been injured in his business or property by the

27   conduct constituting the violation." *Sedima,* 473 U.S. at 496.

28   / / /

                                                                                    4

---

1    In this case, Counterclaimants Mutual Vision, LLC, Robert Estupinian and Ginny

2    Estupinian have met the pleading requirements and have standing to sue on the RICO claim as

3    they have suffered injuries which can be directly related to the unlawful acts of cross-defendants.

4    **2.    Mutual Vision, LLC Has Stated a Valid RICO Claim against Movants.**

5    With respect to Mutual Vision, LLC, the conduct of cross-defendants working

6    collectively in their scheme to defraud Vesta Strategies has directly impacted this member's

7    economic interest.  As set forth in the First Amended Counterclaim And First Amended Third-

8    Party Complaint (hereinafter "Cross-Complaint"), paragraphs 26-30 (*See generally* Doc. 44):

9
10    26.  Terzakis converted exchange company client funds through
      sham loans he made  to himself.  An example of Terzakis' sham
      loans were the notes Terzakis issued to Investment Advantage
      Group, LLC for client funds he distributed to himself.   Terzakis
11    purported to borrow the funds at an annual interest rate of 12% for
      one year.  These loans were purportedly backed by second
12    mortgage positions in the development projects that Terzakis and
      his various companies were involved in.  As a major condition for
13    these loans, Terzakis was required to obtain a credit line for the
      singular use of the exchange company in the amount of 80%
14    outstanding to avoid any premature call on the funds by the clients.
      Shortly after taking the funds, however, Terzakis unilaterally
15    lowered the interest rate and removed the security to avoid paying
      what was legally owed to the business.  The only credit line that
16    Terzakis did obtain was completely inadequate, and in further self-
      dealing, he proceeded to run up the line for his own purposes,
17    while charging interest back to the company.

18
19    27.  Terzakis continued this pattern of sham loans with the funds of
      Plaintiff Vesta Strategies.  As the majority member and manager of
      Vesta Strategies, Terzakis used his position to "borrow" client
20    funds without paying fees or interest and without providing any
      security.   Like the client funds of Investment Advantage Group,
21    LLC, Terzakis failed, refused to return, or properly secure the
      funds with an appropriate credit lines.

22
23    28.  Like typical kiting schemes, Terzakis issued phony
      instruments, in this case fraudulent or non-existent promissory
24    notes, to wrongfully obtain funds during the "float," which in this
      case is between the down-leg and up-leg phases of the 1031
25    exchange transactions.  Terzakis used the converted funds to
      finance extremely risky and speculative real estate or other
26    business transactions and did not intend to return the funds in time
      for the Company to fund the down-leg phases of Company client's
27    exchange transactions.

28

5

29. Ye, as Vice President of Operations for Vesta Strategies, manages all money wire transfers for the company. Working together, Terzakis and Ye facilitated all the wire transfers of client funds from Vesta Strategies to Terzakis' private interests, SSSC, B&B, and to other unknown third parties.

30. Since 2000 until the present, Terzakis, Ye, SSC, and B&B agreed to, conducted, conspired, and participated in an organized enterprise to loot company funds through racketeering activities, including wire fraud, bank fraud, and transportation of stolen property in interstate commerce. Through that pattern of racketeering, Terzakis and Ye managed and operated the enterprise to defraud Vesta Strategies, its clients, and its minority member, Mutual Vision, LLC.

In addition to these general allegations, the cross-complaint includes specific, detailed allegations pertaining to several of the myriad instances when Terzakis and the other cross-defendants fraudulently misappropriated funds from the business. Beginning at paragraph 35, the cross-complaint alleges:

• In October 2007, Terzakis failed to return over $5.3 Million dollars to Vesta Strategies' joint venture partner Excalibur 1031 Group for payment to its client Hoist Realty, Inc. in order for the client to complete its purchase of exchange property. Terzakis had been warned three weeks in advance that the funds needed to be returned and had assured Estupinian and Excalibur 1031 that they would be available. At the last minute, Terzakis used the funds for his own purposes, and as a direct result of these actions, Vesta Strategies was forced to pay a $2,000,000 penalty to Hoist Realty, and an additional $100,000 penalty to the seller of the replacement property Hoist was prepared to purchase;

• In October 2007, Terzakis caused another $1,200,000 redemption issue with Mr. Phillips which has left Vesta Strategies and Excalibur 1031 Group exposed to liability;

• In November 2007, Terzakis failed to return over $1.1 Million dollars to several Vesta Strategies' clients located in Southern California. As a direct result of these actions, Vesta Strategies lost several key relationships in that market that had taken years to develop and the profitable business they had provided;

• In June 2006, Terzakis borrowed $3 Million dollars from Vesta Strategies with a promise to pay it back within 14 days. On information and belief, Terzakis gambled on a large speculative real estate project and relied on additional partners to complete the deal. When those partners pulled out, Terzakis stood to lose his investment and converted Company client funds to complete the deal. Terzakis did not pay the funds back for over six months, and then only when the company was suffering redemptions which ultimately cost the company more penalties and the loss of a top

MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MOTION TO DISMISS/STRIKE
USDC ND Case No.: C 07-06216 JW RS                                                    178450.doc

1    producing salesperson in Austin, Texas as well as that business
     referral; and

2

3    • In January 2005, C&R Realty of Richmond Inc. sued Vesta
     Strategies LLC in Santa Clara County after Terzakis refused to
     return $3 Million in client funds. This suit occurred as Vesta

4    Strategies was beginning an aggressive public relations campaign.
     The suit forced the cancellation of the campaign, the loss of

5    another top producer, and additional damages  in penalties, interest
     payments, and legal fees.

