Alan L. Martini, SB No. 77316
SHEUERMAN, MARTINI & TABARI
1033 Willow Street
San Jose, CA 95125
Telephone: 408.288.9700
Facsimile: 408.295.9900

Attorneys for Third Party Defendant, PETER YE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| VESTA STRATEGIES, LLC,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>ROBERT E. ESTUPINIAN, GINNY ESTUPINIAN, MUTUAL VISION, LLC, MILLENNIUM REALTY GROUP, VESTA REVERSE 100, LCC, VESTA CAPITAL ADVISORS, LLC, CAROL-ANN TOGNAZZINI, EDMUNDO ESTUPINIAN, and HAYDEE ESTUPINIAN,<br><br>　　　　Defendants<br>_____<br>MUTUAL VISION, LLC,<br><br>　　　　Counter Claimant,<br><br>vs.<br><br>VESTA STRATEGIES, LLC,<br><br>　　　　Counter Defendant,<br>_____<br>MUTUAL VISION LLC, ROBERT ESTUPINIAN AND GINNY ESTUPINIAN,<br><br>　　　　Third Party Claimants,<br><br>vs.<br><br>JOHN TERZAKIS, SINGLE SITE SOLUTIONS CORPORATION, B & B SPARCO PROPERTIES, INC., AND PETER YE,<br><br>　　　　Third Party Defendants. | Case No. C 07-06216 JW RS<br><br>REPLY TO OPPOSITION TO THIRD PARTY PETER YE'S MOTION TO DISMISS OR STRIKE<br><br>Hearing Date: September 15, 2008<br>Time:　　09:00 a.m.<br>Department 8, 4th Floor, San Jose |

---

1
REPLY TO OPP0SITION TO MOTION OF THIRD PARTY DEFENDANT PETER YE TO DISMISS OR STRIKE

## I. INTRODUCTION

In its opposition to Peter Ye's Motion to Dismiss or Strike, counter-claimants/third party claimants (hereinafter referred to as merely "counter-claimants") do not dispute that

- The alleged "enterprise" under the RICO cause of action had no separate and distinct activities from the alleged racketeering activity;
- That the only alleged participation of Peter Yee in the RICO scheme, as alleged, was to follow the directions of the manager of his employer, Vesta Strategies, LLC in making certain wire transfers of funds from Vesta Strategies to Mr. Terzakis' private interests;
- That Peter Ye did not direct or participate in mail or wire fraud, as is defined by the relevant US codes, or otherwise conduct or participate in any other racketeering activity;
- That the only relief allowed for the RICO cause of action is for damage to counter-claimants' "business and properties" in the form of diminution in value of their interest in Vesta Enterprises, LLC;
- That Peter Ye owed no fiduciary duty to counter-claimants; and
- That the only communications Peter Ye had with third parties in which he made statements concerning misappropriations by Mr. Estupinian, concerned and arose out of the allegations of misappropriation made in the Complaint filed herein, and thus come within the California anti-SLAPP statute (Code of Civil Procedure §425.16(e)) and/or otherwise absolutely privileged under California Civil Code § 47(b).

Thus, Peter Ye's Motion to Dismiss the claims made against him (RICO, breach of fiduciary duty, and intentional infliction of emotional distress, and the related claims for contribution and declaratory relief out to be granted.

## II. LEGAL STANDARDS

### A. Rule 12(b)(6) Motion to Dismiss

Although liberal and encouraging brevity, the federal pleading duty is far from trivial; the pleading must still contain "enough" to give defendants fair notice of claims and grounds for those

1  claims. *Tellabs, Inc. v. Makor Issues and Rights, Ltd.*, ___ U.S. ___, 127 S.Ct. 2499, 2507, 168
2  L.Ed. 2d 179 (2007). This requires the pleader to do more than merely incant labels, conclusions,
3  and the formulaic elements of a cause of action. See *Bell Atlantic Corp. v. Twombly*, 550 U.S. ___,
4  127 S.Ct. 1955, 1964-1965, 167 L.Ed.2d 929 (2007). Rather, pleaders must show that their
5  allegations "possess enough heft" to establish an entitlement to relief (and thus, to permit the costly
6  process of litigation to continue). See *Bell Atlantic Corp. v. Twombly, supra*, 127 S.Ct. at 1966.
7  Thus, pleaders must allege enough facts to raise their claims beyond the level of speculation (see *Bell*
8  *Atlantic Corp. v. Twombly, supra*, 127 S.Ct. at 1965), and must "nudge [ ] their claims across the line
9  from conceivable to plausible." See *Bell Atlantic Corp. v. Twombly, supra*, 127 S.Ct. 1955, 1974 (to
10 cross into "the realm of plausible liability," the allegations must be factual (not conclusory) and
11 suggestive (not neutral). See *Ibid.* at 127 S.Ct. at 1966 n.5.
12       A court is not "required to accept as true allegations that are merely conclusory, unwarranted
13 deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors* 266 F.3d 979,
14 988 (9th Cir. 2001).

