1 | **Kevin R. Martin, SBN 176853**
kmartin@randicklaw.com
2 | **Patrick E. Guevara, SBN 202727**
pguevara@randicklaw.com
3 | **RANDICK O'DEA & TOOLIATOS, LLP**
5000 Hopyard Road, Suite 400
4 | Pleasanton, California   94588
Telephone:      (925) 460-3700
5 | Facsimile:      (925) 460-0969

6 | Attorneys for Defendants, Counter Claimants and Third Party Claimants ROBERT E. ESTUPINIAN, GINNY ESTUPINIAN and MUTUAL VISION, LLC,  and Defendants and
7 | Third Party Claimants MILLENNIUM REALTY GROUP, VESTA REVERSE 100, LLC, VESTA CAPITAL ADVISORS, LLC, EDMUNDO ESTUPINIAN, and HAYDEE
8 | ESTUPINIAN

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| VESTA STRATEGIES, LLC, | Case No.:  C 07-06216 JW RS |
|---|---|
| Plaintiff, | |
| vs. | **CASE MANAGEMENT STATEMENT** |
| ROBERT E. ESTUPINIAN, GINNY ESTUPINIAN, MUTUAL VISION, LLC, MILLENNIUM REALTY GROUP, VESTA REVERSE 100, LLC, VESTA CAPITAL ADVISORS, LLC, CAROL-ANN TOGNAZZINI, EDMUNDO ESTUPINIAN, and HAYDEE ESTUPINIAN, | |
| Defendants. | |
| ROBERT E. ESTUPINIAN, GINNY ESTUPINIAN, and MUTUAL VISION, LLC, , | |
| Counter Claimants, | |
| vs. | |
| VESTA STRATEGIES, LLC, JOHN TERZAKIS, SINGLE SITE SOLUTIONS CORP., B&B SPARCO PROPERTIES, INC., and PETER YE, | |
| Counter Defendants. | |

ROBERT E. ESTUPINIAN, GINNY ESTUPINIAN, MUTUAL VISION, LLC, MILLENNIUM REALTY GROUP, VESTA REVERSE 100, LLC, VESTA CAPITAL ADVISORS, LLC, EDMUNDO ESTUPINIAN, and HAYDEE ESTUPINIAN,

        Third Party Claimants,

  vs.

JOHN TERZAKIS, SINGLE SITE SOLUTIONS CORP., B&B SPARCO PROPERTIES, INC., and PETER YE,

        Third Party Defendants.

Pursuant to Civil Local Rule 16-9, counsel for Defendants, Counter Claimants and Third Party Claimants ROBERT E. ESTUPINIAN, GINNY ESTUPINIAN and MUTUAL VISION, LLC, and Defendants and Third Party Claimants MILLENNIUM REALTY GROUP, VESTA REVERSE 100, LLC, VESTA CAPITAL ADVISORS, LLC, EDMUNDO ESTUPINIAN, and HAYDEE ESTUPINIAN (collectively "the Estupinian Defendants") hereby submit the following Case Management Conference Statement. The Estupinian Defendants are submitting this separate statement because Plaintiff and Counter Defendant Vesta Strategies, LLC and Third Party Defendants Single Site Solutions Corporation and B&B Sparco Properties are not represented by counsel, and John Terzakis has not filed notice of pro per status. Third Party Defendant Peter Ye is represented by counsel Alan Martini, and Carol-Ann Tognazzini is acting in pro per.

1. **<u>JURISDICTION AND SERVICE</u>**

This Court has subject matter jurisdiction over Plaintiff's claims against the defendants pursuant to 28 U.S.C. §1331, 28 U.S.C. §1367, and 18 U.S.C. §1964 because Plaintiff has asserted federal causes of action under the RICO statute and the Court has supplemental jurisdiction over plaintiff's state law claims.

Defendants/Counter Claimants/Third Party Claimants Mutual Vision, LLC, Robert

1  Estupinian, and Ginny Estupinian have filed counterclaims against Vesta Strategies, LLC and
2  counterclaims and third party claims against John Terzakis, Single Site Solutions Corporation,
3  and B&B Sparco Properties.  The Court has jurisdiction in this matter pursuant to 28 U.S.C.
4  §1331 and F.R.C.P. 13, 14, 19, and 20 because the Estupinians have asserted federal causes of
5  action and the Court has supplemental jurisdiction over the state law claims, and that the third
6  party claims are allowed under the joinder provisions of and the impleader provisions of Rule
7  14(a).  Vesta Strategies, LLC and the Third Party Defendants have filed demurrers and/or motion
8  to strike as to the claims asserted against them which is scheduled for hearing on September 15,
9  2008.

