IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Vesta Strategies, LLC,<br><br>　　　　Plaintiff,<br>　v.<br>Robert E. Estupinian, et al.,<br>　　　　Defendants. | NO. C 07-06216 JW<br><br>**ORDER GRANTING MOTION TO SET ASIDE DEFAULT; GRANTING MOTION TO SET ASIDE ORDER OF DISMISSAL; CONDITIONING SETTING ASIDE OF DEFAULT AND ORDER OF DISMISSAL ON PAYMENT OF SANCTION** |

## I. INTRODUCTION

Plaintiff Vesta Strategies, LLC ("Vesta") brings this action against Defendants[1] alleging, *inter alia*, violation of the Racketeering Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961, *et seq.*, and fraud. Defendants bring counterclaims and third-party claims against Vesta, John Terzakis ("Terzakis"), Single Site Solutions Corp., B&B Sparco Properties, and Peter Ye ("Ye") alleging, *inter alia*, violation of RICO and breach of fiduciary duty. Defendant Tognazzini also brings several counterclaims and third-party claims against Vesta and Terzakis alleging, *inter alia*, breach of contract and wrongful discharge.

---

[1] Defendants are Robert Estupinian, Ginny Estupinian, Mutual Vision, LLC, Millennium Realty Group, Vesta Reverse 100, LLC, Vesta Capital Advisors, LLC, Carol-Ann Tognazzini ("Tognazzini"), Edmundo Estupinian, and Haydee Estupinian (collectively, "Defendants") (all Defendants save Tognazzini are referred to collectively as "the Mutual Vision Defendants").

Presently before the Court are Vesta's Motion to Set Aside Order of Dismissal,[2] and Vesta and Terzakis' Motions to Set Aside Default.[3] The Court conducted a hearing on December 1, 2008.[4] Based on the papers submitted to date and oral argument, the Court GRANTS Vesta and Terzakis' Motions to Set Aside Default and GRANTS Vesta's Motion to Set Aside Order of Dismissal. However, the Court ORDERS Vesta and Terzakis to pay Defendants' attorney fees and costs as a form of sanctions for delaying this litigation.

## II. BACKGROUND

Vesta filed this action on December 7, 2007. (See Docket Item No. 1.) On April 9, 2008, Defendants filed their Third Amended Counterclaims and Third Party Claims. (See Docket Item No. 44.) Vesta and the Third Party Defendants filed various motions to dismiss Defendants' counterclaims and third-party claims, and a hearing was set for September 15, 2008. (See Docket Item No. 82.)

On July 25, 2008, the Court granted a Motion to Withdraw filed by Vesta and Terzakis' counsel. (See Docket Item No. 89.) Vesta and Terzakis were given until August 25, 2008 to file a Notice of Substitute Counsel or a Notice of Intent to Self Represent. (Id.) Neither Vesta nor Terzakis filed such a Notice.

On September 15, 2008, the Court conducted a hearing on Vesta and the Third Party Defendants' Motions to Dismiss. Vesta and Terzakis failed to appear. (See Docket Item No. 96.) That same day, the Mutual Vision Defendants and Tognazzini filed separate Motions for Entry of

---

[2] (Motion to Set Aside Order of Dismissal, hereafter, "Motion Re Dismissal," Docket Item No. 111.)

[3] (Motion to Set Aside Mutual Vision LLC, et al.'s Entry of Default, hereafter, "Motion to Set Aside Re Mutual Vision," Docket Item No. 117; Motion to Set Aside Entry of Default Taken by Carol-Ann Tognazzini, hereafter, "Motion to Set Aside Re Tognazzini," Docket Item No. 123.)

[4] At the December 1, 2008 hearing, the Court invited the parties to present supplemental briefing on whether setting aside the entry of default and the Order of Dismissal should be conditioned on the payment of a sanction. The Mutual Vision Defendants filed their supplemental brief requesting sanction on December 4, 2008. (See Docket Item No. 150.) Vesta and Terzakis filed a timely opposition on December 10, 2008. (See Docket Item No. 151.)

2

Default as to Vesta and the Third Party Defendants, with the exception of Third Party Defendant Ye.[5] (See Docket Item Nos. 97, 98.)

On September 24, 2008, the Clerk of Court entered two separate defaults against Vesta and Terzakis regarding the Mutual Vision Defendants' claims and Tognazzini's claims, respectively. (See Docket Item Nos. 99, 100.) On October 2, 2008, the Court issued an Order of Dismissal, terminating Vesta and the Third Party Defendants' pending motions, and dismissing the action brought by Vesta. (See Docket Item No. 109.) The dismissal was stayed ten days, until October 13, 2008, to allow Vesta an opportunity to respond and explain its failure to prosecute. (Id.) As of October 13, 2008, Vesta had failed to take action in this case, and its claims were dismissed pursuant to the Order of Dismissal.

