1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

Vesta Strategies, LLC,

               Plaintiff,

   v.

Robert Estupinian, et al.,

              Defendants.

_____/

NO. C 07-06216 JW

**ORDER GRANTING MOTION TO WITHDRAW; ORDERING VESTA STRATEGIES, LLC AND JOHN TERZAKIS TO SHOW CAUSE RE: DISMISSAL AND DEFAULT JUDGMENT; GRANTING PAYMENT OF SANCTIONS; AND SETTING HEARING**

Presently before the Court are Seltzer Caplan McMahon Vitek's ("Seltzer Caplan") Motion to Withraw as Counsel for Plaintiff Vesta Strategies, LLC ("Vesta") and Third Party Defendant John Terzakis ("Terzakis") and the Mutual Vision Defendants' Proposed Order for Payment of Sanctions.[1]  Seltzer Caplan seeks to be relieved as counsel for Vesta and Terzakis.  Vesta and Terzakis oppose the amount of sanctions requested by the Mutual Vision Defendants.

The Court conducted a hearing on March 9, 2009.  Based on the papers submitted to date, the Court GRANTS Seltzer Caplan's Motion to Withdraw and ORDERS Vesta and Terzakis to pay the Mutual Vision Defendants $70,079.44.

---

[1]  (Notice of Motion and Motion to Withdraw as Counsel of Record Pursuant to L.R. 11-5, hereafter, "Motion to Withdraw," Docket Item No. 159; Memorandum and Proposed Order for Payment of Sanctions, hereafter, "Proposed Sanctions Order," Docket Item No. 152.)  Defendants Robert Estupinian, Ginny Estupinian, Mutual Vision, LLC, Millennium Realty Group, Vesta Reverse 100, LLC, Vesta Capital Advisors, LLC, Edmundo Estupinian and Haydee Estupinian are collectively referred to as "the Mutual Vision Defendants."

**A.** **Procedural Background**

Vesta filed this action on December 7, 2007.  (See Docket Item No.1.)  On April 9, 2008, Defendants filed their Third Amended Counterclaims and Third Party Claims.  (See Docket Item No. 44.)  Vesta and the Third Party Defendants filed various motions to dismiss Defendants' counterclaims and third-party claims, and a hearing was set for September 15, 2008.  (See Docket Item No. 82.)

On July 25, 2008, the Court granted a Motion to Withdraw filed by Vesta and Terzakis' previous counsel, McDermott Will & Emery.  (See Docket Item No. 89.)  Vesta and Terzakis were given until August 25, 2008 to file a Notice of Substitute Counsel or a Notice of Intent to Self Represent.  (Id.)  Neither filed such a Notice.  On September 24, 2008, the Clerk of Court entered default as to Vesta and Terzakis.  (See Docket Item Nos. 99, 100.)  On October 2, 2008, the Court issued an Order of Dismissal terminating Vesta and Terzakis' pending motions, and dismissing the action brought by Vesta.  (See Docket Item No. 109.)  The dismissal was stayed ten days, until October 13, 2008, to allow Vesta an opportunity to respond and explain its failure to prosecute.  (Id.) As of October 13, 2008, Vesta had failed to take action in this case, and its claims were dismissed pursuant to the Order of Dismissal.

On December 18, 2008, the Court Granted Vesta and Terzakis' motions to set aside their entries of default and to set aside the Court's previous Order dismissing Vesta's causes of action. (December 18, 2009 Order, Docket Item No. 152.)  In its December 18, 2008 Order, the Court ordered Vesta and Terzakis to pay the Mutual Vision Defendants' attorneys fees and costs incurred as of September 15, 2008 until December 18, 2008.  (Id.)  On January 5, 2009, the Mutual Vision Defendants submitted a Proposed Order seeking $90,746.50 in attorneys fees and $8,298.98 in costs. (Proposed Sanctions Order at 2.)

**B.** **Motion to Withdraw**

Seltzer Caplan moves for an Order of the Court relieving it as counsel for Vesta and Terzakis.  (Motion to Withdraw at 1.)  Seltzer Caplan contends that, although it cannot reveal the precise bases for its motion without violation of the attorney client privilege, adequate grounds for

1   withdrawal exists under Rule 3-700(C) of the California Rules of Professional Conduct.  (Motion to

2   Withdraw at 2.)

3          In a civil case, counsel may not withdraw from an action until relieved by order of the court.

4   See Civ. L. R. 11-5. Rule 3-700(C) of the California Rules of Professional Conduct provides that a

5   lawyer may withdraw from representing a client where, among other things, (1) the client breaches

6   an agreement with or obligation to the lawyer as to expenses or fees, or (2) other conduct renders it

7   unreasonably difficult for the lawyer to carry out the employment effectively.  Rule 3-700(C)(1)(d),

8   (f).  This is because the attorney-client relationship in civil cases is usually an economic

9   relationship.

10          Here, Jeffrey B, Harris, a shareholder of Seltzer Caplan, and counsel of record for Vesta and

11   Terzakis, provides a declaration stating "Vesta and Terzakis failed to authorize necessary and

12   ordinary activities on their behalf or to cooperate with [Seltzer Caplan]."  (Affidavit of Jeffrey B.

