IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Vesta Strategies, LLC, | NO. C 07-06216 JW |
| Plaintiff, | **ORDER GRANTING COUNTER CLAIMANTS' MOTION FOR DEFAULT JUDGMENT** |
| v. | |
| Robert E. Estupinian, et al., | |
| Defendants. | |

## I. INTRODUCTION

Vesta Strategies, LLC ("Vesta") brought this action against Defendants[1] alleging, *inter alia*, violations of the Racketeering Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961, *et seq.*, conversion, breach of fiduciary duty and fraud. Defendants bring counterclaims and third-party claims against Vesta, John Terzakis ("Terzakis"), Single Site Solutions Corp. ("Single Site"), B&B Sparco Properties ("B&B") (collectively, "Terzakis Parties"), and Peter Ye ("Ye") alleging, *inter alia*, violation of RICO, breach of fiduciary duty and negligence. Defendant Tognazzini also brought several counterclaims and third-party claims against Vesta and Terzakis alleging, *inter alia*, breach of contract and wrongful discharge.

Presently before the Court is Counter Claimant's Application for Default Judgment. (See Docket Item No. 177). The Court conducted an evidentiary hearing on June 9, 2009. Based on the

---

[1] Robert Estupinian, Ginny Estupinian, Mutual Vision, LLC, Millennium Realty Group, Vesta Reverse 100, LLC, Vesta Capital Advisors, LLC, Carol-Ann Tognazzini ("Tognazzini"), Edmundo Estupinian, and Haydee Estupinian (collectively, "Defendants") (all Defendants except Tognazzini are referred to collectively as "Counter Claimants").

papers submitted to date and oral argument, the Court GRANTS Counter Claimant's Application for Default Judgment.

## II.  BACKGROUND

### A.  Factual Allegations

In a First Amended Counterclaim and Third Party Complaint filed on April 9, 2008, Counter Claimants allege as follows:

> Vesta is a two-member California limited liability company.  Terzakis is the majority member with 51% ownership and Mutual Vision, a California limited liability company, is the minority member.[2]  Robert Estupinian is a member of Mutual Vision and was employed as Vesta's Chief Executive Officer.  (Counter Complaint ¶ 8.)  Ginny Estupinian is a member of Mutual Vision and was employed by Vesta as its President.  (Id. ¶ 9.)  Ye is the Vice President of Operations for Vesta.  (Id. ¶ 15.)  Edmundo and Haydee Estupinian are Robert Estupinians' parents.  (Id. ¶ 10.)  Terzakis, a resident of Illinois, is the majority owner and operator of the real estate development firms Single Site and B&B.  (Id. ¶¶ 12-14.)

> Terzakis and the Estupinians worked together operating Vesta as an IRS Code § 1031 intermediary, assisting clients in making tax-deferred real estate exchanges.  (Counter Complaint ¶ 20.)  Vesta operates by taking money acquired by its clients through a real estate sale for a fee, and collecting interest on the money.  In exchange, its clients can avoid realizing a capital gain upon which taxes must be paid while searching for a subsequent investment property.  (Id. ¶¶ 20-22.)

> Through his control of Vesta, Terzakis has issued fraudulent promissory notes and engaged in sham loans to obtain funds held by Vesta during the "down-leg" phase of Vesta's clients' exchanges, in which Vesta possesses the money.  (Counter Complaint ¶ 26-28.)

---

[2] (First Amended Counterclaim Against Vesta Strategies, LLC, John Terzakis, Single Site Solutions Corp., B&B Sparco Properties, Inc., and Peter Ye and First Amended Third-Party Complaint for Indemnification, Apportionment of Fault, and Declaratory Relief Against John Terzakis, Single Site Solutions Corp., B&B Sparco Properties, Inc., and Peter Ye ¶¶ 7, 11, hereafter, "Counter Complaint," Docket No. 44.)

