UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| VESTA STRATEGIES, LLC,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>ROBERT E. ESTUPINIAN, et al.,<br><br>　　　　　Defendants. | Case No. 07-cv-06216-JW   (BLF)<br><br>**ORDER DENYING ADMINISTRATIVE MOTION TO RELATE CASES**<br><br>Re: Dkt. No. 199 |

Before the Court is a Motion to Consider Whether Cases Should Be Related brought by Plaintiff Thomas A. Dillon, as court-appointed receiver for Plaintiff Vesta Strategies, LLC. The Motion asks whether the following four cases should be related to a newly-filed matter, *Dillon v. Murphy & Hourihane* ("*Dillon*"), Case No. 5:14-cv-1908-HRL:

1. *Vesta Strategies, LLC v. Estupinian et al.*, Case No. 5:07-cv-06216-JW ("*Vesta v. Estupinian*").
2. *USA v. Terzakis, et al.*, Case No. 5:09-cv-01212-DLJ ("*USA v. Terzakis*").
3. *United States Fire Insurance Company v. Samuel Henka*, Case No. 5:09-cv-2388-JW (the "*U.S. Fire Coverage Case*").
4. *Dillon v. Continental Casualty Company*, Case No. 5:01-5238-EJD (the "*Continental Coverage Case*").

After reviewing the Plaintiff's Administrative Motion and the relevant statutory law, the Court hereby DENIES the Motion.

A motion to relate cases is governed by Civil Local Rule 3-12, which states that:

An action is related to another action when:

(1) The actions concern substantially the same parties, property, transaction, or event; and
(2) It appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different judges.

1    Both prongs of the Local Rule 3-12 test must be met for the relation of cases to be appropriate.

2    In 2010, Judge James Ware denied a Motion to Relate three of these cases with one another: *Vesta v. Estupinian*, Case No. 07-cv-06216, with *USA v. Terzakis*, Case No. 09-cv-01212, and the *U.S. Fire Coverage Case*, Case No. 09-cv-02388. (ECF Docket No. 198). These three cases are now closed – *Vesta v. Estupinian* resulted in a default judgment against Defendant, *USA v. Terzakis* resulted in a guilty plea by Defendant, who is currently incarcerated, and *U.S. Fire Coverage* resulted in judgment on the pleadings against several parties and a stipulated dismissal as to U.S. Fire Insurance Company. Consistent with Judge Ware's 2010 Order, the Court finds that since these actions are now closed, it is unlikely that an unduly burdensome duplication of labor and expense, or conflicting results, is likely to apply if the *Dillon* case proceeds in front of a different judge.

3    The only other case before the Court for relation is the *Continental Coverage Case*, which is currently pending on appeal before the Ninth Circuit, after Judge Edward J. Davila granted Defendant's Motion for Summary Judgment. This case concerns a suit by Dillon as Plaintiff against Continental Casualty Company in relation to insurance policies that covered the theft or exchange of funds by Vesta's owners. Judge Davila found that enforcement of these policies violated California public policy, specifically Insurance Code § 533.

4    Though the *Dillon* case also involves the same Plaintiff, and actions taken by the owners, partners, and employees of Vesta, it is a legal malpractice case, alleging that Vesta's attorneys at the Murphy & Hourihane law firm committed negligence in rescinding insurance coverage issued by U.S. Fire Insurance Company. The legal claims and Defendants differ in both cases – one Defendant is an insurer, the other a law firm. There is no indication that the suits arise out of the same transaction or event, as the *Dillon* malpractice action concerns insurance rescission from a different insurance company than is being sued in the *Continental Coverage Case*. Thus, the cases do not meet the requirements of Local Rule 3-12(1). Even if the cases did meet the Rule 3-12(1) prong, however, it is unlikely that there would be an "unduly burdensome duplication of labor" as required under Rule 3-12(2), merely due to the cases having the same plaintiff and generally

2

arising from the actions taken by Vesta's owners and employees.

Accordingly, the Court DENIES the Plaintiff's Motion to Consider Whether Cases Should Be Related.

**IT IS SO ORDERED.**

Dated: May 14, 2014

_____
BETH LABSON FREEMAN
United States District Judge