6

7        These allegations are specifically referenced and incorporated into Counterclaimants'

8    First Claim for Relief under RICO.  At paragraph 48 and 49, each of the cross-defendants is

9    specifically identified and alleged to have participated in these actions:

10       48.  At all times relevant, Counter Defendants Vesta Strategies,
         Terzakis, SSSC,  B&B, and Ye were each associated in the

11       enterprise identified above to conduct or participate, directly or
         indirectly, in the conduct of such enterprise's affairs through a

12       pattern of racketeering activity, including, without limitation,
         predicate acts of mail fraud, wire fraud, financial institution fraud,

13       retaliation against witnesses and victims, engaging in monetary
         transactions in property acquired from unlawful activities, and

14       interstate transportation of stolen or fraudulently obtained property,
         in violation of 18 USC § 1962(c).

15
         49.  At all times relevant, Counter Defendants Vesta Strategies,

16       Terzakis, SSSC, B&B, and Ye have each conspired among one
         another to violate 18 USC 1962(c).

17

18       Based on these allegations, Terzakis, Ye, and the other cross-defendants have been put on

19   notice as to the time, place and manner of their alleged RICO violations.  The notion that Mutual

20   Vision, LLC does not have standing to sue cross-defendants for conduct of racketeering towards

21   Vesta Strategies is equally meritless.  Mutual Vision, Vesta Strategies, LLC's only other member

22   aside from Terzakis, has member's rights in the limited liability company, including the

23   member's economic interest.  Cal. Corp. Code § 17001(z).   Terzakis and the other cross-

24   defendants' racketeering activities have directly harmed Mutual Vision's economic interest i.e.

25   its business and properties in the nature of its diminished share value, reputation, business

26   prospects and income.[1]

27
     _____

28   [1] If the Court concludes that Mutual Vision LLC's claim is more properly brought has a derivative action, then
     Counterclaimants respectfully request leave to amend the Cross-complaint as needed to assert such claim.

                                                                                          7

1          **3.    Robert and Ginny Estupinian Have Stated a Valid RICO Claim against Movants.**

2

3          One fundamental problem with Movants' argument is their assumption that Mutual

4   Vision and the Estupinians suffered harm "solely" through the alleged use of Vesta Strategies'

5   funds for his own purposes. *See* Doc. 76, 14:3 – 14:4. Although the misappropriation of funds is

6   an element of their damage claim, the Counter-Complainants, and more particularly Robert and

7   Ginny Estupinian, allege several other injuries separate and distinct from the loss in value in their

8   business. Specifically, the Estupinians' allege that Terzakis "made numerous threats to

9   intimidate Robert Estupinian into cooperating" with the scheme (*See* Doc. 44, at ¶ 43); and in

10  response to their efforts to reign in unlawful activity, Terzakis "concocted untrue allegations

11  against Robert Estupinian and his wife Ginny" and ultimately "terminated their employment."

12  *See* Doc. 44, at ¶ 43. These actions qualify as racketeering activity in that they are part of the

13  overall scheme to keep the unlawful business going and constitute tampering with or

14  intimidation against witnesses to the unlawful activities and ultimately retaliation. *See* 18 U.S.C.

15  § 1512-1513.

16          Based on the foregoing, Movants' motion to dismiss must be denied.

17  **B.    MUTUAL VISION'S CLAIM AGAINST VESTA STRATEGIES AND TERZAKIS FOR UNLAWFUL DISTRIBUTION IS PROPER.**

18

19          Mutual Vision, LLC has standing to sue Terzakis and Vesta Strategies for their unlawful

20  distributions out of the business. Mutual Vision, Vesta Strategies, LLC's only other member

21  aside from Terzakis, has member's rights in the limited liability company, including the

22  member's economic interest. Cal. Corp. Code § 17001(z). Under Cal. Corp. Code § 17300, a

23  membership interest and an economic interest in a limited liability company constitute personal

24  property of the member. Consequently, damage done to Mutual Vision's membership interest is

25  damage done to its personal property. Terzakis, as manager, may be held accountable for his

26  personal participation in tortious or criminal conduct, even when performing his duties as

27  manager. *See People v. Pacific Landmark*, 129 Cal.App.4th 1203 (2nd Dist. 2005). For these

28  reasons, Mutual Vision's claim against Vesta Strategies and Terzakis is proper.

8

**C.    MUTUAL VISION'S CLAIM AGAINST VESTA STRATEGIES, TERZAKIS, AND SSSC FOR FAILURE TO MAINTAIN RECORDS IN VIOLATION OF CAL.CORP.CODE §17058 IS SUFFICIENTLY PLED.**

Movants next argue that Mutual Vision's claim against Vesta Strategies, Terzakis and SSSC, for failure to maintain records in violation of Cal. Corp Code § 17058, should be dismissed because Mutual Vision has not alleged that it made a "written request" to Vesta Strategies to maintain those records, and that Terzakis and SSSC are not liable under the terms of the pertinent statute.

Movants' arguments demonstrate a fundamental misunderstanding of the claims alleged. Section 17058 provides simply that "each limited liability company shall maintain in writing or in any other form capable of being converted into clearly legible tangible form" the various financial documents which Mutual Vision seeks.  There is no prerequisite that a member demand "in writing" that the records be maintained.

Section 17651, cited by Movants as the grounds for dismissing this claim, is a limited statute which provides a basis for an LLC member to recover penalties of $25 per day for each day that the LLC "neglects, fails, or refuses to keep or cause to be kept or maintained" the documents, books and records required by section 17058.  Section 17652 makes clear, however, that section 17058 is a separate and distinct remedy from those otherwise available in law, and shall be considered "in addition to any remedy by injunction or action for damages… for the nonperformance of acts and duties enjoined by law upon the limited liability company or its managers."  Simply put, Mutual Vision seeks remedies other than those set forth under section 17651, so there is no prerequisite "written request" required, and therefore Movants' motion must be denied.