15                           **III.  ARGUMENT**
16      **A.   Counter-claimants have not sufficiently Pled a RICO Claim Against Peter Ye.**
17           **1.   The Enterprise Element**
18       Section 1962(c) prohibits "any person employed by or associated with any enterprise" from
19 "conducting or participating, directly or indirectly, in the conduct of such enterprise's affairs through
20 a pattern of racketeering activity...." 18 USC §1962(c). In order to state a claim under 18 USC
21 §1962(c) a plaintiff must allege a RICO "enterprise which is separate and apart from the pattern of
22 activity in which [the enterprise] engages." *Chang v. Chen* 80 F.3d 1293, 1297 (9th Cir. 1996). A
23 group does not constitute an enterprise unless it exists independently from the racketeering activity in
24 which it engages. *Simon v. Value Behavioral Health, Inc.* 208 F.3d 1073, 1083-1084 (9th Cir. 2000).
25 "A conspiracy is not an enterprise for the purposes of RICO." *Simon, supra,* 208 F.3d at 1083, citing
26 *Chang*, ADF.3d at 1300. In order to sufficiently allege an "enterprise" under 18 USC §1962, a
27 complaint must allege an entity with "some sort of structure ... for the making of decisions," and
28 "some mechanisms for controlling and directing the affairs of the group on an ongoing, rather than

an *ad hoc*, basis." *Simon, supra*, 208 F.3d at 1083, citing *Chang*, ADF.3d at 1299. "[A] RICO enterprise cannot be merely the sum of the predicate racketeering acts ..." *In re National Western Life Ins. Deferred Annuities* litigation, 467 F.Supp.2d 1071, 1080 (S.D. Cal. 2006).

Corporate defendants can supply the necessary structure to an otherwise inadequately alleged enterprise where the enterprise's activities are separate and distinct from the legal non-enterprise activity of the corporate defendants. *In re National Western Life Ins. Deferred Annuities* litigation, 467 F.Supp.2d at 1082. The 9th Circuit has nevertheless required an alleged enterprise to exhibit a separate structure even where corporate defendants are alleged to be involved. *Wagh v. Metris Direct*, 348 F.3d 1102, 1112 (9th Cir. 2003). (Complaint did not alleged an enterprise involving multiple corporations and individuals because there was no decision-making structure alleged); *Simon, supra,* 208 F.3d 1073 (presence of corporate defendants alone not enough to meet an enterprise separate structure requirement). The "plaintiffs cannot satisfy the requirement that they plead an enterprise merely by pleading that a corporation participated in the alleged enterprise . . . ." *In re Consecco Ins. Co. Annuity Marketing & Sales Practices Litigation,* Nos. C-05-04726 RMW and C-06-00537 RMW 2007 US Dis. Lexis 12786, at *11-12 (in the Cal. February 12, 2007).

In this case, however, the first amended counter-claim ("FAC") alleges that the alleged "enterprise" is the combination of Vesta Strategies, Terzakis, SSIC, B&B, and Peter Ye. (FAC ¶47.) The FAC goes on to allege that each of these members "were each associated in the enterprise identified above to conduct or participate directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity, including, without limitation, predicate acts of ..., in violation of 18 USC §1962(c)." The FAC goes on to allege that the counter-defendants "have each conspired among one another to violate 18 USC §1962(c). (FAC ¶49.) Significantly, plaintiffs have failed to plead an enterprise separate from the racketeering activity and with any defined decision making structure.