10  The parties are not currently aware of any issues regarding personal jurisdiction or venue.
11  There are no parties that remain to be served.

12  **2.    FACTS**

13  Vesta Strategies, LLC was formed in January 2004.  Vesta Strategies is a qualified
14  intermediary for Section 1031 tax-deferred real estate exchanges.  Mutual Vision, LLC was the
15  49% member of Vesta Strategies at all relevant times.  Robert Estupinian and Ginny Estupinian
16  are the members of Mutual Vision, LLC.  Robert Estupinian was also the CEO of Vesta
17  Strategies until his employment with Vesta Strategies was terminated on December 3, 2007.
18  John Terzakis was the 51% member and manager of Vesta Strategies at all relevant times.  It is
19  unclear at this time whether Vesta Strategies, LLC is still an operating business entity.

20  The Estupinians contend that the Third Party Defendants are responsible for any losses to
21  Vesta Strategies, LLC, sought under the Complaint, and that John Terzakis, Peter Ye, and
22  Terzakis' other business interests mismanaged and misused Vesta Strategies, LLC causing the
23  Estupinians and Mutual Vision, LLC millions of dollars in damage.  They contend that, together
24  Terzakis, Ye, Single Site Solutions Corporation, and B&B Sparco made unlawful distributions,
25  thwarted business of the company, and then when confronted by the Estupinians, threatened and
26  wrongfully terminated them.

3
CASE MANAGEMENT STATEMENT
   USDC ND CASE NO.:  C 07-06216 JW RS                                                               180441.DOC

**FACTUAL ISSUES IN DISPUTE**

Based on the pleadings to date, the principal factual issues in dispute include, without limitation:

1. Whether Vesta Strategies' funds were wrongfully distributed and if so, by whom.
2. Whether John Terzakis mismanaged and misused Vesta Strategies.
3. Whether the Estupinians were threatened or intimidated and wrongfully terminated.
4. Whether Single Site Solutions, B&B Sparco and Ye assisted Terzakis in the wrongful distribution and use of Vesta Strategies funds.
5. Whether Vesta Strategies, Terzakis, and Ye intentionally inflicted harm upon the Estupinians.
6. Whether the Estupinians wrongfully took funds from Vesta Strategies.

3. **LEGAL ISSUES**

Based on the pleadings to date, the principal legal issues in this case include, without limitation:

1. Whether Terzakis, Ye, Single Site Solutions and B&B Sparco were involved in racketeering activities towards Vesta Strategies, Mutual Vision, LLC or the Estupinians.
2. Whether Single Site Solutions owed a duty of care towards Mutual Vision, LLC and/or the Estupinians in connection with its accounting duties.
3. Whether Mutual Vision, LLC can seek an accounting from Vesta Strategies and/or Terzakis.

4. **MOTIONS**

The following motions are currently pending before the Court:

   a. Plaintiff/Counter Defendant Vesta Strategies, LLC's Motion to Dismiss the Estupinians' counterclaim;
   b. Third Party Defendant John Terzakis' Special Motion to Strike Pursuant to the

         California Anti-SLAPP Statute;

    c. Third Party Defendants John Terzakis', Single Site Solutions Corporation's, B&B Sparco Properties, Inc., and Peter Ye's Motion to Dismiss or Strike the Estupinians' third party claims;

    d. Plaintiff/Counter Defendants Vesta Strategies, LLC's and Third Party Defendants John Terzakis' Special Motion to Strike Pursuant to the California Anti-SLAPP Statute and for Attorneys' Fees and Costs relating to Tognazzini's libel and slander claim;

    e. Plaintiff/Counter Defendant Vesta Strategies, LLC's and Third Party Defendant John Terzakis' Motion to Dismiss Tognazzini's counterclaims and third party claims; and

    f. Defendants, Counterclaimants and Third Party claimants Robert E. Estupinian and Ginny Estupinian's Motion to Compel moving parties tax and financial records of Vesta Strategies, LLC, and to pay moving parties attorneys' fees.

Briefing is complete on these motions. The motions relating to the Estupinians' counterclaim and third party claims are currently scheduled for hearing on September 15, 2008. The motions relating to Tognazzini's counterclaims and third party claims are currently scheduled for hearing on September 15, 2008. The motions relating to Tognazzini's counterclaims and third party claims are currently scheduled for hearing on September 15, 2008. The motion of Robert and Ginny Estupinian for production of tax and financial records is currently scheduled for hearing on September 15, 2008.

The Estupinian Defendants anticipate that motions for default against the corporate entities, and/or summary judgment, motions *in limine*, and other potential motions may be filed in the future.