On October 27, 2008, Vesta and Tersakis filed the present motions.

## III.  DISCUSSION

### A.  Motion to Set Aside Order of Dismissal

Vesta moves to set aside the Court's Order of Dismissal pursuant to Fed. R. Civ. P. 60(b)(1), on the ground that its failure to prosecute its claims were the result of excusable neglect. (Motion Re Dismissal at 6.)

Federal Rule of Civil Procedure 60(b)(1) provides, "[o]n motion . . . the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for . . . mistake, inadvertence, surprise, or excusable neglect." A Rule 60(b)(1) movant must demonstrate that he or she "has a meritorious [cause of action] and that arguably one of the four conditions for relief applies–mistake, inadvertence, surprise or excusable neglect." Ben Sager Chem. Int'l v. E. Targosz & Co., 560 F.2d 805, 809 (7th Cir. 1977). "Neither ignorance nor carelessness on the part of the litigant or [his] attorney provide grounds for relief under Rule 60(b)(1)." Kagan v. Caterpillar Tractor Co., 795 F.2d 601, 607 (7th Cir. 1986); see also Martella v. Marine Cooks & Stewards

---

[5] Counsel for Ye appeared at the hearing. (See Docket Item No. 96.)

3

1 Union, 448 F.2d 729, 730 (9th Cir. 1971) (petitioner's failure to appeal the dismissal of the action

2 was due to his lack of diligence and was not "excusable neglect" under Rule 60(b)(1)).

3     "The determination of whether neglect is excusable is an equitable one that depends on at

4 least four factors: (1) the danger of prejudice to the opposing party; (2) the length of the delay and

5 its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant

6 acted in good faith."  Bateman v. United States Postal Service, 231 F.3d 1220, 1223-24 (9th Cir.

7 2000) (citing Pioneer Investment Services Co. v. Brunswick Assoc. Ltd. Partnership, 507 U.S. 380,

8 395 (1993)).

9     In this case, Eugene Murphy, Vesta's current counsel based in Illinois, filed a declaration

10 with Vesta's Motion explaining Vesta's neglect as follows:

> On or about June 30, 2008 Terzakis contacted Murphy about representing Vesta and him in this matter. (Declaration of Eugene Murphy in Support of Motion to Set Aside Order of Dismissal ¶¶ 4, 6, hereafter, "Murphy Decl.," Docket Item No. 120.) As of July 25, 2008, when Vesta and Terzakis' former counsel's Motion to Withdraw was granted, Vesta and Terzakis were involved in at least a total of ten cases in California and Illinois. (Id. ¶ 9.) After the Motion to Withdraw was granted, Murphy spent "innumerable hours" interviewing firms and waiting for them to complete conflicts checks, which took an extensive amount of time. (Id. ¶¶ 10-11.) After several weeks of vetting at least two firms with offices in both Chicago and Northern California (Greenberg Traurig, LLP and Bryan Cave, LLP), Murphy was unable to obtain representation. (Id.)

17     Jeffrey B. Harris, Vesta's current California counsel also filed a declaration further

18 explaining as follows:

> On September 9, 2008, Harris' law firm, Seltzer Caplan McMahon Vitek ("Seltzer Caplan"), was contacted by Murphy about representing Vesta and Terzakis. (Declaration of Jeffrey B. Harris in Support Motion to Set Aside Dismissal ¶ 3, hereafter, "Harris Decl.," Docket Item No. 119.) After conducting an initial conflict check, Harris spoke with Murphy on September 12, 2008 and he was informed for the first time that Vesta and Terzakis needed a single firm to represent them in approximately eight different matters. (Id. ¶ 4.) On September 17, 2008, Harris initiated a subsequent conflict check to determine if any person in Seltzer Caplan had a conflict representing Vesta and Terzakis against approximately twenty different adverse parties. (Id. ¶ 5.) On September 23, 2008, an engagement letter was sent to Terzakis, and Seltzer Caplan received the engagement letter in the mail on October 2, 2008. (Id. ¶¶ 7-8.) As of October 2, 2008, Harris was not aware of the procedural posture of any of the civil cases involving Vesta and Terzakis.

4

(Id. ¶ 9.) On October 13, 2008, Harris learned of the entries of default and began to prepare the various motions for setting them aside.[6] (Id. ¶ 12.)