13   Harris in Support of Motion for Withdrawal of Counsel ¶ 3, hereafter, "Harris Decl.," Docket Item

14   No. 159.)  Harris also explains that, to date, Vesta and Terzakis have failed to pay outstanding fees

15   and costs incurred in this litigation.  (Harris Decl. ¶ 4.)  Finally, Harris states that "revealing the

16   facts and details on which this motion is based would involve disclosure of client confidences."  (Id.

17   ¶ 6.)  Although Seltzer Caplan has offered to provide the Court with sealed testimony regarding the

18   details underlying their motion, the Court finds they have stated sufficient grounds for withdrawal.

19          Accordingly, the Court GRANTS Setlzer Caplan's Motion to Withdraw as Counsel for Vesta

20   and Terzakis.

21   **C.    Payment of Sanctions**

22          The Mutual Vision Defendants seek $90,746.50 in attorneys fees and $8,298.98 in costs.

23   (Proposed Sanctions Order at 2.)  However, the Mutual Vision Defendants seek $24,307.50 in

24   attorneys fees and $4,658.54 in costs incurred on or before September 15, 2008.  Pursuant to the

25   Court's December 18, 2008 Order, the Mutual Vision Defendants are not entitled to fees and costs

26   incurred prior to September 15, 2008.  (December 18, 2008 Order at 8.)  Since the Mutual

27   Defendants failed to delineate between costs incurred before September 15, 2008 and on September

28                                                      3

15, 2008, the Court subtracts the full $24,307.50 in attorneys fees and $4,658.54 in costs from their requested sanction.

**D.**     **Conclusion**

The Court Orders as follows:

(1)     The Court GRANTS Seltzer Caplan's Motion to Withdraw as Counsel.  Seltzer Caplan shall remain as counsel of record for Plaintiff Vesta and Third-Party Defendant Terzakis for fifteen (15) days for the purposes of receiving and providing legal documents until there is identification of substitute counsel.  On or before **April 6, 2009**, Defendants shall file a Notice of Intent to Self- Represent or Notice of Identification of Substitute Counsel.  Failure to do so may result in dismissal pursuant to Fed. R. Civ. 41(b).

(2)     Plaintiff Vesta Strategies, LLC and Third Party Defendant John Terzakis shall appear in Courtroom No. 8, 4th Floor, United States District Court, 280 South First Street, San Jose, California on **April 6, 2009 at 9:00 a.m.** to show cause, if any, by actual appearance in Court, and by certification filed with the Court at least ten (10) days prior to the appearance date, why entry of default as to each of them and the Order of Dismissal as to Vesta should not be reinstated.  The certificate shall set forth in factual summary the reason Vesta has not prosecuted this action and the reason Vesta and Terzakis have failed to retain counsel and defend the claims brought against them.  Failure to do so may result in dismissal pursuant to Fed. R. Civ. 41(b).

(3)     Plaintiff Vesta and Terzakis shall pay the Mutual Defendants **$70,079.44 within 30 days** from the date of this Order.

(4)     Plaintiffs Vesta and Terzakis shall pay the Mutual Vision Defendants' fees and costs incurred for appearance at the Seltzer Caplan's Motion to Withdraw hearing and Case Management Conference.  The Mutual Vision Defendants shall file the appropriate declarations to support their requests for fees and costs on or before **March 30, 2009**.

United States District Court

For the Northern District of California

4

(5)     A hearing on Third-Party Defendant Peter Ye's pending Motion to Dismiss will be held on **April 6, 2009 at 9 a.m.**  Defendant shall properly renotice this Motion.

Seltzer Caplan shall serve this Order on Plaintiffs and its out of state counsel and file the necessary certificate of service with the Court.

Dated:  March 20, 2009

_James Ware_

JAMES WARE
United States District Judge

United States District Court

For the Northern District of California

5

**United States District Court**
For the Northern District of California

1

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

2
Alan Louis Martini amartini@smtlaw.com
Aron J. Frakes ajfrakes@mwe.com

3
Aron J. Frakes ajfrakes@mwe.com
Brian Michael O'Dea bodea@randicklaw.com

4
Daniel E. Alberti dalberti@mwe.com
James Renfro Thompson thompson@scmv.com

5
Jeffrey Bugbee Harris harris@scmv.com
Jeffrey Bugbee Harris harris@scmv.com

6
Kevin Richard Martin kmartin@randicklaw.com
Michelle Rene Ghidotti mghidotti@atcllp.com

7
Patrick E. Guevara pguevara@randicklaw.com
Paul Evans Chronis pchronis@mwe.com

8
Peter J. Drobac pdrobac@mwe.com
Ronald J. Cook rjc@wsblaw.net

9

10

11
**Dated: March 20, 2009**                    **Richard W. Wieking, Clerk**

12

13
                                             **By:    /s/ JW Chambers**

14
                                                     **Elizabeth Garcia**
                                                     **Courtroom Deputy**

15

16

17

18

19

20

21

22

23

24

25

26

27

28