Terzakis, along with Ye, Single Site and B&B, conspired and participated in an organized enterprise to loot Vesta company funds and funnel them into Single Site, B&B, Terzakis' personal accounts and his family's accounts. (Id. ¶¶ 29-31.)

Terzakis has failed to return millions of dollars to Vesta, and has instead used the money to finance luxurious vacations, risky business deals, and to pay for liabilities arising out of other fraudulent transactions. (Counter Complaint ¶¶ 35-37.) As a result of Terzakis' conduct, Vestas' reputation was harmed, and in April 2004, Vesta was refused membership in the Federation of Exchange Accommodators due to Terzakis' involvement. (Id. ¶ 39.) In November of 2007, Estupinian instructed Ye to stop all wire transfers from Vesta to Terzakis in an effort to stop Terzakis' looting of Vesta. (Id. ¶ 41.) In light of Robert and Ginny Estupinian's refusal to cooperate with Terzakis, Terzakis fired the Estupinians, invented false allegations of wrongdoing, filed this law suit on behalf of Vesta and distributed the Complaint containing false allegations among Vesta employees. (Id. ¶¶ 42-44.)

On the basis of the allegations outline above, Counter Claimants allege thirteen counterclaims and third-party claims as follows:

| Cause of Action | Claimant | Counter/Third Party Defendant |
| --- | --- | --- |
| Violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962, *et seq*. | Mutual Vision, Robert Estupinian, Ginny Estupinian | Vesta, Terzakis, Single Site, B&B, and Ye |
| Unlawful Distribution in Violation of Cal. Corp. Code § 17254 | Mutual Vision | Vesta and Terzakis |
| Failure to Maintain Records Under Cal. Corp. Code § 17058 | Mutual Vision | Vesta, Terzakis and Single Site |
| Failure to Provide Records Under Cal. Corp. Code § 17058 | Mutual Vision | Vesta, Terzakis and Single Site |
| Breach of Fiduciary Duty | Mutual Vision | Vesta, Terzakis, Single Site, B&B and Ye |

3

| Negligence | Mutual Vision | Single Site |
|---|---|---|
| Unjust Enrichment | Mutual Vision | Terzakis, Single Site and B&B |
| Constructive Trust | Mutual Vision | Terzakis, Single Site and B&B |
| Accounting | Mutual Vision | Vesta, Terzakis, Single Site and B&B |
| Wrongful Discharge in Violation of Public Policy | Robert Estupinian and Ginny Estupinian | Vesta and Terzakis |
| Intentional Infliction of Emotional Distress | Robert Estupinian and Ginny Estupinian | Vesta, Terzakis and Ye |
| Contribution and Apportionment of Fault | All Counter Claimants | Terzakis, Single Site, B&B and Ye |
| Declaratory Relief | All Counter Claimants | Terzakis, Single Site, B&B and Ye |

**B.    Procedural History**

Vesta filed this action on December 7, 2007.  (See Docket Item No.1.)  On April 9, 2008, Defendants filed their Third Amended Counterclaims and Third Party Claims.  (See Docket Item No. 44.)

On July 25, 2008, the Court granted a Motion to Withdraw filed by Vesta and Terzakis' previous counsel, McDermott Will & Emery.  (See Docket Item No. 89.)  Vesta and Terzakis were given until August 25, 2008 to file a Notice of Substitute Counsel or a Notice of Intent to Self Represent.  (Id.)  Neither filed such a Notice.  On September 24, 2008, the Clerk of Court entered default as to Vesta, Terzakis, Single Site and B&B.  (See Docket Item Nos. 99, 100.)  On October 2, 2008, the Court issued an Order of Dismissal terminating Vesta and Terzakis' pending motions, and dismissing the action brought by Vesta.  (See Docket Item No. 109.)  The dismissal was stayed for ten days, until October 13, 2008, to allow Vesta an opportunity to respond and explain its failure to prosecute.  (Id.)  As of October 13, 2008, Vesta had failed to take action in this case, and its claims were dismissed pursuant to the Order of Dismissal.