Movants contention that Terzakis  and SSSC are not liable for their tortious conduct in connection with Vesta Strategies' breach under section 17058 because section 17651 "only imposes a penalty on an LLC" is equally flawed.  Again, section 17651 is a penalty provision separate and apart from the obligations of the LLC and its managers created by section 17058. As discussed above, the language of section 17652 specifically contemplates liability for LLC managers for their nonperformance of acts and duties enjoined by law.  In addition, and perhaps

9

1    more importantly as it applies generally to Terzakis' conduct throughout, managers may be held

2    accountable for "their personal participation in tortious or criminal conduct, even when

3    performing their duties as manager." *See People v. Pacific Landmark*, 129 Cal.App.4th 1203

4    (2nd Dist. 2005).  To the extent that Terzakis and SSSC have tortiously interfered with Vesta

5    Strategies' obligations under the statute, then they too are liable.  Consequently, Movants'

6    overarching claim that Terzakis is not responsible for acts he did while acting as manager of

7    Vesta Strategies has no legs and for this reason their motion must be denied.

8    **D.    MUTUAL VISION'S CLAIM AGAINST VESTA STRATEGIES, TERZAKIS,
         AND SSSC FOR FAILURE TO PROVIDE RECORDS IN VIOLATION OF
9         CAL.CORP. CODE §17058 IS SUFFICIENTLY PLED**

10   Movants falsely argue that Mutual Vision's claim against Vesta Strategies, Terzakis and

11   SSSC for failure to provide financial information as requested should be dismissed because the

12   request for records was not made for purposes reasonably related to the interest of that person as

13   a member, the statute only applies to the LLC entity, and that the records may be subject to

14   discovery.  Movants are patently wrong on all counts.  Section 17106(a) expressly provides that:

15   "Upon the request of a member or a holder of an economic
         interest, for purposes reasonably related to the interest of that
16       person as a member or a holder of an economic interest, **a
         manager shall promptly deliver** to the member or holder of the
17       economic interest, at the expense of the limited liability company,
         a copy of the information required to be maintained by paragraphs
18       (1), (2) and (4) of subdivision a of Section 17058, and any written
         operating agreement of the limited liability company."  [Emphasis
19       added.]

20   The statute further provides that, without limitation, a court of competent jurisdiction

21   "may enforce the duty of making and mailing or delivering the information and financial

22   statements required by this section…" Section (f).  Consequently, the Court has authority over

23   both the manager and the LLC entity in forcing compliance with this section.

24   Here, Counterclaimants have alleged that Terzakis is " a member and sole manager" of

25   Vesta Strategies (*See* Doc. 44, ¶ 12) and Movants have admitted the same.  *See* Doc. 76, lines

26   16-17.  Thus it is Terzakis' obligation to "promptly" deliver a copy of the information required

27   to be maintained to the requesting member.  Where that does not happen, the Court has authority

28   under section (f) to force production and if the failure to comply is without justification, the

10

1  Court may award attorney's fees and costs to the person bringing the action.

2  Here, Mutual Vision, LLC, a member of Vesta Strategies LLC, has alleged it requested

3  its manager Terzakis to provide the financial information that Vesta Strategies is obligated to

4  maintain including the Company's federal, state, and local income tax or information returns for

5  the six most recent taxable years. Cal. Corp. Code § 17058. In this case, the allegations in the

6  cross-complaint at paragraphs 65-66, and the prayer for relief under that claim, are directed

7  specifically to the company and Terzakis, who are the obligated parties pursuant to statute.

8  65. Mutual Vision, LLC has the right, upon reasonable request, to
   inspect and copy during normal business hours any of the records

9  required to be maintained by California Corporations Code Section
   17058, including: copies of the Company's federal, state, and local

10 income tax or information returns and reports for the last six most
   recent taxable years; financial statements for the last six most

11 recent fiscal years; and books and records as they relate to the
   Company's internal affairs for the current and past four fiscal

12 years.

13 66. Mutual Vision, LLC, through its attorney of record, made a
   reasonable request to inspect and copy the documents listed in the

14 preceding paragraph, and Vesta Strategies, LLC and John
   Terzakis, through their attorneys of record, have denied said

15 request.

16 WHEREFORE, Mutual Vision, LLC prays for relief as follows:

17 (a)    A preliminary and permanent injunction **ordering the
   Company and Terzakis** to provide Mutual Vision, LLC and its

18 agents the opportunity to copy and inspect any of the records the
   Company is required to maintain under California Corporations

19 Code Section 17058;

20 (b)    Reasonable attorney's fees and costs; and

21 (c)    Any further relief as this Court deems appropriate.

22 As a result, Mutual Vision has properly pled the required elements to maintain the claim,

23 against the appropriate parties, and therefore Movants' motion to dismiss as to this claim must be

24 denied.

25 Movants' arguments that the request was not made for purposes "reasonably related to

26 the interest of that person as a member," or is otherwise moot because the information can be

27 gotten via discovery, are equally inapt. Mutual Vision LLC, as the only other member of Vesta

28 Strategies, LLC, undoubtedly has a viable interest in receiving and reviewing copies of the

11

MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MOTION TO DISMISS/STRIKE
USDC ND Case No.:  C 07-06216 JW RS                                                                178450.doc

1    business' federal, state, and local income tax returns and the books and records related to the

2    Company's internal affairs in order to assess its own value and liabilities as a member.  Mutual

3    Vision also needs this information in order to file its own tax returns and has been prevented

4    from doing so.  Even if Mutual Vision sought the records simply to harass Vesta Strategies

5    (which it did not), this is a question of fact and not a proper basis for the Court to grant a motion

6    to dismiss.  Finally, the fact that some of the information sought may otherwise be discoverable

7    in litigation does not obviate Terzakis and Vesta Strategies' obligations under the statute.  If it

8    did, following Movants' line of thinking, anytime a member brought a lawsuit to enforce the

9    access to records, filing the suit would essentially neuter the claim.  This certainly is not a

10    reasonable interpretation of the statute and its enforcement provisions.