Thus, the FAC alleges no meaningful difference between the alleged enterprise and the pattern of racketeering activity and alleges no structure for the making of decisions separate and apart from the alleged racketeering activities. It is not alleged that the enterprise conducted its racketeering activities through the corporate defendants. Rather, the FAC alleges that each separate

1  defendant associated and conspired to violate 18 USC §1962(c). There is no allegation that the
2  business of the enterprise is anything other than the alleged racketeering activities. The allegations
3  of the first amended counter-claim do not allege an "enterprise" as defined by 18 USC §1961(4), and
4  as required by 18 USC §1962(c), because (1) the enterprise is not alleged to be separate and apart
5  from the pattern of racketeering, and (2) there are no allegations indicating that the enterprise
6  exhibited a separate structure in the decision making process.

### 2.     Operation and Management Element

8   In addition to alleging a separate and distinct enterprise, in order to state a claim pursuant to
9  18 USC §1962(c) a complaint must allege that a defendant "participated in the operation or
10 management of the enterprise," *Reves v. Ernst & Young*, 507 U.S. 170, 185-186 (1993), or took
11 "some part in directing the enterprise's affairs...." *Reves,* 507 U.S. at 179; see also *Baumer v.*
12 *Pachel*, 8 F.3d 1341, 1343-1344 (9th Cir. 1993); *United States v. Fernandez*, 388 F.3d at 1199, 1228
13 (9th Cir. 2004). Though "liability under §1962(c) is not limited" to an enterprise's "upper
14 management," *Fernandez*, 388 F.3d at 1228, citing *Reves*, 507 at 184, allegations that a defendant
15 took directions or performed tasks for the enterprise are not enough to state a claim under §1962(c).
16 *Hamilton v. Williams*, C.V. F.02 6583, AWI SMS, 205 U.S.Dist. Lexis 25697 at 26 (Ed. Cal.
17 October 27, 2005).

18  The FAC contains no allegations that Peter Ye, as the assistant vice president of Vesta, did
19 anything other than, as alleged, follow the directions of his boss, John Terzakis, who is a majority
20 owner and sole manager of Vesta Strategies, LLC. (FAC ¶12.) The FAC alleges that John Terzakis
21 converted funds belonging to Vesta Strategies to his personal use and that Peter Ye, as vice president
22 of Operations for Vesta Strategies, managed all money wire transfers for the company, and that by
23 "working together" Terzakis and Ye facilitated all the wire transfers of client funds from Vesta
24 Strategies to Terzakis' private interests, SSC, B&B, and to other unknown third parties. (FAC ¶29.)

25  The specific factual allegations fall short of claiming that Peter Ye took some part in
26 directing the affairs of the alleged enterprise. See *Baumer*, 8 F.3d at 1344 (plaintiff did not state a
27 claim against lawyer who simply provided legal services to an enterprise; and also *Md. at Baltimore*
28 *v. Peat, Marwick, Main & Co.*, 996 F.2d 1534, 1539 (3rd Cir. 1990) (simply providing goods or

services that ultimately benefit an enterprise does not create RICO liability). Thus, the FAC fails to allege that Peter Ye operated or managed the enterprise as required by 18 USC §1962(c).

### 3. "Predicate Acts" Element

The only conduct alleged against Peter Ye is that he allegedly "facilitated all the wire transfers of client funds from Vesta Strategies to Terzakis' private interests and other unknown third parties." (FAC ¶¶29 and 30.) Although the FAC alleges that Terzakis concocted untrue allegations against Robert Estupinian and his wife, Ginny, and "made numerous threats to intimidate Robert Estupinian into cooperating with Terzakis' scheme" (FAC ¶¶42-43 (emphasis added)), there are no allegations of a like kind against Peter Ye. What is more, counter-claimants seek only damages "in their businesses and properties" (FAC ¶50), which is all that they can receive for a violation of § 1962(c).

The only alleged predicate acts in which Peter Ye purportedly participated are mail fraud (USC §1341) and wire fraud (18 USC §1343), at the direction of Mr. Terzakis. There are no allegations that Peter Ye was involved in any way with tampering with a witness, victim or informant, or retaliating against a witness, victim or informant.

The FAC fails to adequately allege any "racketeering activity" element directed by Peter Ye.

Rule 9(b)'s requirement that allegations of fraud be pled with particularity applies to a civil RICO claim. *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1065-1066 (9th Cir. 2004). Allegations of fraud under §1962(c) "must identify the time, place and manner of each fraud plus the role of each defendant in each scheme." *Moore v. Kayport Package Express,* 885 F.2d 531, 541 (9th Cir. 1988). To allege a violation of the mail fraud statute, counter-claimants must show that (1) defendants formed a scheme or artifice to defraud; (2) the defendants used the mails or caused a use of the mails in furtherance of the scheme; and (3) the defendants did so with specific intent to deceive or defraud. *Schreiber Distributing Co. v. Serv-Well Furniture Co., Inc.*, 806 F.2d 1393, 1399-1400 (9th Cir. 1986).