5. **EVIDENCE PRESERVATION**

The Estupinian Defendants have taken reasonable steps to preserve evidence relevant to the issues reasonably evident in this action. It is unknown whether Vesta Strategies, LLC and

the other parties in this matter have preserved evidence.

6. **DISCLOSURES**

Pursuant to the Court's December 7, 2007, Order Setting Initial Case Management Conference and ADR Deadlines, the parties served their initial discovery items. The documents identified in Vesta Strategies, LLC initial disclosure have been requested by the Estupinian Defendants but have not been produced.

7. **DISCOVERY**

The only discovery taken in this case to date has been the depositions of Robert Estupinian and Ginny Estupinian on limited topics relating to their conduct concerning Vesta Strategies, LLC's computers and documents, as ordered by the Court at the hearing on December 18, 2008.

The Estupinian Defendants have sent substantial written discovery to Vesta Strategies, LLC which has gone unanswered.

8. **CLASS ACTIONS**

Not applicable.

9. **RELATED CASES**

Not applicable.

10. **RELIEF**

The Estupinian Defendants seek the following relief through their counterclaims and third party claims: (1) money damages in the amount to be determined at trial; (2) treble damages; (3) punitive damages; (4) injunctive relief; (5) imposition of a constructive trust on all monies of Vesta Strategies, LLC wrongfully received and retained by counter defendants; (6) a full and complete accounting at the expense of the counter defendants; (7) declaratory relief; (8) reasonable attorneys' fees and costs; and (9) any further relief as this Court deems appropriate. Given that Vesta Strategies, LLC and the other parties are no longer represented by counsel, it is unclear what relief they seek.

11. **SETTLEMENT AND ADR**

Some of the parties have discussed settlement. The parties do not yet appear to be in a position to settle. The Estupinian Defendants believe that at least some discovery, including the exchange of documents and other written discovery and potentially depositions, are needed to put the parties in a position to potentially negotiate a resolution.

12. **CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES**

The Estupinian Defendants do not consent to a magistrate judge for all purposes.

13. **OTHER REFERENCES**

Not applicable.

14. **NARROWING OF ISSUES**

The Estupinian Defendants believe it is currently premature to narrow the issues in this case by agreement or by motion. They remain open to discuss possible ways to narrow the issues as the case proceeds.

15. **EXPEDITED SCHEDULE**

The Estupinian Defendants do not currently believe that this is the type of case that can be handled on an expedited basis without streamlined procedures.

16. **SCHEDULING**

The parties had previously agreed upon the following proposed dates and discovery plan pursuant to Federal Rule of Civil Procedure 26(f) and the Estupinian Defendants are prepared to proceed thereon:

| DEADLINE OR EVENT | AGREED DATE |
| --- | --- |
| Last day to file 26(f) Report, complete initial disclosures and file Joint Case Management Statement | September 2, 2008 |
| Initial Case Management Conference | September 15, 2008 |
| Deadline for amending pleadings | ?_____ |
| Fact discovery cut-off (*i.e.,* per Local Rule 26-2, the date by which all responses to written discovery are due and by which all depositions must be concluded) | November 14, 2008 |
| Disclosure of expert reports | December 12, 2008 |

7

| | |
|---|---|
| Expert discovery cut-off | February 13, 2009 |
| Deadline for filing dispositive motions and *Daubert* motions | March 13, 2009 |
| Deadline for filing responses in opposition to any dispositive motions or *Daubert* motions | April 10, 2009 |
| Deadline for filing replies in support of any dispositive motions or *Daubert* motions | May 1, 2009 |
| Proposed date for a hearing on any dispositive motions or *Daubert* motions | May 11, 2009 |
| Proposed date for final pretrial conference | Mid-June 2009 |
| Proposed date for trial [estimated 10 days] | July 2009 |

17. **TRIAL**

This case will be tried to a jury on all issues so triable. The parties currently expect the trial to last approximately 10 days.

18. **DISCLOSURE OF NON-PARTY ENTITIES OR PERSONS**

As of the filing of this report, Robert Estupinian, Ginny Estupinian, Mutual Vision, LLC, Millennium Realty Group, Vesta Reverse 100, LLC, Vesta Capital Advisors, LLC, Edmundo Estupinian, Haydee Estupinian, and Carol-Ann Tognazzini have each field a "Certification of Interested Entities or Persons."

1  19.  **OTHER MATTERS**

2  The Estupinian Defendants are not currently aware of any other matters that may
3  facilitate the just, speedy and inexpensive disposition of this matter. The parties will discuss
4  possible ways to facilitate the just, speedy and inexpensive disposition of this matter as the case
5  proceeds.

7  Date:   September 2, 2008                    RANDICK O'DEA & TOOLIATOS, LLP

9                                                By:   _____/s/_____
                                                        Kevin R. Martin