With respect to the first two equitable factors, the Court finds that there has been some unnecessary delay, but that there is little danger that Defendants will be prejudiced. Under the Court's July 25, 2008 Order granting Vesta's former counsel's Motion to Withdraw, Vesta was required to file a Notice of Substitute Counsel no later than August 25, 2008. Measuring the delay from August 25, 2008 to October 27, 2008, the date this motion was filed, Vesta delayed for almost two months. Although a two month delay is not insignificant, the only prejudice raised by the Mutual Vision Defendants is the presumptive risk of prejudice whenever unreasonable delay occurs because evidence goes stale and witnesses' memories fade.[7] (Opposition to Motion to Set Aside Order of Dismissal at 4, hereafter, "Opposition Re Dismissal," Docket Item No. 140.) The Court finds that this brief delay has not been significant enough to justify preventing Vesta from pursuing its claims on the merits.

With respect to the third and fourth factors, the Court finds that, absent evidence of bad faith, Vesta and Terzakis' reason for the delay provides an adequate explanation. According to the declarations of Vesta's counsel, Vesta was unable to obtain representation until nearly two months after its former counsel withdrew due to the number of law suits currently involving Vesta. There is no evidence indicating that Vesta acted in bath faith. Absent evidence of bad faith on the part of Vesta, a two month delay in such a situation is excusable. See, e.g., Laurino v. Syringa General Hospital, 279 F.3d 750, 753 (9th Cir. 2002). Although Vesta's counsel fails to explain why he did not learn of the Order of Dismissal until October 13, 2008, the Court recognizes that there are

---

[6] In Harris' declaration, he only states that he learned of the defaults on October 13, 2008. (Harris Decl. ¶ 12.) He does not state when he learned about the Order of Dismissal. However, referencing Paragraph 12 of Harris' declaration, Vesta's brief claims that Harris learned about the Order of Dismissal on the same day that he learned of the defaults. (Motion Re Dismissal at 4.) The Court finds the discrepancy is likely an oversight in preparing Harris' declaration, and assumes he learned of the dismissal at the same time as the defaults.

[7] The Mutual Vision Defendants also contend that they have incurred unnecessary legal expenses as a result of Vesta's inadequate prosecution of its claims. (Supplemental Memorandum in Opposition to Motion to Set Aside Order of Dismissal and Default at 2, hereafter, "Supplemental Opposition," Docket Item No. 150.) The Court addresses this issue below.

multiple actions pending against Vesta and Terzakis, and finds that the month-long interval between the execution of the law firm Seltzer Caplan's engagement letter and the filing of this motion is reasonable.

Accordingly, the Court GRANTS Vesta's Motion to Set Aside Order of Dismissal.

**B.     Motions to Set Aside Default**

Vesta and Terzakis move to set aside the Clerk of Court's entries of default with respect to the Mutual Vision Defendants' and Tognazzini's counterclaims and cross-claims.[8] Vesta and Terzakis contend that good cause exists for setting aside the defaults because the defaults were entered as a result of Vesta and Terzakis' excusable neglect. (Motion to Set Aside Re Mutual Vision at 5; Motion to Set Aside Default Re Tognazzini at 4.)

Under Fed. R. Civ. P. 55(c), a court may set aside an entry of default for "good cause shown." A district court has broad discretion to determine whether good cause has been shown. Mendoza v. Wight Vineyard Mgmt., 783 F.2d 941, 945 (9th Cir. 1986). Such a determination requires consideration of three disjunctive factors: (1) whether the defendant engaged in culpable conduct leading to the default; (2) whether the defendant has a meritorious defense; or (3) whether setting aside the default would prejudice the plaintiff. Franchise Holding II, LLC v. Huntington Restaurants Group, Inc., 375 F.3d 922, 925-26 (9th Cir. 2004). As these factors are disjunctive, a district court is free to deny a motion to set aside an entry of default if any of the factors weighs against setting aside the default. Id. at 926.

Here, in an effort to show that they did not engage in culpable conduct leading to the default, Vesta and Terzakis provide declarations from their counsel, Murphy and Harris, that are virtually identical to the declarations provided with Vesta's Motion to Set Aside Order of Dismissal. (See Docket Item Nos. 119-20, 125-26.) Determining whether a party's culpability led to the entry of default under Rule 55(c) is a similar inquiry as to whether a party has shown "excusable neglect" under Rule 60(b)(1). See TCI Group Line Ins. Plan v. Knoebber, 244 F.3d 691, 690-91 (9th Cir.

---

[8] Only the Mutual Vision Defendants opposed Vesta and Terzakis' Motion to Set Aside Default.

6

2001). Accordingly, for the same reasons the Court found excusable neglect with respect to the Order of Dismissal, the Court finds that Vesta and Terzakis did not engage in the type of willful or bad faith conduct that would favor maintaining the defaults. See id. at 696.