On December 18, 2008, the Court Granted Vesta and Terzakis' motions to set aside their entries of default and to set aside the Court's previous Order dismissing Vesta's causes of action.

4

(December 18, 2009 Order, Docket Item No. 152.) On February 2, 2009, Defendant and Counter Claimant Tognazzini and the Terzakis Parties stipulated to a mutual dismissal of their claims against each other with prejudice. (See Docket Item No. 160.) On March 20, 2009, the Court granted a second Motion to Withdraw filed by Vesta and Terzakis' former counsel, Seltzer Caplan McMahon Vitek. (See Docket Item No. 171.) On April 2, 2009, Counter Claimants and Third Party Defendant Ye stipulated to a dismissal of the claims against Ye without prejudice. (See Docket Item No. 174.) On April 8, 2009, the Court dismissed Vesta's Complaint and reinstated the entry of default as to Vesta and Terzakis. (See Docket Item No. 176.) On June 12, 2009, all Counter Claimants and Peter Ye filed a Stipulated Dismissal as to their claims and counterclaims against each other pursuant to Fed. R. Civ. P. 41(a). (See Docket Item No. 194.)

Presently before the Court is Counter Claimant's Application for Default Judgment.

## III. STANDARDS

Pursuant to Fed. R. Civ. P. 55(b)(2), a party may move the court for an entry of default judgment. The grant of a default judgment is within the discretion of the court. Draper v. Coombs, 792 F.2d 915, 924 (9th Cir. 1986). In the Ninth Circuit, the district court must consider which of seven factors supports the entry of a default judgment: (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

## IV. DISCUSSION

**A.     Default Judgment**

Counter Claimants seek default judgment against the Terzakis Parties. The decision to grant or deny a default judgment under Fed. R. Civ. P. 55(b) is within the discretion of the Court. See Eitel, 782 F.2d at 1471-72. Although there is strong public policy favoring decisions on the merits,

it is only one factor among several to be considered. Thus, the Court examines whether under the other factors, default judgment is appropriate in this case.

First, the Terzakis Parties have failed to demonstrate excusable neglect. The Court has provided multiple opportunities for the Terzakis Parties to obtain counsel and respond to the Counter Claimants' allegations. Despite issuing an order to appear and show cause as to why the Clerk of Court's entry of default as to Vesta and Terzakis should not be reinstated, Vest and Terzakis failed to appear. Further, if Counter Claimants are not granted default judgment, they may be left without any recourse for recovery, resulting in prejudice. In particular, Mutual Vision represents that it will not be able to access Vesta company documents, which it needs to respond to various law suits and an IRS audit. (Declaration of Robert Estupinian in Support of Application for Default Judgment ¶ 15, hereafter, "Estupinian Decl.," Docket Item No. 180.) Thus, the Court finds the Terzakis Parties' failure to demonstrate excusable neglect, measured against the possibility of prejudice to Counter Claimants, favors default judgment.

Second, once the Clerk of Court enters default, all well-pled allegations regarding liability are taken as true except as to the amount of damages. Fair Housing of Marin v. Combs, 285 F.3d 899, 906 (9th Cir. 2002). Here, the Clerk of Court entered default on September 24, 2008. (See Docket Item Nos. 99, 100.) The Court set aside the entry of default as to Vesta and Terzakis on December 18, 2008, and reinstated the entry of default on April 8, 2009. (See Docket Item Nos. 152, 176.) Upon review of the Counter Complaint, the Court finds that Counter Claimants have adequately stated their claims for relief. Thus, the merits of Plaintiffs' claims are deemed valid. Since the allegations are taken as true, there is no possibility of a dispute concerning material facts.

Third, Counter Claimants seek damages for Robert and Ginny Estupinian totaling $10,070,197.98, in addition to an accounting of the money misappropriated from Vesta, attorneys fees and declaratory relief.[3] (Application at 1-3.) Although the potential recovery of Counter Claimants is

---

[3] Counter Claimants seek an accounting, in part, because they contend that they cannot determine Vesta's damages absent an accounting. (Application at 20.) Counter Claimants request that all accounting issues be referred to the Magistrate Judge, who can serve as a referee.