11        Finally, with respect to SSSC, it is alleged that "John Terzakis is the President, CEO, and

12    majority owner" of SSSC, that SSSC "handles all the formal accounting for Terzakis' business

13    interests, including Vesta Strategies, LLC" (*See* Doc. 44, ¶ 13) and consequently SSSC is an

14    agent of and acting on behalf of Terzakis and/or Vesta Strategies.  To the extent that SSSC has

15    control of Vesta Strategies accounting, and has failed or refused to provide the documents to

16    Mutual Vision, it is liable as well.

17    **E.    MUTUAL VISION, LLC'S CLAIM FOR BREACH OF FIDUCIARY DUTY
           AGAINST VESTA STRATEGIES, TERZAKIS, SINGLE SITE SOLUTIONS**

18    **CORP., B&B SPARCO PROPERTIES, INC., AND PETER YE IS PROPER.**

19        Mutual Vision, LLC's claim for breach of fiduciary duty against Vesta Strategies,

20    Terzakis, SSSC, B&B Sparco Properties and Ye is proper and should not be dismissed.  Movants

21    argument that the only entities that owe fiduciary duties to a member of an LLC are managers

22    and other members is short-sighted and fails to understand that nature of the fiduciary

23    relationship.  In order to plead a cause of action for breach of fiduciary duty, there must be

24    shown existence of fiduciary relationship, its breach, and damage proximately caused by that

25    breach.  *Roberts v. Lomanto,* 112 Cal.App.4th 1553 (2003).  Typically, "[t]he key factor in the

26    existence of a fiduciary relationship lies in control by a person over the property of another."  *Id.*

27    Where there are multiple tortfeasors, however, they can ***all*** be held responsible for breach of the

28    / / /

MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MOTION TO DISMISS/STRIKE
USDC ND Case No.:  C 07-06216 JW RS                                                    178450.doc

1    duty.  *Certified Grocers of California, Ltd. v. San Gabriel Valley Bank,* 150 Cal.App.3d 281, 197

2    (1984).

3         In *Certified Grocers,* for example, a judgment creditor appealed from judgment of

4    dismissal entered on order of the Superior Court, sustaining general demurrer to second amended

5    complaint without leave to amend.  Reversing the lower court in part, the Court of Appeals found

6    sufficient to assert a breach of fiduciary duty claim, allegations that bank "knowingly and

7    actively participated" with its secretary-treasurer in breach of his fiduciary duty by wrongfully

8    permitting him to obtain access to judgment debtor's payroll account and to convert to his own

9    use and benefit money of judgment debtor on deposit in said account.  *Id.*  As set forth by the

10   Court, "[w]here there is a common plan or design to commit a tort, all who participate are jointly

11   liable whether or not they do the wrongful acts."  *Id. (citing Tide Water Assoc. Oil Co. v.*

12   *Superior Court,* 43 Cal.2d 815, 827 (1955)).  Further, a person not himself a fiduciary may be

13   liable for breach of a fiduciary duty as a result of colluding with a disloyal fiduciary.  *Gray v.*

14   *Sutherland,* 124 Cal.App.2d 280, 290 (1954).  Accordingly, the judgment debtor has a cause of

15   action against defendant as well as [secretary treasurer] for breach of fiduciary duty.  *Id.*

16        In this case, Movants do not (and they cannot) contest the fiduciary duty owed to Mutual

17   Vision by John Terzakis as a member and the manager of Vesta Strategies.  The allegations set

18   forth in the cross-complaint (See Doc. 44, ¶¶ 69-71) make clear the various breaches alleged

19   against Terzakis via his unlawful conduct toward Mutual Vision.  As set forth above, a person

20   not himself a fiduciary may be liable for breach of a fiduciary duty as a result of colluding with a

21   disloyal fiduciary.  *Gray v. Sutherland,* 124 Cal.App.2d 280, 290 (1954).  Thus, to the extent that

22   Ye, SSSC and B&B Sparco participated or assisted Terzakis in the breach of his fiduciary duty

23   toward Mutual Vision, they are equally liable for the damages caused thereby.  The nature of

24   their cooperation in the plan has been clearly set forth in the cross-complaint paragraphs 30-34

25   (with emphasis added)

26            30.  Since 2000 until the present, Terzakis, Ye, SSC, and B&B
                 agreed to, conducted, conspired, and participated in an organized
27               enterprise to loot company funds through racketeering activities,
                 including wire fraud, bank fraud, and transportation of stolen
28               property in interstate commerce.  Through that Cattern of

13

MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MOTION TO DISMISS/STRIKE
USDC ND Case No.:  C 07-06216 JW RS                                              178450.doc

1    racketeering, Terzakis and Ye managed and operated the enterprise
     to defraud Vesta Strategies, its clients, and its minority member,
2    Mutual Vision, LLC.

3    31.  Since 2004, Terzakis has converted and distributed to himself
     approximately $25,000,000 in funds from Vesta Strategies, LLC to
4    his personal account, his family accounts, or to the accounts of his
     Illinois businesses, SSSC and B&B.   Third Party Defendants
5    intentionally acted in concert to participate in this venture to
     convert and wrongfully distribute funds belonging to Vesta
6    Strategies and its clients.