As to the wire fraud allegation, counter-claimants must show (1) the formation of a scheme or artifice to defraud; (2) use of the U.S. wires in furtherance of the scheme; and (3) specific intent to deceive or defraud. *Ibid.* at 1400.

1    Plaintiffs have failed to meet the Rule 9(b) requirement that the RICO fraud be pleaded with
2 specificity.  Although counter-claimants allege other predicate acts as against Mr. Terzakis, counter-
3 claimants only mentioned Peter Ye in the context of mail fraud and wire fraud.  Rule 9(b) requires
4 that the pleador state the time, place and specific content of the fraud as well as the identities of the
5 parties to the fraud.  Counter-claimants have not met this standard here and the mail fraud and wire
6 fraud claims as to Peter Ye must be dismissed.  The FAC fails to allege that any interstate phone
7 calls or use of the mails took place in order to facilitate a fraud.  Nor do counter-complainants
8 dispute the fact that mail fraud or wire fraud requires a fraudulent communication, which is not
9 alleged.

10    **4.    Counter-Claimants Lack Standing to Assert their RICO Claims**

11    The gravamen of the RICO claim is that defendant, Terzakis, syphoned funds from Vesta
12 Enterprises for his personal benefit, and allegedly made numerous threats to intimidate Robert
13 Estupinian into cooperating with this scheme.  The alleged harm is thus to Vesta Strategies, LLC.
14 Counter-claimants are harmed only insofar as they had an economic interest in Vesta Strategies.
15 Owners of business entities, such as shareholders, typically lack standing where the harm they
16 suffered was derivative to the injury suffered by the corporation.  See *Hamid v. Price Waterhouse,* 51
17 F.3d 1411, 1419-1921 (9th Cir. 1995); *Sparling v. Hoffman Construction Co.*, 864 F.2d 635, 640 (9th
18 Cir. 1988).  In this case, it was the LLC's assets, not the counter-claimants', that were drained by the
19 alleged improper syphoning of funds.  As such, the alleged injury was purely derivative.  Counter-
20 claimants have not suffered an injury distinct from that of other members of the LLC.  Similarly, a
21 plaintiff/shareholder lacks standing under RICO when the injury similarly affects other shareholders'
22 ownership interests.  See *Sax v. Worldwide Press, Inc.*, 809 F.2d 610, 614 (9th Cir. 1987); see also
23 *Eagle v. American Tel. & Tel. Co.*, 769 F.2d 541, 545 (9th Cir. 1985).  ("Normally, a shareholder
24 cannot maintain an action in his individual capacity against a majority shareholder for the
25 depreciation in the value of his stock resulting from a depletion of corporate assets.")  Accordingly,
26 cross-complainants' alleged injury is not sufficiently distinct from that of other members to warrant a
27 RICO standing.
28    The relief sought for the alleged RICO violation (1st cause of action) is limited to damages in

counter-claimant's "businesses and properties." (FAC ¶50.) The only business and property damage alleged in the complaint arises out of the diminished value of Vesta Enterprises, LLC. Counter-claimants lack standing to make this purely derivative claim individually. In order to bring such a derivative claim, counter-claimants must plead and prove compliance with Corporations Code §17501.

### 5. Conspiracy to Violate RICO

Although it is not clear whether counter-claimants seek to state a claim under 28 USC §1962(d), counter-claimants have failed to plead the requisite elements of either a §1962(a) or a §1962(c) violation against Peter Ye. Thus, counter-claimants cannot plead a conspiracy to violate either section. See *Religious Tech. Ctr. v. Wollershein*, 971 F.2d 364, 367 n.8 (9th Cir. 1992); see also *Neibel v. Transworld Assurance Co.*, 108 F.3d 1123, 1127 (9th Cir. 1997) ("If the §1962(c) claim does not state an action upon which relief could be granted ... then the §1962(d) claim cannot be entertained.") Thus, the court should also dismiss any §1962(d) claim.