With respect to whether Vesta and Terzakis show the existence of meritorious defenses, the Court finds, upon review of their contentions and the relevant case law, that they both have potentially meritorious defenses to each claim against them. Thus, the second factor favors setting aside the defaults.

The final factor also favors setting aside the defaults. Defendants contend that "[a]mple evidence shows that Vesta and Terzakis are attempting to hide assets," which would prejudice them if they were forced to litigate their claims against Vesta and Terzakis. (Opposition to Motion to Set Aside Default at 7, Docket Item No. 143.) Defendants do not, however, provide any actual evidence for such a proposition. Although Defendants have suffered some delay in pursuing their counterclaims and third party claims, the primary consequence of setting aside the defaults will merely be to require Defendants to litigate their claims on the merits. Thus, the Court finds the third factor favors setting aside the defaults.

Accordingly, the Court GRANTS Vesta and Terzakis' Motions to Set Aside Default.

**C.   Sanctions**

The Mutual Vision Defendants contend that granting Vesta and Terzakis' Motion to Set Aside Order of Dismissal and Motion to Set Aside Default should be conditioned on the payment of an appropriate sanction. (Supplemental Opposition at 3.)

A court may set aside an order of dismissal on "just terms." Fed. R. Civ. P. 60(b). Additionally, a court may condition setting aside a default upon the payment of sanctions. Nilsson, Robbins, Dalgarn, Berliner, Carson & Wurst v. Louisiana Hydrolec, 854 F.2d 1538, 1546-47 (9th Cir. 1988). The imposition of sanctions as a condition on setting aside a default or dismissal order "can serve to promote the positive purposes of the default procedures without subjecting either litigant to their drastic consequences." Id. at 1546. "The condition most commonly imposed is that the defendant reimburse the plaintiff for costs incurred because of the default." Id.

1   Here, the Court finds that the Mutual Vision Defendants have incurred unnecessary legal
2   expenses as a result of Vesta's delay in prosecuting this action and Vesta and Terzakis' delay in
3   responding to counterclaims and third-party claims. Accordingly, GRANTS Defendants' request for
4   appropriate sanctions.[9]

### IV.  CONCLUSION

6   The Court GRANTS Plaintiff Vesta's Motion to Set Aside Order of Dismissal and GRANTS
7   Plaintiff Vesta and Third Party Defendant John Terzakis' Motions to Set Aside Default as to the
8   Mutual Vision Defendants and Carol-Ann Tognazzini. The Clerk shall set aside the Entry of
9   Defaults as to Vesta and Terzakis.

10   Vesta and Terzakis shall pay the Mutual Vision Defendants' fees and costs incurred as of
11   September 15, 2008, the date of the hearing on Vesta and Terzakis' motions to dismiss, and through
12   the date of this Order. The Mutual Vision Defendants shall file the appropriate declarations to
13   support their requests for fees and costs on or before **January 5, 2009.**

14   In light of this Order, the Court DENIES the Mutual Vision Defendants' Motion for Default
15   Judgment (See Docket Item No. 135) without prejudice to be renewed after the parties have had an
16   opportunity to conduct discovery concerning Vesta and Terzakis' relationship, if any, to Third Party
17   Defendants Single Site Solutions Corporation and B&B Sparco Properties, Inc.

18   The parties shall appear for a Case Management Conference on **January 12, 2009 at 10 a.m.**
19   On or before **January 5, 2009**, the parties shall file a Joint Case Management Statement. The
20   Statement shall include, among other things, a proposed schedule as to how this case should be
21   advanced.

23   Dated:  December 18, 2008

JAMES WARE
United States District Judge

---

[9] Since Tognazzini did not file an opposition to any of the motions presently before the Court, she did not incur any unnecessary costs as a result of the Order of Dismissal and entries of default. Thus, the Court finds she is not entitled to payment of sanctions. In addition, during the time period in question, Tognazzini appeared in *pro per*.

8

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Alan Louis Martini amartini@smtlaw.com
Aron J. Frakes ajfrakes@mwe.com
Aron J. Frakes ajfrakes@mwe.com
Brian Michael O'Dea bodea@randicklaw.com
Daniel E. Alberti dalberti@mwe.com
Jeffrey Bugbee Harris harris@scmv.com
Jeffrey Bugbee Harris harris@scmv.com
Kevin Richard Martin kmartin@randicklaw.com
Patrick E. Guevara pguevara@randicklaw.com
Paul Evans Chronis pchronis@mwe.com
Peter J. Drobac pdrobac@mwe.com
Ronald J. Cook rjc@wsblaw.net

**Dated: December 18, 2008**               **Richard W. Wieking, Clerk**

**By:    /s/ JW Chambers**
       **Elizabeth Garcia**
       **Courtroom Deputy**

**United States District Court**
For the Northern District of California