6

significant, each request for relief was subject to proof during an evidentiary hearing conducted by the Court. Since Counter Claimants' actual recovery is supported by evidence submitted to the Court, this factor favors default judgment.

In sum, the Court finds that the Eitel factors support the grant of default judgment. Accordingly, the Court GRANTS Plaintiff's Motion for Default Judgment.

**B.      Remedies**

Counter Claimants request damages in the amount of $5,772,897.40 for Robert Estupinian and $4,297,300.58 for Ginny Estupinian, plus attorneys fees and costs. Counter Claimants also seek injunctive relief in the form of an order requiring the Terzakis Parties to provide Mutual Vision with Vesta Strategies' business records from 2004 through 2008 and an accounting of all monies transferred into or out of Vesta. (See Docket Item No. 191.) Finally, Counter Claimants request an order placing the pleadings in this action under seal for a period of two years. (Id.)

On June 9, 2009, the Court conducted and evidentiary hearing. In light of the documents and testimony presented, the Court finds that Counter Claimants are entitled to the following relief:

(1)     Robert Estupinian is entitled to $972,897.40 in compensatory damages and $300,000 in punitive damages, for a total of $1,272,897.40.

(2)     Ginny Estupinian is entitled to $497,300.58 in compensatory damages and $300,000 in punitive damages, for a total of $797,300.58.

(3)     The Terzakis Parties shall provide copies of all of Vesta Strategies business records from the period 2004 through 2008, including federal, state and local tax records, financial statements, and internal accounting records.

Based on the relief granted, the Court finds that attorneys fees[4] and an accounting are unnecessary. Further, the Court finds that an order sealing the pleadings in this action is inappropriate since

---

(Application at 3.)

[4] The Court finds Counter Claimants are not entitled to attorneys fees pursuant to the Vesta Strategies Operating Agreement. (See Estupinian Decl., Ex. F.)

7

Counter Claimants will receive a judgment on the merits in their favor in addition to substantial recovery.

## **V.  CONCLUSION**

The Court GRANTS Counter Claimants' Motion for Default Judgment.

Counter Defendant Vesta Strategies, LLC and Third Party Defendants John Terzakis, Single Site Solutions Corp., and B&B Sparco Properties are ORDERED to provide copies of all of Vesta Strategies business records from the period 2004 through 2008, including federal, state and local tax records, financial statements, and internal accounting records in their possession or under their control to Counter Claimant Mutual Vision.

Judgment will be entered in favor of Counter Claimant Robert Estupinian in the sum of $1,272,897.40 and Counter Claimant Ginny Estupinian in the sum of $797,300.58.

Dated:  July 17, 2009

JAMES WARE
United States District Judge

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Alan Louis Martini amartini@smtlaw.com
Aron J. Frakes ajfrakes@mwe.com
Aron J. Frakes ajfrakes@mwe.com
Brian Michael O'Dea bodea@randicklaw.com
Daniel E. Alberti dalberti@mwe.com
James Renfro Thompson thompson@scmv.com
Jeffrey Bugbee Harris harris@scmv.com
Jeffrey Bugbee Harris harris@scmv.com
Kevin Richard Martin kmartin@randicklaw.com
Michelle Rene Ghidotti mghidotti@atcllp.com
Patrick E. Guevara pguevara@randicklaw.com
Paul Evans Chronis pchronis@mwe.com
Peter J. Drobac pdrobac@mwe.com
Ronald J. Cook rjc@wsblaw.net

**Dated: July 17, 2009**                                      **Richard W. Wieking, Clerk**

                                                              **By:  /s/ JW Chambers**
                                                                **Elizabeth Garcia**
                                                                **Courtroom Deputy**

**United States District Court**
For the Northern District of California