7    32.  Due principally to the repeated efforts of former CEO Robert
     Estupinian, Vesta Strategies has managed to recover some portion
8    of the funds wrongfully distributed by Terzakis and Ye.  However,
     there remains outstanding approximately $19,000,000 of Company
9    funds that remain in the possession and/or control of Terzakis.
     **Neither Terzakis, his family, SSSC, nor B&B Sparco have ever**
10   **paid those funds back or any interest or earnings from any of**
     **the monies taken.**  As a result of Terzakis' refusal to provide any
11   accounting for the funds or their location, Vesta Strategies' 49%
     owner and counterclaimant in this action Mutual Vision, LLC has
12   no information as to the whereabouts or status of the outstanding
     funds.
13
     33.  **Terzakis has never paid interest on Company funds he**
14   **distributed to himself, his family, SSSC, or B&B.**  He has never
     provided Mutual Vision, LLC copy of any notes for and never
15   accounted for Company funds he took, nor any profit or loss made
     on the investments with the funds.  In addition, Terzakis and his de
16   facto accountant, SSSC, have consistently refused to disclose to
     Mutual Vision, LLC any Company tax returns, profit or loss
17   statement, or other means of accounting of Company funds,
     income, or losses.
18
     34.  **Upon information and belief, it is estimated that Terzakis,**
19   **his family, SSSC, and B&B have benefited from use and**
     **investment of Company client deposits and profits in amounts**
20   **exceeding $30,000,000 over the last seven years.**

21        In addition to these racketeering allegations, the cross-complaint sets out at Paragraph 70

22   the means in which SSSC and B&B Sparco further assisted in the plan:

23        • Using Company funds, without security, to finance his, his
          family members', and his businesses' (SSSC and B&B Sparco)
24        speculative, risky, and reckless business ventures and real estate
          development deals completely unrelated to Company business;
25
          • Using Company funds to make no interest loans to himself, his
26        family members, SSSC, and B&B.

27        Peter Ye, as alleged in the cross-complaint, aided Terzakis in his breach of fiduciary duty

28   by facilitating the wire transfers.  These allegations were specifically incorporated into the fifth

14

MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MOTION TO DISMISS/STRIKE
USDC ND Case No.:  C 07-06216 JW RS                                              178450.doc

1  claim for relief at paragraph 67, and include:

2          29.  Ye, as Vice President of Operations for Vesta Strategies,
           manages all money wire transfers for the company.  Working
3          together, Terzakis and Ye facilitated all the wire transfers of client
           funds from Vesta Strategies to Terzakis' private interests, SSSC,
4          B&B, and to other unknown third parties.

5          30.  Since 2000 until the present, Terzakis, Ye, SSC, and B&B
           agreed to, conducted, conspired, and participated in an organized
6          enterprise to loot company funds through racketeering activities,
           including wire fraud, bank fraud, and transportation of stolen
7          property in interstate commerce.  Through that pattern of
           racketeering, Terzakis and Ye managed and operated the enterprise
8          to defraud Vesta Strategies, its clients, and its minority member,
           Mutual Vision, LLC.

9
       Based on the foregoing, Mutual Vision's claim against Vesta Strategies and the Third
10
   Party Defendants is sufficiently pled and should not be dismissed.
11
   **F.      MUTUAL VISION'S NEGLIGENCE CLAIM AGAINST SSSC IS
12            SUFFICIENTLY PLED AND SHOULD NOT BE DISMISSED.**

13         Movants next argue that the Court should dismiss Mutual Vision's negligence claim

14  against SSSC claiming that SSSC owes no duty to Mutual Vision, LLC.  Arguing that SSSC

15  owed no duty of care to Mutual Vision (either directly or as a member of Vesta Strategies, LLC),

16  Movants urge the Court to factually analyze the relationship between Mutual Vision and SSSC

17  and consider various evidentiary issues including the extent to which the transaction was

18  intended to affect plaintiff, the foreseeability of harm, the degree of certainty that plaintiff

19  suffered injury, the closeness in connection between the defendant's conduct and the injury

20  suffered, and the moral blame attached to the defendant's conduct and the policy of preventing

21  harm.  Without any evidentiary support, and contrary to the standard of review in connection

22  with motions to dismiss, Movants proceed to assert factual contentions in arguing there is no

23  duty owed hoping to convince the court, at this pleading stage, to dismiss Mutual Vision's claim.

24  The Court should not be swayed.

25         To state a claim for negligence, a plaintiff must plead the following elements: (1)

26  defendant's legal duty of care; (2) defendant's breach of duty (i.e., the negligent act or omission);

27  (3) that the breach was a proximate or legal cause of her injury (i.e., causation); and (4) damages.

28  *Ann M. v. Pacific Plaza Shopping Center,* 6 Cal.4th 666, 673 (1993).  Liability is recognized for

15

1   negligent performance of a duty voluntarily assumed, or for failure to perform where a person

2   suffers harm in relying on the assumption. *Morgan v. Yuba*, 230 Cal.App.2d 938, 945 (1964).

3       In this case, Mutual Vision has asserted the essential elements to state a negligence claim,

4   namely that SSSC owed a duty of care to Vesta Strategies, it breached that duty, and as a result

5   Mutual Vision (a member of Vesta Strategies) was harmed. *See* Doc. 44, ¶¶ 74-76.  The factual

6   questions surrounding the relationship between Mutual Vision and SSSC, whether SSSC's

7   accounting and bookkeeping services were strictly "at the behest of" and intended to benefit only

8   Vesta Strategies, or the amount of damage that has befallen Mutual Vision as a result of SSSC's

9   negligence, are questions of fact to be determined by the jury at trial or conceivably in a motion

10  for summary judgment, but not at the pleading stage.

11  **G.    MUTUAL VISION'S CLAIM FOR CONSTRUCTIVE TRUST AGAINST**

12  **TERZAKIS, SSSC, AND B&B SPARCO PROPERTIES IS SUFFICIENTLY PLED AND SHOULD NOT BE DISMISSED.**

13      The Eighth Claim for Relief in the cross-complaint seeks a Constructive Trust over the

14  funds unlawfully usurped by Terzakis, SSSC and B&B Sparco Properties.  Movant's only

15  argument against this claim is that the property sought for trust belongs to Vesta Strategies and

16  not Mutual Vision.  Once again Movants are flawed in their analysis.