### B. Motion to Dismiss Fifth Cause of Action - Breach of Fiduciary Duty.

Counter-claimants argue that Peter Ye, "as alleged in the cross-complaint, aided Terzakis in his breach of fiduciary duty by facilitating the wire transfers." (Opposition, p.14:27-28.) Although plaintiffs acknowledge that Peter Ye owes no fiduciary duty to counter-claimants, they contend that he is liable for conspiracy to breach a fiduciary duty, citing *Certified Grocers of Calif., Ltd. v. San Gabriel Valley Bank*, 150 Cal.App.3d 281 (1984), citing in turn *Kied Water Associates Oil Co. v. Superior Court*, 43 Cal.2d 815, 827 (1955) (holding that, where there is a common plan or design to commit a tort, all who participate are jointly liable, whether or not they do the wrongful acts).

Counter-claimants fail to acknowledge, however, that in 1994 the California Supreme Court deviated from this standard when examining the tort of conspiracy. In *Applied Equipment Corp. v. Litton Saudi Arabia, Ltd.*, So.Cal.4th 503, 511 (1994), the Supreme Court, in denying the liability of an alleged co-conspirator, stated that, "by its nature, tort liability arising from conspiracy presupposes that the co-conspirator is legally capable of committing the tort, i.e., that he or she owes a duty to the plaintiff recognized by law and is potentially subject to liability for breach of that duty." *Ibid.* In other words, the Court stated that in order to be held liable for conspiracy, the alleged co-

conspirator must be capable of committing the underlying tort. "Conspiracy is not an independent tort; it cannot create a duty or abrogate an immunity. It allows tort recovery only against a party who already owes the duty and is not immune from liability based on applicable substantive tort law principles." *Ibid.* at 514.

Here, counter-claimants do not allege that Peter Ye owed them a fiduciary duty. Thus, he cannot be liable for breach of fiduciary duty, or conspiracy to breach a fiduciary duty.

### C. The Court Should Strike the Estupinian's Intentional Infliction of Emotional Distress Claim Against Peter Ye and Award Peter Ye his Attorney's Fees and Costs Based on California Anti-SLAPP Statutes.

Mr. Ye filed this motion to strike/dismiss under the California anti-SLAPP statute as it applies to actions for intentional infliction of emotional distress. See *Hill v. City of El Segundo*, 33 Fed.Appx. 254, 258 (9th Cir. 2002). Counter-claimants do not dispute that the California anti-SLAPP statute applies to the intentional infliction of emotional distress ("IIED") claim. If the anti-SLAPP statute applies, counter-claimants are required to establish a probability of prevailing on the covered claims by setting forth facts that support a prima facie case. Counter-claimants have not provided any evidence in opposition to Peter Ye's Motion and thus cannot establish a prima facie case for IIED claim subject to the Motion to Strike. Based upon the evidentiary record, California's litigation privilege, California Civil Code §47(b) bars counter-claimants' IIED claims because the claims arise out of communications Mr. Ye had with interested third parties relating to the allegations against Robert Estupinian in this lawsuit. The Estupinians do not dispute that their IIED claim as against Peter Ye is based upon his alleged statements to third parties concerning the allegations of misappropriation made by Mr. Ye's employer, Vesta Strategies, in the complaint filed against Mr. Estupinian herein.

To satisfy his initial burden on his anti-SLAPP motion, Peter Ye provided a declaration that the statements he made were in response to inquiries regarding the nature of the allegations made against Robert Estupinian in this litigation and concerned the allegations contained therein. Mr. Ye's uncontroverted testimony is that the conversations concerned and arose out of the allegations of misappropriation made in the complaint filed herein.

Peter Ye has met his burden of establishing that the complaint arises from protected activity

by demonstrating that the alleged statements concerning Estupinian's misappropriation of funds comes within CCP §425.16(e) insofar as the statement was made in connection with an issue under consideration or review by a judicial body.

Counter-claimants have failed to rebut Peter Ye's *prima facie* showing that the alleged statements come within §425.16(e) and are otherwise absolutely privileged under Civil Code §47(b). The eleventh cause of action derives directly from communications between Peter Ye and two third parties about the allegations of this lawsuit against Robert Estupinian. And, as to the litigation privilege, numerous cases have applied it to pre-litigation communications. *Rubien v. Green* (1993) 4 Cal.4th 1187, 194-1195, citing "and the litigation privilege clearly informs interpretation of the 'arising from' prong of the anti-SLAPP statute . . ." *Navellier v. Sletten* (2003) 106 Cal.App.4th 763, 773; *Ruiz v. Harbor View Community Assn.* (2005) 134 Cal.App.4th 1456, 1474 [clauses of the anti-SLAPP statute defining protected activity to include statements made before or in connection an issue under review by a judicial body "are parallel and coextensive with the definition of privileged communications under Civil Code §47, subdivision(b).") In short, it is undisputed that the allegations against Mr. Ye arise from protected activity.