17      Under California law, "constructive trust" is an equitable remedy imposed to prevent

18  unjust enrichment and enforce restitution, under which one who wrongfully acquires property of

19  another holds it involuntarily as constructive trustee, and trust extends to property acquired in

20  exchange for that wrongfully taken.  A constructive trust is an appropriate remedy for the breach

21  of fiduciary duty.  *See, e.g., Bank of America Nat'l Trust & Sav. Ass'n v. Ryan*, 207 Cal.App.2d

22  698 (1962).  Although constructive trusts may be imposed in cases where the claim arises out of

23  the very property upon which the plaintiff seeks to impose the trust (e.g., suit for specific

24  performance of a purchase contract for a unique piece of real property by plaintiff buyer or suit

25  to rescind a real property purchase contract by a plaintiff seller), a constructive trust may also be

26  imposed where the claim arises out of facts <u>unconnected with the property</u> upon which plaintiff

27  seeks to impose the trust and trust is in essence sought to secure collection of damages.  *La*

28  *Paglia*, 215 Cal.App.3d. 1322, 1327 (4th Dist. 1989).

16

1    In this case, Mutual Vision does have an interest in the property sought for trust and can

2    seek a constructive trust over those funds on that basis. A membership interest and an economic

3    interest in a limited liability company constitute personal property of the member. Cal. Corp.

4    Code § 17300. Even if Mutual Vision did not have an interest, however, under equity principals,

5    the Court can still order a constructive trust over those monies unlawfully taken by Terzakis and

6    his businesses as part of their racketeering scheme in order to pay damages to plaintiff.

7    **H.    ACCOUNTING CLAIM IS PROPER.**

8    Movants falsely argue that Mutual Vision's claim for an accounting against Vesta

9    Strategies, LLC, John Terzakis, SSSC and B&B Sparco Properties, Inc. should be dismissed

10   because Mutual Vision's claim for breach of fiduciary duty must be dismissed. As discussed at

11   length above, Mutual Vision's breach of fiduciary duty claim is entirely proper and therefore

12   Movants' argument on that basis fails. Alternatively, Movants suggest that Mutual Vision

13   cannot claim an accounting because it has not alleged Vesta Strategies owes it any money. *See*

14   Doc. 76, ¶ 9. Once again, however, Movants fail to understand the claims against them.

15   As alleged in the cross-complaint, the qualified intermediary generates revenue through

16   transaction fees charged to the client and interest on the funds held for the client prior to the

17   down leg of the 1031 transaction. *See* Doc. 44, ¶ 22. In this case, Counterclaimants seek an

18   accounting of the funds unlawfully taken by Terzakis, SSSC and B&B Sparco in order to

19   determine the amounts that should have been seen by Vesta Strategies and thereafter Mutual

20   Vision. The action for an accounting is equitable in nature. It may be brought to compel the

21   defendant to account to the plaintiff for money or property (1) where a fiduciary relationship

22   exists between the parties or; (2) where, though no fiduciary relationship exists, the accounts are

23   so complicated that an ordinary legal action demanding a fixed sum is impracticable. *Civic*

24   *Western Corp. v. Zila Industries,* 66 Cal.App.3d 1, 14 (1977). To state a case of action, only the

25   simplest pleading is required: the fiduciary relationship or other circumstances appropriate to the

26   remedy and a balance due that can only be ascertained by an accounting. *See* 4 Witkin, *Cal.*

27   *Procedure,* Pleading § 776 (4th ed. 1997). In this case, Terzakis, as the member manager of

28   Vesta Strategies, is a fiduciary of Vesta's other member Mutual Vision and consequently Mutual

17

1   Vision can compel the accounting.  Moreover, because of the multiple parties and various

2   unlawful distributions, the accounts are very complicated and there is no "fixed sum" at this

3   point for Mutual Vision to seek recovery.   The damage is to be determined as a result of the

4   accounting.

5   **I.      WRONGFUL DISCHARGE IS SUFFICIENTLY PLED AGAINST BOTH VESTA
           STRATEGIES AND TERZAKIS**

6

7          In the Eleventh Claim for Relief set forth in the cross-complaint, Robert and Ginny

8   Estupinian seek redress against Vesta Strategies, LLC and John Terzakis for the wrongful

9   discharge of their employment following their efforts to halt Terzakis and his gouging of Vesta

10  Strategies.  Movants seek dismissal of the claim arguing first that Terzakis was not the

11  Estupinian's employer and therefore not liable for wrongful discharge, and secondly assuming

12  their argument against the RICO claim prevails, the Estupinians cannot proceed with this claim.

13  Movants, once again, are wrong.

14        **1.      Terzakis Was the Estupinians' Employer.**

15         The nature of employment is not as clear cut as Movants would like to believe.  Indeed,

16  the Ninth Circuit in *Bonnette v. California Health and Welfare Agency*, 704 F.2d 1465, 1469 (9th

17  Cir. 1983) sets forth a four-factor test to identify an employer, in which the court asks whether

18  the alleged employer: (1) had the power to hire and fire the employees, (2) supervised and

19  controlled employee work schedules or conditions of employment, (3) determined the rate and

20  method of payment, and (4) maintained employment records.  *Id.*  The touchtone factor in

21  whether a particular party is "an employer" of another is economic reality.  *Goldberg v. Whitaker*

22  *House Cooperative, Inc.*, 366 U.S. 28, 33 (1961).  For example, under the FLSA , the definition

23  of employer includes "any person acting directly or indirectly in the interest of an employer in

24  relation to an employee ...." 29 U.S.C. § 203(d).  Some courts have found the definition of

25  "employer" … allows for "several simultaneous employers who may be responsible for

26  compliance with the law."  *Corley v. Carco Capital Corp*,. 2006 WL 1889563, 2 (W.D.Ark.

27  2006).  Consequently, the fact that Vesta Strategies may on paper be the employer of Robert and

28  Ginny Estupinian, does not absolve John Terzakis from liability when he effectively acts as an

1    employer.