Counter-claimants make no effort to pose any argument or evidence in opposition to Peter Ye's anti-SLAPP motion. The motion should, therefore, be granted and Peter Ye awarded reasonable attorney's fees and costs under CCP §425.16(c).

**D. Counter-Claimants/Third-Party Claimants Have Failed to Allege Any Basis for Liability for Contribution and Apportionment of Fault or Declaratory Relief as Against Peter Ye.**

Because counter-claimants and third-party claimants fail to state any cognizable basis for liability of Peter Ye, their claims for contribution and apportionment of fault (12th claim for relief) and declaratory relief (13th claim for relief) are without merit and should be dismissed. There is absolutely no basis pleaded by which Peter Ye could owe a duty of contribution for indemnity to counter-claimants and third-party claimants.

## IV. CONCLUSION

Peter Ye's Motion out to be granted in its entirety together with his costs and reasonable attorneys fees incurred in connection with the Motion to Strike under the anti-SLAPP Statute.

| | | |
|---|---|---|
| 1 | Dated: August 29, 2008 | SHEUERMAN, MARTINI & TABARI |
| 2 | | |
| 3 | | /s/ Alan L. Martini |
| | | ALAN L. MARTINI, SB NO. 77316 |
| | | Attorney for Third Party Defendant |
| 4 | | PETER YE |

1 | CASE NAME: Vesta Strategies v Estupinian, et al.        ACTION NO. C 07-06216 JW RS

2 | PROOF OF SERVICE
[CCP §§ 1012.5, 1013a and 2015.5; CRC 2008]

3 |

4 | I am a resident of the United States. My business address is 1033 Willow Street, San Jose, CA  95125. I am employed in Santa Clara County where this service occurred. I am over the age of 18 years and not a party to the within cause.  I am readily familiar with my employer's normal business practice for collection and processing of correspondence for mailing and facsimile. In the case of mailing [other than overnight delivery], the practice is that correspondence is deposited in the U.S. Postal Service the same day as the day of collection in the ordinary course of business.

7 |

8 | On August 28, 2008, I served the within: REPLY TO OPPOSITION TO THIRD PARTY PETER YE'S MOTION TO DISMISS OR STRIKE

9 | on the PARTIES in said action as follows:

10 | Kevin Martin, Esq.                                Aron Frakes, Esq.
Kmartin@randicklaw.com                              ajfrakes@mwe.com

12 | Paul Chronis, Esq.                                Dan Alberti, Esq.
pchronis@mwe.com                                    dalberti@mwe.com

14 | Nicholas Berg, Esq.                               David Olson, Esq.
Nberg@mwe.com                                       dlo@hjmmlaw.com

16 |

17 | _____ (BY MAIL) I caused a true copy of each document identified above to be placed in a sealed envelope with first-class postage affixed. Each such envelope was deposited for collection and mailing that same day in the ordinary course of business in the United States mail at San Jose, California.

19 |

20 | XX   (BY E-MAIL OR ELECTRONIC TRANSMISSION) Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the document(s) to be sent to the persons at the e-mail addresses listed above.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

22 |

23 | _____ (BY PERSONAL SERVICE) I caused a true copy of each document identified above to be delivered by hand to the offices of each addressee above.

24 | _____ (BY OVERNIGHT DELIVERY) I caused a true copy of each document identified above to be sealed in an envelope to be delivered to an overnight carrier with delivery fees provided for, addressed of each addressee above.

26 | _____ (BY FACSIMILE SERVICE) I caused each of the above-named documents to be delivered by facsimile transmission to the office at each fax number noted above at 9:30 a.m., by use of facsimile machine telephone number (408) 295-9900.  The facsimile machine used complied with CRC §2003(3), and no error was reported by the machine. A copy of the transmission record is attached to this declaration.

1  \_\_\_\_ (STATE) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

2

3  _XX_ (FEDERAL) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

4  Dated: August 29, 2008

                /S/ Julia Nicholls

5                  Julia Nicholls

REPLY TO OPP0SITION TO MOTION OF THIRD PARTY DEFENDANT PETER YE TO DISMISS OR STRIKE