2        As alleged in the cross-complaint, Mr. Terzakis is a member and sole manager of Vesta

3    Strategies, and by virtue of his 51% ownership interest he "effectively controls" the business

4    (*See* Doc. 44, ¶ 12).  Terzakis had the power to hire and fire employees, including the

5    Estupinians, and used it in this case.  His company, Single Site Solutions Corporation,

6    maintained the employment records for Vesta Strategies, and Terzakis determined the rate and

7    method of payment for the employees.  He was an employer in every sense of the word and

8    therefore the Estupinians' claim for wrongful discharge against him personally is proper.

9        As discussed above, Counterclaimants' RICO claim against Terzakis and his collective

10   business interests will stand.  Movants argument that but for the RICO claim, the wrongful

11   termination claim should be dismissed, therefore fails.  Moreover, even if the Court concludes

12   that Terzakis should be removed from the claim, the  allegations still apply to Vesta Strategies.

13   **J.    COUNTERCLAIMANTS AND THIRD PARTY CLAIMANTS' CLAIMS FOR
          CONTRIBUTION, APPORTIONMENT AND DECLARATORY RELIEF
14        AGAINST TERZAKIS, SSSC, B&B SPARCO, AND YE ARE SUFFICIENTLY
          PLED AND SHOULD NOT BE DISMISSED.**
15

16       Movants next argue that Counterclaimants and Third Party Claimants' claims for

17   contribution and apportionment of fault and declaratory should be dismissed because they

18   allegedly are not based on the allegations of Vesta Strategies' complaint.  Movants' once again

19   are wrong.  The requirements governing permissive joinder are construed liberally in order to

20   promote trial convenience and to expedite final determination of disputes.  Indeed, joinder of

21   claims, parties and remedies is strongly encouraged.  *United Mine Workers v. Gibbs,* 383 U.S.

22   715, 724 (1966); *see also League to Save Lake Tahoe v. Tahoe Regional Planning Agency,* 558

23   F.2d 914, 917 (9th Cir. 1977).

24       The claims asserted against Terzakis, SSSC, B&B Sparco and Ye seek contribution and

25   apportionment of fault relating to any liability for which Counterclaimants and Third Party

26   Claimants' may ultimately be found responsible.  Pursuant to FRCP 20(a) (2), persons may be

27   joined in one action as defendants if any right to relief is asserted against them jointly, severally

28   or in the alternative and the right to relief arises out of "the same transaction, occurrence or series

                                                                                    19

1   of transactions or occurrences, and any question of law or fact common to all parties joined will

2   arise in the action.  *See Grubbs v. General Elec. Credit Corp.,* 405  U.S. 699, 705 (1972).  The

3   requirement that the right to relief arise from the "same transaction, occurrences or series of

4   transaction or occurrences" is construed broadly.  *Desert Empire Bank v. Insurance Co. of North*

5   *America,* 497 F.2d 1330, 1333 – 1334 (9th Cir. 1974). Crosscomplainants right to relief in this

6   instance arises out of the "same series of transactions or occurrences" which namely is the

7   operation of Vesta Strategies and each party's role therein.  Similarly, the claims for declaratory

8   relief seek resolution of claims asserted by Vesta Strategies in its complaint.  There will

9   undoubtedly be common issues of fact and law in this case, namely, who did what in the

10  business, how funds were treated, what distributions were made and by whom, where did those

11  distributions go, whether those distributions were authorized, whether the funds were returned,

12  and who ultimately is responsible for the demise of the business.  As a result, the claims for

13  contribution, apportionment of fault, and declaratory relief are entirely proper and Movants'

14  motion to dismiss should be denied.

15  **K.    COUNTERCLAIMAINTS' CLAIM FOR CONTRIBUTION AND**
        **APPORTIONMENT OF FAULT IS SUFFICIENT TO JOIN THIRD PARTY**
16      **DEFENDANTS IN THIS ACTION**

17          Rule 14(a)(1) provides that a defendant party may, as third-party plaintiff, serve a

18  summons and complaint on a nonparty who is or may be liable to it for all or part of the claim

19  against it.  The third party claim may be based on a different theory of liability than the main

20  action. *Banks v. City of Emeryville,* 109 F.R.D. 535, 540 (N.D. CA 1985).  Moreover, it need not

21  be shown that the third party defendant is automatically liable if the defendant loses the

22  underlying lawsuit.  It is sufficient if there is some possible scenario under which the third party

23  defendant may be liable for some or all of the defendant's liability to plaintiff. *Andrulonis v.*

24  *United States,* 26 F.3d 1224, 1233 (2nd Cir. 1994).

25          In this case, Vesta Strategies has alleged various claims against Counterclaimants arguing

26  that they have "wrongfully and improperly received" various sums of money from Vesta

27  Strategies including approx. $700,000 of money used to purchase three lots in South Carolina

28  (*See* Doc. 3, ¶ 79-81), conversion of "substantial monies from Vesta Strategies" (*See* Doc. 3, ¶

                                                                                              20

1   95-99), and loss of "millions of dollars that was obtained by these defendants and their friends

2   and family through false pretenses." (*See* Doc. 3, ¶¶ 112-114).

3         In each case, it is Counterclaimants' contention that Terzakis, SSSC, B&B Sparco, and

4   Ye were entirely or partially responsible for the missing funds.  Consequently, if counter-

5   claimants lose the underlying lawsuit there is a scenario whereby the respective third parties are

6   liable for some or all of Counterclaimants' liability to Vesta Strategies.  As a result, these parties

7   are properly joined under Rule 14(a)(1).

8   **L.   ROBERT AND GINNY ESTUPINAN'S CLAIMS FOR INTENTIONAL**
    **INFLICTION OF EMOTIONAL DISTRESS AGAINST VESTA STRATEGIES,**
9   **TERZAKIS, AND YE ARE SUFFICENTLY PLED AND ARE NOT SUBJECT TO**
    **CALIFORNIA'S ANTI-SLAPP PROVISIONS**
10

11        **1.    The Estupinians State a Claim for IIED under Federal Notice Rules.**

12        "To state a claim for intentional infliction of emotional distress, a plaintiff must allege

13  that (1) the defendant engaged in outrageous conduct, (2) the conduct was intentional or done

14  with a reckless disregard of the probability of causing emotional distress, (3) the plaintiff is

15  suffering severe emotional distress, and (4) there is a causal relationship between the plaintiff's

16  severe emotional distress and the defendant's outrageous conduct."  *Palm v. U.S.,* 835

17  F.Supp.512, 518 (N.D.Cal.1993)(citations omitted).

18        Here, the Estupinians have properly alleged Vesta, Terzakis, and Ye's outrageous

19  conduct (Doc. 44, at ¶ 93), including Terzakis' embezzling of client and company funds (Doc.

20  44, at ¶¶ 24-39), Terzakis'concoction of damaging lies against the Estupinians (Doc. 44, at ¶ 42),

21  Terzakis' threats of financial ruin and harassment if the Estupinians did not cooperate with

22  Terzakis' unlawful scheme (Doc. 44, at ¶ 43), and Terzakis' abuse of his position as manager of

23  Vesta to unlawfully terminate the Estupinians in retribution for their refusal to cooperate with

24  him (Doc. 44, at ¶ 42).  The Estupinians have also pled outrageous conduct by Ye for his part in

25  spreading lies about the Estupinians.  (Doc. 44 at ¶ 44).  The Estupinians have properly pled that

26  Terzakis, Vesta, and Ye's outrageous conduct was intentional (Doc. 44, at ¶ 94) or done with

27  reckless disregard (Doc. 44, at ¶ 95).  The Estupinians have also properly pled that they suffered

28  emotional distress and that such emotional distress was caused by Terzakis, Vesta, and Ye's

21

1    outrageous conduct (Doc. 44, at ¶ 96).

2           **2.    Movants Improperly Apply California's Heightened Pleading Standards.**

3           Movants argue that the Estupinians' Intentional Infliction of Emotional Distress ("IIED")

4    claims must be stricken under California's Anti-SLAPP procedures because: (1) Movants'

5    actions were allegedly taken in furtherance of their rights to free speech and to petition (Doc. 76,

6    at p. 22:11 – 22:12); (2) Movants' actions were allegedly privileged under California Civil Code

7    section 47 as publications made in a judicial proceeding ; and (3) to state a claim for IIED, they

8    must be able to state a claim for wrongful termination, which Movants alleged the Estupinians

9    failed to do so.

10          These arguments fail because Movants wrongfully apply a heightened state law standard

11   contrary to the Federal Rules of Civil Procedure.  Federal courts may not impose California's

12   heightened pleading standard on the Estupinians' IIED claims because such a standard would

13   conflict of the liberal federal notice pleading rules.  *Thomas v. Fry's Electronics,* 400 F.3d 1206,

14   1207 (9th Cir.2005); *Tu v. UCSD,* 201 F.Supp.2d 1126, 1130 (S.D.Cal.2002).  Movants narrowly

15   and improperly frame the Estupinian's IIED claim as arising from "two, and only two"

16   allegations, namely Terzakis' and Vesta's allegedly privileged and constitutionally protected

17   speech and the Estupinian's wrongful termination.  (Doc. 76 at p. 21:28 - 22:4).  Such a narrow

18   reading of the Estupinians' IIED claims is contrary to the liberal pleading requirements of Rule

19   8(a)(2).  As discussed above, the Estupinians' IIED claims cover a much broader range of

20   activities than those Movants would have the court believe.

21          Assuming for the sake of argument that the Estupinians are relying on Movants'

22   statements about this action as a basis for their IIED claims, Movants' claims of protected speech

23   and privilege are absurd.  Construing the Estupinians' allegations in the light most favorable to

24   them, Movants' alleged furtherance of their rights to free speech and to petition are pretext to

25   their real intention to intentionally harm the Estupinians.  As pled in the cross-complaint and

26   third party complaint, Terzakis threatened to ruin the Estupinians if they did not cooperate with

27   his illegal scheme, and when they refused to do so, Terzakis caused Vesta to prosecute a

28   pretextual lawsuit and passed around the complaint to the Estupinians' business colleagues.

1    Movants' reliance on *Phillips v. Gemini Moving*, 63 Cal.App.4[th] 563, 577 (1998), for the

2    proposition that the Estupinians cannot state an IIED claim for being terminated is misplaced.

3    *Phillips* simply stands for the proposition that, under California law, an employee cannot state an

4    IIED claim arising from "an employer's unfavorable supervisory decisions." *Id.*  In the present

5    case, the Estupinians' IIED claim does not arise from Vesta's singular action of terminating

6    them; rather, their IIED claims arise from Terzakis' numerous abuses of his position as majority

7    owner and manager of Vesta to intentionally harm the Estupinians and his demonstrably

8    improper and illegal dismissal.

9                                  **V.    CONCLUSION**

10    Based on the foregoing,  Counterclaimants have demonstrated actionable causes of action

11    as a matter of law under Federal Rule of Civil Procedure 12(b)(6);  that the contribution,

12    apportionment and declaratory relief claims are appropriate and well pled; that Mutual Vision,

13    LLC and the Estupinians have properly joined third party defendants John Terzakis, Single Site

14    Solutions Corporation , B&B Sparco Properties, Inc. and Peter Ye; and that the claims against

15    Terzakis and Vesta Strategies, LLC for intentional infliction of emotional distress is proper and

16    not subject to the Anti-Slapp provisions.  As a result, the Court should deny the respective

17    motions and order Movants to answer the cross-claims and third party claims within 10 days.  In

18    the alternative, Counterclaimants respectfully request the Court grant leave to amend.

19

20     Date:   August 25, 2008                    RANDICK O'DEA & TOOLIATOS, LLP

21

22                                      By:  _____/s/_____
23                                            Kevin R. Martin

24

25

26

27

28

                                                                                      23